IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **GILBERT JAMES,** | ) |
| *Plaintiff,* | ) ) ) |
| v. | )  Civil Action No.: 3:11-cv-221 (REP) |
| **ENCORE CAPITAL GROUP, INC.,** *et al.*, | ) ) ) |
| *Defendants.* | ) ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland Funding"), and Midland Credit Management, Inc. ("MCM"), (collectively "Defendants"), by counsel, submit the following Answer and Affirmative Defenses in response to Plaintiff's Complaint.

### PRELIMINARY STATEMENT

1. The allegations contained in paragraph 1 of the Complaint are legal conclusions, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

### JURISDICTION

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of the Complaint, and, therefore, must deny the same.

4. In response to the allegations contained in paragraph 4 of the Complaint, Defendants admit only that Encore is a Delaware corporation located in San Diego, California. The legal conclusions in paragraph 4 require no response. To the extent they are contrary to law, they are denied. Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

5. In response to the allegations contained in paragraph 5 of the Complaint, Defendants admit only that Midland Funding is a Delaware LLC. The legal conclusions in paragraph 5 require no response. To the extent they are contrary to law, they are denied. Defendants admit that Midland Funding purchases portfolios of consumer debts, but deny the remaining allegations contained in paragraph 5 of the Complaint.

6. In response to the allegations contained in paragraph 6 of the Complaint, Defendants admit only that MCM is a corporation located in San Diego, California. The legal conclusions in paragraph 6 require no response. To the extent they are contrary to law, they are denied. Defendants admit that MCM does, at times, collect debts, but deny the remaining allegations contained in paragraph 6 of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the Complaint, and, therefore, must deny the same.

## STATEMENT OF FACTS

8. In response to the allegations contained in paragraph 8 of the Complaint, Defendants admit only that Midland Funding purchases debts. The remaining allegations of paragraph 8 are denied.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. The allegations contained in paragraph 12 of the Complaint refer to documents, which speak for themselves, and to which no response is required. Answering further, defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 12 of the Complaint, and, therefore, must deny the same.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of the Complaint, and, therefore, must deny the same.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. In response to the allegations contained in paragraph 15 of the Complaint, Defendants admit only that there was a Capital One account number ending in -2987 in Plaintiff's name. The remaining allegations of paragraph 15 are denied.

16. In response to the allegations contained in paragraph 16 of the Complaint, Defendants admit only that MCM contacted Plaintiff as loan servicer for the debt. The remaining allegations of paragraph 16 are denied.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint, and, therefore, must deny the same.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint refer to documents, which speak for themselves, and to which no response is required. To the extent the allegations vary from the documents, they are denied.

27. The allegations contained in paragraph 27 of the Complaint refer to documents, which speak for themselves, and to which no response is required. To the extent the allegations vary from the documents, they are denied.

28. The allegations contained in paragraph 28 of the Complaint refer to documents, which speak for themselves, and to which no response is required. To the extent the allegations vary from the documents, they are denied. To the extent Plaintiff alleges that "MCM engages in litigation activity," Plaintiff fails to define "litigation activity," and, therefore, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation and must deny the same.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny that there is a "directly connected computer system" between the third party law firms and MCM. Further, "interstate wires" is a legal conclusion to which no response is required. Otherwise, the remaining allegations contained in paragraph 33 of the Complaint are admitted.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. The allegations in the first sentence of paragraph 35 of the Complaint are denied. The remaining allegations refer to testimony from a former MCM employee in another case which involved different facts and execution procedures than present in this case. The testimony in that case speaks for itself. To the extent a further response is necessary, Defendants deny the allegations.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. The allegations containing in paragraph 37 of the Complaint are admitted.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint refer to documents, which speak for themselves, and to which no response is required. Answering further, defendants lack knowledge or information sufficient to form a belief about the truth of the

remaining allegations contained in paragraph 42 of the Complaint, and, therefore, must deny the same.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Complaint, and, therefore, must deny the same.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44 of the Complaint, and, therefore, must deny the same.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. The allegations contained in paragraph 46 of the Complaint refer to documents, which speak for themselves, and to which no response is required. To the extent the allegations vary from the documents, they are denied.

47. In response to the allegations contained in paragraph 47 of the Complaint, Defendants admit only that they received the document Plaintiff refers to as an "affidavit", but note further that the document was never properly notarized by Plaintiff.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 53 of the Complaint, and, therefore, must deny the same.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55 of the Complaint, and, therefore, must deny the same.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 56 of the Complaint, and, therefore, must deny the same.

### COUNT ONE:
### Defendants Encore, Midland Funding and MCM
### (Violation of 15 U.S.C. § 1692e – FDCPA)

57. In response to the allegations contained in paragraph 57 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

### COUNT TWO:
### Defendants Encore, Midland Funding and MCM
### (Violation of 15 U.S.C. § 1692e(2))

61. In response to the allegations contained in paragraph 61 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

## COUNT THREE:
### Defendants Encore, Midland Funding and MCM
### (Violation of 15 U.S.C. § 1692e(11))

65. In response to the allegations contained in paragraph 65 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

66. The allegations contained in paragraph 66 of the Complaint refer to documents, which speak for themselves, and to which no response is required. To the extent the allegations vary from the documents, they are denied. Answering further, Defendants deny the remaining allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. The allegations contained in paragraph 68 of the Complaint refer to documents, which speak for themselves, and to which no response is required. To the extent the allegations vary from the documents, they are denied. Answering further, Defendants deny the remaining allegations contained in paragraph 68 of the Complaint.

