## Anthony, David N.

**From:** Leonard Bennett [lenbennett@clalegal.com]
**Sent:** Thursday, July 07, 2011 7:15 PM
**To:** Matt Erausquin
**Cc:** Anthony, David N.; Tony Love; John Montgomery; Lynch, John C.
**Subject:** Re: Midland ads. James

No stress. When we oppose the selective consent, we will simply detail for Judge Payne why we oppose, and what was previously discussed.

On Jul 7, 2011, at 7:12 PM, Matt Erausquin wrote:

Wasn't your letter to the Court un-ambiguous about the concept that all of these cases needed to be heard by the same judge?

Assuming Midland authorized the positions taken in that letter, what's changed since then? (other than our recent discussions re: James).

**From:** "Anthony, David N." <David.Anthony@troutmansanders.com>
**Date:** Thu, 7 Jul 2011 18:06:11 -0500
**To:** "Len Bennett (clalegal)" <lenbennett@clalegal.com>
**Cc:** Tony Love <TLove@KSLAW.com>, John Montgomery <jmontgomery@jwm-law.com>, "Lynch, John C." <john.lynch@troutmansanders.com>, Matt Erausquin <matt@clalegal.com>
**Subject:** RE: Midland ads. James

Len,

You should not read anything into my email other than I need to check with my client. We understand your position and will get back with you pronto. (FYI, I will be out of the office tomorrow until about 2 p.m.)

David

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Thursday, July 07, 2011 5:56 PM
**To:** Anthony, David N.
**Cc:** Tony Love; John Montgomery; Lynch, John C.; Matt Erausquin
**Subject:** Re: Midland ads. James

Our position is simple: we will consent all cases, or none. Plaintiff would advise Judge Payne that we consent, but conditioned upon all pending cases being similarly consented. We do not want one Magistrate and one District. Defendant's refusal to consent would be obvious judge shopping.

Len


EXHIBIT 1

1

On Jul 7, 2011, at 5:51 PM, Anthony, David N. wrote:

We have no objection to Equifax being dismissed without prejudice. We just need to confirm this with our client.

Regarding Adkins, we will discuss with our client and get back you as soon as we can.

David

---

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Thursday, July 07, 2011 4:47 PM
**To:** Anthony, David N.
**Cc:** Tony Love; John Montgomery; Lynch, John C.; Matt Erausquin
**Subject:** Re: Midland ads. James

David,

Eqx and James have agreed to a dismissal without prejudice as to Eqx. Does Midland, et al object, and if so, why?

I intend to file a status response to the Court that states our position and yours (consent) and states that Eqx and Plaintiff will be moving for a rule 41 dismissal.

Separately, would you please advise whether or not your clients will consent to Magistrate in Adkins, with the case to be assigned to the same Magistrate Judge as in James? If not, we will be moving for an R and R procedure in that case.

Len

On Jul 7, 2011, at 4:27 PM, Anthony, David N. wrote:

We can wait a bit on our end.

---

**From:** Love, Tony [mailto:TLove@KSLAW.com]
**Sent:** Thursday, July 07, 2011 4:22 PM
**To:** Anthony, David N.; John Montgomery
**Cc:** Leonard Bennett; Lynch, John C.
**Subject:** RE: Midland ads. James

It does not appear that I will have a response on this today. If everyone else wants to file their notice and then we can follow with ours early next week we have no objection.

---

**From:** Anthony, David N. [mailto:David.Anthony@troutmansanders.com]
**Sent:** Thursday, July 07, 2011 7:36 AM

2

**To:** John Montgomery; Love, Tony
**Cc:** Leonard Bennett; Lynch, John C.
**Subject:** Midland ads. James

John and Tony,

Am I correct that Equifax consents to the assignment of the above case to a Magistrate Judge as directed by Judge Payne's June 30, 2011 Order? Please advise at your earliest convenience.

Regards,

David


David N. Anthony
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.