## ANTHONY, David N.

| | |
|---|---|
| **From:** | Leonard Bennett [lenbennett@clalegal.com] |
| **Sent:** | Thursday, July 07, 2011 7:30 PM |
| **To:** | Lynch, John C. |
| **Cc:** | Anthony, David N.; Tony Love; John Montgomery; Matt Erausquin |
| **Subject:** | Re: Midland ads. James |

We do not consent to James selectively. We do consent if as to all EDVA Midland cases. We intend to write to Judge Payne regarding the deposition and will request a conference call at his first convenience. We can thus share our views on consent during that call and relay the considerable difficulty your client is presenting for you to provide responses to simple questions within two business days.

On Jul 7, 2011, at 7:22 PM, Lynch, John C. wrote:

Len,

We are agreeable to July 12 for 26a1 disclosures.

We consent to magistrate in James. We will file our consent asap. With respect to Adkins, we need to talk with client. Client is on west coast so noon tomorrow will not work, but will get answer as soon as possible.

John

**John C. Lynch**
**Troutman Sanders LLP**
Direct: 757.687.7765
Fax: 757.687.1504
Cell: 757.593.6625
**E-mail**
**Web**

---

Atlanta • Chicago • Hong Kong • London • New York • Newark
Norfolk • Orange County • Portland • Raleigh • Richmond • San Diego
Shanghai • Tysons Corner • Virginia Beach • Washington, D.C.

---

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Thursday, July 07, 2011 7:14 PM
**To:** Anthony, David N.
**Cc:** Tony Love; John Montgomery; Lynch, John C.; Matt Erausquin
**Subject:** Re: Midland ads. James

David -

I understand, but you are not the lead or client contact in the case. John can speak with your client in the morning.

**EXHIBIT 2**

1

We are fine with no magistrate or all magistrate. Your call. But we intend to contact one or the other tomorrow re: the deposition issue and the Rule 26a1 date (you now do not agree to July 12).

Len


On Jul 7, 2011, at 7:06 PM, Anthony, David N. wrote:


Len,

You should not read anything into my email other than I need to check with my client. We understand your position and will get back with you pronto. (FYI, I will be out of the office tomorrow until about 2 p.m.)

David

---

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Thursday, July 07, 2011 5:56 PM
**To:** Anthony, David N.
**Cc:** Tony Love; John Montgomery; Lynch, John C.; Matt Erausquin
**Subject:** Re: Midland ads. James

Our position is simple: we will consent all cases, or none. Plaintiff would advise Judge Payne that we consent, but conditioned upon all pending cases being similarly consented. We do not want one Magistrate and one District. Defendant's refusal to consent would be obvious judge shopping.

Len


On Jul 7, 2011, at 5:51 PM, Anthony, David N. wrote:


We have no objection to Equifax being dismissed without prejudice. We just need to confirm this with our client.

Regarding Adkins, we will discuss with our client and get back you as soon as we can.

David

---

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Thursday, July 07, 2011 4:47 PM
**To:** Anthony, David N.
**Cc:** Tony Love; John Montgomery; Lynch, John C.; Matt Erausquin
**Subject:** Re: Midland ads. James

David,

Eqx and James have agreed to a dismissal without prejudice as to Eqx. Does Midland, et al object, and if so, why?

2

I intend to file a status response to the Court that states our position and yours (consent) and states that Eqx and Plaintiff will be moving for a rule 41 dismissal.

Separately, would you please advise whether or not your clients will consent to Magistrate in Adkins, with the case to be assigned to the same Magistrate Judge as in James? If not, we will be moving for an R and R procedure in that case.

Len


On Jul 7, 2011, at 4:27 PM, Anthony, David N. wrote:


We can wait a bit on our end.

---

**From:** Love, Tony [mailto:TLove@KSLAW.com]
**Sent:** Thursday, July 07, 2011 4:22 PM
**To:** Anthony, David N.; John Montgomery
**Cc:** Leonard Bennett; Lynch, John C.
**Subject:** RE: Midland ads. James

It does not appear that I will have a response on this today. If everyone else wants to file their notice and then we can follow with ours early next week we have no objection.

---

**From:** Anthony, David N. [mailto:David.Anthony@troutmansanders.com]
**Sent:** Thursday, July 07, 2011 7:36 AM
**To:** John Montgomery; Love, Tony
**Cc:** Leonard Bennett; Lynch, John C.
**Subject:** Midland ads. James

John and Tony,

Am I correct that Equifax consents to the assignment of the above case to a Magistrate Judge as directed by Judge Payne's June 30, 2011 Order? Please advise at your earliest convenience.

Regards,

David


David N. Anthony
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-5410

Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.