# Anthony, David N.

**From:** Lynch, John C.
**Sent:** Thursday, July 14, 2011 11:40 AM
**To:** Leonard Bennett
**Cc:** Anthony, David N.; Susan Rotkis; Matt Erausquin
**Subject:** RE: James and Adkins

```
Yes, if Midland and Plaintiff agreed to a specific magistrate in Alex or Norfolk and Judges
Payne and Spencer approved, that would be fine.

To make sure we are on same page and so I can get final approval, shoot me a copy of what you
propose to file and I will get it quickly blessed.

Thanks




-----Original Message-----
From: Leonard Bennett [mailto:lenbennett@clalegal.com]
Sent: Wednesday, July 13, 2011 6:31 PM
To: Lynch, John C.
Cc: Anthony, David N.; Susan Rotkis; Matt Erausquin
Subject: RE: James and Adkins

We will not agree to Magistrate with your client vetoing particular judges - Judge Lauck.
However, I understand from your response that if we select any Norfolk or Alex Magistrate
Judge, and IF Judges Payne and Spencer would agree to referral to a particular Magistrate,
you would agree to such a process and selection.  Please confirm our agreement so that we
can file our Motion and agreement with Judges Payne and Spencer.
```

From: Lynch, John C. [john.lynch@troutmansanders.com]
Sent: Wednesday, July 13, 2011 6:30 PM
To: Leonard Bennett
Cc: Anthony, David N.; Susan Rotkis; Matt Erausquin
Subject: RE: James and Adkins

```
Len,

Thanks for your quick response.  We respectfully disagree with you that we are doing this in
bad faith.

We are agreeable to any other Magistrate Judge in Richmond, Norfolk, Newport News or
Alexandria if Judge Payne is going to choose. I have no experience asking Judge Payne or
another district court judge to assign a magistrate from another division. I am interested in
your experiences in that regard.

If you and I are going to agree in advance on a particular Magistrate Judge, let me think
about that and get back with you shortly with our thoughts.  Likewise, we would like to know
who is agreeable to you so please advise us on this as well. Of course, this is Judge Payne's
decision.

Thanks John
```



EXHIBIT 4

1

-----Original Message-----
From: Leonard Bennett [mailto:lenbennett@clalegal.com]
Sent: Wednesday, July 13, 2011 12:23 PM
To: Lynch, John C.
Cc: Anthony, David N.; Susan Rotkis; Matt Erausquin
Subject: Re: James and Adkins

Your argument is in bad faith. I do nit believe that either party provided Judge Lauck settlement memos. She simply supervised our use if a JAMS mediator. We did not provide her any confidential or ex parte communications. And there was no occasion for Midland to have done so.

I will speak with Matt. In the meantime, please confirm what individual Magistrate judges in Alex and Norfolk would be agreeable to Midland. Maybe we can agree on a specific judge and jointly propose an order to that effect.

Sent from my iPhone

On Jul 13, 2011, at 12:03 PM, "Lynch, John C." <john.lynch@troutmansanders.com> wrote:

