



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**GILBERT JAMES,**

    **Plaintiff,**

v.                                             Civil Action No. 3:11cv00221

**ENCORE CAPITAL GROUP, INC.,** *et al.*

    **Defendants.**

## PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff, Gilbert James ("Plaintiff"), and Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (collectively, "Defendants") through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to Defendants and/or credit and other confidential information of Plaintiff.

THEREFORE, this Court orders as follows:

1.    This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order.

2.    Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure

26(c)(1)(G) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL-AEO MATERIALS," respectively.

3. A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within five (5) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. The designating party must serve such Notice within ten (10) calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the 10 day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4. All CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used,

directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

5. The Parties agree that any information or documents produced in discovery in this case shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings.

6. Subject to paragraph 10, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (v) any governmental agency or office formally requesting such information or documents in its own investigation or administrative or criminal proceeding by subpoena or civil investigative demand ("CID"), with notice provided to the other party within three (3) days of the receipt of the request; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

7. Subject to paragraph 10, in the absence of prior written permission from the designating party or an order by the Court any party that seeks to disclose any CONFIDENTIAL MATERIALS to any disclosed expert pursuant to paragraph 6(iii) must give notice in writing by facsimile or by electronic transmission to the designating party not less than ten (10) days prior to the proposed disclosure. Such notice must include the name of the disclosed expert, the date of the proposed disclosure, a summary of the disclosure, and the expert's educational and

employment history. If the designating party objects in good faith to the proposed disclosure, it must give notification in writing by facsimile or by electronic transmission of its objections and the grounds thereof prior to the date of the proposed disclosure. If the dispute is not resolved informally within three (3) days of such notice of objections, the designating party shall submit each objection to the Court, together with a request for a ruling, not later than five (5) days after the expiration of that 3-day period. The dissemination of such CONFIDENTIAL MATERIALS to such expert shall be withheld pending the Court's ruling. Should any party elect to have a consulting expert become a designated expert, the provisions of this paragraph shall apply as of the date of election and, in any event, no later than the formal designation of the expert.

8. Subject to paragraph 10, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 6(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

9. Subject to paragraph 10, in the absence of prior written permission from designating party or an order by the Court CONFIDENTIAL-AEO MATERIALS shall not be disclosed to any person other than counsel of record in this case. All persons to whom

CONFIDENTIAL-AEO MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL-AEO MATERIALS shall disseminate or disclose them to any person other than those described above in this Paragraph and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL-AEO MATERIALS.

10. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for ten (10) days after such notice. The designating party shall have the right to move the Court to retain the designated status of such materials. If the designating party files such a motion within the ten (10) day period, the receiving party shall continue to retain the materials as CONFIDENTIAL or CONFIDENTIAL-AEO, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

11. Subject to paragraph 10, any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL - AEO MATERIALS with the Court must contact the designating party five (5) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS or the CONFIDENTIAL-AEO

MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS shall file such material in accordance with Local Rule 5(B) & (D). The designating party shall file a Motion to Seal, in accordance with Local Rule 5(C)-(D), simultaneously with the other party's filing. The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

12. The production or disclosure during discovery of an attorney-client privileged, work product, CONFIDENTIAL MATERIALS, CONFIDENTIAL-AEO MATERIALS, or other protected document or information medium ("Protected Material") shall not be deemed a waiver of privilege, work product, confidentiality, or other protection or immunity from discovery by the supplying party. Upon notice by the supplying party that Protected Material was produced or disclosed, all recipients of the Protected Material shall not use it (or information in it) in any litigation, note permit it to be copied, distributed or otherwise disclosed to any person until the matter of its production or disclosure is resolved either amicably by the parties, or by Order of the Court.

13. Subject to paragraph 10, within sixty (60) days after the conclusion of this case, upon written request, the parties shall assemble and return to the designating party all materials containing information designated in accordance with paragraph 2, above. The receiving party may elect to destroy the designated materials rather than return them, in which case the party shall provide written verification that the materials, including any summaries, extracts, compilations, notes or other attorney work product, have been destroyed.

14. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the

purposes of enforcing this Order.※ Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

15. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

16. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL-AEO," nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

17. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

※ Nothing herein shall apply to exhibits filed with motions or briefs and or to exhibits used at trial. All of these shall be public records.

REP
8/10/11

_____/s/_____
Robert E. Payne

**WE ASK FOR THIS:**

_/s/_

Leonard A. Bennett, Esq. (VSB No. 37523)
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@cox.net

Matthew J. Erausquin, Esq. (VSB No. 65434)
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-6080
Facsimile: (888) 892-3512
Email: matt@clalegal.com
*Counsel for Plaintiffs*

_/s/_

David N. Anthony (VSB No. 31696)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

John C. Lynch (VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

Timothy J. St. George (VSB No. 77349)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC
and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: tim.stgeorge@troutmansanders.com