UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GILBERT JAMES,**

    **Plaintiff,**

v.                                            Civil Action No. 3:11cv00221

**ENCORE CAPITAL GROUP, INC.,** *et al.*

    **Defendants.**

## DECLARATION OF GREGORY CALL

I, Gregory Call, pursuant to 28 U.S.C. § 1746, declare and swear as follows:

1. I am over the age of 18 and competent to give this Declaration. I am employed by Midland Credit Management, Inc., where I am Vice President, Legal and Business Affairs.

2. The facts set forth herein are based upon my review of the Defendants' business records and/or personal knowledge, and if I were called upon to testify to them, I could and would competently do so.

3. I submit this Declaration in support of Defendants' Motion to Enforce Protective Order.

4. I have reviewed the documents that are described herein and which have been produced by the Defendants and marked as "confidential" under the stipulated Protective Order.

5. Defendants produced to Plaintiff three confidential documents titled, "MCM Affidavit Training," which bear the following Bates label ranges: MJ00090-MJ00172; MJ00186-MJ00249; MJ00342-MJ00400. These manuals contain the Defendants' internal policies and procedures regarding the completion of affidavits in connection with to state-court collection proceedings, including the specific form of the affidavit and the particular language used by the



Defendants. Each of these manuals was marked by the Defendants as "Confidential" and/or "Proprietary" upon their creation.

6. Defendants produced to Plaintiff a confidential document titled "Midland Affidavit Process," which bears the Bates label range: MJ00173-MJ00182. This document contains a description of the training program for the affiant employees at Midland Funding, which also details the frequency of such training and the different types of affidavits executed by the Defendants. This manual was marked by the Defendants as "Confidential and Proprietary" upon its creation.

7. Defendants produced to Plaintiff a confidential document titled "Module 1 – FDCPA," which Bears the Bates label range: (MJ00250-MJ00285). This document contains a description of the Defendants' internal policies and procedures to ensure compliance with the Fair Debt Collection Practices Act, including the interpretation of various provisions, the internal processes for ensuring compliance, "frequently asked questions" and corresponding answers, an internally-generated "compliance practice exam," and recommended strategies and scripts for employee communications with debtors and third parties. This manual was marked by the Defendants as "Confidential" upon its creation.

8. Defendants produced to Plaintiff a confidential document labeled "Module 6 – Disputes & Warning Codes," which bears the Bates label range: MJ00286-MJ00299. This document contains a description of the internal, computerized coding system used by the Defendants to reflect the status of collection activities and/or the content of communications with debtors, as well as the specific steps that must be taken by employees of the Defendants upon learning of a dispute, and a compliance practice exam. This manual was marked by the Defendants as "Confidential" upon its creation.

9. Defendants produced to Plaintiff a confidential document labeled "Consumer Relations Operations Manual," which bears the Bates label range: MJ00300-MJ00320. This document contains a description of the steps that must be taken by the employees of the Defendants upon learning of a dispute, as well as specific instructions on how to handle each step of the dispute process and scripts for conversations with debtors. This manual was marked by the Defendants as "Proprietary and Confidential" upon its creation.

10. Defendants produced to Plaintiff a confidential document titled "Fair and Accurate Transactions Manual," which bears the Bates label range: MJ00321-MJ00341. This document contains a description of the specific steps that must be taken by the employees of the Defendants upon learning of a claim of "identity theft," as well as specific instructions on how to handle each step of the dispute process and scripts for conversations with debtors.

11. Defendants produced to Plaintiff a confidential document titled "Affidavit Process & Procedures," which bears the Bates label range: MJ00401-MJ00406. This document contains a description of the training program for the employee affiants, which details the different types of affidavits created and executed by the Defendants. The manual also illustrates the internal approval process for affidavits, and it provides a "process illustration" flow chart showing the corporate approval process for affidavit execution through multiple levels of the Defendants. This manual was marked by the Defendants as "Confidential" upon its creation.

12. Defendants produced to Plaintiff a confidential document titled "Encore Capital Group - Affidavit Management System," which bears the Bates number: MJ00407. This document consists of a screenshot of the internal, computerized collection system utilized by the Defendants listing the specific categories of information that the Defendants collect and maintain in their internal computer system in connection with their debt collection activities.

13. Defendants produced to Plaintiff a confidential sample affidavit, which bears the Bates label range: MJ00408-MJ00410. This document is a sample affidavit prepared by internal counsel for the Defendants for the purpose of training employee affiants.

14. Due to the proprietary content of the documents listed in paragraphs 5-13, access to the foregoing documents is restricted even to the employees of the Defendants, with only certain subsets of employees being permitted to access and/or view such documents. The Defendants also have internal policies and procedures regarding the maintenance of confidential and proprietary information in order to ensure that such information is not disclosed to third parties, including its competitors.

15. It is the Defendants' general policy to keep these documents confidential, and when they are requested in litigation, the Defendants either object to their production on the basis of their confidential and proprietary content, or the Defendants seek the entry of an appropriate protective order.

16. The documents that have been designated by the Defendants as "confidential" consist of accumulated corporate knowledge concerning the Defendants' debt collection system, policies, and corporate strategy.

17. The Defendants have invested and continue to invest significant resources and many hours of employee time developing and improving their procedures to achieve maximum possible accuracy of the debt collection system, and to ensure efficient dispute resolution/legal compliance.

18. These established policies and procedures provide the Defendants with a competitive advantage in the marketplace over its many competitors by ensuring compliance

with applicable laws, maximizing collections, and minimizing legal and informal disputes with consumers.

19. Public disclosure of the foregoing confidential documents containing information about the structure and codes of the Defendants' computer system, as well as its debt collection policies and procedures, would be valuable to competitors attempting to reverse engineer the system to build or refine a competing debt collection system at a fraction of the costs incurred by the Defendants.

20. The Defendants' status as a market leader in the highly-competitive debt collection industry, which is highly-attuned to market research and intelligence, heightens the concern that its competitors will very likely gain access to any publicly-disclosed proprietary information and will then use such information to gain an unfair competitive advantage in the marketplace.

21. The Defendants restrict access to their facilities through key-card access, and the Defendants routinely execute non-disclosure agreements with third parties with whom the Defendants share specific information about their business.

22. I am voluntarily making this declaration of my own free will. I declare under penalty of perjury that the foregoing is true.

DATED: August 29, 2011

Gregory Call