JONES DAY ATL → JDRP IRVINE ☒002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

| | |
|---|---|
| EVELYN FIELDS | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 2:02CV271-M-A |
| EXPERIAN INFORMATION SOLUTIONS, INC. | DEFENDANT |

### ORDER

This cause comes before the court on motion by the defendant, Experian Information Solutions, Inc. ("Experian"), for a protective order [docket no. 19-1]. Having reviewed the motion, the plaintiff's objection, and the applicable statutory and case law, the court finds as follows:

The suit *sub judice* concerns claims by the plaintiff, Evelyn Fields, that Experian, a credit reporting agency, is liable to her under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, as well as certain state law causes of action, including, *inter alia*, defamation. In the instant motion, Experian seeks a protective order covering four types of documents which Experian first described in its Rule 26 initial disclosures, and later in a privilege log, as "confidential and proprietary:" (1) administrative and 7X reports; (2) dispute response logs; (3) disclosure request logs; and (4) policy and procedure manuals. Experian represents to the court that the materials at issue "contain information, practices, policies and procedures which form the backbone of Experian's proprietary credit reporting system." (Defendant's motion, ¶ 3). Experian explains that "[t]his highly accurate processing system is an integral part of Experian's proprietary trade secret credit reporting system and gives Experian a competitive advantage within the market." (Id., ¶ 4). Experian does not oppose the production of these materials *to* plaintiff, rather, Experian files the instant motion under Fed.R.Civ.P. 26(c)(7), which gives the court discretion to order that "a trade

1



08/07/03 THU 15:13 FAX 404 581 8330      JONES DAY ATL      →→→ JDRP IRVINE      ☒003

secret or other confidential research, development, or commercial information... be revealed only in a designated way." Experian grounds its motion for a protective order on its belief that "[i]f a competitor were permitted unfettered access to the Confidential Materials, it could undertake to 'reverse-engineer' Experian's system." {Defendant's motion, ¶ 6). The proposed protective order thus seeks to restrict plaintiffs use of the information to purposes related only *to this* case,

The court finds the defendant's motion well-taken. First, it is timely filed for the court's consideration. Rule 7.2(B)(2) of the UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN AND THE SOUTHERN DISTRICTS OF MISSISSIPPI states, "[d]iscovery motions must be filed sufficiently timely that they do not affect the discovery deadline." The deadline for discovery is currently set at July 17, 2003, which should leave the parties adequate time to tailor its remaining discovery to the particular requirements of this order. Second, the court agrees with defendant that, regardless of the disclosures that might have been made in litigation previous to *the* case *sub judice*, the materials and information sought here to be protected have not been disclosed. These materials are particular to this case, and the defendant's prior disclosures do not constitute a waiver of the trade secret privilege recognized in Rule 26(c)(7). Indeed, with regard *to* the status of the defendant's system information as a "trade secret," the plaintiff is in no better position than *the* court to assess the risk of reverse-engineering in deciding the issue; thus the *court* takes the defendant's representation about that risk in good faith. Finally, the plaintiff's claim that it *is* entitled to disseminate these materials in its effort to cooperate with other counsel in other *cases,* while valid, does not outweigh the defendant's interest in protecting this information.

For all the foregoing reasons, then, the court shall grant the motion for a protective order. The terms of the protective order shall be as follows:

08/07/03 THU 15:13 FAX 404 581 8330       JONES DAY ATL       →→→ JDRP IRVINE       ☒004

1. To the extent that any motions, briefs, pleadings, deposition transcripts or other papers to be filed with the court incorporate documents or information subject to this order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" and shall file them with the clerk of court under seal--provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

2. The document, transcripts and other materials subject to this order, as well as all information derived therefrom, shall not be used, directly or indirectly, by any person for any purpose outside the preparation and trial of this action.

3. Disclosure of the materials, documents and information derived therefrom shall be limited to the court, and: the parties to this action; counsel for the parties as well as my staff assigned to assist counsel in this litigation; fact witnesses who are entitled or need to know such information; experts specially retained as consultants or expert witnesses; and present or former employees of Experian for purposes of giving their deposition testimony under oath.

4. All persons described in paragraph 3 above shall be informed of this order, of the confidential nature of the material or information provided to them, and of the restriction, stated in this order, that the information is limited to uses directly related to the litigation of this action.

5. All documents and materials produced in accordance with this order and the Federal Rules of Civil Procedure shall be available for use at trial.

6. Within sixty days of the final judgment in this action, all documents, transcripts or

other materials afforded confidential treatment pursuant to this order, including any copies, extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall, upon request, be returned to the defendant,

Finally, this protective order shall cover *only those documents and materials which are the subject of the instant motion*–i.e., the defendant's administrative and 7X reports, dispute response logs, disclosure request logs, and policy and procedure manuals. *Neither party may designate as "confidential" any materials outside these categories without first seeking prior approval of the court in the form of an additional motion for a protective order.* Given the time and labor involved in arguing and deciding such motions, the court expects the order stated herein to be adhered to fully and fairly, such that additional rulings concerning "confidential" information are sought only as a last resort. (Indeed, the court notes with concern the unduly contentious approach that both parties took in arguing the instant motion, a tone which neither aided nor expedited the court's decision.)

IT IS, THEREFORE, ORDERED that the motion for a protective order [docket no. 19-1] is GRANTED.

SO ORDERED, this ___ day of June, 2003.

_____
UNITED STATES MAGISTRATE JUDGE

4