# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**GILBERT JAMES,**

       **Plaintiff,**

**v.**                                     **Civil Action No. 3:11cv00221**

**ENCORE CAPITAL GROUP, INC.,** *et al.*

       **Defendants.**

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland Funding"), and Midland Credit Management, Inc. ("Midland Credit"), (collectively "Defendants"), by counsel, submit the following Answer and Affirmative Defenses in response to Plaintiff's Amended Complaint ("Complaint").

## PRELIMINARY STATEMENT

1.     The allegations contained in paragraph 1 of the Complaint are legal conclusions, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## JURISDICTION

2.     The allegations contained in paragraph 2 of the Complaint are legal conclusions, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## PARTIES

3.     The allegations contained in paragraph 3 of the Complaint are legal conclusions, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

4.      Defendants admit that Encore is a Delaware corporation located in San Diego, California.  The remaining allegations of paragraph 4 are denied.

5.      Defendants admit the allegations contained in paragraph 5 of the Complaint.  .

6.      In response to the allegations contained in paragraph 6 of the Complaint, Defendants admit that Midland Credit is a corporation located in San Diego, California.  The legal conclusions in paragraph 6 require no response.  To the extent they are contrary to law, they are denied.  The remaining allegations of paragraph 6 are denied.

## STATEMENT OF FACTS

7.      In response to the allegations contained in paragraph 7 of the Complaint, Defendants admit that Midland Funding purchases debts and that Midland Credit services certain debts.  The legal conclusions in paragraph 7 require no response.  To the extent they are contrary to law, they are denied.  The remaining allegations of paragraph 7 are denied.

8.      The allegations contained in paragraph 8 of the Complaint refer to an electronic document, which speaks for itself, and to which no response is required.

9.      The allegations contained in paragraph 9 of the Complaint refer to a document, which speaks for itself, and to which no response is required.

10.      Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.      Defendants admit that the CEO of Encore is also the President of Midland Credit.  Defendants deny the remaining allegations in paragraph 11.

12.      Defendants deny the allegation contained in paragraph 12 of the Complaint.

13.      The allegations contained in paragraph 13 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  Defendants deny any remaining allegations contained in paragraph 13.

14.     Defendants admit that Midland Funding purchases portfolios of consumer debts and that Midland Funding has no employees.   Defendants deny the remaining allegations contained in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 of the Complaint refer to documents, which speak for themselves, and to which no response is required.

16.     Defendants admit that Rita Melconian is both Assistant Secretary at Encore and Corporate Counsel in the Legal Affairs and Litigation Department at Midland Credit. Defendants deny the remaining allegations contained in paragraph 16 of the Complaint.

17.     The legal conclusions in paragraph 17 of the Complaint require no response.  To the extent they are contrary to law, they are denied.  The remaining allegations of paragraph 17 are denied.

18.     The legal conclusions in paragraph 18 of the Complaint require no response.  To the extent they are contrary to law, they are denied.  The remaining allegations of paragraph 18 are denied.

19.     Defendants admit Midland Funding purchases debts, and that Midland Funding has served as a plaintiff in state court collection actions.  The legal conclusions in paragraph 19 require no response.  To the extent they are contrary to law, they are denied.  The remaining allegations of paragraph 19 are denied.

20.     The legal conclusions in paragraph 20 of the Complaint require no response.  To the extent they are contrary to law, they are denied.  The remaining allegations of paragraph 20 are denied.

21.     Defendants admit that Midland Funding purchases debts, including credit card debt.  The remaining allegations in paragraph 21 of the Complaint are denied.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.    Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.    Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.    Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.    The allegations contained in paragraph 26 of the Complaint refer to a document, which speaks for itself, and to which no response is required.  Answering further, defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 26 of the Complaint, and, therefore, must deny the same.

27.    Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Complaint, and, therefore, must deny the same.

