IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GILBERT JAMES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No.: 3:11cv221 |
| | : |
| | : |
| ENCORE CAPITAL GROUP, INC., ET ALS. | : |
| | : |
| Defendants. | : |

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO SUBMIT
HIS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE
ORDER ENFORCEMENT REGARDING DEPOSITION TESTIMONY**

COMES NOW the Plaintiff, Gilbert James, by counsel, and for his Motion for Enlargement of Time to File His Response in Opposition to Defendants' Motion for Protective Order Enforcement Regarding Deposition Testimony, he states as follows:

Defendants Encore Capital Group, Inc. (or "Encore"), Midland Funding, LLC (or "Midland") and Midland Credit Management, Inc. (or "MCM," or referred to collectively as "Midland Entities" or "Defendants") have filed a Motion for Protective Order Enforcement Regarding Deposition Testimony and have based this motion on their designation of certain parts of Nancy Kohls' deposition as confidential. Plaintiff believes that by any analysis or benchmark, these sweeping designations are inappropriately made (for example, the Defendants designated one of Mr. Bennett's questions as Confidential, but not the deponent's answer). If allowed to stand, these blanket designations made by the Defendants with regard to both their documents and the deposition testimony will serve to severely impede the litigation of this matter, as well as the trial.

However, in order to fully respond to Defendants' Motion, Plaintiff's counsel must directly address portions of the deposition transcript in his response brief. Pursuant to the Protective Order (Docket No. 37), entered on August 10, 2011, Plaintiff may not disclose portions of any deposition designated as Confidential in his response brief, without the absence of prior written permission from the designating party or an order by the Court.

Further, paragraph 11 of the Protective Order requires that the party seeking to file information designated as confidential must contact the designating party five days prior to such filing, both to give notice that it seeks to file Confidential Materials with the court and so that the parties can meet and confer in good faith to determine whether a redacted version of the materials could be filed with the Court. In the event that no agreement is reached for the filing of a redacted version, the designating party must file a Motion to Seal in accordance with Local Rule 5(C)-(D).

Plaintiff's counsel has complied with Paragraph 11 of the Protective Order and has met and conferred with Defendants' counsel regarding the possible resolution of this matter, but has been unable to reach an agreement. Therefore, the problem with the current posture is that the Plaintiff cannot adequately respond to Defendants' sweeping assertions of confidentiality without revealing the contents of the very same deposition that Defendants have designated as confidential. Therefore, Midland's counsel has indicated that the Defendants will be filing a Motion to Seal shortly in accordance with the terms of the Protective Order. Plaintiff respectfully requests that this Court enlarge his time to file a response to Defendants' Motion for Protective Order Enforcement Regarding Deposition Testimony such that his opposition brief would be due two business days after the Court has ruled on Defendants' Motion to Seal.[1]

---

[1] Plaintiff will thereafter oppose the Defendants' Motion to Seal for many of the same reasons that the Plaintiff opposes the Defendants' underlying motion to protect the deposition testimony as confidential.

Plaintiff submits that the enlargement requested is appropriate, the Defendants would suffer no prejudice as a result, and the extension sought by the Plaintiff is not excessive. It will serve to further the interests of judicial economy and limit further motions practice regarding these and other designations which may be made in the case. Further, the Defendants have indicated that they would not oppose this result.

For the reasons stated herein, the Plaintiff respectfully requests that the Court to grant his Motion for Enlargement of Time as pled herein.

Respectfully submitted,
**GILBERT JAMES**

By: _____/s/_____
*Of Counsel*

Matthew J. Erausquin, Esq. (VSB #65434)
Leonard A. Bennett, Esq. (VSB #37523)
Susan M. Rotkis, Esq. (VSB #40693)
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-6080 – Telephone
(888) 892-3512 – Facsimile
E-mail: matt@clalegal.com

*Counsel for the Plaintiff*

---

As this testimony does not relate to trade secrets or otherwise satisfy the necessary criteria to require its protection from disclosure, it certainly cannot satisfy the rigorous criteria in this Circuit and District for filing under seal.

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 26th day of September, 2011, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send an electronic notification to the following:

John C. Lynch, Esq.
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

David Neal Anthony, Esq.
Troutman Sanders LLP
Troutman Sanders Bldg.
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-5410
Fax: 804-698-5118
Email: david.anthony@troutmansanders.com

Timothy James St. George, Esq.
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-1254
Email: tim.stgeorge@troutmansanders.com

              /s/
              Matthew J. Erausquin, VSB#65434