**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**GILBERT JAMES,**

       **Plaintiff,**

**v.**                                       **Civil Action No. 3:11cv00221**

**ENCORE CAPITAL GROUP, INC.,** *et al.*

       **Defendants.**

**DEFENDANTS' NON-CONFIDENTIAL MEMORANDUM**
**IN SUPPORT OF MOTION TO FILE PLEADINGS UNDER SEAL**

Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (collectively, "the Midland Defendants"), by counsel, and pursuant to Rule 5 of the Local Rules of the United States District Court for the Eastern District of Virginia, submit this memorandum in support of their Motion to File Pleadings Under Seal.

**Introduction**

Through his threatened public disclosure of a number of documents produced in this action, Plaintiff is (yet again) trying to gain leverage in this action through a procedural gambit. Plaintiff's counsel has threatened, for no evident good-faith reason, to publicly file documents relating to the Midland Defendants' internal policies and procedures regarding the execution of affidavits, their litigation activities, and their internal procedures for handling consumer disputes. The documents and deposition testimony detailing the Midland Defendants' various debt collection processes and business models are not publicly disclosed, and the public has little interest in this non-public, propriety information. In contrast, the information that the Midland Defendants now move to have placed under seal reflects confidential corporate information that,

if publicly disclosed, would enable the Midland Defendants' competitors to build and/or refine a competing debt collection system at a fraction of the cost incurred by the Midland Defendants.

Plaintiff does not, and cannot, deny the commercial value of the information at issue to the Midland Defendants, nor can he contest that the information sought to be placed under seal is subject to strict measures to ensure its confidentiality.[1] Nevertheless, throughout this litigation, Plaintiff's counsel has taken the unreasonable position that *nothing* produced in this action so far can be properly designated as confidential or potentially placed under seal. Tellingly, Plaintiff's counsel assumed this position only after the Midland Defendants refused to grant Plaintiff's counsel permission to introduce the information that is the subject of this motion in any future proceeding in which they also serve as counsel, regardless of the substance of the claims pled against the Midland Defendants in those future actions. In other words, Plaintiff's counsel is using the threat of public disclosure of this valuable corporate information as a self-serving litigation tactic. This ploy must be rejected by the Court. For the reasons set forth below, the Court should prospectively place the limited categories of confidential information identified by the Midland Defendants in the proposed Sealing Order under seal.

## Background

In August 2011, the Midland Defendants produced documents that were identified in their Rule 26(a)(1) initial disclosures as relevant to the claims asserted by Plaintiff. A number of these documents, including internal business records, *were not* subject to any confidentiality restrictions. Certain documents, however, were designated as "confidential," as provided for under the agreed Protective Order entered by the Court. (Dkt. No. 37). The substance of these confidential documents was detailed in the sworn declaration attached to the Midland Defendants' memorandum in support of their Motion to Enforce Protective Order, stating that

---

[1] The information that the Midland Defendants seek to place under seal has also been the subject of extensive briefing on whether such information has properly been designated as "confidential."

the documents contain confidential information relating to, *inter alia*: (1) the content of the Midland Defendants' computerized debt-collection database; (2) their computer software; (3) the internal codes used in maintaining and updating the Midland Defendants' debt collection system; and (4) their internal debt collections policies, litigation processes, compliance material, and corporate strategies.  (*See* Dkt. No. 39, Exhibit A, attached hereto as **Exhibit 1**).  But for this litigation, Plaintiff would have none of these documents.

In August 2011, the Midland Defendants produced Nancy Kohls, a Legal Specialist at Midland Credit Management, Inc., for her deposition in Minneapolis, Minnesota.  During her deposition, Kohls testified at length regarding, *inter alia*: (1) the substance of documents that had been produced by the Midland Defendants and designated as "confidential;" (2) the identity of certain of the Midland Defendants' major clients; (3) the Midland Defendants' affidavit policies and collection processes; (4) the software and specific codes used by the Midland Defendants in their collections process; (5) private personnel information; (6) employee compensation and job evaluation criteria; and (7) other policy manuals and training materials that had been produced by one or more of the Midland Defendants in previous civil actions, where such materials were also marked as confidential.[2]  Significant portions of the deposition transcript *were not* designated as confidential by the Midland Defendants.  However, Kohls's testimony on the above subjects was designated by the Midland Defendants as confidential.  The specific content of the portions of Kohls's transcript that were designated as confidential is set forth in the declaration attached to the Midland Defendant's memorandum in support their Motion to Enforce Protective Order Respecting Deposition Testimony.  (*See* Dkt. No. 48, Exhibit B, attached hereto as **Exhibit 2**).

