UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GILBERT JAMES,**

    **Plaintiff,**

v.                                                      Civil Action No. 3:11cv00221

**ENCORE CAPITAL GROUP, INC.,** *et al.*

    **Defendants.**

## SEALING ORDER

CAME NOW Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc., upon their Motion to File Pleadings Under Seal. Finding that the interests of the parties in the sealing of the confidential and proprietary information listed below satisfies the criteria under *Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), and finding that there is no less drastic alternative to placing such information under seal, it is hereby ORDERED that the Motion to File Pleadings Under Seal is GRANTED, and that:

    1. For purposes of this Order, the following materials and information are deemed "Confidential Materials" subject to sealing or redaction:

        (A): The identity of the Defendants' clients;

        (B): Any contracts and/or agreements between Defendants and their clients;

        (C): The Defendants' policies and procedures regarding the execution and filing of affidavits;

        (D): The identity of the software and internal codes used by the Defendants in their collections process, including screenshots of such software, and any policies and procedures regarding same;

(E): Information regarding the background and job transitions of third-party employees of the Defendants, including internal personnel files;

(F): Employee compensation and job evaluation criteria;

(G): The Defendants' policies and procedures regarding compliance with the Fair Debt Collection Practices Act and/or the Fair Credit Reporting Act;

(H): Non-public documents detailing the relationship and corporate structure of the Defendants and their affiliated entities;

(I): Defendants' policies and procedures regarding dispute resolution with consumers, including with respect to claims of identity theft and credit reporting; and

(J): The Defendants' internal training policies and procedures regarding communication with consumers.

2. The parties shall endeavor to not include Confidential Materials as exhibits to filings except as to the extent necessary. If inclusion of Confidential Materials as exhibits is necessary to the litigation, then the parties shall redact any Confidential Materials from publicly-filed versions of exhibits with the complete version filed under seal, or, if the exhibit consists entirely of Confidential Materials, then the exhibit shall be publicly-filed noting the redaction of the entire exhibit, with the complete version of the exhibit filed under seal.

3. If it is necessary to include Confidential Materials within any pleading filed with the Court, then the party making the filing is required to file a "public" version of a filing with only the portion of the filing including Confidential Materials redacted. An unredacted version of that same filing shall also be filed under seal.

4. Each document that is the subject of this Order which is filed under seal shall be submitted to the Clerk's Office securely sealed, with the container clearly labeled "UNDER

SEAL." The case number, case caption, and reference to this Order permitting the item to be sealed and a non-confidential descriptive title of the document shall be noted on the container.

5. Trial exhibits, including documents previously filed under seal, and trial transcripts are expressly excluded from the terms of this Order and will not be filed under seal except upon further Order by the Court.

ENTERED this _____ day of _____, 2011.

_____
Robert E. Payne
Senior United States District Court Judge