## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**GILBERT JAMES,**

       **Plaintiff,**

**v.**                            **Civil Action No. 3:11cv00221**

**ENCORE CAPITAL GROUP, INC.,** *et al.*

       **Defendants.**

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants, Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland Funding"), and Midland Credit Management, Inc. ("Midland Credit Management") (with the latter two entities collectively referred to as "Midland," and when combined with Encore, the "Defendants"), by counsel, submit the following reply memorandum in support of their Motion to Dismiss Plaintiff's Amended Complaint.

### INTRODUCTION

Recognizing that they were improperly asserted, Plaintiff has now agreed to the dismissal of his claim under 15 U.S.C. §1692g (Count Four), as well as his state law claim for civil conspiracy (Count Seven).[1] However, Plaintiff argues against dismissal of two of his claims: (1) a claim under 15 U.S.C. § 1692e(11) asserting that Defendants are liable under the Fair Debt Collection Practices Act ("FDCPA") for failing to place certain language on documents attached to a state court warrant-in-debt (Count Three); and (2) a state law claim for "abuse of process" (Count Eight). Plaintiff, however, cannot rescue either of these claims from dismissal.

---

[1] Defendants will not comment on Plaintiff's improper argument (repeated in almost every filing to date) on the purported merits of his case, except to note the irrelevance of such argument to this motion. Plaintiff's claims will be controverted in all respects at the appropriate time.

Plaintiff's claim under 15 U.S.C. § 1692e(11) fails under the FDCPA's formal pleading exemption and federal precedent establishing that documents attached to a complaint are part of a formal pleading.  In opposing this argument, Plaintiff mischaracterizes Defendants' position as a broad straw man that seeks to exempt "all litigation documents" from the reach of the FDCPA. This mischaracterization leads Plaintiff down several tangents relating to whether affidavits and other documents not attached to a "pleading" are considered pleadings.  Plaintiff also provides no principled basis for his technical argument that a complaint, even if it sets forth the substance of an attached document, is exempt from FDCPA liability, whereas documents attached to and in support of a complaint are not.  Plaintiff's claim under 15 U.S.C. § 1692e(11) must be dismissed.

Plaintiff's abuse of process claim likewise must fail because Plaintiff cannot escape the allegations in his Complaint, which are then repeated in his briefing, where he pleads that Defendants instituted the state court action *to collect a debt*.  Although Plaintiff contends that the lawsuit was "baseless," Virginia law is clear that even such litigation does not give rise to an abuse of process claim when no ulterior motive is present.  The Complaint is devoid of any allegation that would suggest that the state court action was filed with any *ulterior* purpose, or that Defendants used the process in a way that was improper *after it was issued*.  Without establishing such facts, Plaintiff's abuse of process claim must be dismissed.

### ARGUMENT

### I.    Plaintiff's Claim Under 15 U.S.C. § 1692e(11) Must Be Dismissed Under The Formal Pleading Exemption.

In their initial memorandum, Defendants advanced the straightforward argument that because a complaint constitutes a "formal pleading" under the FDCPA, and because courts have consistently held that affidavits attached to a pleading are integrated into and also constitute a "pleading," no FDCPA liability can attach with respect to the three documents attached to the

Warrant-in-Debt filed in connection with Plaintiff's collection action.   (Defs' Mem. at 6-7).

These arguments were made by reference to authority specifically addressing whether documents

attached to formal pleadings, such as a complaint, are themselves "pleadings." *Judicial Watch v.*

*United States DOC*, 224 F.R.D. 261, 263 n.1 (D.D.C. 2004) (for purposes of Fed. R. Civ. P. 12(f)

the term "pleading" includes all "affidavits and declarations filed in support of technical

pleadings"); *Czarnowski Display Servs., Inc. v. Bell*, No. 03-cv-5782, 2004 U.S. Dist. LEXIS

13441 (N.D. Ill. July 15, 2004) (drawing on allegations from a complaint in resolving a motion

to dismiss, stating that "[t]he background information is taken from parties' pleadings, including

attached affidavits."); *Hill v. Javitch*, 574 F. Supp. 2d 819, 823-24 (S.D. Ohio 2008) (noting that

a complaint, which attached an affidavit, was exempted as a formal pleading under § 1692e(11)).

