UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GILBERT JAMES,**

      **Plaintiff,**

v.                                                                     Civil Action No. 3:11cv00221

**ENCORE CAPITAL GROUP, INC.,** *et al.*

      **Defendants.**

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE
PROTECTIVE ORDER RESPECTING DEPOSITION TESTIMONY**

Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (collectively, "the Midland Defendants"), by counsel, hereby submit this reply memorandum in support of their motion to enforce the Protective Order entered in this action, and to maintain the confidentiality of the deposition testimony described herein.

**Introduction**

In response to the confidentiality designations made by the Midland Defendants with respect to the deposition of Nancy Kohls, Plaintiff continues to take the unreasonable position that *absolutely nothing* in this action can be designated as confidential. In making this claim, however, Plaintiff's counsel does not dispute that the content of the testimony designated as "confidential" is not publicly disclosed, and that it is also subject to strict protective measures within the Midland Defendants to maintain its confidentiality. Plaintiff also makes no serious attempt to refute the sworn testimony from the Midland Defendants' General Counsel that the disclosure of the testimony designated as "confidential" would create severe risks of reverse engineering and provide an unfair advantage to the Midland Defendants' many competitors in an industry that is "highly attuned to market intelligence." Nor does Plaintiff attempt to address a

*single case* cited by the Midland Defendants establishing that the categories of information that have been designated as confidential are properly the subject of a protective order. Instead, Plaintiff simply claims that the declaration substantiating these statements is "conclusory," which it is not, including for such misguided reasons as the fact that the Midland Defendants did not set forth the specific "names" of their many competitors in that declaration. (Mem. Opp. at 8).

Plaintiff also consistently mischaracterizes the substance of the deposition testimony that has been designated as confidential. In contrast, from the outset of their briefing, the Midland Defendants have invited *in camera* review of the relevant testimony to confirm the accuracy of their representations. Also, though conveniently omitted from his briefing, Plaintiff's invocation of the "public interest" rings hollow in light of his counsel's attempted *quid pro quo* exchange with the Midland Defendants, whereby Plaintiff's counsel would have agreed to maintain the confidentiality of such documents if, and only if, Plaintiff's counsel were granted permission to use such documents in any future proceeding, regardless of the claims pled.[1] This fact reveals the essence of this wholly-contrived and self-interested dispute. Plaintiff's objections to the confidentiality designations in the deposition transcript of Nancy Kohls should be overruled, with the focus of the parties properly returned to the substantive issues in this action.

## Background

In August 2011, the Midland Defendants produced Nancy Kohls ("Kohls"), a Legal Specialist at Midland Credit Management, Inc., for her deposition in Minneapolis, Minnesota. Significant portions of Kohls's deposition transcript *were not* designated as confidential by the Midland Defendants. However, Kohls's testimony on certain subjects was designated by the Midland Defendants as confidential consistent with the terms of the stipulated Protective Order

---

[1] Indeed, as Plaintiff's counsel themselves concede in their briefing, the current matter "may be distinct and in many significant ways different than other pending cases against these Defendants." (Mem. Opp. at 15). Yet, Plaintiff's counsel would not agree to withdraw their open-ended demand.

entered in this action. (*See* Dkt. No. 37). The testimony that has been designated as confidential was set forth by both line and page number in the Midland Defendants' initial memorandum, as well as in the attached declaration. (Defs' Mem. at 3-4).[2]

Remarkably, *before even seeing* the confidentiality designations that are the subject of this motion, Plaintiff's counsel objected by email to any and all such putative designations. These "objections," however, came with a gaping and open-ended caveat. Namely, Plaintiff's counsel would agree to the challenged confidentiality designations if the "defendants allow[ed] the unimpaired use of documents discovered in one Encore or Midland case in which Plaintiff's counsel had appeared, in any other case in which [Plaintiff's] counsel was also counsel of record." (*See* Dkt. No. 46 at 3). Put another way, so long as the Midland Defendants agreed to Plaintiff's counsel self-interested demands, the issue would be moot. After declining that request and attempting in good faith to resolve the issue, the Midland Defendants filed this motion.

