IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GILBERT JAMES,

        Plaintiff,

v.                                      Civil Action No.: 3:11cv221

ENCORE CAPITAL GROUP, INC., ET ALS.

        Defendants.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR FURTHER ENLARGEMENT OF TIME TO SERVE EXPERT WITNESS DISCLOSURES**

COMES NOW the Plaintiff, Gilbert James, by counsel, and for his Memorandum in Support of his Motion for Further Enlargement of Time to Serve Expert Witness Disclosures, he states as follows:

This Court previously entered an Agreed Order extending the time for Defendants to respond to Discovery to October 17, 2011 (Docket No. 62). As the Plaintiffs had agreed in good faith to extend the Defendants' time within which to comply with discovery, the Plaintiffs then moved for an Enlargement of Time to Serve Expert Witness Disclosures (Docket No. 73), such that his experts would have an opportunity to review the substantial production that the Defendants assured the Plaintiff was forthcoming. The agreed extension effectively gave the Defendants a full two months to comply with discovery. The Plaintiff expected that the representations made by the Defendants as to the breadth and substance of their responses could be relied upon.

The Plaintiff has now reviewed Defendants' discovery responses, and it is now abundantly clear that: (1) this trust and good faith in the Defendants' promises to substantively

comply with their discovery obligations was grossly misplaced, and (2) that local Troutman Sanders counsel is not making the litigation decisions in this matter.

The Defendants objected to each of Plaintiff's 13 Interrogatories, listing three "general objections", and provided very minimal answers. The scant responses that were made were only made "subject to their objections". As these cut and paste boilerplate objections have not been stated with any specificity, Plaintiff is left to guess at what temporal or substantive scope the Defendants are responding to. Furthermore, the Defendants objected to 46 out of Plaintiff's 48 Requests for Production of Documents. These objections are made even more problematic by the fact that Defendants' privilege log is insufficient to permit Plaintiff to assess Defendants' claims of privilege or protection for the few documents contained therein, in clear violation of this Court's Scheduling Order entered in this case on June 24, 2011 (Docket No. 16).

Then incredibly, despite the entry of a blanket protective order with an "Attorney Eyes Only" provision, the Defendants have redacted their scant document production in a wholesale fashion. In literally dozens, perhaps more than a hundred hard cases with Troutman Sanders – all hard fought and fairly litigated - Plaintiff's counsel has never encountered such a flagrant disregard for this District's expectations as to the manner with which the parties are to conduct themselves in discovery. While these tactics may be overlooked or condoned in other slower paced Districts around the country in which the Defendants and their national counsel litigate, the strictures and demands of the Rocket Docket do not contemplate or permit such gamesmanship.

Despite Plaintiff's efforts, it is now clear that any agreement regarding discovery cannot be reached. In light of the insufficiency of Defendants' answers and their unwillingness to withdraw their general boilerplate objections, or to provide complete answers, and given their

sweeping assertions of privilege (combined with attempts to selectively waive the same in instances where the Defendants believe that the allegedly privileged document supports their defense), Plaintiff will unfortunately need to seek the Court's intervention in short order to obtain the Defendants' full compliance with discovery such that this matter can be brought before a jury in a timely fashion.

In short, Plaintiff's experts simply cannot adequately prepare their reports when the Defendants refuse to comply with their discovery obligations and insist on standing on their boilerplate objections while redacting substantial portions of their document production.

For good cause shown, the Plaintiff respectfully moves that the Court extend the time within which the Plaintiff may file his Expert Disclosures and Reports, such that these disclosures would become due two weeks after the Defendants have fully complied with discovery.

                                                Respectfully submitted,
                                                **GILBERT JAMES**

By:        /s/       
          *Of Counsel*

Matthew J. Erausquin, Esq. (VSB #65434)
CONSUMER LITIGATION ASSOCIATES, PC
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
(703) 273-6080 – Telephone
(888) 892-3512 – Facsimile
E-mail: matt@clalegal.com

Leonard A. Bennett, Esq. (VSB #37523)
Susan M. Rotkis, Esq. (VSB #40693)
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone

(757) 930-3662 – Facsimile
E-mail:lenbennett@clalegal.com

Dale W. Pittman, Esq. (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
Tel: (804) 861-6000
Fax: (804) 861-3368
dale@pittmanlawoffice.com


*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 31st day of October, 2011, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-5410
Fax: 804-698-5118
Email: david.anthony@troutmansanders.com

Timothy James St. George
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-1254
Email: tim.stgeorge@troutmansanders.com

                                               /s/
                                     Matthew J. Erausquin, VSB#65434
                                     Counsel for the Plaintiff
                                     CONSUMER LITIGATION ASSOCIATES, P.C.
                                     1800 Diagonal Road, Suite 600
                                     Alexandria, VA  22314
                                     Tel:    703-273-7770
                                     Fax:    888-892-3512
                                     matt@clalegal.com