UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GILBERT JAMES,**

        **Plaintiff,**

v.                                                          Civil Action No. 3:11cv00221

**ENCORE CAPITAL GROUP, INC.,** *et al.*

        **Defendants.**

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR FURTHER ENLARGEMENT OF TIME TO SERVE EXPERT WITNESS DISCLOSURES

Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (collectively, "the Midland Defendants"), by counsel, hereby submit this memorandum in opposition to Plaintiff's Motion for Further Enlargement of Time to Serve Expert Witness Disclosures.

### PROCEDURAL BACKGROUND

On October 17, 2011, the Midland Defendants timely provided their objections and responses to Plaintiff's First Requests for Production of Documents. Included in this production were the following categories of documents: (1) all documents concerning Plaintiff's credit card account and the collections activities undertaken by the Midland Defendants and their agents; (2) documents regarding the Midland Defendants' affidavit process, including numerous presentations and training materials; (3) documents regarding the Midland Defendants' policies and procedures with respect to claims of identity theft; (4) documents regarding the Midland Defendants' policies and procedures with respect to the Fair Credit Reporting Act; (5) documents concerning the Midland Defendants' policies and procedures with respect to the Fair Debt Collection Practices Act; (6) documents detailing the corporate structure of the Midland Defendants and their affiliated entities; (7) a copy of the engagement agreement between the

Midland Defendants and their third-party collection law firm, Dominion Law Associates; (8) a copy of the collection "Servicing Agreement" between Midland Credit Management, Inc. and Midland Funding, LLC; (9) the requested annual reports of Encore Capital Group, Inc.; (10) a complete list of the officers and directors of the Midland Defendants; (11) copies of the employee evaluation forms used by the Midland Defendants, which set forth the criteria for the evaluation of their employee affiants; (12) a copy of the annual evaluation of the affiant who executed the affidavit filed in Plaintiff's collection action (Nancy Kohls); (13) all pleadings filed with respect to the Midland Defendants' collection action against Plaintiff; (14) a screenshot of the "manual validation" database that is reviewed by employee affiants of the Midland Defendants prior to signing affidavits; (15) a copy of the "Receivable Sale Agreement" between the Midland Defendants and Capital One Bank (the original creditor for Plaintiff's account); (16) a copy of the Bill of Sale between Capital One Bank and the Midland Defendants encompassing Plaintiff's credit card account; and (17) internal screenshots of the Midland Defendants' intranet system.[1] The Midland Defendants also logged as privileged nine documents exchanged between themselves and Dominion Law Associates.

The Midland Defendants also timely responded to Plaintiff's First Interrogatories. This response included, *inter alia*, the following categories of information: (1) a complete narrative of the collection activities performed by the Midland Defendants and their agents with respect to Plaintiff's account; (2) a complete summary of the credit reporting of the Midland Defendants with respect to Plaintiff's account; (3) a description of the manual investigation performed by the

---

[1] Plaintiff's counsel spends much of their motion challenging the "redactions" made by the Midland Defendants in their document production, stating that the Midland Defendants have redacted their document production in "wholesale fashion." (Mot. at p. 2). This is wildly off the mark. The Midland Defendants made redactions on only two of the many documents that were produced, implicating only twenty-one pages of documents out of approximately 1100 produced, and these redactions concerned sensitive financial information that has nothing to do with the claims or defenses of the parties. Given the perplexing nature of this claim, if there has been any confusion in this regard, the Midland Defendants are willing to discuss this concern with Plaintiff's counsel (and have been so willing at all times to date).

Midland Defendants in response to the credit dispute lodged by Plaintiff with the credit reporting bureaus, including the results of that investigation; (4) an identification of the documents used to train the employee affiants of the Midland Defendants; (5) identification of the officers and directors of the Midland Defendants; and (6) an identification of all individuals with knowledge of the claims asserted in the Complaint, including the types of knowledge possessed by those individuals.

