IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GILBERT JAMES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No.: 3:11cv221 |
| | : |
| | : |
| ENCORE CAPITAL GROUP, INC., ET AL. | : |
| | : |
| Defendants. | : |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR FURTHER ENLARGEMENT OF TIME TO SERVE EXPERT WITNESS DISCLOSURES**

COMES NOW the Plaintiff, Gilbert James, by counsel, and for his Reply Brief in Support of his Motion for Further Enlargement of Time to Serve Expert Witness Disclosures, he states as follows:

**ARGUMENT**

In its opposition, the Defendants do not challenge Plaintiff's contentions that they posed generic boilerplate objections to 46 of 48 document requests and 13 of 13 interrogatories[1] that were insufficient to inform the Plaintiff or this Court of the factual basis, temporal scope, or other justification for the objections, or that they posed privilege objections to many discovery requests without substantiating the basis for the alleged privilege as required by this Court's order, or even that with regard to some discovery requests, they have entirely refused to answer at all. Instead, the Defendants' argument is entirely based on a procedural claim that the present

---

[1] Attached hereto as "Exhibit A" (Defendants' Interrogatory Responses), "Exhibit B" (Defendants' Responses to Requests for Production of Documents), "Exhibit C" (Defendants' Privilege Log)

motion is governed by Rule 37, that therefore Plaintiff had a responsibility to meet and confer with the Defendants prior to its filing, and that the Plaintiff failed to do so.

While the Defendants' brief simply ignores[2] the numerous discussions that have taken place between counsel for the parties regarding the myriad of issues with the Defendants' objections, discovery responses and continued improper assertions of privilege[3], it also misses the point regarding the applicability of Rule 37.  At the present juncture, Plaintiff's motion simply seeks an extension of a deadline in this Court's scheduling order as it applies to the Plaintiff.  The Plaintiff does not seek to move the trial date, the date of the final pretrial conference, or even a sanction against the Defendants by this motion.  The Plaintiff lacks the documents he needs to provide to his experts for their review, and this deficiency has occurred through no fault or delay by the Plaintiff.  While the Defendants are correct that the Plaintiff opposes a reciprocal extension as to them, this is only because the Defendants have not demonstrated substantial justification for such an extension, or even filed a motion articulating the basis for this proposed relief.  It would be an odd result for the Defendants to rely on their own discovery misconduct in order to obtain a benefit in the form of a renewed opportunity to disclose expert witnesses.  However, this posture would be the same, even if the Defendants had not engaged in the gamesmanship and outright obstruction that Plaintiff intends to discuss with the Court next week.  If the Defendants seek an extension, they should file a motion and provide a basis for it.  The Plaintiff has thoroughly complied with discovery in all regards, will appear for

---

[2] Plaintiff's counsel recognizes that not every attorney representing the Defendants was involved in each of these discussions.

[3] The Defendant's counsel interrupted Plaintiff's deposition of the Defendants' compliance trainer last week with unfounded privilege objections and numerous instructions that the witness should not answer the questions posed.  The witness then refused to answer these questions.  This discovery conduct became so severe that Plaintiff's counsel was forced to stop the deposition such that the Plaintiff could bring a motion for a protective order and for sanctions before this Court.  He expects to file this motion shortly.

his deposition next week, and has not posed a single objection to the Defendants' discovery requests with the exception of a handful of privilege objections, fully supported by a privilege log.

The Defendants' purported surprise and their arguments in opposition to the requested extension are similarly strained when this Court considers that the Defendants previously promised to "work through whatever scheduling accommodations need to be made" in attempting to secure the Plaintiff's agreement to a substantial discovery enlargement, further promising that they were "doing that best that [it] can" to respond substantively.[4]  Having encountered Midland's history of motions practices regarding discovery in this District, even before this Court, in which it was ordered to respond to requests to which it now objects, Plaintiff's side was skeptical.  However, in an effort to reduce motions practice and in a demonstration of good faith, he relied nonetheless on the Defendants' representation that they would properly respond to discovery.   While it is unfortunate that this trust was misplaced, the Defendants can hardly argue that the Plaintiff should be penalized for it.

