From: "Anthony, David N." <David.Anthony@troutmansanders.com>
Subject: RE: Midland ads. James
Date: September 26, 2011 3:45:36 PM EDT
To: Leonard Bennett <lenbennett@clalegal.com>
Cc: Matt Erausquin <matt@clalegal.com>, Dale Pittman <dale@pittmanlawoffice.com>, "Lynch, John C." <john.lynch@troutmansanders.com>, "St. George, Timothy J." <tim.stgeorge@troutmansanders.com>

Len,

Thanks for your email.

Concerning Midland's discovery responses, I am confused by your email referencing the cutoff for written discovery as November 7. The scheduling order in this case sets the discovery cutoff as December 15, which means that written discovery must be propounded by November 15. If a three week extension is given for the Midland defendants to file their discovery responses, Midland's discovery responses would be due on October 17, 2011 – nearly a month before the November 15 deadline and nearly two months before the discovery cutoff – so I do not understand what is "impossible" as referenced in your email. As usual, we are happy to work through whatever scheduling accommodations need to be made in the remaining two months of discovery as a result of an extension whether involving further written discovery or depositions. As we have advised you, the written discovery requests are quite voluminous, and we are doing the best that we can. We have no desire that you take any depositions blind without seeing Midland's discovery responses and are happy to schedule them after you have had a reasonable time to review them.

Plaintiff's responses to Midland's discovery responses are past due; however, we have assumed that you likewise are doing the best that you can and hence have not made a big deal about them.

Concerning the memorandum relating to Midland's Motion for Protective Order, I take it that you have no suggestions on how we can protect our respective clients' positions. While I think that Judge Payne normally would expect us to make a better good faith effort at coming up with a solution, we nonetheless will file the motion to seal today if we need to do so.

Regards,

David

David N. Anthony
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

---

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Monday, September 26, 2011 1:17 PM
**To:** Anthony, David N.
**Cc:** Matt Erausquin; St. George, Timothy J.; Lynch, John C.; Dale Pittman
**Subject:** Re: Midland ads. James


EXHIBIT D

We cannot agree to a two-week discovery enlargement. Our cutoff for written discovery is November 7. We will be serving a second set of Ints and RFPs base on your docs and answers and the 2 week enlargement would make that impossible. Further, we need the deps in early October. Your two week enlargement again means we have to take the deps blindly.

We do not need an enlargement for the PO brief, except for the purpose of awaiting your Seal Motion. In our last such matter before Judge Payne, he denied the motion the same day it was filed. To accelerate this process, it is our intent to file immediately in opposition. But we still have no received your clients' Motion. When is it expected?

Len


On Sep 26, 2011, at 1:06 PM, Anthony, David N. wrote:


Yes

Are you agreeable to an extension for Midland's discovery responses?
Leonard Bennett wrote:
Then wWill you agree to an enlargement to permit our response brief?

Sent from my iPhone

On Sep 24, 2011, at 6:02 PM, "Anthony, David N." <David.Anthony@troutmansanders.com> wrote:

> Len,
>
> Per our discussion on Thursday, I wanted to follow up with you in good faith about a reasonable solution regarding the confidentiality designations of the transcript for the deposition of Nancy Kohls, particularly to allow you to oppose our motion to enforce the protective order relative to them. You rejected our suggestion. Do you have any proposed solution to allow both sides' interests to be protected?
>
> While I am hopeful that we can reach some type of agreement on this issue, if we do not, please be advised that we intend to file an appropriate motion to file under seal on Monday consistent with the terms of the Protective Order. Therefore, please do not file any pleading with the Court including excerpts of the portions of Ms. Kohls' deposition transcript marked "confidential" nor attach the confidentially marked deposition transcript to any pleading as this would effectively destroy the confidentiality designations made by the Midland defendants under the Protective Order and also prejudice the Midland defendants. I just wanted to avoid any confusion on this point.
>
> Hopefully, we can figure out a way to tackle this.
>
> Regards,
>
> David
>
> David N. Anthony
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, VA 23210
> Telephone: (804) 697-5410
> Facsimile: (804) 698-5118