# AFFIDAVIT OF SERVICE
United States District Court
Eastern District of Virginia

| | |
|---|---|
| Gilbert James | ) Case No.: 3:11-cv-221-REP |
| | ) Court Date: Sat., Dec. 10, 2011 at |
| | ) |
| **Plaintiff** | ) |
| v. | ) |
| Midland Funding, LLC, et al | ) |
| | ) |
| | ) |
| **Defendant** | ) |

I, Christopher S. Hester, a Private Process Server, being duly sworn state that I am over the age of eighteen years, not a party to the above-named action, nor otherwise interested in the subject matter in controversy. Within the boundaries of the state where service was effected, I was authorized by law to perform said service.

I served the following document(s): Subpoena Duces Tecum

Service on: Ronald R. Eagle, Registered Agent, Mechanicsville Medical Center Family Practice, P.L.L.C.
Service address: 7571 Cold Harbor Road, Mechanicsville, VA 23111.

Date of service: November 23, 2011   Time of service: 11:39 AM

MANNER OF SERVICE:
(XX) PERSONAL SERVICE--accepted by Ronald R. Eagle

COMMENTS:

_____
Christopher S. Hester
Hester Process Service, Inc.
P.O. Box 37128
North Chesterfield, VA 23234
(804) 271-0298

Subscribed and sworn to before me, a notary public, on this 28th day of November, 2011 by Christopher S. Hester who is personally known to me.

_____   My Commission Expires: 11-30-12
Notary Public
Donna Faye Hester
Commonwealth of Virginia
County of Chesterfield

ID: 11-038086   Client Reference:

AO88 (Rev 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

### SUBPOENA IN A CIVIL CASE

GILBERT JAMES,

                Plaintiff,

V.                                              Case Number: 3:11-cv-221-REP

MIDLAND FUNDING, LLC, *et al.*

                Defendants.

TO:      Ronald R. Eagle, Registered Agent
           Mechanicsville Medical Center Family Practice, P.L.L.C.
           7571 Cold Harbor Road
           Mechanicsville, Virginia 23111

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Exhibit A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| TROUTMAN SANDERS LLP, Attn: Timothy J. St. George, 1001 Haxall Point, Richmond, Virginia 23219 | December 10, 2011 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants, Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. *[signature]* | November 22, 2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy J. St. George (VSB #77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23218-1122
(804) 697-1200 (telephone)

(See Rule 45, Federal Rules of Civil Procedure, Subdivision (c), (d), and (e), on next page)

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| **SERVED** | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                              Date                                                            SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENAS.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of November 2011, I served the foregoing by electronic mail on the following:

>Leonard A. Bennett, Esq.
>Susan M. Rotkis, Esq.
>CONSUMER LITIGATION ASSOCIATES, P.C.
>763 J. Clyde Morris Blvd.
>Suite 1-A
>Newport News, VA 23601
>Telephone: (757) 930-3660
>Facsimile: (757) 930-3662
>Email: len@clalegal.com
>
>Matthew J. Erausquin, Esq.
>CONSUMER LITIGATION ASSOCIATES, P.C.
>1800 Diagonal Road, Suite 600
>Alexandria, VA 22314
>Telephone: (703) 273-6080
>Facsimile: (888) 892-3512
>Email: matt@clalegal.com
>
>Dale W. Pittman, Esq.
>THE LAW OFFICE OF DALE W. PITTMAN, P.C.
>The Eliza Spotswood House
>112-A West Tabb St.
>Petersburg, VA 23803
>Telephone: (804) 861-6000
>Facsimile: (804) 861-3362
>dale@pittmanlawoffice.com
>
>*Counsel for Plaintiff*

                                         /s/
                                  Timothy J. St. George (VSB Bar No. 77349)
                                  *Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
                                  TROUTMAN SANDERS LLP
                                  1001 Haxall Point
                                  Richmond, Virginia 23219
                                  Telephone: (804) 697-1254
                                  Facsimile: (804) 698-6013
                                  tim.stgeorge@troutmansanders.com

