UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Gilbert James | ) |
| | ) |
| Plaintiff | ) Case No.: 3:11-cv-221-REP |
| | ) |
| v. | ) |
| Midland Funding LLC, et al. | ) |
| | ) |
| Defendant(s) | ) |

## AFFIDAVIT OF SERVICE

I, Michael Reeder, a Private Process Server, being duly sworn, depose and say, I have been duly authorized to make service of the documents listed herein in the above entitled case, I am over the age of eighteen years and am not a party to or otherwise interested in this matter.

DOCUMENT(S) SERVED: Subpoena Duces Tecum with Exhibit A

SERVE TO: New American Mortgage LLC c/o National Registered Agents, Inc.
SERVICE ADDRESS: 4001 North Ninth Street, Suite 227, Arlington, Virginia 22203

DATE SERVED: November 21, 2011   TIME SERVED: 11:51 AM

PERSON SERVED: Jeanne Pasha, Designated Agent, authorized to accept

Described herein:
Gender: Female   Race/Skin: White   Hair: Brown   Glasses: Yes   Age: 45   Height: 5'6"   Weight: 150

I declare under penalty of perjury that I have read the foregoing information contained in the Affidavit of Service and that the facts stated in it are true and correct.

11-23-11
Executed on:

Michael Reeder
CAPITOL PROCESS SERVICES, INC.
1827 18th Street, NW
Washington, DC 20009-5526
(202) 667-0050

ID: 11-067353                                                                                           Client Reference: N/A

CAPITOL PROCESS SERVICES, INC. • 1827 18th Street, NW, Washington, DC 20009-5526 • (202) 667-0050

AO88 (Rev 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

### SUBPOENA IN A CIVIL CASE

GILBERT JAMES,

                Plaintiff,

V.                                            Case Number: 3:11-cv-221-REP

MIDLAND FUNDING, LLC, *et al.*

                Defendants.

TO:      New American Mortgage, LLC
           c/o National Registered Agents, Inc.
           4001 North Ninth Street, Suite 227
           Arlington, VA 22203

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Exhibit A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| TROUTMAN SANDERS LLP, Attn: Timothy J. St. George, 1001 Haxall Point, Richmond, Virginia 23219 | **December 10, 2011** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| **Attorney for Defendants, Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc.**   *[signature]* | **November 18, 2011** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy J. St. George (VSB #77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23218-1122
(804) 697-1200 (telephone)

(See Rule 45, Federal Rules of Civil Procedure, Subdivision (c), (d), and (e), on next page)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              Date

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENAS.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November 2011, I served the foregoing by electronic mail on the following:

>Leonard A. Bennett, Esq.
>Susan M. Rotkis, Esq.
>CONSUMER LITIGATION ASSOCIATES, P.C.
>763 J. Clyde Morris Blvd.
>Suite 1-A
>Newport News, VA 23601
>Telephone: (757) 930-3660
>Facsimile: (757) 930-3662
>Email: len@clalegal.com
>
>Matthew J. Erausquin, Esq.
>CONSUMER LITIGATION ASSOCIATES, P.C.
>1800 Diagonal Road, Suite 600
>Alexandria, VA 22314
>Telephone: (703) 273-6080
>Facsimile: (888) 892-3512
>Email: matt@clalegal.com
>
>Dale W. Pittman, Esq.
>THE LAW OFFICE OF DALE W. PITTMAN, P.C.
>The Eliza Spotswood House
>112-A West Tabb St.
>Petersburg, VA 23803
>Telephone: (804) 861-6000
>Facsimile: (804) 861-3362
>dale@pittmanlawoffice.com
>
>*Counsel for Plaintiff*

>_____
>Timothy J. St. George (VSB Bar No. 77349)
>*Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia 23219
>Telephone: (804) 697-1254
>Facsimile: (804) 698-6013
>tim.stgeorge@troutmansanders.com

# **EXHIBIT A**

## Definitions

1. "Document" or "documents" includes all paper material of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, whether written, typed, printed, punched, filmed or marked in any way; recording tapes, wires or discs; film and microfilm; photographs, movies or any graphic matter, however produced or reproduced; all mechanical or electronic sound recordings or transcripts thereof; and data processing records; of any nature whatsoever; whether or not in your possession, custody or control, including those in the possession, custody or control of any and all experts, consultants, accountants, attorneys or other agents, whether or not prepared by you. By way of illustration, and not by way of limitation, the above definition of documents includes electronic mail (or e-mail), letters and other correspondence, memoranda of oral conferences, memoranda of telephone calls, memoranda of agreements, diaries, statistics, telegrams, written instructions, reports, studies, telephone logs, message slips, checks, statements, receipts, summaries, pamphlets, books, notes, artists' renderings, studies, computer programs and data retrieval systems, minutes, business books and records of all types, invoices, bulletins, computer printouts, teletypes, facsimile, telecopy, voice mail, ledgers, contracts, commercial paper, agreements, offers, worksheets, notices, demands, and all drafts, alterations, modifications, changes and amendments of any of the foregoing.

2. "Communication" means any transfer of information, whether written, oral or by other means.

3. A communication or document which "refers" or "relates" to any given subject means any communication or document which constitutes, contains, embodies, reflects,

identifies, states, refers to, mentions, deals with or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

4. "You" shall refer to New American Mortgage.

5. "James" shall refer to Plaintiff, Gilbert Jerome James.

6. The "application(s)" shall refer to any application submitted by James for any financing for the purchase of real property.

7. This subpoena seeks documents in your actual or constructive possession, custody or control, which includes documents in the actual or constructive possession, custody or control of your agents, representatives, attorneys, officers, directors, employees, affiliates, subsidiaries, predecessors and successors.

## DOCUMENTS REQUESTED

Request No. 1: All documents prepared or held by you regarding James.

Request No. 2: All documents relating to James's application(s).

Request No. 3: All documents sent to or received from James.

Request No. 4: All documents sent to or received from any consumer credit reporting agency (*e.g.*, Experian, TransUnion, Equifax) regarding James or the application(s).

Request No. 5: All notes or documents memorializing or reflecting any telephone conversation or in person meeting between any of your employees and James.

Request No. 6: All documents sent to any third party regarding either James or the application(s).

**SHOULD ANY OF THE DOCUMENTS OR THINGS REQUESTED ABOVE NOT BE IN YOUR CUSTODY OR CONTROL, PLEASE ADVISE THE UNDERSIGNED IMMEDIATELY.**

2107617v1