I. **The Defendants' response to Plaintiff's Request for Production of Documents claims privilege as a basis for failure to respond, but with no corresponding entry in Defendants' privilege log**

Request No. 2(b) – All full or partial drafts and additions/versions of your written materials used to instruct or manage the preparation and/or signing of collection affidavits by any of your employees since January 1, 2009, through the present.

Request No. 6 – Produce a copy of each of the documents you are previously disclosed to the opposing party or Court in any civil case in which a consumer prosecuted a claim against you for alleged robo signing or false representations made with regard to collection affidavits (excluding all documents that pertain solely to a specific consumer).

Request No. 7 – Produce a copy of all Interrogatory responses you have previously made to an opposing party in any civil case in which a consumer prosecuted a claim against you for alleged robo signing or false representations made with regard to collection affidavits (excluding all documents that pertain solely to a specific consumer).

Request No. 8 – Produce a copy of all correspondence, email, other communications or other documents you have previously provided to the office of any government agency or department (e.g. Attorneys General or the FTC, without limitation) regarding your creation, use or signing of collection affidavits (excluding all documents that pertain solely to a specific consumer).

Request No. 9 – An electronic copy in native form or pdf form of every e-mail stored, archived or retrievable that include the word "affidavit" within the subject or body of the e-mail and any of the following individuals in the to, from, cc, or bcc fields: Jane Hughes, Gail Stanger, Rita Melconian, Greg Call or Brandon Black.

Request No. 10 – An electronic copy in native or pdf form of every e-mail stored, archived, or retrievable within the Outlook folders of Nancy Kohls.

Request No. 11 – Copies of all e-mails in the system that were sent by Rita Melconian from January 1, 2008 to the present.

Request No. 12 – All correspondence between Jane Hughes, Gail Stanger, Rita Melconian, Greg Call and/or Brandon Black, and any of these persons or any other person, regarding the process for Midland's employee's to create, prepare, or sign collection affidavits.

Request No. 14 – All procedures, manuals or PowerPoint presentations located on Defendants' Intranet system or database.


EXHIBIT A

Request No. 16 – All business organization formation and maintenance documents (e.g. Articles of Organization or Incorporation, Bylaws, Operating Agreements, Corporate Minutes, etc.) for each Defendant.

Request No. 17 – All employee performance and evaluation scoring forms (PACE) used to evaluate employees and all documents that regard the scoring or evaluation metrics used for your Legal Specialists.

Request No. 23 – Produce all documents in your possession with regard to the Plaintiff or the subject of this suit.

Request No. 24 – Produce all correspondence between you and the Plaintiff which regards the subject of this lawsuit or the Plaintiff.

Request No. 25 – Produce all documents that were mailed or otherwise delivered to you by the Plaintiff or co-Defendants, which regard the subject of this lawsuit or the Plaintiff.

Request No. 26 – Produce all documents or exhibits which you intend to produce at trial.

Request No. 27 – Produce all documents that detail or describe your procedures for compliance with 15 U.S.C. §1681s-2(b), since January 1, 2008.

Request No. 28 – Produce all documents that contain the Plaintiff's name, social security number, and/or addresses.

Request No. 30 – Produce all documents pertaining to or containing explanation(s), instruction(s) or procedure(s) for your reporting of credit information or investigation of credit information disputes.

Request No. 31 – Produce all minutes, memos, letters, emails or other document, electronic or non-electronic, exchanged between or provided by you to or received by you from the CDIA or any member of the CDIA (Equifax, Trans Union or Experian) regarding the use of the e-Oscar system, compliance with the FCRA or the Automated Batch Interference dispute system you have used.

Request No. 33 – Produce every manual or other document which explains and/or describes when, how, and under what circumstances you archive, retain, or capture account data in any file bearing any of the Plaintiff's personal identifiers.

Request No. 34 – Produce every document that regards your knowledge of the decision of the Fourth Circuit in *Linda Johnson v. MBNA*, regarding the duties of furnishers of credit information.

Request No. 36 – Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any

opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of the affidavit, deposition, transcript, or report which contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case.

Request No. 37 – Produce all documents prepared by you or on your behalf used in connection with the training, instruction, supervision or evaluation of any of your employees or of any third party paid by you identified in your responses to these Interrogatories.

Request No. 39 – Produce every manual or other document which lists, explains, and/or describes any code contained in your customer information systems, any reinvestigation record or file, and any other retained computer record and/or screen/file you generated and accessed regarding Plaintiff or any account attributed to the Plaintiff.

Request No. 41 – Produce any document that you have regarding the establishment, maintenance, implementation, improvement, or modification of investigation procedures or of procedures related to the submission and accuracy of date by you to the credit bureaus through Metro 1 or Metro 2.

Request No. 44 – Produce every document, internal memorandum, e-mail or other electronic communications through which you or your employees discussed your maintenance, modification, and/or creation of your FCRA investigation procedures.

Request No. 45 – Produce the application(s), monthly statements, correspondence, and any other documents that pertain to any account(s) for which you contend the Plaintiff has ever been liable to you for an outstanding balance on that account(s).

Request No. 47 - Produce any documents that list the names, positions and job descriptions of all of your employees.

Request No. 48 – Please produce any document that details and describes the organizational structure of your company.

II. **The Defendants' response to Plaintiff's Interrogatories claims privilege as a basis for failure to respond, but with no corresponding entry in the Defendants' privilege log.**

Interrogatory No. 1 – Identify (name, address, job title and description) of every person who substantively participated in the drafting or editing in each of the following manuals and the date range during which they so participated as well as the specific work they performed in the process:

>   Encore Capital Group, Inc. – MCM Affidavit Training – Understanding Affidavit Content (MJ00186-MJ00249)

> Encore Capital Group – MCM Affidavit Training – Understanding Affidavit Content (MJ00090 – MJ00172)
>
> Encore Capital Group – Midland Affidavit Process – November 29, 2010 (MJ00173-MJ00182)
> MCM Training Department AMM December 30, 2010 -Module 1 –FDCPA (MJ00250-MJ00285)
>
> MCM Training Department AMM -5/3/2010 - Module 6 – Disputes & Warning Codes – (MJ00286-MJ00341)

Interrogatory No. 2. - Identify (name, address, job title and description) every person who substantively participated in the drafting or editing of each format, type or template of Affidavit generated by you for use since September 2009, listed by the name which you have assigned to each such Affidavit (e.g. "AFFRECORD"), and the date range during which they so participated as well as the specific work they performed in this process.

Interrogatory No. 5 – Did you ever conduct an investigation of any information ever reported to a consumer reporting agency about the Plaintiff or otherwise placed in a file at your company about the Plaintiff? If so, fully state the details of such investigation. (More specifically and narrowly, the following is the minimum amount of information that will satisfy this request and interrogatory: the names of the persons who conducted or participated in any such investigation; the date of each such investigation; all procedures used by you in conducting any such investigation; each document or electronic record you know that your employee(s) actually consulted in performing such investigation(s); each document or electronic record your employee(s) was permitted to consult in performing such investigation(s); and all steps taken by the defendant with respect to the plaintiff's file following any such investigation.

Interrogatory No. 6 – Identify all documents prepared by or on behalf of the defendant used in connection with the training, instruction, supervision, or evaluation in any of your Legal Specialists, and/or any of your employees identified in your responses to these Interrogatories or in your Rule 26(a)(1) disclosures.

Interrogatory No. 10 – Do you admit that you inaccurately reported that the Midland account alleged in the complaint to Experian, Equifax, and Trans Union? If your answer is "No.", state and list in complete detail each separate reason supporting your answer.