DAVID N. ANTHONY
804.697.5410 telephone
804.698.5118 facsimile
david.anthony@troutmansanders.com

# TROUTMAN SANDERS

TROUTMAN SANDERS LLP
Attorneys at Law
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122 (23218-1122)
Richmond, Virginia 23219
804.697.1200 telephone
troutmansanders.com

November 28, 2011

**BY ELECTRONIC MAIL**
Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd.
Suite 1-A
Newport News, VA 23601

    Re:   Gilbert James ads. Encore Capital Group, Inc., *et al.*
           Civil Action No. 3:11cv221

Dear Len:

    Following up on our in-person meet and confer session of November 16, 2011, this letter seeks to memorialize the current understanding of the parties with respect to each request for production and interrogatory that has so far been propounded on Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (collectively, "Midland") and/or Midland's positions regarding the open issues.

    As I have previously made known to you during our approximately eight hours of meet and confer sessions, Midland continues to believe that the great majority of information sought below is both overly broad and irrelevant in this individual consumer case. Midland previously produced approximately 1,100 pages of documents, which included, among many other categories of documents, the policies and procedures at issue and all documents regarding the collection and credit reporting activities for Plaintiff's account. Midland also provided narratives for the collection and credit reporting processes undertaken for Plaintiff's account, including with respect to Midland's investigation of Plaintiff's credit reporting dispute. Plaintiff has also deposed the employee affiant who signed Mr. James's affidavit, as well as Midland's General Counsel and Senior Compliance Counsel. Despite these efforts, you have so far insisted that you are entitled to much broader and expansive discovery with respect to the requests for production and interrogatories listed below, which include, *inter alia*, requests demanding the production of essentially every email from a number of custodians. (*See* Request Nos. 9-12).

    Nevertheless, to avoid burdening the Court with additional discovery matters, as detailed below, Midland will agree to respond to all but a handful of your expansive discovery requests, with a target date of next week for response. If any of the below does not accurately reflect your understanding of where we left off in the meet and confer process, I would appreciate your letting me know as soon as possible. However, it might also be best if you put any response to


EXHIBIT B

this letter in writing in order to keep a clear record for discussion purposes. I remain willing to discuss any additional concerns that you might have at your convenience, including to meet again if necessary.

### Requests for Production of Documents

1. [P]roduce all communications or other documents exchanged between any of the Defendants (any of their employees or agents) and any such "outside party" or "partner company" who have visited any of your offices or facilities to discuss, review, develop, inquiry about or explore your affidavit process since January 1, 2009.

Request No. 1 has been withdrawn by Plaintiff.

2. All documents exchanged between any of your employees and Bank of America, Target Receivables Corporation or any other third party regarding your process for creating, preparing and/or signing collection affidavits.

Plaintiff agrees that the request is to be limited in time from January 1, 2009 forward. In light of this narrowed scope, Midland will withdraw all objections and produce responsive documents, but only with the understanding that this request does not implicate documents exchanged between Midland and its outside counsel, external regulators, or the Special Master appointed in the *Brent* action, all of which are implicated and addressed directly by other requests below.

2. All full or partial drafts and additions/versions of your written materials used to instruct or manage the preparation and/or signing of collection affidavits by any of your employees since January 1, 2009 through the present.[1]

Midland will produce any final versions of its affidavit training and process manuals that were used to instruct or manage its employees during the requested period, to the extent that such documents have not already been produced. Midland will withdraw all objections except those objections regarding relevance and privilege, which apply with respect to the drafts of such materials. Midland will supplement its privilege log, as appropriate.

3. All documents exchanged between you and Dominion Law, Glasser and Glasser or any other law firm that collects Midland Funding accounts in the State of Virginia since January 1, 2006 through the present. (excluding documents that pertain solely to a specific consumer).

Plaintiff agrees to limit the scope of this request to January 1, 2007 forward. Midland has produced its engagement agreement with Dominion Law Associates and has logged as privileged

---

[1] Both this request and the immediately-preceding request were numbered as Request No. 2.

other non-consumer specific documents exchanged with the identified law firms. Midland will not agree to provide further documentation or to withdraw its objections.

4. All user manuals, invoices, available reports or screen prints, contracts or agreements, bulletins, instructions or other documents regarding either "XDocs" (as named in the deposition of Nancy Kohls) or YGC (youvegotclaims.com) other than a document pertaining to a specific consumer, portfolio or account.

