UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

GILBERT JAMES,

    Plaintiff,

v.                                            Civil Action No. 3:11cv00221

ENCORE CAPITAL GROUP, INC., *et al.*

    Defendants.

## DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES

Defendants, Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc. (collectively, "Midland Defendants"), by counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure, respond to Plaintiff, Gilbert James's ("Plaintiff") Interrogatories as follows:

### General Responses

1.    The Midland Defendants make these answers based on their best knowledge, information and belief as of the making of these answers. However, discovery is ongoing. The Midland Defendants reserve the right to rely on additional and further facts as may be discovered in this matter.

2.    As currently drafted, Plaintiff's First Set of Interrogatories are largely objectionable. The Midland Defendants have set forth their objections below. The Midland Defendants will supplement these responses to the extent required by the Federal Rules of Civil Procedure and/or Court Order.

3.    The Midland Defendants restate and incorporate herein their Objections to Plaintiff's discovery, both general and specific, served on September 9, 2011.



## First Interrogatories

1. Identify (name, address, job title and description) of every person who substantively participated in the drafting or editing in each of the following training manuals and the date range during which they so participated as well as the specific work they performed in this process:

- Encore Capital Group, Inc. — MCM Affidavit Training — Understanding Affidavit Content (MJ00186-MJ00249)

- Encore Capital Group — MCM Affidavit Training — Understanding Affidavit Content (MJ00090 — MJ00172)

- Encore Capital Group — Midland Affidavit Process — November 29, 2010 (MJ00173-MJ00182)

- MCM Training Department AMM December 30, 2010 -Module 1—FDCPA (MJ00250-MJ00285)

- MCM Training Department AMM -5/3/2010 - Module 6 — Disputes & Warning Codes — (MJ00286-MJ00341)

**RESPONSE:** The Midland Defendants object to this Interrogatory to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants also object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. The Midland Defendants further object to this Interrogatory to the extent that the phrase "substantively participated" is vague and ambiguous.

Subject to and without waiving their Objections, the Midland Defendants state that the materials identified were prepared by the Midland Defendants' in-house legal department. The specific nature of such preparation is protected by the attorney-client privilege.

2. Identify (name, address, job title and description) every person who substantively participated in the drafting or editing of each format, type or template of Affidavit generated by you for use since September 2009, listed by the name which you have assigned to each such Affidavit (e.g. "AFFRECORD"), and the date range during which they so participated as well as the specific work they performed in this process.

**RESPONSE:** The Midland Defendants object to this Interrogatory to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants also object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. The Midland Defendants further object to this Interrogatory to the extent that the phrase "substantively participated" is vague and ambiguous.

Subject to and without waiving their Objections, the Midland Defendants state that the AFFRECORD template filed in connection with Plaintiff's state court collection action was prepared by members of the Midland Defendants' in-house legal department. The specific nature of such preparation is protected by the attorney-client privilege.

3. Identify (name, address, job title and corporate position) each person who has served as an Officer or Director for any of the Defendants since January 1, 2008 and state the date range and title for each position(s) held by such person.

**OBJECTION:** The Midland Defendants object to this Interrogatory to the extent that it is overly broad because it requests information unrelated to Plaintiff's account, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Interrogatory seeks information from January 1, 2008 through the

present. The Midland Defendants also object to this Interrogatory because it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it seeks information that is unrelated to collections activity and/or regarding employees who had no contact with Plaintiff's account. The Midland Defendants further object to the Interrogatory on the basis that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses.

Subject to and without waiving their Objections, the identity of the current Officers and Directors of the Midland Defendants are contained in documents Bates labeled MJ00943-MJ00941. The burden of deriving such information is substantially the same for both the Midland Defendants and Plaintiff, and pursuant to Fed. R. Civ. P. 33(d), the Midland Defendants direct Plaintiff to such documents to ascertain the requested information.

4. Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in plaintiffs complaint or amended complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or, for expert witnesses, by report furnished to the court or opposing counsel. (Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken or occurred.)

