## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

GILBERT JAMES,

        Plaintiff,

v.                                                    Civil Action No. 3:11cv00221

ENCORE CAPITAL GROUP, INC., *et al.*

        Defendants.

## DEFENDANTS' RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Defendants, Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc. (collectively, "the Midland Defendants"), hereby submit the following responses to Plaintiff, Gilbert James's ("Plaintiff"), First Request for Production of Documents (the "Requests").

### GENERAL RESPONSES

1.      The Midland Defendants make these responses based on their best knowledge, information and belief as of the time of the making of these responses. The Midland Defendants will supplement these responses to the extent required by the Federal Rules of Civil Procedure.

2.      The Midland Defendants restate and incorporate herein their objections served on September 9, 2011 ("Objections"), both general and specific, in response to the Requests.

### Requests for Production

1.      [P]roduce all communications or other documents exchanged between any of the Defendants (any of their employees or agents) and any such "outside party" or "partner company" who have visited any of your offices or facilities to discuss, review, develop, inquiry about or explore your affidavit process since January 1, 2009.



EXHIBIT
*E*
Blumberg No. 5118

**RESPONSE**:   The Midland Defendants object to the scope of this Request as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request seeks documents from January 1, 2009 until the present time.   The Midland Defendants also object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as the Midland Defendants' communications with third parties about subjects or individuals other than Plaintiff have no bearing on the individual claims asserted by Plaintiff.  The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses.

2.   All documents exchanged between any of your employees and Bank of America, Target Receivables Corporation or any other third party regarding your process for creating, preparing and/or signing collection affidavits.

**RESPONSE**:   The Midland Defendants object to the scope of this Request as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request seeks documents from January 1, 2009 until the present time.   The Midland Defendants also object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as the Midland Defendants' communications with third parties about subjects or individuals other than Plaintiff have no bearing on the individual claims asserted by Plaintiff.  The Midland Defendants further object to

this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses.


2.      All full or partial drafts and additions/versions of your written materials used to instruct or manage the preparation and/or signing of collection affidavits by any of your employees since January 1, 2009 through the present.[1]

**RESPONSE**:  The Midland Defendants object to the scope of the Request as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request seeks documents from January 1, 2009 until the present time.  The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses.  The Midland Defendants further object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged documents that were used to train the employees of the Midland Defendants from July 2009 through April 2011.


3.      All documents exchanged between you and Dominion Law, Glasser and Glasser or any other law firm that collects Midland Funding accounts in the State of Virginia since January 1, 2006 through the present. (excluding documents that pertain solely to a specific consumer).

---

[1] Due to a typographical error, both this request and the immediately-preceding request were numbered by Plaintiff's counsel as Request No. 2.

**RESPONSE:** The Midland Defendants object to the scope of the Request as overly broad, as this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit with respect to one consumer, whereas Plaintiff's Request is not limited to the relevant period of time or to Plaintiff's account, and also due to the fact that all third-party collection activity with respect to Plaintiff's account was conducted by Dominion Law Associates and no other law firm. The Midland Defendants also object to this Request because it seeks documents regarding third party consumers that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object that this Request principally seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection a copy of the non-privileged portions of the engagement agreement(s) with Dominion Law Associates in existence during the period of July 2009 through April 2011.

4.　　All user manuals, invoices, available reports or screen prints, contracts or agreements, bulletins, instructions or other documents regarding either "XDocs" (as named in the deposition of Nancy Khols) or YGC (youvegotclaims.com) other than a document pertaining to a specific consumer, portfolio or account.

**RESPONSE:** The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably

calculated to lead to the discovery of admissible evidence, as documents detailing the substance of the Midland Defendants' computerized collections software, contracts with third parties, and information about consumers other than Plaintiff have no bearing on the claims asserted by Plaintiff. The Midland Defendants also object to the scope of the Request as overly broad, as this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object that this Request principally seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged manuals, if any, dated July 2009 through April 2011.

5.    The full personnel file for each employee of Midland Credit Management or other Encore company who was responsible for signing collection affidavits for Midland accounts on any date on or after January 1, 2007 (excluding all documents pertaining to the medical or health condition of such person).