69. The allegations contained in paragraph 69 of the Complaint refer to documents, which speak for themselves, and to which no response is required. To the extent the allegations vary from the documents, they are denied. Answering further, Defendants deny the remaining allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

## COUNT FOUR:
### Defendants Encore, Midland Funding and MCM
### (Violation of 15 U.S.C. § 1692g)

73. In response to the allegations contained in paragraph 73 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

## COUNT FIVE:
### Defendants Encore, Midland Funding and MCM
### (Violation of 15 U.S.C. § 1692i)

77. In response to the allegations contained in paragraph 77 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

## COUNT SIX:
### Defendants Encore, Midland Funding and MCM
### (Violation of 15 U.S.C. § 1961 – Racketeer Influenced and Corrupt Organizations Act)

81. In response to the allegations contained in paragraph 81 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

## COUNT SEVEN:
### Defendants Encore, Midland Funding and MCM
### (Virginia Civil Conspiracy)

87. In response to the allegations contained in paragraph 87 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

## COUNT EIGHT:
### Defendants Encore, Midland Funding and MCM
### (Virginia Abuse of Process)

91. In response to the allegations contained in paragraph 91 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

## COUNT NINE:
### Defendants Equifax
### (Violation of 15 U.S.C. § 1681e(b))

96. In response to the allegations contained in paragraph 96 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

97. The allegations contained in paragraph 97 of the Complaint are legal conclusions, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

98. The allegations contained in paragraph 98 of the Complaint are legal conclusions, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

99. In response to the unnumbered "WHEREFORE" paragraph directly following paragraph 98, Defendants state that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

### AFFIRMATIVE AND OTHER DEFENSES

100. Any alleged damages suffered by Plaintiff are the result of his own conduct and/or the actions of other individuals or entities over which Defendants have no control.

101. Defendants reserve the right to compel arbitration as agreed to in the contract between cardholder and creditor.

102. Plaintiff's claims should be dismissed because Defendants did not violate any provisions of the Fair Debt Collections Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA").

103. Plaintiff's Complaint fails to state a claim for the reasons set forth in the accompanying Motion to Dismiss and supporting memorandum, both of which are incorporated in full and asserted as if fully state herein.

104. Plaintiff's Complaint, or portions thereof, should be dismissed because the claims made therein are time-barred by the applicable statute(s) of limitations.

105. Plaintiff's claims must be dismissed to the extent that Plaintiff fails to meet his burden of proving the underlying premise of his claims, i.e., the allegation that the credit card account at issue was opened in Plaintiff's name without his knowledge or consent.

106. Plaintiff's claims should be dismissed because any alleged violations of the FDCPA by Defendants was the result of a *bona fide* error, was unintentional, and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

107. Plaintiff's claims should be dismissed to the extent that Defendants acted in good faith in conformity with any advisory opinion of the Federal Trade Commission.

108. Plaintiff's claim under the Racketeer Influenced and Corrupt Organizations Act fails to the extent that Plaintiff cannot demonstrate a pattern of racketeering activity consisting of two or more predicate acts.

109. Defendants reserve the right to amend or supplement the foregoing responses and/or assert additional affirmative defenses at a later date following discovery and investigation.

WHEREFORE, Defendants Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. respectfully request the Court to dismiss Plaintiff's Complaint and all claims therein with prejudice and to render judgment in favor of Defendants on each and every claim and request for relief in Plaintiff's Complaint, denying all relief sought by Plaintiff,

and that Defendants be awarded their costs expended in defending this action, and for such other and further relief as the Court deems appropriate.

        **ENCORE CAPITAL GROUP, INC.,**
        **MIDLAND FUNDING, LLC and**
        **MIDLAND CREDIT MANAGEMENT, INC.**


        By:/s/ Timothy J. St. George
              Of Counsel

David N. Anthony (VSB No. 31696)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

John C. Lynch (VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

Timothy J. St. George (VSB No. 77349)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: tim.stgeorge@troutmansanders.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of June, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

> Leonard A. Bennett, Esq.
> Consumer Litigation Associates, P.C.
> 12515 Warwick Boulevard, Suite 201
> Newport News, VA 23606
> Telephone: (757) 930-3660
> Facsimile: (757) 930-3662
> Email: lenbennett@cox.net
>
> Matthew J. Erausquin, Esq.
> Consumer Litigation Associates, P.C.
> 1800 Diagonal Road, Suite 600
> Alexandria, VA 22314
> Telephone: (703) 273-6080
> Facsimile: (888) 892-3512
> Email: matt@clalegal.com
>
> *Counsel for Plaintiff*
>
> John W. Montgomery, Jr.
> Montgomery & Simpson, LLP
> 2116 Dabney Road, Suite A-1
> Richmond, VA 23230
> Telephone: (804) 355-8744
> Facsimile: (804) 355-8748
> Email: jmontgomery@jwm-law.com
>
> *Counsel for Defendant Equifax Information Services, LLC*

                          /s/ Timothy J. St. George
                          Timothy J. St. George (VSB Bar No. 77349)
                          *Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
                          TROUTMAN SANDERS LLP
                          1001 Haxall Point
                          Richmond, Virginia 23219
                          Telephone: (804) 697-1254
                          Facsimile: (804) 698-6013
                          Email: tim.stgeorge@troutmansanders.com