> Len, Matt, and Susie:
>
> We appreciate Len's response. Per our email exchanges below and Plaintiff's Position Statement Regarding Consent to Magistrate Jurisdiction, we are following up with you concerning your request as to whether the Midland Defendants agree "to consent to Magistrate jurisdiction if such consent serves the purpose of consolidating both Encore cases [James and Adkins] currently pending in the Richmond Division."
>
> By their filing of their Notice of Statement Respecting Consent, the Midland Defendants already have consented to the jurisdiction of a Magistrate Judge for the James case as directed by Judge Payne in his June 30, 2011 Order in the James case. Even though Judge Spencer has not directed the Midland Defendants in the Adkins case to make a decision as to whether they will consent to the jurisdiction of a Magistrate Judge, we nonetheless have discussed this issue with our clients in an effort to inform you of our position.
>
> As I pointed out in my July 11, 2011 email to you, the Midland Defendants have a concern with consenting to the jurisdiction of Magistrate Judge Lauck for the handling of the James and Adkins cases because of her involvement with the settlement discussions in the Rubio case. As I explained, my clients are uncomfortable with Magistrate Judge Lauck being the judge in this case after receiving confidential information from the Midland Defendants (and presumably you) during the confidential settlement process in the Rubio case involving the same or similar factual and legal issues as well as Midland's views on the basic allegations, relevant facts, realistic assessment of the strengths and weaknesses of each party's position and statement of settlement expectations. The Midland Defendants certainly would not have revealed all of this information to Magistrate Judge Lauck in a confidential setting had it known that she would be the judge on the same or similar substantive factual and legal issues in a subsequent case(s).
>
> Accordingly, the Midland Defendants are agreeable to consenting to the jurisdiction of a Magistrate Judge for the purpose of consolidating the James and Adkins cases provided that Magistrate Judge is not Magistrate Judge Lauck. We are agreeable to any other Magistrate Judge in the Richmond Division or any other Division of the United States District Court for the Eastern District of Virginia. We are not agreeable to a blanket consent to any future cases against the Midland Defendants and also reserve the right to revisit this issue if you

choose to attempt to convert the James or Adkins cases into a class action.  Thus, I would appreciate you including the following in your notice to the Court that Judge Payne directed you to file not later than noon on July 15, 2011 in the James case:
>
>                 "As stated in their Notice of Statement Respecting Consent [Docket No. 23], Defendants, Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc. (the "Midland Defendants") consent to proceed before a Magistrate Judge in the James case.  At the request of Plaintiff's counsel in this case, counsel for the Midland Defendants have conferred with the Midland Defendants to determine whether they will consent to the assignment of the case of Kathy Adkins, et al. v. Encore Capital Group, Inc., Civil Action No. 3:11cv334, pending in this Court to a Magistrate Judge as the presiding officer.  The Midland Defendants give their consent for the Adkins case to proceed before a Magistrate Judge and be consolidated with the James case for handling provided that the Honorable M. Hannah Lauck is not the assigned Magistrate Judge since Magistrate Judge Lauck was the settlement judge in the related case of Ann Rubio v. Midland Credit Management, Inc., et al., Civil Action No. 3:10cv-464-HEH, where she obtained confidential information from the Midland Defendants and gained substantive experience with the Midland Defendants about the allegations raised in this case."
>
> Thanks,
>
> John
>
>
> John C. Lynch
> Troutman Sanders LLP
> Direct: 757.687.7765
> Fax: 757.687.1504
> Cell: 757.593.6625
> E-mail
> Web
> _____
> Atlanta * Chicago * Hong Kong * London * New York *Newark Norfolk *
> Orange County * Portland * Raleigh *Richmond * San Diego Shanghai *
> Tysons Corner * Virginia Beach * Washington, D.C.
>
>
>
>
>
>
>
> -----Original Message-----
> From: Leonard Bennett [mailto:lenbennett@clalegal.com]
> Sent: Monday, July 11, 2011 10:06 AM
> To: Lynch, John C.
> Cc: Anthony, David N.; Susan Rotkis; Matt Erausquin
> Subject: Re: James
>
> We are asking solely as regards James and Adkins.  These will not be converted to class cases. Your decision re: whether to consent in future cases would not be predetermined.
>
> We understand you do not prefer to consent before Judge Lauck.  However, our position - consent should not be a used as a tactical tool to judge shop - Is inflexible.  We will consent to all or none.
>