29.    Defendants deny the allegation contained in paragraph 29 of the Complaint.

30.    Defendants admit that Midland Funding purchases debts, and that Midland Funding has served as a plaintiff in state court collection actions.  The legal conclusions in paragraph 30 of the Complaint require no response.  To the extent they are contrary to law, they are denied.  The remaining allegations in paragraph 30 of the Complaint are denied.

31.    The allegations contained in paragraph 31 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  Answering further, the allegations refer to testimony from a former Midland Credit employee in another case which involved different facts and execution procedures than present in this case.  Defendants deny any remaining allegations contained in paragraph 31.

32.    The allegations contained in paragraph 32 of the Complaint refer to documents and judicial orders, which speak for themselves, and to which no response is required.  Answering further, the allegations refer to another case which involved different facts and

execution procedures than present in this case.  Defendants deny any remaining allegations contained in paragraph 32.

33.     The allegations contained in paragraph 33 of the Complaint refer to documents and judicial orders, which speak for themselves, and to which no response is required. Answering further, the allegations refer to another case which involved different facts and execution procedures than present in this case.  Defendants deny any remaining allegations contained in paragraph 33.

34.     The allegations contained in paragraph 34 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  Answering further, the allegations refer to another case which involved different facts and execution procedures than present in this case.  Defendants deny any remaining allegations contained in paragraph 34.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35 of the Complaint, and, therefore, must deny the same.

36.     The allegations contained in paragraph 36 of the Complaint refer to judicial orders, which speak for themselves, and to which no response is required.  Answering further, the allegations refer to another case which involved different facts and execution procedures than present in this case.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Midland Credit admits that it maintains a computerized system in connection with its employees' personal review of affidavits.  Defendants deny the remaining allegations contained in paragraph 40 of the Complaint.

41.     The allegations contained in paragraph 41 of the Complaint refer to transcribed testimony, which speaks for itself, and to which no response is required.  Answering further, the allegations refer to another case which involved different facts than present in this case. Defendants deny the remaining allegations of paragraph 41.  Defendants deny the remaining allegations of paragraph 41.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     The allegations contained in paragraph 44 of the Complaint refer to a document, which speaks for itself, and to which no response is required.  Defendants deny the remaining allegations of paragraph 44.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     The allegations contained in paragraph 47 of the Complaint refer to transcribed testimony, which speaks for itself, and to which no response is required.  Defendants deny the remaining allegations of paragraph 47.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     The allegations contained in paragraph 49 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  Defendants deny the remaining allegations of paragraph 49.

50.     The allegations contained in paragraph 50 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  Defendants deny the remaining allegations of paragraph 50.

51.      Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     The allegations contained in paragraph 52 of the Complaint refer to documents, which speak for themselves, and to which no response is required.   Defendants deny the remaining allegations of paragraph 52.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     The allegations contained in paragraph 54 of the Complaint refer to documents, which speak for themselves, and to which no response is required.   Defendants deny the remaining allegations of paragraph 54.

55.     Defendants admit that they prepare affidavits for use in collections actions. Defendants deny the remaining allegations contained in paragraph 55 of the Complaint.

56.     The allegations contained in paragraph 56 of the Complaint refer to a hypothetical document to which no response is required.   To the extent that a response is required, Defendants deny the allegations of paragraph 56.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants admit the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     The allegations contained in paragraph 61 of the Complaint refer to documents, which speak for themselves, and to which no response is required.   Defendants deny the remaining allegations of paragraph 61.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     The allegations contained in paragraph 63 of the Complaint refer to a document, which speaks for itself, and to which no response is required.

64.     The allegations contained in paragraph 64 of the Complaint refer to a document, which speaks for itself, and to which no response is required.  Defendants deny the remaining allegations of paragraph 64.

65.     Defendants admit that Midland Funding has served as Plaintiff in state court collection actions.  The remaining allegations in paragraph 65 of the Complaint are denied.