---

[2]  It is unclear whether Plaintiff has complied with any protective order entered in such other civil actions, and counsel for the Midland Defendants has made this concern known to Plaintiff's counsel.

In response to the designation of the foregoing documents and deposition testimony as confidential by the Midland Defendants, counsel for Plaintiff objected to *all* such designations. These objections are the subject of pending briefing before the Court.   However, Plaintiff's counsel has now recently informed undersigned counsel that Plaintiff intends to publicly file all of the foregoing confidential documents and deposition testimony as exhibits to certain future pleadings, including its memorandum in opposition to the Motion to Enforce Protective Order Respecting Deposition Testimony and a putative Motion for Summary Judgment.   Thus, under the terms of the Protective Order, the Midland Defendants request that the Court place limited categories of information implicated by the above confidentiality designations under seal.   These categories are set forth in the attached proposed Sealing Order.

**Argument**

I.     **The Midland Defendants have satisfied the standard for placing the limited types of information set forth in the proposed Sealing Order under seal.**

A "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re the Knight Publishing Co.,* 743 F.2d 231, 235 (4th Cir. 1984).   The Fourth Circuit has established certain steps that a district court must take before a case, or documents within a case, may be filed under seal. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).   In *Ashcraft,* the Fourth Circuit set forth the prerequisites for an order sealing documents, holding that such an order will not be valid unless the court: (1) provides notice to the public and gives the public an opportunity to object to the sealing; (2) considers less drastic alternatives; and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. *Id*.   All of these prerequisites are satisfied here.

A.     **Public notice has been provided.**

The Midland Defendants have filed contemporaneously herewith a Notice of this Motion, which will provide the public with an opportunity to bring objections, if any, to sealing the documents and information that are the subject of this motion.  *See Id.*

B.     **Due to Plaintiff's position, no less drastic alternatives to sealing are possible.**

Plaintiff has taken the position that the documents and deposition testimony that the Midland Defendants seek to place under seal is the same information that he needs to append to his public filings to make his argument to the Court.  Thus, no procedure other than filing under seal will be sufficient to preserve the confidential and proprietary nature of such information.[3]

C.     **The lack of public interest in these privately-generated documents, when coupled with the harm to the Midland Defendants in public disclosure, warrants placing such documents under seal.**

The general public would have little interest in the confidential information contained in the documents and deposition testimony detailed in Exhibit 1 and Exhibit 2, as such information was generated by, and relates to, the internal activities of private entities and does not relate to any process or event of historical significance or general interest to the public.  *See, e.g., Crum & Crum Enterprises, Inv. V. Brenda Crum, et al.*, 2011 U.S. Dist. LEXIS 24690, at *12 (Mar. 11, 2011) (filing no persuasive public interest in the information at issue because "the case involves litigation between a private company and a private citizen.").  Indeed, much of this information (*e.g.*, the specific computer codes and software used by the Midland Defendants, the private

---

[3]  With respect to Plaintiff's intended attachment of the confidential documents and deposition testimony to Plaintiff's memorandum in opposition to the Motion to Enforce Protective Order Respecting Deposition Testimony, counsel for the Midland Defendants proposed that such documents be submitted *in camera*, but Plaintiff's counsel refused.  Indeed, as even Plaintiff's counsel has acknowledged, the requirement that the Midland Defendants move to have such information placed under seal simply because Plaintiff's counsel has objected to *confidentiality* designations is incongruous, at best.  In any event, however, the information implicated by this motion satisfies the standards for both claiming confidentiality and filing under seal.

information regarding the background of specific employees, the identity of certain major clients of the Midland Defendants) is irrelevant to the assessment of the claims asserted by Plaintiff.[4]

The Midland Defendants have invested and continue to invest significant resources, many years, and countless hours of employee time developing and improving their procedures to achieve maximum possible accuracy of the debt collection system, and also to ensure efficient dispute resolution and legal compliance. (Ex. 1 at ¶ 17). These policies and procedures provide the Midland Defendants with a competitive advantage in the marketplace over their many competitors by ensuring compliance with applicable laws, an efficient workforce, maximizing collections, and minimizing legal and informal disputes with consumers. (*Id.* at ¶ 18). And, public disclosure of the foregoing confidential information about the structure, logic and codes of the Midland Defendants' computer system, as well as their collection policies and procedures and the identity of their major customers, would be invaluable to competitors attempting to build or refine a competing debt collection system at a fraction of the costs incurred by the Midland Defendants. (*Id.* at ¶ 19); *see also Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 530 (N.D. Cal. 2000) (holding that disclosure of the technical aspects of products, licensing agreements, and marketing information may provide the party seeking disclosure a "competitive advantage"); *accord VIA Techs., Inc.*, 198 F.R.D. at 530 ("The risk of potential injury is increased here because . . . Intel is already the dominant player in this highly competitive market.").