Plaintiff does not take issue with the numerous cases cited by Defendants holding that a

"complaint" itself is a formal pleading for purposes of § 1692e(11), or that the documents at

issue here were attached to the Warrant-in-Debt filed with respect to Plaintiff's account.[2]   Thus,

the *only narrow issue* before the Court is whether documents *attached* to and in support of a

complaint fall outside of the statutory exception that applies to the complaint itself.   In answering

that question in the affirmative, Defendants do not seek an expansive view of FDCPA immunity.

Rather, Defendants merely ask the Court to apply to Plaintiff's FDCPA claim established federal

court precedent holding that a *complaint and its attachments* constitute a formal pleading.   Based

on the authority and compelling policy reasons set forth below, the hyper-technical distinction

---

[2] Plaintiff does suggest, without support, that even though he was served with the Warrant-in-Debt and supporting documents, the fact that Defendants also allegedly "mailed" him such documents somehow alters the analysis.   (*See* Mem. Opp. at 8 n.3).   In *Nikkel v. Wakefield & Assocs., Inc.*, 10cv02411-PAB-CBS, 2011 U.S. Dist. LEXIS 109044 (D. Colo. Sept. 26, 2011), however, the court rejected the argument that sending a "courtesy copy" of a complaint to a defendant vitiated the formal pleadings exemption.   *See id* at *17.   This holding is consistent with the favorable policy and Virginia law that parties be able to keep one another informed throughout the litigation process and to be able to send pleadings to one another in a timely manner without running the risk of purely technical liability under a provision of the FDCPA that in all other respects provides a safe harbor for "formal pleadings."

proposed by Plaintiff does not salvage his claim, and the Court should grant the Midland

Defendants' Motion to Dismiss his claim under § 1692e(11).

      A.    **Plaintiff cites only inapposite authority for its contention that the documents attached to Warrant-in-Debt are not "formal pleadings."**

As a threshold matter, in arguing against the simple logic that a state court complaint and

those supporting documents attached thereto constitute a "formal pleading" under § 1692e(11),

Plaintiff attempts to expansively recast Defendant's position as seeking "a full carve out of all

litigation documents." (Mem. Opp. at 9). That is simply not the case.

This contrived argument then infects several pages of his briefing, wherein Plaintiff cites

a number of decisions for the inapposite (and entirely unremarkable) proposition that there is no

"blanket FDCPA immunity" for litigation documents attached to documents that are themselves

*not pleadings* under Rule 7(a).[3]  (*See* Mem. Opp. at 9-10, 15-16) (citing *Sayyed v. Wolpoff &*

*Abramson*, 485 F.3d 226 (4th Cir. 2007) (declining to apply FDCPA exception to

interrogatories); *Zevgolis v. Greenberg Law Firm, P.C.*, 3:10cv625-DWD, 2011 U.S. Dist.

LEXIS 7452 (E.D. Va. Jan. 26, 2011) (same); *Int'l Longshoremen's Ass'n v. Va. Int'l Terminals,*

*Inc.*, 904 F. Supp. 500 (E.D. Va. 1995) (affidavit attached to reply brief not pleading); *Newsome*

*v. Webster*, 834 F. Supp. 1460 (S.D. Ga. 1994) (affidavit filed in support of motion not a

pleading); *Welch v. Bd. Of Directors*, 146 F.R.D. 131 (W.D. Pa. 1993) (exhibits filed in support

of a motion for class certification are not a pleading); *Sellers v. Henman*, 41 F.3d 1100 (7th Cir.

1994) (affidavit filed in support of motion for summary judgment not a pleading); *Xavier v.*

*Belfor USA Group, Inc.*, No. 06-491cw06-7084, 2008 U.S. Dist. LEXIS 108743 (E.D. La. Sept.