## Argument

**I. Good cause exists for maintaining the confidentiality of the challenged documents.**

Plaintiff's brief contains numerous statements such as the following: "Defendants have designated this testimony as a trade secret. It shouldn't be." Mem. Opp. at 14. In making such arguments, Plaintiff misstates the applicable standard under Fed. R. Civ. P. 26.

For "good cause shown," a court may enter a protective order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or

---

[2] Plaintiff appears to object to the manner in which the Midland Defendants have presented the confidential testimony for the purposes of this motion, stating: "Defendants also improperly group the subject testimony in to [sic] general categories without any explanation as to why it [sic] has done so and leaves for the Court the burden of hunting down and applying the Declaration, Memorandum and transcript to one another. On that basis alone the Motion should be rejected." (Mem. Opp. at 8 n.3). In their briefing, the Midland Defendants grouped the designated testimony into nine sensible categories, stating the page and line numbers of all such testimony within each category, *see* Defs' Mot. at 3-4, as well as attaching a copy of the pleading that was sent to Plaintiff setting forth by page and line number all such confidentiality designations. *Id.* at Ex. A. How such a procedure is somehow inappropriate, or how Plaintiff's presentation, which similarly breaks the relevant deposition testimony into eight categories, is superior, is unexplained by Plaintiff.

be revealed only in a designated way." Fed. R. Civ. P. 26(c)(1)(G). "On its face, the rule goes *beyond trade secrets* to provide protection for 'other confidential research, development, or commercial information'" as well. 8 Charles Alan Wright, Arthur R. Miller, *et al.*, FEDERAL PRACTICE & PROCEDURE § 2043 (2d ed. 1994) (emphasis added). In other words, the rule requires only that the information at issue contain private, proprietary information. *In re FedEx Ground Package Sys.*, 2010 U.S. Dist. LEXIS 21607, at *7 (N.D. Ind. Mar. 2, 2010). Therefore, any argument that the Midland Defendants must demonstrate "trade secret" status to designate information as confidential misses the mark entirely. With this legally-correct standard in mind, Plaintiff's arguments are all without merit.

    A.    **The Declaration of Gregory Call is not "conclusory."**

In their initial memorandum, the Midland Defendants attached the sworn Declaration of Gregory Call, General Counsel for the Midland Defendants (the "Call Declaration"), which sets forth the nature of the testimony that had been designated as confidential, the manner in which such information is kept confidential, and the potential harm to the Midland Defendants if such information were made public. (*See* Def's Mem. at Ex. A ¶¶ 4-23). In response, Plaintiff claims that the Call Declaration is "conclusory," Mem. Opp. at 4, arguing that the Call Declaration: (1) "fail[s] to provide any particularized description of the information at issue," which is not accurate (*see* Defs' Mem., Ex. A ¶¶ 5-14); (2) does "not state how the confidential information was derived," which is also mistaken (*id.* at ¶ 19); (3) does not state the "amount of time and money expended to develop the information," which was provided in the Call Declaration,[3] (*see id.*); and (4) "does not state what is not known to competitors about this information" and

---

[3] Plaintiff appears to claim that because Call does not provide a specific number of years or the precise amount of money spent developing this information, that the Declaration is "conclusory." That argument fails to account for the simple fact that the difficulty of providing such figures is due to the substantial amount of work and resources that have been invested in the creation of such systems from a number of different sources.

4

"whether customers and/or third parties to whom this information is disclosed are required to keep this information secret," notwithstanding the fact that such non-public information was stated in the Call Declaration to be restricted even among the employees of the Midland Defendants and not disclosed to third parties without a protective order and/or a nondisclosure agreement. (Defs' Mem., Ex. A ¶¶ 15-17, 23).