As established by the Pretrial Scheduling Order, Plaintiff's deadline for service of expert disclosures expired on October 17, 2007 given the trial date of January 30, 2012. That same day, Plaintiff filed his initial Motion for Enlargement of Time to Serve Expert Witness Disclosures (Dkt. No 73) seeking an additional two weeks (until October 31, 2011) to serve his expert disclosures. Having been consulted in advance, the Midland Defendants agreed to such an extension, provided that a reciprocal two-week extension was also provided to the Midland Defendants with respect to the service of their expert disclosures. (*See* Dkt. No. 79).

After receiving the foregoing discovery responses, and throughout the time that his first motion for an extension was pending, Plaintiff made *no mention* to the Midland Defendants of the alleged deficiencies now identified in his motion. Rather, Plaintiff's counsel proceeded to notice the depositions of certain high-level executives of the Midland Defendants, including their General Counsel. These depositions (which have now occurred) were readily scheduled by the Midland Defendants. However, despite this lack of prior consultation by Plaintiff's counsel and the progression of discovery, on October 31, 2011, Plaintiff filed this motion seeking a further extension of the deadline to serve his expert disclosures "until two weeks after the Defendants have fully complied with discovery." (Mot. at p. 3).

3

## ARGUMENT

Fed. R. Civ. P. 6(b) sets forth the requirements for obtaining an extension of time in a civil matter. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship,* 507 U.S. 380, 389 n.4 (1993). Rule 6(b) gives the district court the discretion to extend any specified deadline for "good cause" shown. Fed. R. Civ. P. 6(b)(1). Likewise, Fed. R. Civ. P. 16(b)(4) provides that a scheduling order may be modified for good cause. *Id.* "Good cause requires the Plaintiff to show that, despite [his] diligence, the expert disclosure deadlines could not reasonably have been met." *Spindler v. Baker & Daniels, LLP*, 2010 U.S. Dist. LEXIS 79708, at *11 (N.D. Ind. Aug. 6, 2010). Moreover, as interpreted by the Supreme Court, "good cause" contemplates a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (looking at "good cause" under Rule 26). The decision of whether to provide such an extension of time rests within the sound discretion of the district court. Fed. R. Civ. P. 6(b). Under these standards, Plaintiff has failed to make a showing of good cause for his second requested extension for at least four reasons.

First, with respect to this motion, Plaintiff does not (and cannot) provide the required certification under Local Civil Rule 37(E) that his counsel conferred in good faith prior to the filing of this motion; a requirement that is taken seriously in this district. *See id.* ("No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy."). For that reason alone, the motion should be denied.

Second, notwithstanding the misstatements of Plaintiff's counsel, the above recitation of the discovery efforts of the Midland Defendants with respect to this *individual* consumer action[2]

---

[2] Notwithstanding the efforts of the Midland Defendants, as this Court may be aware from prior briefing, *see* Dkt No. 46, Plaintiff's counsel is actively (and openly) seeking to use the discovery obtained in this case in other, unrelated actions against the Midland Defendants. This ulterior motive is likely animating the overbroad and objectionable nature of the discovery propounded by Plaintiff in this case.

belie Plaintiff's claim that the Midland Defendants have somehow been acting in "bad faith" sufficient to justify the indefinite extension requested by Plaintiff. Because Plaintiff's factual premise for his requested extension is in error, the motion should be denied.

Third, Plaintiff's failure in exercising the diligence required to seek such an extension compels the denial of his motion. As noted above, after serving their discovery responses, the Midland Defendants agreed to provide Plaintiff with a two-week extension to serve his expert disclosures. During this two week period, Plaintiff's counsel did not make contact with counsel for the Midland Defendants or with the Court to discuss any of the issues raised in this motion. Instead, Plaintiff's counsel waited until the very day that the first such requested extension was to expire before again seeking relief from the Court, thus calling into question the nature of the allegations regarding discovery deficiencies. And, to date, no meet and confer process has been initiated by Plaintiff's counsel. Thus, because Plaintiff's counsel has not exercised the required diligence in seeking the requested extension, the motion should be denied. *See, e.g.*, *Universal Engraving, Inc. v. Metal Magic*, Inc., 2009 U.S. Dist. LEXIS 97730 (D. Ariz. Oct. 1, 2009) ("At any rate, its failure to timely work out an accommodation with Metal Magic or, failing that, its failure to raise the matter with this Court or seek an extension based on good cause prior to the expiration of the expert disclosure deadline, establishes the lack of diligence on the part of Plaintiff. It is, therefore, not entitled to a modification of the Court's Scheduling Order."); *Walton v. N.C. Dep't of Agric. & Consumer Servs.*, 2011 U.S. Dist. LEXIS 77322, at *11 (E.D.N.C. July 14, 2011) ("The touchstone of good cause is diligence . . . the court may modify the schedule on a showing if good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.") (citing *Marcum v. Zimmer*, 163 F.R.D. 250, 255 (S.D. W.Va. 1995)).