Finally, despite the many communications between counsel (and even the previous teleconference with this Court in which one of the manuals at issue was discussed), the Defendants still feign ignorance as to the purpose for which the Plaintiff requires discovery not yet produced.  While Plaintiff declines the Defendants' invitation to reveal his litigation strategy, it is and has been no secret that one of the expert witnesses on credit reporting practices that the Plaintiff may use at trial requires the documents that describe the Defendants' procedures for compliance with FACTA, a 2003 amendment to the Fair Credit Reporting Act which created significant new consumer protections and corresponding requirements for data furnishers such as

---

[4] See "Exhibit D", email from David Anthony re: extension for Midland's discovery responses

the Defendants when informed that the consumer was the victim of identity theft. At a minimum, this expert witness needs to review the FACTA procedures as they existed from April of 2011 to the present when the Defendants purported to investigate the Plaintiff's identity theft disputes conveyed to them through the credit reporting agencies, and thereafter instructed the credit reporting agencies that the identity theft account show remain within Plaintiff's credit file. As the Court is now aware, one of the manuals directly relevant to this topic has been produced but redacted thoroughly. The Defendants make light of this redaction without attempting to justify it, admittedly a tough explanation to set forth in this District, particularly given the blanket protective order already entered in this matter that contains an "Attorney Eyes Only" provision. Additionally, from experience in other cases against these Defendants, Plaintiff's counsel is aware that there are other discrete documents that the Defendants have not produced at all. The Plaintiff will not belabor the Court in the present filing with the magnitude of the extent to which the Defendants have withheld documents, but will detail them further in the motion to compel that the Plaintiff intends to file following next week's teleconference with the Court.

      In short, the Plaintiff presently lacks documents and clear, non-evasive interrogatory answers (not couched in an objection) from the Defendants. The lack of these documents is preventing the Plaintiff's potential expert witnesses from rendering their reports, allowing Plaintiff's counsel to decide whether to use one or both of these witnesses at trial. The lack of these documents is due to the Defendants' failure to comply with their discovery obligations, and is not due to the Plaintiff's apathy, lack of prosecution or other delay. He has litigated this matter vigorously and acted promptly to bring the issues with the Defendants' discovery responses before the Court as soon as he became aware that the Defendant had reneged on its earlier promise to provide full and substantive discovery responses sufficient to justify a three-

week extension.  Therefore, the Plaintiff respectfully moves that this Court extend his deadline to provide his expert witness disclosures such that they would become due two weeks after the Defendants have fully complied with their discovery obligations.

                                      Respectfully submitted,
                                      **GILBERT JAMES**

                              By: _____/s/_____
                                    *Of Counsel*

Matthew J. Erausquin, Esq. (VSB #65434)
CONSUMER LITIGATION ASSOCIATES, PC
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
(703) 273-6080 – Telephone
(888) 892-3512 – Facsimile
E-mail: matt@clalegal.com

Leonard A. Bennett, Esq. (VSB #37523)
Susan M. Rotkis, Esq. (VSB #40693)
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:lenbennett@clalegal.com

      *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 11th day of November, 2011, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

**John C. Lynch**
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

**David Neal Anthony**
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-5410
Fax: 804-698-5118
Email: david.anthony@troutmansanders.com

**Timothy James St. George**
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-1254
Email: tim.stgeorge@troutmansanders.com

             /s/
            Matthew J. Erausquin, VSB#65434
            Counsel for the Plaintiff
            CONSUMER LITIGATION ASSOCIATES, P.C.
            1800 Diagonal Road, Suite 600
            Alexandria, VA  22314
            Tel: 703-273-7770
            Fax: 888-892-3512
            matt@clalegal.com