## **EXHIBIT A**

## **MEDICAL RECORDS**

TO THE PERSON SUMMONED: You are commanded to make available the documents and/or tangible things designated and described below:

Any and all documents, whether in hard copy, electronic, photographic, disk, film, or any other media, maintained by Mechanicsville Medical Center Family Practice, or under the care, custody or control of Mechanicsville Medical Center Family Practice, that relate in any way to the Plaintiff in this action:

    **Patient:**           **Gilbert Jerome James**
    **Date of birth:**

with respect to the following conditions and/or symptoms: erectile dysfunction, stress, rapid heartbeat, insomnia, headaches, or anxiety/emotional distress.

This request for documents includes, without limitation, any documents, office notes and records, including, but not limited to, handwritten and transcribed notes of all doctors, nurses, technicians, therapists, counselors and all other personnel, that refer or relate to any medical examination or treatment, consultation for treatment, referral for examination, consultation or treatment, charges for examination, treatment or consultation, correspondence, office notes, charts, prescription records omitting nothing, covering the period beginning January 1, 2008 through the date of service of the subpoena to which this Exhibit A is attached.

If documents responsive to this request are stored or maintained at different locations, this subpoena should be forwarded accordingly so that all records will be produced. This request shall include any and all documents or other things which are now in, or which may during the pendency of this action come into, your possession or control.

**SHOULD ANY OF THE DOCUMENTS OR THINGS REQUESTED ABOVE NOT BE IN YOUR CUSTODY OR CONTROL, PLEASE ADVISE THE UNDERSIGNED IMMEDIATELY.**

## NOTICE TO MEDICAL PROVIDERS

A COPY OF THIS SUBPOENA DUCES TECUM HAS BEEN PROVIDED TO YOUR PATIENT OR YOUR PATIENT'S COUNSEL. YOU OR YOUR PATIENT HAVE THE RIGHT TO FILE A MOTION TO QUASH (OBJECT TO) THE ATTACHED SUBPOENA. IF YOU ELECT TO FILE A MOTION TO QUASH, YOU MUST FILE THE MOTION WITHIN 15 DAYS OF THE DATE OF THIS SUBPOENA.

YOU MUST NOT RESPOND TO THIS SUBPOENA UNTIL YOU HAVE RECEIVED WRITTEN CERTIFICATION FROM THE PARTY ON WHOSE BEHALF THE SUBPOENA WAS ISSUED THAT THE TIME FOR FILING A MOTION TO QUASH HAS ELAPSED AND THAT: (1) NO MOTION TO QUASH WAS FILED; OR (2) ANY MOTION TO QUASH HAS BEEN RESOLVED BY THE COURT OR THE ADMINISTRATIVE AGENCY AND THE DISCLOSURES SOUGHT ARE CONSISTENT WITH SUCH RESOLUTION.

IF YOU RECEIVE NOTICE THAT YOUR PATIENT HAS FILED A MOTION TO QUASH THIS SUBPOENA, OR IF YOU FILE A MOTION TO QUASH THIS SUBPOENA, YOU MUST SEND THE RECORDS ONLY TO THE CLERK OF THE COURT OR ADMINISTRATIVE AGENCY THAT ISSUED THE SUBPOENA OR IN WHICH THE ACTION IS PENDING AS SHOWN ON THE SUBPOENA USING THE FOLLOWING PROCEDURE:

PLACE THE RECORDS IN A SEALED ENVELOPE AND ATTACH TO THE SEALED ENVELOPE A COVER LETTER TO THE CLERK OF COURT OR ADMINISTRATIVE AGENCY WHICH STATE THAT CONFIDENTIAL HEALTH CARE RECORDS ARE ENCLOSED AND ARE TO BE HELD UNDER SEAL PENDING A RULING ON THE MOTION TO QUASH THE SUBPOENA. THE SEALED ENVELOPE AND THE COVER LETTER SHALL BE PLACED IN AN OUTER ENVELOPE OR PACKAGE FOR TRANSMITTAL TO THE COURT OR ADMINISTRATIVE AGENCY.

2107613v1