Midland has already produced the screenprints of the YGC and XDocs systems, as they were used in connection with Plaintiff's account. Midland will produce additional manuals responsive to this request, if any, provided that they are not limited by a confidentiality provisions. Midland will withdraw all objections except as to confidentiality, as necessary.

5. The full personnel file for each employee of Midland Credit Management or other Encore company who was responsible for signing collection affidavits for Midland accounts on any date on or after January 1, 2007 (excluding all documents pertaining to the medical or health condition of such person).

Midland does not agree to produce such documents or to withdraw its objections as to any of the Legal Specialists other than Nancy Kohls, the Legal Specialist at Midland who signed the affidavit at issue for Mr. James. Midland, however, will supplement its response to produce all non-medical information in the personnel file of Ms. Kohls.

6. Produce a copy of each of the documents you have previously disclosed to the opposing party or Court in any civil case in which a consumer prosecuted a claim against you for alleged robo signing or false representations made with regard to collection affidavits (excluding all documents that pertain solely to a specific consumer).

Plaintiff's counsel has limited this request to the documents produced in the actions of *Kelli Gray v. Midland Funding LLC* and *Midland Funding LLC v. Andrea Brent* that are not related to specific consumers. Midland will agree to produce non-consumer specific and non-state specific documents that were produced in those identified actions to the extent that they are also implicated by the claims and defenses pled in this action. Midland does not agree to withdraw its objections.

7. Produce a copy of all Interrogatory responses you have previously made to an opposing party in any civil case in which a consumer prosecuted a claim against you for alleged robo signing or false representations made with regard to collection affidavits (excluding all documents that pertain solely to a specific consumer).

Plaintiff's counsel has limited this request to the documents produced in the actions of *Kelli Gray v. Midland Funding LLC* and *Midland Funding LLC v. Andrea Brent* that are not related to specific consumers. Midland will agree to produce non-consumer specific and non-state specific answers that were produced in those identified actions to the extent that they are

also implicated by the claims and defenses pled in this action. Midland does not agree to withdraw its objections.

   8. Produce a copy of all correspondence, email, other communications or other documents you have previously provided to the office of any government agency or department (e.g. Attorneys General or the FTC, without limitation) regarding your creation, use or signing of collection affidavits (excluding all documents that pertain solely to a specific consumer).

Midland will agree to produce non-consumer specific and non-state specific documents that were produced to government agencies or the FTC to the extent that they are also implicated by the claims and defenses pled in this action. Midland does not agree to withdraw its objections.

   9. An electronic copy in native or pdf form of every e-mail stored, archived or retrievable that include the word "affidavit" within the subject or body of the e-mail and any of the following individuals in the to, from, cc, or bcc fields: Jane Hughes, Gail Stanger, Rita Mercalia (sic?), Greg Call or Brandon Black.

Midland has proposed that the parties agree to limit the scope of this request from July 15, 2009 through April 7, 2011 and to the following search terms.

| Affidavit w/3 polic* |
| Affidavit w/3 procedure* |
| affidavit w/3 form |
| affidavit w/3 template |
| Gilbert w/3 James |

Plaintiff will not agree to any limitations except as to the search term "affidavit." Midland does not agree to produce these documents without reasonable search term and time limitations nor will Midland withdraw its objections (including as to privilege) while this disagreement is pending. Please let me know if you have any alternatives other than the word "affidavit" alone.

   10. An electronic copy in native or pdf form of every e-mail stored, archived or retrievable within the Outlook folders of Nancy Kohls.

*See* Midland's response to Request No. 9.

   11. Copy of all e-mails in the system that were sent by Rita Mercalia (sic?) from January 1, 2008 to the present.

Midland believes that this request implicates essentially only privileged information. Plaintiff has agreed to limit the scope of this request to any emails sent by Rita Melconian and archived in her "Dominion Law Associates," "Glasser & Glasser," or "Virginia" email sub-

folders. Midland will not agree to produce such documents except upon agreement to the search term and date limitations identified in Midland's response to Request No. 9.

12. All correspondence between Jane Hughes, Gail Stanger, Rita Mercalia (sic?), Greg Call and/or Brandon Black, and any of these persons or any other person, regarding the process for Midland's employees to create, prepare, and or sign collection affidavits.