**RESPONSE:** The Midland Defendants object to this Interrogatory as premature under Fed. R. Civ. P. 16(b) and 26(a)(3) or the scheduling order entered in this case with respect to the expert witnesses, if any, retained in this action. The Midland Defendants also object to this Interrogatory because it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests information regarding participation in lawsuits that are entirely unrelated to Plaintiff's claim.

Subject to and without waiving their Objections, the Midland Defendants identify the following fact witnesses whose identification is both readily ascertainable and reasonably calculated to lead to the discovery of admissible evidence.

| Full Name | Affiliation | Area of Knowledge |
|---|---|---|
| Nancy M. Kohls | Midland Credit Management, Inc. – Legal Specialist | Knowledge of the process for the execution of affidavits within the Midland Defendants; knowledge of the substance of the affidavit filed in connection with Plaintiff's state court collection lawsuit |
| Gregory Call | Midland Funding, LLC – Assistant Secretary; Midland Credit Management, Inc. – General Counsel & Assistant Secretary | Knowledge regarding the debt collection policies and procedures of Midland Credit Management, including the process for the execution of affidavits |
| Angelique Ross | Midland Credit Management, Inc. – Consumer Relations Manager | Knowledge regarding the debt collection policies and procedures of Midland Credit Management; knowledge regarding credit reporting and dispute resolution of Midland Credit Management |
| Jill Brown | Midland Funding, LLC – Assistant Secretary; Midland Credit Management, Inc. - Corporate Counsel, Legal Affairs & Compliance | Knowledge of the process for the execution of affidavits within Midland Credit Management, including legal compliance |
| Josh Knebel | Midland Credit Management, Inc. – Program Manager I | Knowledge of the process for the execution of affidavits within Midland Credit Management, including the assignment of affidavits to Legal Specialists |
| Gail Stanger | Midland Credit | Knowledge of the process for the execution |

|  | Management, Inc. – Manager, Operations | of affidavits within Midland Credit Management |
|---|---|---|
| Rita Melconian | Encore Capital Group, Inc. – Assistant Secretary; Midland Funding, LLC – Assistant Secretary; Midland Credit Management, Inc. - Corporate Counsel, Legal Affairs and Litigation, and Assistant Secretary | Knowledge regarding the debt collection policies and procedures of Midland Credit Management |
| Jane Hughes | Midland Credit Management, Inc. – Director of Operations (former employee) | Knowledge of the process for the execution of affidavits within Midland Credit Management |
| Markie Myers | Midland Credit Management, Inc. – Consumer Relations Clerk | Knowledge of the substance of the investigation preformed by Midland Credit Management in responding to Plaintiff's credit reporting dispute |
| Kathleen Rosty Tomczik | Midland Credit Management, Inc. – Account Manager (former employee) | Knowledge of Plaintiff's account, including conversations with Plaintiff regarding his claim of identity theft |
| Jonathan Stalls | Capital One Bank, N.A. – Recoveries MVP | Knowledge of the assignment of the portfolio of debt purchased by Midland Funding, including the outstanding debt of Plaintiff |
| Dominion Law Associates | Third-party attorneys | Knowledge of the state court collection lawsuit filed in connection with Plaintiff's account |
| Collect America, Ltd. | Third-party collection agency | Knowledge of the collections activities regarding Plaintiff's account, as well as Plaintiff's disputed ownership of the account |

5. Did you ever conduct an investigation of any information ever reported to a consumer reporting agency about the Plaintiff or otherwise placed in a file at your company about the Plaintiff? If so, fully state all details of such investigation. (More specifically and narrowly, the following is the minimum amount of information that will satisfy this request and interrogatory: the names of the persons who conducted or participated in any such investigation;

6

the date of each such investigation; all procedures used by you in conducting any such investigation; each document or electronic record you know that your employee(s) actually consulted in performing such investigation(s); each document or electronic record your employee(s) was permitted to consult in performing such investigation(s); each document or electronic record your employee(s) was required to consult in performing such investigation(s); and all steps taken by the defendant with respect to the plaintiff's file following any such investigation).