**RESPONSE:**  The Midland Defendants object to the scope of the Request as overly broad because this action implicates collections activity with respect to one consumer, and with respect to an affidavit that was signed by an identified employee of Midland Credit Management, Inc., and also because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request seeks documents beginning

on January 1, 2007 through the present.  The Midland Defendants also object to this Request

because it seeks documents that are neither relevant to the subject matter of this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, as it requests documents

unrelated to collections activity and regarding employees who were no way associated with

Plaintiff's account.  The Midland Defendants further object to this Request to the extent that it

seeks proprietary and confidential business or personal information that is not relevant to

Plaintiff's claim or the Midland Defendants' defenses.

Subject to and without waiving their Objections, the Midland Defendants will produce or

make available for inspection only the portions of the personnel file of Nancy Kohls that relate to

any performance evaluation and/or any record of disciplinary action.


6.      Produce a copy of each of the documents you have previously disclosed to the

opposing party or Court in any civil case in which a consumer prosecuted a claim against you for

alleged robo signing or false representations made with regard to collection affidavits (excluding

all documents that pertain solely to a specific consumer).

**RESPONSE**:  The Midland Defendants object to this Request because it seeks

documents that are neither relevant to the subject matter of this litigation nor reasonably

calculated to lead to the discovery of admissible evidence, as it requests documents that are

entirely unrelated to Plaintiff's individual claims.  The Midland Defendants also object to the

scope of the Request as overly broad because it seeks production of voluminous documents few,

if any, of which would be relevant to Plaintiff's individual claims, and because this action

implicates collections activity beginning in July 2009 and ending prior to the filing of this

lawsuit, whereas Plaintiff's Request is not limited in time.  The assembly of these documents

would place undue administrative burdens on the Midland Defendants' employees. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

7.     Produce a copy of all Interrogatory responses you have previously made to an opposing party in any civil case in which a consumer prosecuted a claim against you for alleged robo signing or false representations made with regard to collection affidavits (excluding all documents that pertain solely to a specific consumer).

**RESPONSE:**   The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests documents that are entirely unrelated to Plaintiff's individual claims. The Midland Defendants also object to the scope of the Request as overly broad because it seeks production of voluminous documents few, if any, of which would be relevant to Plaintiff's individual claims, because the assembly of these documents would place significant administrative burdens on the Midland Defendants' employees, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses, and whose production may be governed and restricted by the

terms of a protective order.  The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

8.     Produce a copy of all correspondence, email, other communications or other documents you have previously provided to the office of any government agency or department (e.g. Attorneys General or the FTC, without limitation) regarding your creation, use or signing of collection affidavits (excluding all documents that pertain solely to a specific consumer).

**RESPONSE**:   The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests documents that are entirely unrelated to Plaintiff's individual claims.  The Midland Defendants also object to the scope of the Request as overly broad because it seeks production of voluminous documents few, if any, of which would be relevant to Plaintiff's individual claims, because the assembly of these documents would place significant administrative burdens on the Midland Defendants' employees, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time.  The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses, and whose production may be governed and restricted by the terms of a protective order.  The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

9.    An electronic copy in native or pdf form of every e-mail stored, archived or retrievable that include the word "affidavit" within the subject or body of the e-mail and any of the following individuals in the to, from, cc, or bcc fields: Jane Hughes, Gail Stanger, Rita Mercalia (sic?), Greg Call or Brandon Black.

**RESPONSE**: The Midland Defendants object to the scope of the Request as overly broad and unduly burdensome because it seeks documents based only on the use of a single search term that is commonly used within the Midland Defendants and the legal system generally, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. For those same reasons, the Midland Defendants object to this Request as seeking documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their objections, the Midland Defendants will produce or make available for inspection any relevant, non-privileged, electronically stored information upon agreement with counsel for Plaintiff as to reasonable search terms and other limitations (*e.g.*, time).

10.    An electronic copy in native or pdf form of every e-mail stored, archived or retrievable within the Outlook folders of Nancy Kohls.

**RESPONSE**: The Midland Defendants object to the scope of the Request as overly broad and unduly burdensome because it seeks production of voluminous documents few, if any, of which would be relevant to Plaintiff's individual claims, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. For those same reasons, the Midland Defendants object to this Request as seeking documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their objections, the Midland Defendants will produce or make available for inspection any relevant, non-privileged, electronically stored information upon agreement with counsel for Plaintiff as to reasonable search terms and other limitations (*e.g.*, time).