3

```
> We are of course fine with using the second or non-Richmond magistrate as a settlement
conference judge.
>
>
>
> Sent from my iPhone
>
> On Jul 11, 2011, at 9:57 AM, "Lynch, John C." <john.lynch@troutmansanders.com> wrote:
>
>> Len, Matt and Susie:
>>
>> I know Len is on vacation this week, but wanted to respond to his Saturday email and
Susie's voice mail on Friday.  I am available to talk with Matt/Susie later today or tomorrow
as well about the below issues.
>>
>> As we mentioned in our last email exchange about this, we are checking with our client who
is out of town today involved in another court proceeding today about which you are aware. We
will talk with our client perhaps tomorrow and more likely Wednesday when the client returns
to the office about the consent you raise in the Adkins case.  In the meantime, I did have a
several questions so that I can make sure what you have in mind so that we can discuss this
with our client:
>>
>> 1.    Are you envisioning filing additional cases in the EDVA against Midland?  Assuming
so, when, how many and are you asking us/Midland to consent to a Magistrate Judge for all of
those cases as well?
>>
>> 2.    Are you envisioning attempting to convert James, Adkins or related cases (assuming
that they are all assigned to a single Magistrate Judge) into class claims as that would
raise a whole host of other issues for consideration by Midland and us?
>>
>> 3.    We have a concern with consenting to having James, Adkins and related cases being
handled by Magistrate Judge Lauck.  While we have no issue with Magistrate Judge Lauck and
certainly think highly of her, but since she was after all the settlement judge in the
Rubio/Midland case and did receive confidential information from Midland (and presumably you)
during that process a concern is presented. I know my client has a concern in this regard.
As best as we know, it was during the confidential settlement process in Rubio/Midland
wherein Judge Lauck gained "substantive experience with the specific defendant [Midland] and
allegations raised in this case [James]" as you represented in your Position Statement
Regarding Consent to Magistrate Jurisdiction. To now have Magistrate Judge Lauck handle, 1,
101 or even more cases or substantive issues involving Midland and the same or similar
allegations - with knowledge of the confidential information from both sides - is contrary to
the purpose and promise of the settlement conference process in the EDVA wherein the parties
submit their candid thoughts on settlement and describe their strengths and weaknesses with
their factual and legal positions to the Magistrate Judge in an effort to facilitate the
settlement with the express condition that the involved Magistrate Judge will not participate
in any substantive issues in the case. Accordingly, we would like to get your views on this
as we assume that Judge Payne and Judge Spencer will want us to have discussed this.
>>
>> 4.    Assuming this case is assigned to one Magistrate Judge, is your thought that the
other Magistrate Judge would be the assigned settlement judge in the case?
>>
>> While I know that neither Judge Payne or Judge Spencer are directing Midland to notify the
Court on its willingness to consent to the jurisdiction of a Magistrate Judge in Adkins, we
nonetheless are doing so at your request.
>>
>> I would like to talk about these issues with you prior to talking with my client.
>>
```

Case 3:11-cv-00221-REP   Document 29-4   Filed 07/18/11   Page 5 of 6 PageID# 323

```
>> Thanks,
>>
>> John
>>
>> John C. Lynch
>> Troutman Sanders LLP
>> Direct: 757.687.7765
>> Fax: 757.687.1504
>> Cell: 757.593.6625
>> E-mail
>> Web
>> _____
>> Atlanta * Chicago * Hong Kong * London * New York *Newark Norfolk *
>> Orange County * Portland * Raleigh *Richmond * San Diego Shanghai *
>> Tysons Corner * Virginia Beach * Washington, D.C.
>>
>>
>> -----Original Message-----
>> From: Leonard Bennett [mailto:lenbennett@clalegal.com]
>> Sent: Saturday, July 09, 2011 10:11 AM
>> To: Anthony, David N.; Lynch, John C.; Susan Rotkis; Matt Erausquin
>> Subject: James
>>
>> Counsel:  you did not respond yesterday and provide your client's position on uniform consent and consolidation of the two Encore cases before the same Magistrate Judge.  I told Anna Hooper when we spoke that I would update the Court when we heard from you.  Would you please provide your response?
>>
>> Len Bennett
>>
>> Sent from my iPhone
>> IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.
>>
>>
>> This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.
> IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.
>
>
> This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.
```

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.


This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.