66.     Defendants admit that they prepare affidavits for use in collections actions.  The remaining allegations contained in paragraph 66 of the Complaint are legal conclusions that require no response.  To the extent they are contrary to law, they are denied.

67.     The allegations in paragraph 67 of the Complaint refer to a hypothetical construct to which no response is required.   To the extent that a response is required, Defendants deny the allegations of paragraph 67.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     The allegations contained in paragraph 72 of the Complaint refer to a document, which speaks for itself, and to which no response is required.  Defendants deny the remaining allegations of paragraph 72.

73.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 73 of the Complaint, and, therefore, must deny the same.

74.     The allegations contained in paragraph 74 of the Complaint refer to a document, which speaks for itself, and to which no response is required.  The legal conclusions in paragraph

74 require no response.  To the extent they are contrary to law, they are denied.  The remaining allegations of paragraph 74 are denied.

75.    In response to the allegations contained in paragraph 75 of the Complaint, Defendants admit that there was a Capital One account number ending in -2987 in Plaintiff's name.  The remaining allegations of paragraph 75 are denied.

76.    In response to the allegations contained in paragraph 76 of the Complaint, Defendants admit that Midland Credit contacted Plaintiff as loan servicer for his debt.  The remaining allegations of paragraph 76 are denied.

77.    The allegations contained in paragraph 77 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  Defendants deny the remaining allegations of paragraph 77.

78.    Midland Funding admits that it filed a lawsuit against Plaintiff in Virginia state court.  Defendants deny the remaining allegations contained in paragraph 78 of the Complaint.

79.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 79 of the Complaint, and, therefore, must deny the same.

80.    Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.    Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.    The allegations contained in paragraph 82 of the Complaint refer to a document, which speaks for itself, and to which no response is required.

83.    Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.    The allegations contained in paragraph 84 of the Complaint refer to a document, which speaks for itself, and to which no response is required.  Defendants deny the remaining allegations of paragraph 84.

85.     In response to the allegations contained in paragraph 85 of the Complaint, Defendants admit only that they received the document Plaintiff refers to as an "affidavit," but note further that the document was never properly notarized by Plaintiff.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Defendants admit that Midland Funding obtained a default judgment against Plaintiff.   Defendants deny the remaining allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 91 of the Complaint, and, therefore, must deny the same.

92.     The allegations contained in paragraph 92 of the Complaint refer to a document, which speaks for itself, and to which no response is required.  Defendants deny the remaining allegations of paragraph 92.

93.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 93 of the Complaint, and, therefore, must deny the same.

94.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 94 of the Complaint, and, therefore, must deny the same.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.    The allegations contained in paragraph 96 of the Complaint are legal conclusions, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

97.    Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 98 of the Complaint, and, therefore, must deny the same.

99.    Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.    The allegations contained in paragraph 102 of the Complaint are legal conclusions, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.  Defendants deny the remaining allegations contained in paragraph 102.

103.    The allegations contained in paragraph 103 of the Complaint refer to a document, which speaks for itself, and to which no response is required.

104.    The allegations contained in paragraph 104 of the Complaint refer to a judicial opinion, which speaks for itself, and to which no response is required.  Defendants deny the remaining conclusions of paragraph 104.

105.    The allegations contained in paragraph 105 of the Complaint refer to a judicial opinion, which speaks for itself, and to which no response is required.  Answering further, the allegations refer to another case which involved different facts than present in this case. Defendants deny the remaining allegations of paragraph 105 of the Complaint.

**COUNT ONE:**
**(Violation of 15 U.S.C. § 1692e – FDCPA)**

106.   In response to the allegations contained in paragraph 106 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

107.   The allegations contained in paragraph 107 of the Complaint are legal conclusions, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

108.   Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.   Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.   Defendants deny the allegations contained in paragraph 110 of the Complaint.