Furthermore, due to the highly-sensitive and commercially proprietary nature of the information that has been designated as confidential, access to such information is restricted even to the employees of the Midland Defendants. (Ex. 1 at ¶ 14). The Midland Defendants also have internal policies and procedures regarding the maintenance of confidential and proprietary

---

[4] While the Midland Defendants recognize that the public may have an interest in the confidential information if such information is used for the purpose of *proving* Plaintiff's claims at trial, the proposed Sealing Order accounts for this possibility by explicitly stating that nothing contained in the Sealing Order permits the sealing of documents and testimony at trial except "upon further order of the Court."

information in order to ensure that such information is not disclosed to third parties, including its competitors. *Id.* And, it is the Midland Defendants' general policy to keep this information confidential, and when such information is requested in litigation, the Midland Defendants either object to its production on the basis of their confidential and proprietary content, or they seek the entry of an appropriate protective order. (*Id.* at ¶ 15). The Midland Defendants also restrict access to their facilities through key-card access, and the Midland Defendants routinely execute non-disclosure agreements with third parties with whom they share specific information about their business. (*Id.* at ¶ 21).

Additionally, the personal information regarding the background and job transitions of a number of the Midland Defendants' employees that has also been designated as "confidential" should be placed under seal for the purpose of protecting the privacy of those individuals. *See, e.g., Horton v. 48th Dist. Court*, 2006 U.S. Dist. LEXIS 23990, at *7 (E.D. Mich. Feb. 21, 2006) (holding that there is a "recognized a privacy interest in the personnel files of nonparties, which is commonly guarded through the entry of a protective order").[5]

Courts have held that documents reflecting confidential and proprietary information of a private business, including the specific types of information at issue here, can properly be placed under seal. *See, e.g., Muri v. Killeen*, 2004 U.S. Dist. LEXIS 9080, at *11 (W.D. Va. May 18, 2004) ("It appearing to the court that the exhibits contain engineering data, client names, and other potentially confidential and proprietary information, the court grants the motion [to place such documents under seal]."); *United States v. Jiles*, 2009 U.S. Dist. LEXIS 64544, at *5 n.1 (W.D. Va. July 24, 2009) (granting motion to seal records regarding internal disciplinary proceedings against a public officer); *Walker Systems, Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429

---

[5] In their prior briefing regarding confidentiality designations, (*see* Dkt. Nos. 39, 48), the Midland Defendants set forth in length the authority in favor of the proposition that the information at issue is properly deemed proprietary and confidential and/or trade secrets. The Midland Defendants incorporate that analysis herein by reference.

(S.D. W.Va. 1999) (stating where "information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted"); *accord Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073-74 (3d Cir. 1984); *Zenith Radio Corp. v. Matsushita Electric Indus. Co.*, 529 F. Supp. 866, 889-90, n.42 (E.D. Pa. 1981).  Accordingly, the Midland Defendants request that the limited categories of information enumerated in the proposed Order be prospectively placed under seal in this action.

## CONCLUSION

WHEREFORE, Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. respectfully request that the Court: (1) grant the Midland Defendants' motion; (2) enter the proposed order attached to the motion; and (3) grant the Midland Defendants any such further relief that the Court deems proper.

> **ENCORE CAPITAL GROUP, INC.,**
> **MIDLAND FUNDING, LLC and**
> **MIDLAND CREDIT MANAGEMENT, INC.**
>
>
> By: /s/ Timothy J. St. George
>                      Of Counsel

David N. Anthony (VSB No. 31696)
Timothy St. George (VSB No. 77340)
*Attorneys for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile:  (804) 698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

John C. Lynch (VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1504
john.lynch@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

>Leonard A. Bennett, Esq.
>Susan M. Rotkis, Esq.
>Consumer Litigation Associates, P.C.
>12515 Warwick Boulevard, Suite 100
>Newport News, VA 23606
>Telephone:  (757) 930-3660
>Facsimile:  (757) 930-3662
>Email:  lenbennett@cox.net
>
>Matthew J. Erausquin, Esq.
>Consumer Litigation Associates, P.C.
>1800 Diagonal Road, Suite 600
>Alexandria, VA 22314
>Telephone:  (703) 273-6080
>Facsimile:  (888) 892-3512
>Email:  matt@clalegal.com
>
>*Counsel for Plaintiff*

>/s/ Timothy J. St. George
>Timothy J. St. George (VSB Bar No. 77349)
>*Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, VA 23219
>Telephone:  (804) 697-1254
>Facsimile:  (804) 698-6013
>tim.stgeorge@troutmansanders.com

2062291v1