23, 2008) (affidavits filed in support of "motion for collective action" not a pleading); *Utley v.*

---

[3] Fed. R. Civ. P. 7(a) provides that the following documents constitute a "pleading:" (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. *Id.*

*Cont'l Divide Outfitters*, CV-07-364-LMB, 2009 U.S. Dist. LEXIS 18381 (D. Idaho Mar. 10, 2009) (affidavits filed in support of motion for summary judgment are not pleadings); *Larson v. Wal-Mart Stores, Inc.*, 3:08-cv-96, 2008 U.S. Dist. LEXIS 92665 (E.D. Tenn. Nov. 14, 2008) (a response to a reply to motion not a formal pleading); *Fox v. Mich. State Police Dep't*, 173 F. App'x 372 (6th Cir. 2006) (exhibits attached to a dispositive motion are not "pleadings"); *Rouse v. Caruso*, No. 06-cv-10961-DT, 2007 U.S. Dist. LEXIS 4940 (E.D. Mich. Jan. 24, 2007) (motion to dismiss and a motion for more definite statement are not pleadings); *Nikkel*, 2011 U.S. Dist. LEXIS 109044, at *17 (a cover letter does not constitute a "formal pleading")); *compare Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358 (D. Md. 2010) (a complaint is a "pleading" listed under Fed. R. Civ. P. 7(a) and would qualify for immunity under § 1692e(11)).

Plaintiff also cites several (extremely-dated) cases from state law courts, contending that they demonstrate a distinction between "affidavits" and "pleadings."  (*See* Mem. Opp. at 12-13, n.4).   None of these cases, however, address the question of whether an affidavit or other documents attached to and filed in support of a complaint are part of a formal pleading, and none arise in the context of the FDCPA.   *See Brooks-Wright, Inc. v. Md. Cas. Co.*, 17 A.2d 51 (N.J. 1940) (addressing an "affidavit by merits" not filed with any pleading); *Youngstown Steel & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex. 1962) (affidavit in support of motion for summary judgment); *Cargill, Inc. v. E. Grain Growers*, 86 S.E.2d 569 (W.D. Va. 1955) (affidavit of interpleader not attached to any pleading); *Burlew Hardware Co. v. City of Spencer*, 127 S.E. 727 (W. Va. 1925) (same); *Fletcher v. Flournoy*, 81 A.2d 232 (Md. 1951) (affidavit in support of motion for summary judgment); *Johnson v. Laughlin*, 7 Kan. 359 (1871) (affidavit of "attachment," which was not attached to any pleading); *Cunningham v. Brown*, 276 S.E.2d 718 (N.C. Ct. App. 1981) (affidavit in opposition to motion for summary judgment); *Brady v. Yount*,

258 P.2d 458 (1953) (affidavit in support of a "motion of prejudice"); *Kent v. Lee*, 762 P.2d 24 (Ca. 1988) (affidavit in support of "motion for publication order"); *Rannes v. Brusman*, 82 N.E.2d 107, 108-09 (1948) (affidavit in support of the action of replevin, which is "filed to obtain a provisional remedy"); *Purdy v. Purdy*, 179 N.E. 698 (Ma. 1931) ("poverty affidavit" not addressing substantive issues not a pleading).[4]  All told, Plaintiff cites no authority to support his position that an affidavit attached at a warrant-in-debt is *not* a pleading.

Fundamentally, through his citation of irrelevant precedent, Plaintiff argues past, instead of against, the authority supporting Defendants' highly-circumscribed proposition that the supporting documentation attached to a complaint also falls under § 1692e(11) exemption for formal pleadings.  Plaintiff's claim under 15 U.S.C. § 1692e(11) must be dismissed.

## B. Plaintiff's arguments regarding the "form" of the Warrant-in-Debt are without merit.

Plaintiff further claims that the affidavits and account statement filed with the Warrant-in-Debt are not part of a formal pleading because "[t]hey are not mandatory" and they "are not referenced in the warrant" or "incorporated in the warrant."  (Mem. Opp. at 17).  Plaintiff then questions whether a warrant-in-debt is a formal pleading, citing several cases, none of which address the issue from the perspective of the FDCPA.[5]  (Mem. Opp. at 18).