The potential harm to the Midland Defendants upon public disclosure of the confidential documents was also detailed in the Call Declaration, where Call testified that the disclosure of the confidential information about the structure, logic, and codes of the Midland Defendants' collection system, as well as their collection policies and procedures, would be invaluable to competitors attempting to "reverse engineer the system or build or refine a competing debt collection system at a fraction of the costs incurred by the Defendants." (*Id.* at ¶ 21); *see also Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 530 (N.D. Cal. 2000) (holding that disclosure of the technical aspects of products and marketing information may provide the party seeking disclosure a "competitive advantage"). And, as Call stated, it is the potential for a competitor in the debt collection industry, which is "highly-attuned to market intelligence," to reverse engineer this system, without any expenditure of the competitor's own resources, that creates the potential for harm upon disclosure. (*Id.* at ¶¶ 21-22). Hence, all of Plaintiff's arguments regarding the Call Declaration and the substance of the challenged documents are without merit.[4]

---

4 In support of his argument that the Call Declaration is somehow conclusory, Plaintiff cites to the Seventh Circuit's opinion in *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002), which concerned a motion to maintain documents that the parties sought to have placed in the appellate record "under seal." *Id.* at 544. The simple fact that the case involved a motion to seal renders the decision inapposite to this dispute. Moreover, the Seventh Circuit noted that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record," *id.* at 546, but that the matter before the court concerned an issue of "appellate secrecy" and public filing. *Id.* at 547. In so holding, the court both confirmed the argument advanced by the Midland Defendants and procedurally distinguished the argument advanced by Plaintiff.

5

### B. The relevant testimony has been properly designated as confidential.

The substance of the deposition testimony that was designated as confidential is detailed in the Midland Defendants' initial memorandum. (*See* Defs' Mem. at 2-4). In his opposition brief, Plaintiff repeatedly mischaracterizes the substance and import of this deposition testimony. The Midland Defendants submit that an accurate description of the relevant deposition testimony was set forth in the Call Declaration, as incorporated into their initial memorandum.[5] (*See* Defs' Mem., 3-4; Ex. A ¶¶ 5-14). Rather than engaging Plaintiff in this dispute, however, if the Court has questions regarding the substance of such designations, the Midland Defendants respectfully request that the Court simply review that deposition testimony, which was attached as Exhibit A to Plaintiff's opposition memorandum.

Plaintiff, however, also makes a number of specific arguments regarding the confidential deposition testimony that are without merit. In making these arguments, Plaintiff groups Kohls's testimony into eight discrete categories, which are addressed below by the Midland Defendants in the order that they appear in Plaintiff's brief.

### i. Designations 1, 2 and 5 – Testimony regarding third-party review of the Midland Defendants' affidavit process.[6]

Plaintiff describes designations 1, 2, and 5 as testimony relating to the "identity of two of the debt seller creditors that sell portfolios of debt to Defendants; the name of the two Virginia debt collection law firms that sue on Defendants' behalf." (Mem. Opp. at 8). This is inaccurate. A review of this testimony reveals that it actually addresses the identity of certain of the Midland

---

[5] Plaintiff contends that Call does not have personal knowledge of the substance of the Declaration due to the fact that he "did not begin his employment at Defendants until 2010, while most of the subject documents were initiated and created before that period." (Mem. Opp. at 3). This argument is entirely confused, as it simply assumes that Call, as the General Counsel of the Midland Defendants, could not have gained personal knowledge of the import of the information at issue during his tenure with the Midland Defendants, regardless of the fact that certain documents addressed by Kohls were created prior to his becoming employed by Midland Credit Management, Inc.

[6] Plaintiff's numerical designations correspond to the numbered designations on Exhibit A to the Midland Defendants' initial memorandum.

Defendants' major clients, and the nature of those clients' review of the affidavit system used by the Midland Defendants. (Defs' Mem. Ex. A ¶ 6). Contrary to Plaintiff's assertion, nothing in this testimony seeks to keep confidential the "names" of the law firms that prosecute collections actions on behalf of the Midland Defendants. None of the testimony designated as confidential relates to that information, and no further argument on this issue is therefore necessary.