Finally, Plaintiff's motion should be denied, as he has not established any link between the alleged discovery deficiencies and preparation of his expert report. As detailed above, well

5

prior to the modified deadline for his service of expert disclosures, Plaintiff had been provided with extensive discovery covering *every aspect* of this individual action. Plaintiff has not set forth what additional discovery could even conceivably be necessary for his putative expert's evaluation of the case. Indeed, the Court is left with no indication of what aspects of this action Plaintiff deems susceptible to expert testimony and/or how the alleged discovery deficiencies have prevented his expert from timely providing expert disclosures, which could have also been supplemented at a later date upon receipt of additional information. And, these important issues cannot be raised for the first time in his reply memorandum. Because Plaintiff's motion is made entirely in conclusory fashion, it should be denied. *See, e.g., Pick v. American Medical Sys.*, 1996 U.S. Dist. LEXIS 7499, at *5 (E.D. La. May 28, 1996) ("The Court finds that plaintiff has not made a particular and specific demonstration of fact that 'good cause' exists for an extension, but simply provides conclusory statements.").[3]

## CONCLUSION

WHEREFORE, Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. respectfully request that the Court: (1) deny Plaintiff's Motion for Further Enlargement of Time to Serve Expert Witness Disclosures; and (2) grant the Midland Defendants such other and further relief that the Court deems just and proper.

                                                  ENCORE CAPITAL GROUP, INC.,
                                                  MIDLAND FUNDING, LLC and
                                                  MIDLAND CREDIT MANAGEMENT, INC.

                                                  By:/s/ Timothy J. St. George
                                                                 Of Counsel

---

[3] For the above reasons, Plaintiff's motion should be denied. Even more, however, the Midland Defendants do not believe that the Court can accommodate Plaintiff's request without also moving the deadline for the Midland Defendants to serve their expert disclosures, as well as continuing the trial date, which is disfavored by all parties and this Court generally.

David N. Anthony
(VSB No. 31696)
Timothy St. George
(VSB No. 77340)
*Attorneys for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1200
Facsimile:  (804) 698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

John C. Lynch
(VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1504
john.lynch@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of November, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

> Leonard A. Bennett, Esq.
> Susan M. Rotkis, Esq.
> CONSUMER LITIGATION ASSOCIATES, P.C.
> 763 J. Clyde Morris Blvd.
> Suite 1-A
> Newport News, VA 23601
> Telephone: (757) 930-3660
> Facsimile: (757) 930-3662
> Email: lenbennett@cox.net
>
> Matthew J. Erausquin, Esq.
> CONSUMER LITIGATION ASSOCIATES, P.C.
> 1800 Diagonal Road, Suite 600
> Alexandria, VA 22314
> Telephone: (703) 273-6080
> Facsimile: (888) 892-3512
> Email: matt@clalegal.com
>
> Dale W. Pittman, Esq.
> THE LAW OFFICE OF DALE W. PITTMAN, P.C.
> The Eliza Spotswood House
> 112-A West Tabb St.
> Petersburg, VA 23803
> Telephone: (804) 861-6000
> Facsimile: (804) 861-3362
> dale@pittmanlawoffice.com
>
> *Counsel for Plaintiff*

> /s/ Timothy J. St. George
> Timothy J. St. George (VSB Bar No. 77349)
> *Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, Virginia 23219
> Telephone: (804) 697-1254
> Facsimile: (804) 698-6013
> tim.stgeorge@troutmansanders.com

2063399v1