*See* Midland's response to Request No. 9.

13. Electronic or native copy of any video, sound, or telephonic recordings regarding the subject of Midlands's collection affidavits.

There are no such documents, and no further action is necessary on Midland's behalf.

14. All procedures, manuals or PowerPoint presentations located on Defendants' Intranet system or database.

Midland has agreed to produce additional screenshots from its Intranet system. Midland will withdraw its objections, except as to privilege and relevance, and it will provide a supplemental privilege log, as necessary.

15. The complete catalog or index of all documents stored on Defendants' Intranet system or database.

Midland will seek to provide a document listing of the documents stored on its intranet system, if possible, by working with its Information Technology department. With this understanding, Midland will withdraw its objections.

16. All Business Organization formation and maintenance documents (e.g. Articles of Organization or Incorporation, Bylaws, Operating Agreements, Corporate Minutes, etc.) for each Defendant.

Midland will agree to provide any additional bylaws and operating agreements that have not yet been produced. Plaintiff agrees that any corporate minutes produced could be redacted with respect to material unrelated to discussions about collection activity (*e.g.*, business strategies). Plaintiff will agree that these corporate minutes are unnecessary if Midland stipulates that all three entities have been properly named as defendants. Midland is exploring entering into such a stipulation, and it is agreeable in principle, but it will not withdraw its objection as to relevance in the interim.

17. All employee performance and evaluation scoring forms (PACE?) used to evaluate employees and all documents that regard the scoring or evaluation metrics used for your Legal Specialists.

Midland will not agree to provide such documents, except as to the PACE form of Nancy Kohls, which has already been produced, or to withdraw its objections.

18. All documents ever received from Capital One (including all transmittal letters, emails and other correspondence) that do not regard a specific consumer.

Midland has produced its Bill of Sale and the redacted Receivable Sale Agreement covering Plaintiff's account. Midland will also continue investigating whether further documentation exists that would be responsive to this request. In the interim, Midland will not agree to provide further documentation in addition to what has previously been provided or to withdraw its objections.

19. All available screen-prints for the computer system that also includes the Affidavit Validation screen used by your Legal Specialists to validate affidavits.

Midland will provide the further requested screen-prints for all tabs off of the manual validation screen template that was previously produced. Midland will withdraw its objections.

20. All manuals or other documents explaining the content for and use of the "manual validation program" used by your Legal Specialists.

Midland will agree to produce such additional documents and to withdraw its objections.

21. Printouts or electronic documents recording the work dates and times for all of your Legal Specialists and any other notary responsible for assisting a legal specialist in the signing of collection affidavits during the months of September 2009 through the present.

Midland is investigating whether it has documents tracking the affidavit output of its Legal Specialists and will supplement its production accordingly. Plaintiff represents that he is not interested in any documents tracking the work dates and times for any Legal Specialists. Subject to this narrowed interpretation of this request, Midland will withdraw its objections.

22. Produce all documents identified in your answers to Plaintiff's First Set of Interrogatories.

Midland will withdraw its objection. No additional action is necessary.

23. Produce all documents in your possession with regard to the Plaintiff or the subject of this suit.

Midland is checking to determine whether it has additional documentation concerning the Plaintiff. If so, Midland will produce such documents subject to any claim of attorney-client privilege, and Midland will supplement its privilege log, as appropriate. Midland will withdraw its remaining objections.

24. Produce all correspondence between you and the Plaintiff, which regard the subject of this lawsuit or the Plaintiffs.

No further response is necessary by Midland as such documents have been produced.

25. Produce all documents that were mailed or otherwise delivered to you by the Plaintiff or co-defendants, which regard the subject of this lawsuit or the Plaintiff.

No further response is necessary by Midland as such documents have been produced.

26. Produce all documents or exhibits which you intend to produce at trial.

No further response is necessary by Midland as such documents have been produced.

27. Produce all documents that detail or describe your procedures for compliance with 15 U.S.C. §1681s-2(b), since January 1, 2008.

Midland will produce such documents. With respect to any electronically-stored information implicated by this request, however, Midland will agree to produce such documents and will withdraw all objections except as relating to privilege only after agreement upon reasonable search terms, date limitations, and identification of custodians. Midland will supplement its privilege log upon the production of additional documents if necessary.