**RESPONSE:** The Midland Defendants object to this Interrogatory as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case. The Midland Defendants also object to this Interrogatory to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to this Interrogatory to the extent that the term "procedures" is vague and ambiguous. The Midland Defendants object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their objections, the Midland Defendants respond as follows. On or about May 12, 2011, the Midland Defendants received notice of a dispute through the E-OSCAR system with the following dispute code: "DISP: 001:NOT HIS/HERS." In response to this dispute, on May 12, 2011, Markie Myers, a Consumer Relations Clerk at Midland Credit Management, performed a manual investigation of the dispute. Ms. Myers was permitted to consult all account-level documentation and all collection notes maintained by the Midland Defendants regarding Plaintiff's account in performing her investigation. Ms. Myers,

however, has no specific recollection of the documents that she reviewed in responding to Plaintiff's dispute. In light of the fact that the account had been paid off by Plaintiff prior to the time that he initiated the E-OSCAR dispute process, in responding to the dispute, the Midland Defendants reported to credit reporting agencies that the account had been "settled."

Furthermore, soon after purchasing Plaintiff's debt, Midland Credit Management's collection activities were performed by Collect America, Ltd. On June 22, 2009, a Collect America employee discussed Plaintiff's claim of identity theft and requested documentation substantiating that claim. On June 25, 2009, Collect America provided Plaintiff with a facsimile number where he could transmit the documentation regarding his claim of identity theft. Upon receipt of the requested documentation from Plaintiff, on June 29, 2009, Collect America informed Plaintiff that the documentation provided did not relate to the account at issue and also did not support his claim of identity theft, as the third-party investigation detailed in Plaintiff's documentation found that Plaintiff was the responsible party for the challenged account. On August 20, 2009, Collect America spoke to Plaintiff regarding his claim of identity theft, again informing Plaintiff that proof would be required to validate his claim before Collect America could take action. Plaintiff pledged to provide such proof when he found the relevant paper work, but such documentation was never provided.

Midland Credit Management also investigated Plaintiff's claim of identity theft. On or about October 14, 2009, Midland Credit Management sent Plaintiff a letter, which informed Plaintiff of the process for disputing ownership of the debt. On October 21, 2009, Plaintiff contacted Kathleen Rosty Tomczik at Midland Credit Management disputing ownership of the debt. In November 2009, Midland Credit Management requested that Plaintiff provide proof of his claim of identity theft. Plaintiff failed to do so. On May 13, 2010, after default judgment

was entered against Plaintiff in Richmond General District Court, Plaintiff submitted an "ID Theft Affidavit" to Dominion Law Associates, who then forwarded this document to Midland Credit Management. However, this affidavit was not notarized, as mentioned on the FTC identity theft affidavit itself, and as required by Midland Credit Management.

6. Identify all documents prepared by or on behalf of the defendant used in connection with the training, instruction, supervision or evaluation of any of your Legal Specialists, and/or any of your employees identified in your responses to these interrogatories or in your Rule 26(a)(1) disclosures.

**RESPONSE**: The Midland Defendants object to the scope of this Interrogatory as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Interrogatory is not limited in time, and because it seeks documents unrelated to collections activity regarding Plaintiff's account. The Midland Defendants also object to this Interrogatory to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their objections, the Midland Defendants identify by Bates label the following final versions of the manuals that were presented to Legal Specialists for training purposes during the relevant date range. MJ00186-MJ00249; MJ00090-MJ00172; MJ00173-MJ00182; MJ00401-MJ00406; MJ00342-MJ00400; MJ00881-MJ00933

7. State the net worth, gross revenue, and net revenue of each Defendant for fiscal and/or calendar years 2009, 2010 and 2011, and identify any report filed with the SEC for any of these years.

**RESPONSE**: The Midland Defendants object to this Interrogatory because it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence with respect to any of the substantive claims asserted by Plaintiff. The Midland Defendants also object to this Interrogatory to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses.