11.    Copy of all e-mails in the system that were sent by Rita Mercalia (sic?) from January 1, 2008 to the present.

**RESPONSE**: The Midland Defendants object to the scope of the Request as overly broad and unduly burdensome because it seeks production of voluminous documents few, if any, of which would be relevant to Plaintiff's individual claims, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas

Plaintiff's Request seeks documents beginning on January 1, 2008. For those same reasons, the Midland Defendants object to this Request as seeking documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their objections, the Midland Defendants will produce or make available for inspection any relevant, non-privileged, electronically stored information upon agreement with counsel for Plaintiff as to reasonable search terms and other limitations (*e.g.*, time).

12.    All correspondence between Jane Hughes, Gail Stanger, Rita Mercalia (sic?), Greg Call and/or Brandon Black, and any of these persons or any other person, regarding the process for Midland's employees to create, prepare, and or sign collection affidavits.

**RESPONSE:** The Midland Defendants object to the scope of the Request as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants also object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their objections, the Midland Defendants will produce or make available for inspection any relevant, non-privileged, electronically stored information upon agreement with counsel for Plaintiff as to reasonable search terms and other limitations (*e.g.*, time).

13.　Electronic or native copy of any video, sound, or telephonic recordings regarding the subject of Midlands's collection affidavits.

**RESPONSE:**  The Midland Defendants object to the scope of the Request as overly broad and unduly burdensome because it seeks production of documents, if any, of which would be relevant to Plaintiff's individual claims, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants state that they have no such video, sound, or telephonic recordings regarding their affidavit procedures.

14.　All procedures, manuals or PowerPoint presentations located on Defendants' Intranet system or database.

**RESPONSE:**  The Midland Defendants object to the scope of the Request as overly broad because it seeks production of voluminous documents few, if any, of which would be

relevant to Plaintiff's individual claims, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not specific in time. For those same reasons, the Midland Defendants object to this Request as seeking documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged manuals regarding their affidavit process, consumer dispute resolution policies, procedures relative to a claim of identity theft, and/or Fair Credit Reporting Act compliance that were located on the Midland Defendants' intranet from the period of July 2009 through April 2011.

15. The complete catalog or index of all documents stored on Defendants' Intranet system or database.

**RESPONSE**: The Midland Defendants object to the scope of the Request as overly broad because it seeks production of voluminous documents few, if any, of which would be relevant to Plaintiff's individual claims, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not specific in time. For those same reasons, the Midland Defendants object to this Request as seeking documents that are neither relevant to the subject matter of this litigation nor reasonably

calculated to lead to the discovery of admissible evidence. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to the Request to the extent that the phrase "Intranet system or database" is vague and ambiguous.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection a screenshot showing the index of the documents that are currently stored on their intranet system.

16.     All Business Organization formation and maintenance documents (e.g. Articles of Organization or Incorporation, Bylaws, Operating Agreements, Corporate Minutes, etc.) for each Defendant.

**RESPONSE:** The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants also object to this Request because the phrase "formation and maintenance documents" is vague and ambiguous. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object to this Request to the extent that the burden of discovery or ascertaining the answer will be substantially the same for either party and hence reserves the right to respond as provided for by Fed. R. Civ. P. 33(d). The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection certain documents regarding their corporate structure and formation, as well as a copy of the Servicing Agreement between Midland Credit Management, Inc. and Midland Funding, LLC.

17.     All employee performance and evaluation scoring forms (PACE?) used to evaluate employees and all documents that regard the scoring or evaluation metrics used for your Legal Specialists.

**RESPONSE**:  The Midland Defendants object to the scope of the Request as overly broad because this action implicates collections activity with respect to an affidavit that was executed by an identified Legal Specialist at Midland Credit Management, Inc. The Midland Defendants also object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it implicates personnel documents unrelated to collections activity and/or regarding employees who had no contact with Plaintiff's account. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will provide the PACE form(s) for Nancy Kohls.

18.   All documents ever received from Capital One (including all transmittal letters, emails and other correspondence) that do not regard a specific consumer.

**RESPONSE:** The Midland Defendants object to the scope of the Request as overly broad and unduly burdensome because it seeks production of voluminous documents few, if any, of which would be relevant to Plaintiff's individual claims, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's request is not limited in time.  For those same reasons, the Midland Defendants object to this Request as seeking documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection a copy of its Purchase/Sale Agreement with Capital One after such Agreement has been redacted to protect highly-confidential and competitively-sensitive information of both parties to the Agreement and/or Court Order.