**COUNT TWO:**
**(Violation of 15 U.S.C. § 1692e(2))**

111.   In response to the allegations contained in paragraph 111 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

112.   Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.   Defendants deny the allegations contained in paragraph 113 of the Complaint.

114.   Defendants deny the allegations contained in paragraph 114 of the Complaint.

**COUNT THREE:**
**(Violation of 15 U.S.C. § 1692e(11))**

115.   In response to the allegations contained in paragraph 115 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

116.   The allegations contained in paragraph 116 of the Complaint refer to documents, which speak for themselves, and to which no response is required.

117.     Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.     The allegations contained in paragraph 118 of the Complaint refer to documents, which speak for themselves, and to which no response is required.

119.     The allegations contained in paragraph 119 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  Defendants deny the remaining allegations of paragraph 119.

120.     Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.     Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.     Defendants deny the allegations contained in paragraph 122 of the Complaint.

## COUNT FOUR:
### (Violation of 15 U.S.C. § 1692g)

123.     In response to the allegations contained in paragraph 123 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

124.     Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.     Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.     Defendants deny the allegations contained in paragraph 126 of the Complaint.

## COUNT FIVE:
### (Violation of 15 U.S.C. § 1692i)

127.     In response to the allegations contained in paragraph 127 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

128.     Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.     Defendants deny the allegations contained in paragraph 129 of the Complaint.

130.     Defendants deny the allegations contained in paragraph 130 of the Complaint.

## COUNT SIX:
## (Violation of 15 U.S.C. § 1961 – Racketeer Influenced and Corrupt Organizations Act)

131.    In response to the allegations contained in paragraph 131 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

132.    The allegations contained in paragraph 132 of the Complaint are legal conclusions, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.  Defendants deny any remaining allegations in paragraph 132.

133.    The allegations contained in paragraph 133 of the Complaint are legal conclusions, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.  The remaining allegations of paragraph 133 are denied.

134.    The allegations contained in paragraph 134 of the Complaint are legal conclusions, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.  Defendants deny any remaining allegations in paragraph 134.

135.    The allegations contained in paragraph 135 of the Complaint are legal conclusions, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.  Defendants deny any remaining allegations in paragraph 135.

136.    The allegations contained in paragraph 136 of the Complaint are legal conclusions, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.  Defendants deny any remaining allegations in paragraph 136.

137.    The allegations contained in paragraph 137 of the Complaint are legal conclusions, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.  Defendants deny any remaining allegations in paragraph 137.

138.    Defendants deny the allegations contained in paragraph 138 of the Complaint.

139.    Defendants deny the allegations contained in paragraph 139 of the Complaint.

140.   Defendants deny the allegations contained in paragraph 140 of the Complaint.

141.   Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.   Defendants deny the allegations contained in paragraph 142 of the Complaint.

143.   Defendants deny the allegations contained in paragraph 143 of the Complaint.

144.   Defendants deny the allegations contained in paragraph 144 of the Complaint.

## COUNT SEVEN:
### (Virginia Civil Conspiracy)

145.   In response to the allegations contained in paragraph 145 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

146.   Defendants deny the allegations contained in paragraph 146 of the Complaint.

147.   Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.   Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.   Defendants deny the allegations contained in paragraph 149 of the Complaint.

## COUNT EIGHT:
### (Virginia Abuse of Process)

150.   In response to the allegations contained in paragraph 150 of the Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

151.   Defendants deny the allegations contained in paragraph 151 of the Complaint.

152.   Defendants deny the allegations contained in paragraph 152 of the Complaint.

153.   Defendants deny the allegations contained in paragraph 153 of the Complaint.

**COUNT NINE**
**Midland Credit Only**
**(Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b))**

154.    In response to the allegations contained in paragraph 154 of the Complaint, Midland Credit incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

155.    Midland Credit denies the allegations contained in paragraph 155 of the Complaint.

156.    Midland Credit denies the allegations contained in paragraph 156 of the Complaint.

157.    Midland Credit denies the allegations contained in paragraph 157 of the Complaint.

158.    Midland Credit denies the allegations contained in paragraph 158 of the Complaint.

159.    Defendants deny that they are liable to Plaintiff for any of the relief requested in the WHEREFORE clause of the Complaint.