---

[4] Plaintiff also cites commentators from "[b]oth sides of the issue" who he claims "share the view that 'formal pleading' refers to the actual Complaint, and little more." (Mem. Opp. at 13; Ex. A-C)).  As a preliminary matter, it appears that the Court should give this unfamiliar "authority," which is cited from publications bearing such obviously partial names as "The Consumer Advocate," little weight.  Moreover, while these commentators acknowledge that complaints are "formal pleadings" exempt from the FDCPA, they do not attempt to define what constitutes a complaint, let alone draw any distinction that separates out any exhibits or other attachments.  *See id.*  Of note, however, is that even this authority *agrees* that "[b]ecause complaints are usually accompanied by a summons, an exclusion for a complaint that does not also extend to a summons serves little purpose . . . ."  (Mem. Opp. at Ex. C).  The same logic applies to affidavits that are filed along with, and in support of, a complaint.

[5] Plaintiff even cites several cases stating that a *pro se* complaint is not a "formal pleading."  (*See* Mem. Opp. at 18) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)).  As a practical matter, a *pro se* litigant suing on his or her own debt would not be a "debt collector" subject to the FDCPA, but even if he or she were

6

At bottom, a warrant-in-debt is Virginia's name for what is in all respects a "complaint," and courts consistently treat it as such. *Mor v. United States*, No. 2:07cv192, 2007 U.S. Dist. LEXIS 41533, at *1 (E.D. Va. June 6, 2007) (the plaintiff "signed a complaint in the form of a Warrant in Debt"). This fact alone renders Plaintiff's semantic argument without merit. And, of course, as Plaintiff fails to mention, there is no portion of a general district court warrant-in-debt that would have even allowed Defendants to reference the attached affidavits, as the Warrant-in-Debt used in Plaintiff's state court action was in a form that is prescribed by the Supreme Court of Virginia (FORM DC-412). (*See* Defs' Mem. at Ex. A).[6]  Moreover, Plaintiff's argument that the Warrant-in-Debt is not a formal pleading, if accepted, would lead to the absurd result that parties seeking to collect debts in Virginia general district courts would have to alter a mandated form pleading to state the required FDCPA notice, or else face liability under the FDCPA. Plaintiff fails to offer a single case that would support such an outcome under the FDCPA or that would suggest that Congress had any such a distinction in mind. Nor does Plaintiff provide support for the notion that Congress intended to create fifty definitions of "formal pleading" under 15 U.S.C. § 1692e(11) based on whether a state mandates a form pleading that does not allow litigants to set forth the basis for their claim on the pleading itself. Plaintiff's misguided arguments in this regard must be rejected.

---

somehow subject to the Act, Plaintiff's distinction would mean that debt collection companies are entitled to a statutory exemption merely by the fact that they engage counsel. This construction must be rejected. Indeed, Fed. R. Civ. P. 11 governs pleadings whether filed by counsel or *pro se* parties. *See, e.g., Leach v. Smith*, No. 4:06cv155, 2007 U.S. Dist. LEXIS 53836, at *4-5 (E.D. Va. 2007).

[6] In fact, Plaintiff's argument is in direct tension with the Rules of the Supreme Court of Virginia regarding "pleadings" in general district court. For instance, Rule 7B:3 provides that "the warrant . . . *or an attachment thereto* shall contain a statement approved by the Committee on District Courts, explaining how any party may object to venue." *Id.* (emphasis added); *see also* Hamilton Bryson, BRYSON ON CIVIL PROCEDURE § 6.02[5][c] (4th ed. 2005) ("The mere mention in a pleading of an exhibit, which is filed with it, is sufficient to incorporate it into the pleading by reference. It is no longer necessary to use special words, such as 'which is incorporated by reference.' *This makes the exhibit part of the complaint*.") (emphasis added). Plaintiff's argument should be rejected on any number of levels.