Furthermore, with respect to the testimony regarding the third-party review of the affidavit process, Plaintiff states that the "identity" of the Midland Defendants' clients is already known to the public through certain public filings, including a press release from the Minnesota Attorney General. (Mem. Opp. at 9-10). This argument fails for any number of reasons. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ More fundamentally, however, this confidential testimony does not simply involve the names of these two major clients. (Defs' Mem. Ex. A ¶ 6). Rather, it involves the nature of their involvement in reviewing the affidavit process used by the Midland Defendants. *Id.* This information can in no way be gleaned from the public documents cited by Plaintiff, and this information has never been made public. *Id.* at ¶ 15. It is, therefore, properly designated as confidential. *See Gulotta v. GE Capital Modular Space*, 2005 U.S. Dist. LEXIS 11988, at *9 (E.D. La. May 31, 2005) ("Based on the plaintiff's request for confidential information, which may include a comprehensive listing of the names and addresses of GE's clients, the Court finds that GE has shown good cause for a protective order.").

  ii.  **Designations 3 and 4 - Testimony regarding the email retention policy and training documents used by the Midland Defendants.**

In designations 3 and 4, Kohls testified about the contents of the Midland Defendants' intranet and documentation retention policy. Kohls also testified as to whether she has discretion to manage the storage of documents within the Midland Defendants' electronic database. None

7

of this information is known to the general public and is proprietary to the Midland Defendants. (Defs' Mem. Ex. A ¶¶ 7, 15); *see also Dickerman Assocs., Inv. v. Tiverton Bottled Gas Co.*, 594 F. Supp. 30, 35 (D. Mass. 1984) ("[T]he particular combination of procedures used in plaintiff's computer system, and the particular features within the system . . . are neither obvious nor easily duplicated."). Hence, it has been properly designated as confidential.

    iii.    **Designation 6 – Testimony regarding the contents of the documents that have previously been designated as "confidential."**

On August 29, 2011, the Midland Defendants moved to enforce the provisions of the Protective Order with respect to a number of documents that were produced and designated as "confidential." (Dkt. No. 38). During her deposition, Kohls was asked about a number of these confidential documents, and this designated deposition testimony relates specifically to those documents. In particular, Kohls testified about the contents of these documents, whether she was trained on these documents, and the role of Encore Capital Group, Inc. in the affidavit process. None of these training documents are publicly disclosed, access to them is restricted even among the employees of the Midland Defendants, and their disclosure would permit competitors to unfairly compete with the Midland Defendants. (Defs' Mem. Ex. A ¶¶ 9, 15, 20-22). Because the same issues arise with respect to Kohls's testimony about the confidential documents as exist with regard to the disclosure of the documents themselves, the Midland Defendants incorporate the arguments made in their prior Motion to Enforce Protective Order by reference herein.

    iv.    **Designation 7 – Testimony regarding the involvement of the CEO of Encore Capital Management, Inc. in the affidavit process.**

This testimony relates to the role of Encore Capital Group, Inc.'s Chief Executive Officer, J. Brandon Black, within the wholly-owned subsidiary of Midland Credit Management, Inc., including with respect to the affidavit process. In arguing that this testimony is not properly designated as confidential, Plaintiff states that Black "has been deposed on the issue, with no

8

secrecy involved, as recently as May 2010." (Mem. Opp. at 11). Because Plaintiff does not append this testimony to his brief, there is no way to assess this claim. In any event, the fact that Black was compelled to attend a deposition in another civil matter does not somehow mean that the topics of that deposition can never be claimed as confidential by the Midland Defendants in any other proceeding. *Cf. Rambus, Inc. v. Infineon Tech.*, 222 F.R.D. 280 (E.D. Va. 2004) ("It is clear, however, that a 'judicially compelled' disclosure is not a voluntary one."). Plaintiff's argument in this regard finds no support in any authority, and Plaintiff tellingly cites none.

      v.      **Designation 8 – Testimony regarding an organizational chart admitted into evidence at trial in an unrelated proceeding.**

After its introduction as an exhibit during her deposition, Kohls testified about an "organizational chart" produced by the Midland Defendants in another civil action where it was designated as "confidential." In contending that the testimony regarding this document cannot be designated as confidential in this action, Plaintiff states: "Defendants have objected to the use of their Organization Chart. However, they did not produce it in this case and cannot now designate it. It is Plaintiff's exhibit, not their own. Further, it was previously admitted into evidence in open court without a seal or protective order." (Mem. Opp. 11). This argument is confused. First, in this action, the Midland Defendants have not designated the chart itself as confidential; they have designated *testimony* regarding the non-public corporate structure of the Midland Defendants as confidential. Such designations are proper. *See In re FedEx Ground Package Sys.*, 2010 U.S. Dist. LEXIS 21607, at *7 (N.D. Ind. Mar. 2, 2010) (allowing the parties to designate as "Confidential" discovery materials that were not "publicly available").