28. Produce all documents that contain the Plaintiff's name, social security number, and/or addresses.

Midland will withdraw all objections except as relating to privilege, and Midland will supplement its privilege log, as appropriate. No additional action is necessary.

29. Produce all manuals that describe, detail or explain the operation of or any codes within any computer program or software in which data has been compiled, created stored or organized pertaining to the Plaintiff or any account(s) attributed or related to him.

Midland will produce documents describing the codes contained on the documents that detail the collection activity for Plaintiff's account, withdraw its objections except as to privilege, and will provide a supplemental privilege log upon production, as necessary.

30. Produce all documents pertaining to or containing explanation(s), instruction(s) or procedure(s) for your reporting of credit information or investigation of credit information disputes.

Plaintiff has agreed to limit the scope of this interrogatory to exclude documents relating to a specific consumer. Midland will produce such documents, withdraw its objections except as to privilege, and will provide a supplemental privilege log upon production, as necessary.

31. Produce all minutes, memos, letters, emails, or other documents, electronic or non-electronic, exchanged between or provided by you to or received by you from the CDIA or any member of the CDIA (Equifax, Trans Union or Experian) regarding the use of the e-Oscar system, compliance with the FCRA or the Automated Batch Interface dispute system you have used.

Plaintiff has agreed to limit the scope of this interrogatory to exclude documents relating to a specific consumer. Midland will produce any manuals, training or compliance materials regarding the identified topics. With respect to any electronically-stored information implicated by this request, however, Midland will agree to produce such documents and will withdraw all objections except as relating to privilege only after agreement upon reasonable search terms, date limitations, and identification of custodians.

32. Produce the personnel file(s) of each of your employees who ever conducted an investigation or reinvestigation of any information ever placed in the Plaintiff's file or regarding the Plaintiff or any account that you had attributed to him.

Midland will produce application, salary, disciplinary and performance evaluation information (*i.e.*, non-medical information) from the personnel files of Nancy Kohls, Kathleen Tomzcik, and Markie Meyers; the Midland employees who conducted an investigation of information placed in Plaintiff's file. Midland will also withdraw its objections.

33. Produce every manual or other document which explains and/or describes when, how, and under what circumstances you archive, retain, or capture account data in any file bearing any of Plaintiffs personal identifiers.

Midland will produce such documents, will withdraw its objections except as to privilege, and will provide a supplemental privilege log upon production if necessary.

34. Produce every document that regards your knowledge of the decision of the Fourth Circuit in *Linda Johnson v. MBNA*, regarding the duties of furnishers of credit information.

Midland will agree to produce the categories of documents where any discussion of the *Johnson* decision, in words or substance, would likely be captured. Midland will withdraw its objections except as to privilege and will provide a supplemental privilege log upon the production of additional documents, as appropriate.

35. Produce each Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] communication or other dispute communication you received from any consumer reporting agency that regarded the Plaintiff or any of her personal identifiers.

Midland will produce all such documents in its possession, including those recently received from e-OSCAR, and will withdraw its objections.

36. Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of any affidavit, deposition, transcript, or report which contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case.

Midland will comply with all applicable Court Orders and the Federal Rules of Civil Procedure regarding expert witness designations. With respect to all fact witnesses, Plaintiff has agreed to limit the scope of this request to deposition testimony and non-consumer affidavits regarding consumer credit cases involving third parties. Midland will not agree to provide such documents or to withdraw its objections.

37. Produce all documents prepared by you or on your behalf used in connection with the training, instruction, supervision or evaluation of any of your employees or of any third party paid by you identified in your responses to these interrogatories.

Midland will agree to provide all training manuals regarding the FDCPA, the FCRA, affidavit execution from January 1, 2009 forward, and identity theft, i.e., the subject matter of Plaintiff's claims. Plaintiff has not agreed to that limitation. Midland will not agree to provide additional documents or to withdraw its objections.

38. Produce your annual report issued for the fiscal or calendar years 2008, 2009 and 2010. (In lieu of producing such documents, you may produce a written stipulation of the amount of your Net Worth as of December 31, 2010).

Midland will withdraw its objections. No additional action is necessary.

39. Produce every manual or other document which lists, explains and/or describes any code contained in your customer information systems, any reinvestigation record or file, and any other retained computer record and/or screen/file you generated and accessed regarding Plaintiff or any account attributed to the Plaintiff.