Subject to and without waiving their Objections, the net worth, gross revenue, and net revenue of the Midland Defendants is detailed in periodic financial reports and Securities and Exchange Commission filings of Encore Capital Group, Inc., which are located at: http://phx.corporate-ir.net/phoenix.zhtml?c=115920&p=irol-reportsOther. The burden of deriving such information is substantially the same for both the Midland Defendants and Plaintiff, and pursuant to Fed. R. Civ. P. 33(d), the Midland Defendants direct Plaintiff to such documents to ascertain the requested information.

8. Identify every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. §1681s-2(b) by a consumer who alleged that he or she was not the person who owed you money or who claimed that he was the victim of identity theft. Include the style of the case, the court in which the action was brought, the case number, the name of the Plaintiffs attorney, the date the case was filed and the disposition in the case.

**RESPONSE**: The Midland Defendants object to this Interrogatory as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, because it requests information unrelated to Plaintiff's account, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Interrogatory is not limited in time. The Midland Defendants object to this Interrogatory because it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests information that is entirely unrelated to Plaintiff's claims. The Midland Defendants further object to this Interrogatory to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The collection of such information would also place undue administrative burdens on the Midland Defendants' employees.

9. Since January 1, 2009, did any defendant provide any information related and/or attributed to the plaintiff to any consumer reporting agency? If so, identify all such persons, and, for each separate month state the specific information — by date and in both English language description, as well as METRO II code, provided to any such agency.

**RESPONSE**: The Midland Defendants object to this Interrogatory as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case. The Midland Defendants also object to this Interrogatory to the extent that seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The

Midland Defendants further object to this Interrogatory to the extent that the term "Metro II Code" is vague and ambiguous.

Subject to and without waiving its Objections, the information provided to consumer reporting agencies by Midland Credit Management is detailed in documents Bates labeled MJ00851-MJ00876. The burden of deriving such information is substantially the same for both the Midland Defendants and Plaintiff, and pursuant to Fed. R. Civ. P. 33(d), the Midland Defendants direct Plaintiff to such documents to ascertain the requested information.

10. Do you admit that you inaccurately reported the Midland account alleged in the complaint to Experian, Equifax and Trans Union? If your answer is "No.", state and list in complete detail each separate reason supporting your answer.

**RESPONSE**: The Midland Defendants object to this Interrogatory as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case. The Midland Defendants also object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants respond as follows. No. Prior to the time that the Midland Defendants received notice of Plaintiff's dispute from E-OSCAR in May 2011, Midland Credit Management was already reporting Plaintiff's account as "disputed" due to the fact that Plaintiff had informed Midland Credit Management that he disputed ownership of the account. Upon receiving notice of the dispute from E-OSCAR in May 2011, the Midland Defendants reported back to credit reporting agencies that the account had been "settled," as the Midland Defendants had received payment in full from Plaintiff for his

account by that time. In September 2011, the trade line relating to Plaintiff's account was deleted.

11. State each legal contention that is part of your defense to the Plaintiff's RICO claim and all facts that support each such contention.

**RESPONSE**: The Midland Defendants object to this Interrogatory to the extent that it exceeds the scope of Fed. R. Civ. P. 33(a)(2).

Subject to and without waiving their Objections, the Midland Defendants respond as follows. Plaintiff has improperly failed to set forth the specific subsection of the Racketeer Influenced and Corrupt Organizations Act ("RICO") that the Midland Defendants are alleged to have violated. RICO is a complex, multipart statute with substantial pleading and proof requirements. Since the elements of a violation, and the enterprise that must be alleged, vary depending on which of the four subsections of 18 U.S.C. § 1962 is being asserted, courts require a plaintiff to specifically identify the subsection at issue and the alleged enterprise in order to ensure that the defendant has fair notice of the unlawful conduct of which it is being accused. *Reynolds v. E. Dyer Dev. Co.*, 882 F.2d 1249, 1251 (7th Cir. 1989) (noting that because each RICO subsection requires different elements, "it is essential to plead precisely in a RICO case the enterprise alleged and the RICO section allegedly violated."); *A. Gypsum Co., Inc. v. Lloyds Intern. Corp.*, 753 F. Supp. 505, 511, fn. 4 (S.D.N.Y. 1990) (noting that "[f]ailure to plead a specific subsection of § 1962 may alone constitute grounds to dismiss a RICO complaint, because it fails to inform defendants of the unlawful conduct in which they allegedly engaged.") (cite omitted).