19.   All available screen-prints for the computer system that also includes the Affidavit Validation screen used by your Legal Specialists to validate affidavits.

**RESPONSE:**   The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as documents detailing the substance of the Midland Defendants' computerized collections software have no bearing on the claims

asserted by Plaintiff. The Midland Defendants also object to this Request as overly broad because it seeks "all" documents relating to their computer system, regardless of content, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not specific in time. The Midland Defendants further object to the Request to the extent that the phrase "all available screen-prints" is vague and ambiguous. The Midland Defendants object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses.

20.    All manuals or other documents explaining the content for and use of the "manual validation program" used by your Legal Specialists.

**RESPONSE**: The Midland Defendants further object to the Request due to the fact that the phrase "manual validation program" is vague and ambiguous. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all final versions of such non-privileged manuals from the period of July 2009 through April 2011.

21.     Printouts or electronic documents recording the work dates and times for all of your Legal Specialists and any other notary responsible for assisting a legal specialist in the signing of collection affidavits during the months of September 2009 through the present.

**RESPONSE:**  The Midland Defendants object to the scope of the Request as overly broad because this action implicates collections activity with respect to an affidavit that was executed by an identified Legal Specialist at Midland Credit Management, Inc.  The Midland Defendants also object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests personnel documents that are unrelated to collections activity and/or regarding employees who were no way associated with Plaintiff's account.

22.     Produce all documents identified in your answers to Plaintiff's First Set of Interrogatories.

**RESPONSE:**  The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged documents.

23.     Produce all documents in your possession with regard to the Plaintiff or the subject of this suit.

**RESPONSE:**  The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product

18

doctrine. The Midland Defendants also object to the Request to the extent that the phrase "subject of this suit" is vague and ambiguous.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged documents.

24.    Produce all correspondence between you and the Plaintiff, which regard the subject of this lawsuit or the Plaintiffs.

**RESPONSE**: The Midland Defendants will produce or make available for inspection all such non-privileged documents.

25.    Produce all documents that were mailed or otherwise delivered to you by the Plaintiff or co-defendants, which regard the subject of this lawsuit or the Plaintiff.

**RESPONSE**: The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged documents.

26.    Produce all documents or exhibits which you intend to produce at trial.

**RESPONSE**: The Midland Defendants object to this Request as premature under Fed. R. Civ. P. 16(b) and 26(a)(3) or the scheduling order for this case. The Midland Defendants also object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine. The Midland Defendants further object to

the extent that this Request seeks to require the Midland Defendants to produce documents that they are not required to produce, such as impeachment materials.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such documents in accordance with Fed. R. Civ. P. 16(b) and 26(a)(3) or the scheduling order for this case.

27.     Produce all documents that detail or describe your procedures for compliance with 15 U.S.C. §1681s-2(b), since January 1, 2008.

**RESPONSE**: The Midland Defendants object to this Request as overly broad because no violation of 15 U.S.C. § 1681s-2(b) or any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request seeks documents beginning on January 1, 2008 through the present. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged manuals dated July 2009 through April 2011.

28.    Produce all documents that contain the Plaintiff's name, social security number, and/or addresses.

**RESPONSE:**  The Midland Defendants also object to this Request to the extent that it seeks documents neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as not all documents containing Plaintiff's personal identifiers are relevant to the claims asserted by Plaintiff.  The Midland Defendants also object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged documents.


29.    Produce all manuals that describe, detail or explain the operation of or any codes within any computer program or software in which data has been compiled, created stored or organized pertaining to the Plaintiff or any account(s) attributed or related to him.

**RESPONSE:**  The Midland Defendants object to this Request to the extent that it seeks documents neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as documents detailing the substance of the Midland Defendants' computerized collections software have no bearing on the claims asserted by Plaintiff.  The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses.

30.   Produce all documents pertaining to or containing explanation(s), instruction(s) or procedure(s) for your reporting of credit information or investigation of credit information disputes.

**RESPONSE**:  The Midland Defendants object to this Request as overly broad because no violation of any provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business or personal information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged manuals from the period of July 2009 through April 2011 regarding their investigation of Plaintiff's credit information dispute(s).

31.   Produce all minutes, memos, letters, emails, or other documents, electronic or non-electronic, exchanged between or provided by you to or received by you from the CDIA or any member of the CDIA (Equifax, Trans Union or Experian) regarding the use of the e-Oscar system, compliance with the FCRA or the Automated Batch Interface dispute system you have used.