160.    Defendants deny any allegation that is not expressly admitted herein.

**AFFIRMATIVE AND OTHER DEFENSES**

1.    Any alleged damages suffered by Plaintiff are the result of his own conduct and/or the actions of other individuals or entities over which Defendants have no control.

2.    Defendants reserve the right to compel arbitration as agreed to in the contract between cardholder and creditor.

3.    Plaintiff's claims should be dismissed because Defendants did not violate any provisions of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

4.      Plaintiff's claims should be dismissed because Midland Credit did not violate any provision of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

5.      Plaintiff's Complaint fails to state a claim for the reasons set forth in the accompanying Motion to Dismiss and supporting memorandum, both of which are incorporated in full and asserted as if fully state herein.

6.      Plaintiff's Complaint, or portions thereof, should be dismissed because the claims made therein are time-barred by the applicable statute(s) of limitations.

7.      Plaintiff's claims must be dismissed to the extent that Plaintiff fails to meet his burden of proving the underlying premise of his claims, *i.e.*, the allegation that the credit card account at issue was opened in Plaintiff's name without his knowledge or consent.

8.       Plaintiff's claims should be dismissed because any alleged violations of the FDCPA by Defendants was the result of a *bona fide* error, was unintentional, and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

9.      Plaintiff's claim under 15 U.S.C. § 1681s-2(b) fails to the extent that Midland Credit conducted an investigation with respect to any disputed information.

10.      Plaintiff's claims should be dismissed to the extent that Defendants acted in good faith in conformity with any advisory opinion of the Federal Trade Commission.

11.      Plaintiff's claim under the Racketeer Influenced and Corrupt Organizations Act fails to the extent that Plaintiff cannot demonstrate causation or the existence of a distinct enterprise.

12.      Defendants reserve the right to amend or supplement the foregoing responses and/or assert additional affirmative defenses at a later date following discovery and investigation.

WHEREFORE, Defendants Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. respectfully request the Court to dismiss Plaintiff's Amended

Complaint and all claims therein with prejudice and to render judgment in favor of Defendants

on each and every claim and request for relief in Plaintiff's Amended Complaint, denying all

relief sought by Plaintiff, and that Defendants be awarded their costs expended in defending this

action, and for such other and further relief as the Court deems appropriate.

**ENCORE CAPITAL GROUP, INC.,**
**MIDLAND FUNDING, LLC and**
**MIDLAND CREDIT MANAGEMENT, INC.**


By:/s/ Timothy J. St. George
                    Of Counsel

David N. Anthony (VSB No. 31696)
Timothy St. George (VSB No. 77340)
*Attorneys for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile:  (804) 698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

John C. Lynch (VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1504
john.lynch@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

> Leonard A. Bennett, Esq.
> Susan M. Rotkis, Esq.
> Consumer Litigation Associates, P.C.
> 12515 Warwick Boulevard, Suite 100
> Newport News, VA 23606
> Telephone: (757) 930-3660
> Facsimile: (757) 930-3662
> Email: lenbennett@cox.net
>
> Matthew J. Erausquin, Esq.
> Consumer Litigation Associates, P.C.
> 1800 Diagonal Road, Suite 600
> Alexandria, VA 22314
> Telephone: (703) 273-6080
> Facsimile: (888) 892-3512
> Email: matt@clalegal.com
>
> *Counsel for Plaintiff*

> /s/ Timothy J. St. George
> Timothy J. St. George (VSB Bar No. 77349)
> *Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, VA 23219
> Telephone: (804) 697-1254
> Facsimile: (804) 698-6013
> tim.stgeorge@troutmansanders.com

19