C.      **Policy Reasons support the dismissal of Plaintiff's claim under § 1692e(11).**

Despite pages of briefing, Plaintiff never provides the Court with any principled reason as to why his confusing position should be adopted.  For instance, Plaintiff states no basis as to why the complaint itself, even if it sets forth all of the statements contained in an attached affidavit, would be exempt from the requirements of the FDCPA, whereas the attachments filed in support of the complaint would be subject to strict liability under § 1692e(11).  This entirely unprincipled distinction should be rejected.

Indeed, in contrast to the position urged by Plaintiff, courts within the Fourth Circuit have displayed a reluctance to embrace interpretations of the FDCPA whereby "every debt collection defense would turn into a hunt for the slightest misspelling, mislabeling, or minute technical falsity . . . ."  *Albritton v. Sessoms & Rogers, P.A.*, 2010 U.S. Dist. LEXIS 78371, at *18 (E.D.N.C. Aug. 3, 2010); s*ee also Lorandeau v. Capital Collection Serv.*, No. 10-3807, 2011 U.S. Dist. LEXIS 101994, at *37-38 (E.D. Pa. Sept. 8, 2011) ("This case relies on a hyper-technical interpretation of the statute, which the Court has found legally incorrect.").  Plaintiff's proposed interpretation of the FDCPA is based on nothing more than the sort of hyper-technical and self-serving analysis that has been rejected by courts nationwide under the FDCPA, and it should also be rejected here.

Furthermore, the baseless distinction urged by Plaintiff is particularly inappropriate in the context of pleadings filed with a court.  In such a context, the consumer is already subject to the protections of the court, both with respect to the rules regulating the practice of attorneys, as well as the legal oversight of an impartial and sophisticated judge.  *See, e.g.*, *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011) ("[Judges] stand as impartial decision-makers in the discharge of their office.   They are neither a consumer's advocate nor his

adversary; their role is to ensure that the process is followed."). Accordingly, the consumer-protection concerns that animated the enactment of the FDCPA are not implicated with respect to the documents attached to formal pleadings; a fact that was recognized by Congress in enacting the formal pleading exemption contained in § 1692e in the first instance. For these additional reasons, Plaintiff's claim under § 1692e(11) must be dismissed with prejudice.

## II.  Plaintiff Fails To Plead An Abuse Of Process Claim Under Virginia Law.

Plaintiff's abuse of process claim must fail because the Complaint does not allege that Defendants acted with an "ulterior purpose" or that Defendants used the process in a way that was "not proper in the regular prosecution of the proceedings," both of which are prerequisites for an abuse of process claim under settled Virginia law. *Donohoe Constr. Co. v. Mount Vernon Assocs.*, 235 Va. 531, 539, 369 S.E.2d 857, 862 (1988). Plaintiff alleges that "Defendants' filing of the state court collection lawsuit was accomplished with the improper motive and purpose of obtaining a judgment on a debt that it could not confirm or know was actually owed by the Plaintiff." (Compl., at ¶ 151). Therefore, Plaintiff *concedes* that Defendants' purpose in filing the debt collection lawsuit against him was to collect a debt, albeit one that he disputes. This conduct, even if true, falls within the "[r]egular and legitimate use of process." *Glidewell v. Murray-Lacy & Co.*, 124 Va. 563, 570, 98 S.E. 665, 668 (1919). Plaintiff likewise fails to plead any facts that would suggest Defendants improperly used the process after it was procured. *See id.* Hence, Plaintiff's claim for abuse of process fails.

### A.  <u>The filing of an allegedly baseless complaint cannot support a claim for abuse of process under Virginia law.</u>

Instead of addressing the authoritative Virginia decisions cited by Defendants in support of their position, Plaintiff reiterates the allegations contained in his Complaint and then directs the Court to a Ninth Circuit decision interpreting Montana law that differs markedly from

Virginia law regarding abuse of process.  Plaintiff also posits two "ulterior motives" that he claims are an abuse of process.  First, Plaintiff states that "defendants were motivated to bring this action *in hopes of obtaining a default judgment* even though they knew no debt was owed." (Mem Opp. at 20) (emphasis added).[7]  Second, Plaintiff claims that Defendants "possessed an ulterior motive to deceive, posture, bluff and threaten the Plaintiff so that he would not . . . contest the otherwise unprovable debt . . . .  The false affidavits were generated and delivered to Mr. James and other consumers with Defendants' plan and ambition that the documents cause the consumer to forgoe appearing in the collection case and thus *permitting Defendants to obtain judgment by default*."  (Mem. Opp. at 22) (emphasis added).[8]  Both contentions, however, cannot support a claim for abuse of process, as they allege that Defendants filed the Warrant-in-Debt and the attached documents *for the purpose of obtaining judgment* against Plaintiff with respect to the debt he allegedly owed.