Moreover, Plaintiff's argument that confidentiality cannot apply in the pre-trial phase of this action when such information has previously been disclosed by court order (and over the objection of the Midland Defendants) at trial in another civil action is in error. Unsurprisingly, Plaintiff cites no authority in support of this argument, nor could he, as this contention has been

9

squarely rejected by the courts to consider the issue. *See, e.g.*, *See, e.g., Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 424 (S.D. Ind. 2001) ("The fact that State Farm's policy manuals have been circulated throughout the legal community pursuant to discovery requests does not constitute a waiver by State Farm to its confidentiality.").[7] Indeed, the Protective Order in this case makes just such a distinction, stating that although documents can be designated as confidential and maintained as such even "after the conclusion of the case," "nothing herein shall apply . . . to exhibits used at trial." (Dkt. No. 37 at ¶ 14). Therefore, any claim that the Midland Defendants have somehow waived the confidentiality of the information at issue by virtue of it having been introduced over their objection during the course of another trial, *see* Mem. Opp. at 11, must be rejected.

    **vi.    Designations 9, 12, 13, 16-25 – Testimony regarding affidavit training manuals and the process for affidavit execution.**

In arguing against the confidentiality of the testimony regarding the training received by Kohls and the affidavit execution process within the Midland Defendants, Plaintiff incorporates his arguments with respect to the prior Motion to Enforce Protective Order. (Mem. Opp. at 12). In turn, the Midland Defendants incorporate the arguments made in their initial and reply memoranda, *see* Dkt. Nos. 39, 49, for the proposition that such information is proprietary and has been properly designated as confidential due to the potential harm of reverse engineering through the disclosure of such information. (Defs' Mem. Ex. A ¶¶ 9, 11, 15-22).

Moreover, Plaintiff's argument that the Midland Defendants cannot claim confidentiality over the relevant documents regarding their training and business processes because they frequently file "affidavits" in court is without merit. (*See* Mem. Opp. at 12). It is the testimony regarding the *processes* that underlie these public filings - not the affidavits themselves - none of

---

[7] After multiple rounds of briefing with respect to this same argument, Plaintiff still has never cited any authority to the Court for his assertion of "waiver," nor has he even attempted to address decisions such as *Hamilton v. State Farm Mutual. Automobile Insurance Company*.

which are made public, as well as information regarding the Midland Defendants' business generally, that has been designated as confidential. Indeed, the Midland Defendants have not claimed as confidential the contents of the affidavit itself or Kohls's testimony regarding the specific content of the affidavit. Therefore, Plaintiff's misguided argument must be rejected.

> vii. **Designations 10 and 11 – Personnel information regarding the job transitions of a number of third-party employees, compensation levels, and employee evaluation criteria.**

Incredibly, and consistent with Plaintiff's blanket objection to every single designation of "confidentiality" made to date by the Midland Defendants, Plaintiff takes the position that the private personnel information discussed by Kohls during her deposition cannot be designated as confidential. This information includes the compensation of certain employees, the criteria used to evaluate such employees, and the backgrounds and job transitions of a number of employees; all of which is private and subject to protection. (Defs' Mem. Ex. A ¶¶ 13-14, 15-22); *see also Horton v. 48th Dist. Court*, 2006 U.S. Dist. LEXIS 23990, at *7 (E.D. Mich. Feb. 21, 2006) (there is a "recognized a privacy interest in the personnel files of nonparties, which is commonly guarded through the entry of a protective order"); *United States DOT ex rel. Arnold v. CMC Eng'g*, 2011 U.S. Dist. LEXIS 52072, at *6-7 (W.D. Pa. May 13, 2011) (holding that "confidential, non-public" information regarding "individual employees . . . pricing information, and business processes" was subject to the protective order).