Midland will produce documents describing the codes contained on the documents that detail the collection activity for Plaintiff's account, withdraw its objections except as to privilege, and will provide a supplemental privilege log upon production, as appropriate.

**TROUTMAN SANDERS**

Page 10

40. Produce your complete procedures manual for reinvestigations, including all revisions since January 1, 2008.

Midland will produce such documents and withdraw its objections.

41. Produce any document that you have regarding the establishment, maintenance, implementation, improvement, or modification of investigation procedures or of procedures related to the submission and accuracy of data by you to the credit bureaus through Metro 1 or Metro 2.

Midland will produce such documents, will withdraw its objections except as to privilege, and will provide a supplemental privilege log upon production, as necessary.

42. Produce each Universal Data Form or Automated Universal Data Form [UDF or AUDF] communication you provided to any consumer reporting agency, which pertained to the Plaintiff or any of his personal identifiers.

Midland will agree to agree to produce such documents, if any, and to withdraw its objections.

43. Produce the Complaint filed against you in every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. § 1681s-2.

Midland is continuing the process of exploring the logistics behind fully gathering such documents and will determine whether it will respond or object in the short term. In the alternative, Midland is willing to stipulate that it has been sued under 15 U.S.C. § 1681s-2 in the three years prior to the filing of Plaintiff's Complaint.

44. Produce every document, internal memorandum, e-mail, or other electronic communications through which you or your employees discussed your maintenance, modification, and/or creation of your FCRA investigation procedures.

Midland will produce such documents. With respect to electronically-stored information, however, Midland will agree to produce such documents and will withdraw all objections except as relating to privilege only after agreement upon reasonable search terms, date limitations, and identification of custodians.

45. Produce the application(s), monthly statements, correspondence, and any other documents that pertain to any account(s) for which you contend the plaintiff has ever been liable to you for an outstanding balance on that account(s).

No further action is necessary by Midland as such documents have been produced.

46. Produce any settlement agreement in which you have been a party that disposed of any lawsuit in which you have been sued for your alleged violation of 15 U.S.C. § 1681s-2.

Plaintiff has withdrawn this request.

47. Produce any documents that list the names, positions and job descriptions of all of your employees.

Plaintiff has agreed to limit the scope of this request to the members of the Legal Department and Legal Outsourcing Department. Midland has identified the names and positions of all individuals with knowledge of the claims and defenses asserted in connection with Plaintiff's action, and it will produce its entire officer and director lists from 2008 forward. Midland will not agree to produce further documents or to withdraw its objections.

48. Please produce any document that details and describes the organizational structure of your company.

No further response is necessary by Midland as Midland has produced its entity-level organization chart.

### First Interrogatories

1. Identify (name, address, job title and description) of every person who substantively participated in the drafting or editing in each of the following training manuals and the date range during which they so participated as well as the specific work they performed in this process:

- Encore Capital Group, Inc. — MCM Affidavit Training — Understanding Affidavit Content (MJ00186-MJ00249)

- Encore Capital Group — MCM Affidavit Training — Understanding Affidavit Content (MJ00090 — MJ00172)

- Encore Capital Group — Midland Affidavit Process — November 29, 2010 (MJ00173-MJ00182)

- MCM Training Department AMM December 30, 2010 -Module 1—FDCPA (MJ00250-MJ00285)

- MCM Training Department AMM -5/3/2010 - Module 6 — Disputes & Warning Codes — (MJ00286-MJ00341)

Midland agrees to identify actors who worked on such documents with only a general description of tasks performed. Midland will withdraw its objections except as to privilege.

  2. Identify (name, address, job title and description) every person who substantively participated in the drafting or editing of each format, type or template of Affidavit generated by you for use since September 2009, listed by the name which you have assigned to each such Affidavit (e.g. "AFFRECORD"), and the date range during which they so participated as well as the specific work they performed in this process.

  Midland agrees to identify actors who worked on the AFFRECORD template with only a general description of tasks performed. Midland will withdraw its objections except as to privilege.

  3. Identify (name, address, job title and corporate position) each person who has served as an Officer or Director for any of the Defendants since January 1, 2008 and state the date range and title for each position(s) held by such person.

  Midland will agree to provide its officer and director lists from 2008 forward and to withdraw its objections. Plaintiff agrees that this is sufficient to respond to this interrogatory.