Here, James's complaint does not identify the RICO subsection he believes defendants violated. Moreover, the alleged "enterprise" is constantly shifting. Accordingly, it is impossible to discern with certainty what the enterprise consists of, what it allegedly did or did not do, whether James has adequately pled it, or what the precise claim is that Defendants must defend. Since James's RICO cause of action, as pled, does not provide fair notice of his claim, and this Interrogatory cannot be meaningfully responded to by the Midland Defendants.

12. Identify (name, address and date of the affidavit) all consumers residing in Virginia about whom since the filing of this Complaint you have furnished an "AFFRECORD" format affidavit to Glasser and Glasser and/or Dominion Law Associates.

**RESPONSE**: The Midland Defendants object to the scope of the Interrogatory as overly broad, as this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit with respect to one consumer, whereas Plaintiff's Interrogatory is not limited to the relevant period of time or to Plaintiff's account, and also due to the fact that all third-party collection activity with respect to Plaintiff's account was conducted by Dominion Law Associates and no other law firm. The Midland Defendants also object to this Interrogatory because it seeks information regarding third party consumers that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants further object to this Interrogatory to the extent that it seeks proprietary and confidential business or personal information, including information about other consumers, that is not relevant to Plaintiff's claim or the Midland Defendants' defenses.

13. [I]dentify each "outside party" or "partner company" and all persons representing such party or company who have visited any of your offices or facilities to discuss, review, develop, inquiry about or explore your affidavit process since January 1, 2009, and for each state date(s) of such visit(s), as well as all circumstances and reasons for such visit(s).

**RESPONSE:** The Midland Defendants object to the scope of the Interrogatory as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Interrogatory seeks information from January 1, 2009 until the present time. The Midland Defendants also object to this Interrogatory because it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as the Midland Defendants' communications and meetings with third parties have no bearing on the individual claims asserted by Plaintiff. The Midland Defendants further object to this Interrogatory to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses.

ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC and
MIDLAND CREDIT MANAGEMENT, INC.

By: _____
Of Counsel

David N. Anthony (VSB No. 31696)
Timothy St. George (VSB No. 77340)
*Attorneys for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

John C. Lynch (VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1504
john.lynch@troutmansanders.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GILBERT JAMES,**

    **Plaintiff,**

**v.**      Civil Action No. 3:11cv00221

**ENCORE CAPITAL GROUP, INC.,** *et al.*

    **Defendants.**

## VERIFICATION

I, Angelique Ross, Consumer Relations Manager - Midland Credit Management, Inc., state that I have read Defendants' Responses to Plaintiff's First Set of Interrogatories, and that the answers contained therein are true and accurate to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October ___, 2011.

_____
Angelique Ross

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2011, I sent a true and correct copy of the foregoing by email to:

> Leonard A. Bennett, Esq.
> Susan M. Rotkis, Esq.
> Consumer Litigation Associates, P.C.
> 12515 Warwick Boulevard, Suite 100
> Newport News, VA 23606
> Telephone: (757) 930-3660
> Facsimile: (757) 930-3662
> Email: lenbennett@cox.net
>
> Matthew J. Erausquin, Esq.
> Consumer Litigation Associates, P.C.
> 1800 Diagonal Road, Suite 600
> Alexandria, VA 22314
> Telephone: (703) 273-6080
> Facsimile: (888) 892-3512
> Email: matt@clalegal.com
>
> Dale W. Pittman, Esq.
> THE LAW OFFICE OF DALE W. PITTMAN, P.C.
> The Eliza Spotswood House
> 112-A West Tabb St.
> Petersburg, VA 23803
> Telephone: (804) 861-6000
> Facsimile: (804) 861-3362
> Email: dale@pittmanlawoffice.com
>
> *Counsel for Plaintiff*

/s/ Timothy J. St. George
Timothy J. St. George (VSB Bar No. 77349)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
tim.stgeorge@troutmansanders.com

2068291v2