**RESPONSE**:   The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against

Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business or personal information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to this Request because the terms "CIDA," "e-OSCAR," and "Automated Batch Interface" are vague and ambiguous. The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

32.   Produce the personnel file(s) of each of your employees who ever conducted an investigation or reinvestigation of any information ever placed in the Plaintiff's file or regarding the Plaintiff or any account that you had attributed to him.

**RESPONSE**:   The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it implicates personnel documents unrelated to collections activity. The Midland Defendants also object to this Request to the extent that seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses.

33.   Produce every manual or other document which explains and/or describes when, how, and under what circumstances you archive, retain, or capture account data in any file bearing any of Plaintiffs personal identifiers.

**RESPONSE**:   The Midland Defendants object to this Request because it seeks documents neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as documents detailing the substance of the Midland Defendants' computerized collections software have no bearing on the claims asserted by Plaintiff.   The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants defenses.   The Midland Defendants further object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.   The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business or personal information not relevant to Plaintiff's claim or the Midland Defendants' defenses.   The Midland Defendants object to this Request to the extent that the phrase "under what circumstances you archive, retain, or capture account data" is vague and ambiguous.

34.   Produce every document that regards your knowledge of the decision of the Fourth Circuit in *Linda Johnson v. MBNA*, regarding the duties of furnishers of credit information.

**RESPONSE**:   The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because it seeks

documents unrelated to Plaintiff's account. The Midland Defendants also object to this Request because it seeks documents neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as awareness of a judicial decision has no bearing on the claims or defenses asserted by Plaintiff. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine. The Midland Defendants object to this Request to the extent that the phrase "every document that regards your knowledge of the decision" is vague and ambiguous.

35.     Produce each Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] communication or other dispute communication you received from any consumer reporting agency that regarded the Plaintiff or any of her personal identifiers.

**RESPONSE**: The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case. The Midland Defendants also object to this Request to the extent that the terms "Consumer Dispute Verification" and "Automated Consumer Dispute Verification" are vague and ambiguous. The Midland Defendants further object to this Request to the extent that seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged documents, if any, that were not previously deleted under the standard document retention policies of the Midland Defendants.

36.     Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of any affidavit, deposition, transcript, or report which contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case.

**RESPONSE**:  The Midland Defendants object to this Request as premature under Fed. R. Civ. P. 16(b) and 26(a)(3) or the scheduling order entered in this case.  The Midland Defendants also object to this Request to the extent that it seeks discovery of expert witnesses beyond that allowed or required by the Federal Rules of Civil Procedure.  The Midland Defendants further object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged documents in accordance with Fed. R. Civ. P. 16(b) and 26(a)(3) or the scheduling order for this case.

37.     Produce all documents prepared by you or on your behalf used in connection with the training, instruction, supervision or evaluation of any of your employees or of any third party paid by you identified in your responses to these interrogatories.

**RESPONSE**: The Midland Defendants object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants defenses. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business or personal information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged documents that are identified in their responses to Plaintiff's interrogatories.

38. Produce your annual report issued for the fiscal or calendar years 2008, 2009 and 2010. (In lieu of producing such documents, you may produce a written stipulation of the amount of your Net Worth as of December 31, 2010).

**RESPONSE**: The Midland Defendants object to this Request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence with respect to any of the substantive claims asserted by Plaintiff. The Midland Defendants also object to the scope of the Request as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request seeks documents issued in 2008. The Midland Defendants further object to this Request to the extent it seeks information that is readily available to plaintiff with a reasonable expenditure of effort.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection a copy of the annual reports of Encore Capital Group, Inc. for 2008, 2009, and 2010.

39.     Produce every manual or other document which lists, explains and/or describes any code contained in your customer information systems, any reinvestigation record or file, and any other retained computer record and/or screen/file you generated and accessed regarding Plaintiff or any account attributed to the Plaintiff.

**RESPONSE**:   The Midland Defendants object to this Request because it seeks documents neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as documents detailing the substance of the Midland Defendants' computerized collections software have no bearing on the claims asserted by Plaintiff.   The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business or personal information not relevant to Plaintiff's claim or the Midland Defendants defenses.   The Midland Defendants further object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

40.     Produce your complete procedures manual for reinvestigations, including all revisions since January 1, 2008.

**RESPONSE**: The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action

implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request seeks documents as of January 1, 2008 to the present. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object to this Request to the extent that the term "reinvestigations" is vague and ambiguous. The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged manuals regarding a consumer's claim of disputed ownership of an account and/or Plaintiff's credit reporting dispute(s) dated July 2009 through April 2011.