Under settled Virginia law, the filing of even an allegedly baseless debt collection lawsuit in order to collect a debt does not give rise to a claim for abuse of process under Virginia law

---

[7] Plaintiff contends that Defendants "knew" that Plaintiff did not owe a debt to Capital One.  (*See* Mem. Opp. at 20).  Even if true, this allegation would not support an abuse of process claim under Virginia law. Plaintiff's assertion, however, is simply inconsistent with the factual allegations contained in his Complaint.  Plaintiff alleges only that he "notified the Defendants that he was not the individual who had opened the accounts." (Compl., at ¶ 77).  No other factual allegations regarding Defendants' knowledge of Plaintiff's debt are pled.  Plaintiff, however, then leaps to the conclusory claim that Defendants sued Plaintiff "with actual knowledge that Plaintiff was responsible for the Capital One -2987 account." *Id.* at ¶ 78.  That Plaintiff may have told Defendants that the debt was not his does not establish that Defendants somehow "knew" Plaintiff was not liable such that they prosecuted a debt collection suit with "actual knowledge" that Plaintiff did not owe a debt to Capital One.

[8] Plaintiff contends that the debt collection lawsuit was "baseless" because Defendants allegedly lacked a basis to prove the claim asserted in the Warrant-in-Debt.  (*See* Mem. at 7, 22).  This is false.  Among other methods of proof, a debt collector could question the debtor under oath, obtaining an admission that the debt was owed, or present testimony of others, and then establish a chain of custody (through business records or other testimony) demonstrating the debt collector's ownership of the debt.  And, in even simpler fashion, the Midland Defendants can prove their case on the theory of an "open account" under Va. Code § 8.01-28 when no sworn objection to ownership of the debt is made by the debtor in open court.

because, in such instances, there is no *ulterior* purpose behind filing a debt collection lawsuit. *See Donohoe Constr. Co.* at 539, 369 S.E.2d at 862 (process must be used to accomplish "some ulterior purpose for which the procedure was not intended"); *Capozio v. Baumann*, 59 Va. Cir. 148, 149 (Fairfax Cir. Ct. 2002) (whether the process is "baseless" is meaningless for purposes of abuse of process claim) (Hudson, J.).   Plaintiff admits that Defendants filed his collection action for the purpose of collecting the debt alleged to be owed in the Warrant-in-Debt, and the inquiry under Virginia law ends with that concession.

In an unsuccessful attempt to avoid this conclusion, Plaintiff cites to a Ninth Circuit case interpreting Montana law that sets forth an entirely different rule from that extant in Virginia. (Mem. Opp. at 20-21).   In *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011), the court relied on a 2008 Montana Supreme Court decision holding that "[u]se of the court system to file a baseless legal claim may constitute an abuse of process."  *See id.* at 956 (citing *Seipel v. Olympic Coast Invs.*, 188 P.3d 1027, 1032 (Mont. 2008)).   It therefore is unsurprising that the *McCollough* court would affirm a verdict finding an abuse of process under Montana law where the defendant "filed a baseless action with knowledge that it had no legal claim." 637 F.3d at 956-57.   That, however, that is directly contrary to the law in Virginia. *See, e.g.*, *Spencer v. Am. Int'l Group, Inc.*, No. 3:08cv00591, 2009 U.S. Dist. LEXIS 457, at *35 (E.D. Va. Jan. 6, 2009) ("The fact that the . . . Complaint may have been filed against Plaintiff without any basis in fact, by itself, is insufficient to support an abuse of process claim"); *7600 L.P. v. QuesTech, Inc.*, 39 Va. Cir. 268, 270-71 (Fairfax Cir. Ct. 1996) ("Initiating and prosecuting a baseless suit   . . . cannot constitute abuse of process."); *accord Guillory v. WFS Fin., Inc.*, No. C-06-06963-JSW, 2007 U.S. Dist. LEXIS 24910, at *167-17 (N.D. Cal. Mar. 21, 2007) ("Here, the complaint does not allege facts sufficient to support the allegation that WFS or