In arguing against the confidentiality of such testimony, Plaintiff makes the truly-bizarre argument that "the names and backgrounds of the listed employees are publicly available," Mem. Opp. at 13, with Plaintiff providing the Internet addresses of certain websites where the contact information of *only one* of the many employees discussed by Kohls (Jill N. Brown) is listed. The relevance of these internet listings is unexplained. Additionally, this argument is off base as the Midland Defendants do not seek to protect simply the names of their employees, but instead seek

11

to protect private information regarding their job transitions and personal lives, both of which were probed by Plaintiff's counsel. That is entirely appropriate. *See*, *e.g.*, *Horton*, 2006 U.S. Dist. LEXIS 23990, at *7. Also, even if somehow relevant, none of the Internet-based job descriptions cited by Plaintiff detail the employment tasks, personal lives, or compensation levels of specific employees in the manner addressed by Kohls during her deposition. Plaintiff's objections in this regard are entirely without merit.

      **viii.** **Designations 14 and 15 – Testimony regarding Kohls's job responsibilities.**

In response to the testimony regarding Kohls's specific job responsibilities and the tasks that she performs on a daily basis for the Midland Defendants, Plaintiff offers the following two-sentence response: "Plaintiff has no idea why the Defendants have designated this testimony as a trade secret. It shouldn't be." (Mem. Opp. at 14). This non-substantive and conclusory statement, which also misstates the applicable standard under Rule 26(c), requires no reply. However, to the extent that any such response is necessary, the substance of the tasks performed by the Legal Specialists at Midland Credit Management, Inc. is not public knowledge and is integral to the proprietary business model of the Midland Defendants. (Defs' Mem. Ex. A ¶¶ 12, 15-22). Thus, this information has been appropriately designated as confidential.

**II.** **Plaintiff's contention of litigation "disruption" and invocation of the "public interest" are unfounded.**

In a final attempt to sustain its objections, Plaintiff contends that the designation of the disputed testimony as confidential will "disrupt" his litigation of this case and is contrary to the "public interest" in the disclosure of such information. (Mem. Opp. at 14-15). With respect to the former claim, Plaintiff contends:

> The protective order being sought is meant to totally disrupt the manner in which counsel and the Court ordinarily litigate a case. As it stands, Plaintiff cannot use any designated documents in a filed pleading without the delay to permit Defendants; filing of a certainly futile Motion to Seal. Further, Plaintiff's counsel represent literally hundreds of similar consumers and is defending many of them

> in state court collections actions brought by Midland Credit Management. Defendants have refused to permit collateral case use of such documents.

(Mem. Opp. at 14). This is unfounded hyperbole.

As this Court and Plaintiff's counsel are well aware, the entry of a protective order and the designation of deposition testimony as confidential is common practice within the Eastern District of Virginia, and parties vigorously litigate their claims under the terms of such protective orders in innumerable actions. Plaintiff also simply confuses the standards for filing a testimony under seal and designating testimony as confidential; a distinction that is recognized in the Protective Order itself. (Dkt. No. 37 at ¶¶ 10, 15). Plaintiff's attorneys also are free to notice the deposition of relevant individuals in any other proceeding, but the requirement that Plaintiff's counsel fulfill the requirements of the applicable rules of civil procedure in other pending matters is no basis to prevent the enforcement of the Protective Order here.

Furthermore, Plaintiff argues that the Midland Defendants' "restriction of the use of the Defendants' affidavit documents improperly interferes with Plaintiff and Plaintiff's counsel's rights to otherwise use the disputed documents." (Mem. Opp. at 15). Plaintiff, however, makes this argument by reference to cases holding that "where discovery materials *are not protected by a valid protective order*, parties may use that information in whatever manner they see fit." *See id.* (emphasis added). Plaintiff's argument, therefore, is entirely circular, because it invokes a "right" that only even potentially exists with respect to non-confidential materials. Because all of the testimony at issue has been properly designated as confidential, the decisions cited by Plaintiff in this regard are simply irrelevant.[8]

---

[8] Similarly, this Court has not been sympathetic to complaints as to how the scope of discovery in a case before the Court might impact another case not before the Court. The Federal Rules of Civil Procedure likewise limit the relevant inquiry to the pending action. *See, e.g.*, Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). Accordingly, the confidentiality designations at issue here must be decided on their merits and not on how Plaintiff's counsel hypothetically intends to further the "public interest" through their intended wide dissemination of the relevant information.