  4. Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in plaintiffs complaint or amended complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or, for expert witnesses, by report furnished to the court or opposing counsel. (Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken or occurred.)

  Midland will supplement the list of identified individuals to add specific individuals from Dominion Law Associates and Collect America, if possible. Midland will not provide a listing of prior deposition testimony and affidavits. Midland will not agree to withdraw its objections on that specific issue.

  5. Did you ever conduct an investigation of any information ever reported to a consumer reporting agency about the Plaintiff or otherwise placed in a file at your company about the Plaintiff? If so, fully state all details of such investigation. (More specifically and narrowly, the following is the minimum amount of information that will satisfy this request and interrogatory: the names of the persons who conducted or participated in any such investigation; the date of each such investigation; all procedures used by you in conducting any such investigation; each document or electronic record you know that your employee(s) actually consulted in performing such investigation(s); each document or electronic record your employee(s) was permitted to consult in performing such investigation(s); each document or electronic record your employee(s) was required to consult in performing such investigation(s);

and all steps taken by the defendant with respect to the plaintiff's file following any such investigation).

Midland will agree to withdraw its objections. No additional action is necessary as Midland has responded.

6. Identify all documents prepared by or on behalf of the defendant used in connection with the training, instruction, supervision or evaluation of any of your Legal Specialists, and/or any of your employees identified in your responses to these interrogatories or in your Rule 26(a)(1) disclosures.

Midland will agree to withdraw its objections. No additional action is necessary as Midland has responded.

7. State the net worth, gross revenue, and net revenue of each Defendant for fiscal and/or calendar years 2009, 2010 and 2011, and identify any report filed with the SEC for any of these years.

Midland will withdraw its objections and provide such information. The parties have agreed to work together to determine whether a stipulation in this regard is possible with respect to the net worth of Midland Credit Management, Inc. and Midland Funding, LLC.

8. Identify every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. §1681s-2(b) by a consumer who alleged that he or she was not the person who owed you money or who claimed that he was the victim of identity theft. Include the style of the case, the court in which the action was brought, the case number, the name of the Plaintiffs attorney, the date the case was filed and the disposition in the case.

Midland is continuing the process of exploring the logistics behind fully gathering such documents and will determine whether it will respond or object in the short term. In the alternative, Midland is willing to stipulate that it has been sued under 15 U.S.C. § 1681s-2 in the three years prior to the filing of Plaintiff's Complaint.

9. Since January 1, 2009, did any defendant provide any information related and/or attributed to the plaintiff to any consumer reporting agency? If so, identify all such persons, and, for each separate month state the specific information — by date and in both English language description, as well as METRO II code, provided to any such agency.

In addition to its prior answer, Midland will agree to provide an English language description of its credit reporting history with respect to Plaintiff's account and to withdraw its objections.

10. Do you admit that you inaccurately reported the Midland account alleged in the complaint to Experian, Equifax and Trans Union? If your answer is "No.", state and list in complete detail each separate reason supporting your answer.

Midland will withdraw its objections. No additional action is necessary.

11. State each legal contention that is part of your defense to the Plaintiff's RICO claim and all facts that support each such contention.

Midland has formally requested that Plaintiff identify the subsection(s) under which his RICO claim is stated. Midland will agree to supplement its responses and to withdraw its objections.

12. Identify (name, address and date of the affidavit) all consumers residing in Virginia about whom since the filing of this Complaint you have furnished an "AFFRECORD" format affidavit to Glasser and Glasser and/or Dominion Law Associates.

Midland is agreeable in principle to entering into a stipulation regarding its continued use of business record affidavits such as the AFFRECORD after filing of Plaintiff's lawsuit. Midland will also consider providing the numerical range of lawsuits that used such affidavits in 2011 in lieu of a substantive response.

13. [I]dentify each "outside party" or "partner company" and all persons representing such party or company who have visited any of your offices or facilities to discuss, review, develop, inquiry about or explore your affidavit process since January 1, 2009, and for each state date(s) of such visit(s), as well as all circumstances and reasons for such visit(s).

Midland will withdraw its objections and will respond.

Please do not hesitate to contact me if you have any questions or want to discuss any of these issues further.

Regards,

David N. Anthony

cc: All counsel of record (*by email*)

2108940v1