41.    Produce any document that you have regarding the establishment, maintenance, implementation, improvement, or modification of investigation procedures or of procedures related to the submission and accuracy of data by you to the credit bureaus through Metro 1 or Metro 2.

**RESPONSE**:   The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information

29

not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object to this Request to the extent that the terms "Metro 1" and "Metro 2" are vague and ambiguous. The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

42.     Produce each Universal Data Form or Automated Universal Data Form [UDF or AUDF] communication you provided to any consumer reporting agency, which pertained to the Plaintiff or any of his personal identifiers.

**RESPONSE:** The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to this Request to the extent that the terms "Universal Data Form" and "Automated Universal Data Form" are vague and ambiguous. The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged documents, if any.

43.     Produce the Complaint filed against you in every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. § 1681s-2.

**RESPONSE**:   The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests documents that are entirely unrelated to Plaintiff's individual claims.   The Midland Defendants also object to the scope of the Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, because the assembly of these documents would place significant administrative burdens on the Midland Defendants' employees, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time.

44.   Produce every document, internal memorandum, e-mail, or other electronic communications through which you or your employees discussed your maintenance, modification, and/or creation of your FCRA investigation procedures.

**RESPONSE**:   The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time.   The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses.   The assembly of these documents would place significant administrative burdens on the Midland Defendants'

employees. The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce or make available for inspection all such non-privileged manuals regarding their investigation of credit reporting disputes dated July 2009 through April 2011.

45.    Produce the application(s), monthly statements, correspondence, and any other documents that pertain to any account(s) for which you contend the plaintiff has ever been liable to you for an outstanding balance on that account(s).

**RESPONSE**: The Midland Defendants will produce or make available for inspection all such non-privileged documents.

46.    Produce any settlement agreement in which you have been a party that disposed of any lawsuit in which you have been sued for your alleged violation of 15 U.S.C. § 1681s-2.

**RESPONSE**: The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business or personal information not relevant to Plaintiff's claim or the Midland Defendants' defenses, and which also may be governed and restricted by the terms of any such settlement agreement(s). The Midland

Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

47.     Produce any documents that list the names, positions and job descriptions of all of your employees.

**RESPONSE**: The Midland Defendants object to this Request to as overly broad because it requests documents unrelated to Plaintiff's account, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants also object to this Request because it seeks documents neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it implicates personnel documents unrelated to collections activity and/or regarding employees who had no contact with Plaintiff's account. The Midland Defendants object to the Request on the basis that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

48.     Please produce any document that details and describes the organizational structure of your company.

**RESPONSE**:   The Midland Defendants object to this Request because it seeks documents neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it implicates personnel documents unrelated to collections activity. The Midland Defendants also object to the Request on the basis that it seeks

proprietary and confidential business information not relevant to Plaintiff's claim or the Midland

Defendants' defenses. The Midland Defendants object to this Request to the extent that it seeks

documents that are protected by the attorney-client privilege and/or the attorney work-product

doctrine.

Subject to and without waiving their Objections, the Midland Defendants will produce

the current version of their entity-level organizational chart detailing their corporate structure and

the structure of their affiliated entities.

**ENCORE CAPITAL GROUP, INC.,**
**MIDLAND FUNDING, LLC and**
**MIDLAND CREDIT MANAGEMENT, INC.**

By: _____
Of Counsel

David N. Anthony (VSB No. 31696)
Timothy St. George (VSB No. 77340)
*Attorneys for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

John C. Lynch (VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
john.lynch@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2011, I sent a true and correct copy of

the foregoing by Federal Express and by email to:

Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@cox.net

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-6080
Facsimile: (888) 892-3512
Email: matt@clalegal.com

Dale W. Pittman, Esq.
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb St.
Petersburg, VA 23803
Telephone: (804) 861-6000
Facsimile: (804) 861-3362
dale@pittmanlawoffice.com

*Counsel for Plaintiff*

Timothy J. St. George (VSB Bar No. 77349)
*Attorney for Encore Capital Group, Inc., Midland
Funding, LLC and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
tim.stgeorge@troutmansanders.com