Nelson & Kennard filed the deficiency action for any purpose other than that for which it was designed, *i.e.* to collect a debt.").

Plaintiff also relies on a single example from the Restatement (Second) of Torts § 682, which Plaintiff claims is the source of Virginia's test for abuse of process. (Mem. Opp. At 21 n.7). Virginia courts, however, have been using the same elements for abuse of process since at least the 1919 *Glidewell* decision, which predates the Restatement (Second) of Torts by over half a century. Regardless of the source of Virginia's test for abuse of process, however, to the extent that the Restatement differs from settled Virginia law, Virginia law controls.[9]

Fundamentally, despite Plaintiff's claim that Defendants filed a "baseless" debt collection action, the Complaint establishes that Defendants brought a debt collection suit against Plaintiff to collect a debt. Under settled Virginia law, Plaintiff's abuse of process claim must fail.

**B.    Nothing in Plaintiff's Amended Complaint suggests that Defendants filed suit in order to force, coerce, or threaten Plaintiff into not attending court.**

In addition to the foregoing arguments regarding Defendants' overall lack of an ulterior purpose, Plaintiff's second proposed "ulterior purpose," *i.e.*, that Defendants filed the collection lawsuit to "deceive, posture, bluff and threaten the Plaintiff so that he would not attend the court

---

[9] In any event, Plaintiff's citation to § 682 is irrelevant to the present case. In Illustration 3, a creditor purposely assigns his debt to another party "who resides some distance from" the debtor in an effort to file suit in an inconvenient forum. (Mem. Opp. at 21 n.8) (quoting Restatement (Second) of Torts § 682)). When the debtor fails to appear, the creditor then "causes a bench warrant to issue" for the debtor's arrest. *Id.* Thus, it is the creditor's act of filing suit in an inconvenient forum and the creditor's mobilization of the criminal justice system in an effort to force the collection of his debt that establishes an abuse of process under the Restatement. These elements, and not that the creditor filed a debt collection lawsuit with the apparent motive to secure payment from the debtor, are what amount to an abuse of process. *Id.* Plaintiff has failed to plead any facts consistent with a showing either that Defendants filed suit in a distant forum (which they did not), caused a bench warrant to issue, or in any other way that would frustrate Plaintiff's desire to contest the suit, or that Defendants utilized the criminal justice system in an effort to collect the debt. In short, even if a Virginia court were to deviate from settled precedent and adhere to the Restatement's approach, § 682 does not suggest that Plaintiff's factual allegations support a claim for abuse of process here.

date," Mem. Opp. at 22, suffers from the additional infirmities of being illogical and inconsistent with the allegations in his Complaint.

Plaintiff alleges that he was notified of the state court collection lawsuit filed against him, and that he was served with the documents attached to the Warrant-in-Debt. (Compl., at ¶¶ 84, 116-20). Plaintiff's assertion in his briefing that he was "threaten[ed]" not to attend the court date finds no support in any factual allegation in his Complaint. *See id.* And, even if such an allegation were pled, Plaintiff fails to explain how the filing of a lawsuit and service of process could be used to induce Plaintiff's non-attendance at the return date for the same lawsuit. In fact, just the opposite appears true. Moreover, while Plaintiff contends that a Midland representative later suggested by telephone that Defendants would not prosecute their collection action, *see id*. at ¶¶ 86-88, nothing in the Complaint implies that Defendants used any form of *process* to deceive Plaintiff in any way. Therefore, for these additional reasons, Plaintiff's second proposed "ulterior motive" fails to state a claim for abuse of process.