13

Finally, Plaintiff contends that the public has an interest in the disclosure of the relevant testimony, and that the "presumption of public access extends to pretrial discovery absent 'compelling reasons' for denying the public access to the proceedings." (Mem. Opp. at 14). In making this argument, Plaintiff (yet again) misstates the applicable standard under Rule 26(c), which requires only "good cause" to maintain confidentiality, and which has been met by the countervailing interest of the Midland Defendants. *See* Fed. R. Civ. P. 26(c). Moreover, subject to the filing and granting of a separate sealing motion under Local Civil Rule 5, the public's access to any information filed with the Court will remain unfettered, even if such documents are designated as "confidential" in the pre-trial discovery process. (*See* Dkt. No. 37 at ¶¶ 10, 14-15). Similarly, under the terms of the Protective Order, no such information will be restricted at trial due to a pre-trial designation of confidentiality. *Id.* at ¶ 14. Finally, Plaintiff's invocation of the "public interest" is totally discredited by his counsel's attempted *quid pro quo* exchange with the Midland Defendants, whereby Plaintiff's counsel proposed to agree to the confidentiality of such information if Plaintiff's counsel were allowed to freely use such documents in any future proceedings.[9] (Mem. Opp. at 3). Thus, it is self-interest, and not public interest, that animates this dispute. Plaintiff's objections should be overruled.

## Conclusion

WHEREFORE, Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. respectfully request that the Court: (1) overrule the objections of Plaintiff's counsel to the Midland Defendants' confidentiality designations; (2) order that the deposition testimony described herein be maintained as confidential under the Protective Order; and (3) grant them such other and further relief as the Court deems just and proper.

---

[9] Plaintiff's improper statement that the public interest somehow requires disclosure because "Defendants have been anything but candid with the various courts before whom they have appeared," Mem. Opp. at 17, is unfounded and will not be further responded to by the Midland Defendants.

**ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC and
MIDLAND CREDIT MANAGEMENT, INC.**

By: /s/ Timothy J. St. George
                Of Counsel

David N. Anthony
(VSB No. 31696)
Timothy St. George
(VSB No. 77340)
*Attorneys for Encore Capital Group, Inc., Midland Funding, LLC
and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

John C. Lynch
(VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC
and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
john.lynch@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of October, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

    Leonard A. Bennett, Esq.
    Susan M. Rotkis, Esq.
    Consumer Litigation Associates, P.C.
    12515 Warwick Boulevard, Suite 100
    Newport News, VA 23606
    Telephone: (757) 930-3660
    Facsimile: (757) 930-3662
    Email: lenbennett@cox.net

    Matthew J. Erausquin, Esq.
    Consumer Litigation Associates, P.C.
    1800 Diagonal Road, Suite 600
    Alexandria, VA 22314
    Telephone: (703) 273-6080
    Facsimile: (888) 892-3512
    Email: matt@clalegal.com

    Dale W. Pittman, Esq.
    THE LAW OFFICE OF DALE W. PITTMAN, P.C.
    The Eliza Spotswood House
    112-A West Tabb St.
    Petersburg, VA 23803
    Telephone: (804) 861-6000
    Facsimile: (804) 861-3362
    dale@pittmanlawoffice.com

    *Counsel for Plaintiff*

    /s/ Timothy J. St. George
    Timothy J. St. George (VSB Bar No. 77349)
    *Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
    TROUTMAN SANDERS LLP
    1001 Haxall Point
    Richmond, Virginia 23219
    Telephone: (804) 697-1254
    Facsimile: (804) 698-6013
    tim.stgeorge@troutmansanders.com