C.    **Plaintiff fails to allege facts in support of an "act in the use of the process not proper in the regular prosecution of the proceedings."**

Plaintiff only superficially addresses the essential element under Virginia law that any claim for abuse of process implicate "the abuse or the perversion of the process *after it has been issued*." *Donohoe*, 235 Va. at 540, 369 S.E.2d at 862 (emphasis added); *Glidewell*, 124 Va. at 570, 98 S.E. at 667-68 ("The distinctive nature of an action for malicious abuse of process . . . is that it lies for the improper use of process after it has been issued, not for maliciously causing process to issue."). Plaintiff's only response to Defendants' argument on this issue is as follows: "In the present case, it is not the mere filing of the lawsuit that is challenged, but instead the subsequent submission to the General District Court and service upon the Plaintiff of fraudulent litigation documents in a fraudulent manner." (Mem. Opp. at 20). This contention, however, is

simply confused in that Plaintiff has still tethered his claim for abuse of process only to the filing of the lawsuit and the contemporaneous issuance of service of process. *See id.* Nothing in Plaintiff's Complaint establishes an abuse of process *after* process itself was issued. *See, e.g.*, *Glidewell*, 124 Va. at 569, 98 S.E. at 667 (swearing out an arrest warrant and causing the plaintiff to be arrested on that warrant implicated only the issuance of process, not any later abuse of process, thereby requiring the dismissal of the claim).

Moreover, the service of pleadings that have been filed with a court does not implicate an "act in the use of the process not proper in the regular prosecution of the proceeding." *Id.* at 572, 98 S.E. at 668; *accord See, e.g.*, *Bank of Oklahoma v. Portis*, 942 P.2d 249, 255 (Okla. Civ. App. 1997) (defendant bank did not commit abuse of process in obtaining default judgment after the defendant's attorney had allegedly promised to wait pending a hearing, because the bank "took the default judgment only after [the plaintiff] failed to file an answer. There is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though motivated by bad intentions."). Therefore, no abuse of process claim is possible under the facts pled, and Plaintiff's claim must be dismissed.

## CONCLUSION

WHEREFORE, Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc., respectfully request that the Court dismiss Counts Three, Four, Six, Seven and Eight of the Complaint against the Defendants with prejudice.

**ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC and
MIDLAND CREDIT MANAGEMENT, INC.**


By:/s/ Timothy J. St. George
               Of Counsel

14

David N. Anthony
(VSB No. 31696)
Timothy J. St. George
(VSB No. 77340)
*Attorneys for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile:  (804) 698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

John C. Lynch
(VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1504
john.lynch@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2011, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF System which will then send a notification of

such filing (NEF) to the following:

> Leonard A. Bennett, Esq.
> Susan M. Rotkis, Esq.
> Consumer Litigation Associates, P.C.
> 12515 Warwick Boulevard, Suite 100
> Newport News, VA 23606
> Telephone:  (757) 930-3660
> Facsimile:  (757) 930-3662
> Email:  lenbennett@cox.net
>
> Matthew J. Erausquin, Esq.
> Consumer Litigation Associates, P.C.
> 1800 Diagonal Road, Suite 600
> Alexandria, VA 22314
> Telephone:  (703) 273-6080
> Facsimile:  (888) 892-3512
> Email:  matt@clalegal.com
>
> Dale W. Pittman, Esq.
> THE LAW OFFICE OF DALE W. PITTMAN, P.C.
> The Eliza Spotswood House
> 112-A West Tabb St.
> Petersburg, VA 23803
> Telephone:  (804) 861-6000
> Facsimile:  (804) 861-3362
> dale@pittmanlawoffice.com
>
> *Counsel for Plaintiff*

> /s/ Timothy J. St. George
> Timothy J. St. George (VSB Bar No. 77349)
> *Attorney for Encore Capital Group, Inc., Midland*
> *Funding, LLC and Midland Credit Management, Inc.*
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, VA 23219
> Telephone:  (804) 697-1254
> Facsimile:  (804) 698-6013
> tim.stgeorge@troutmansanders.com

16