IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GILBERT JAMES,

      Plaintiff,

v.                                                      Civil Action No. 3:11cv221

ENCORE CAPITAL GROUP,
INC., et al.,

      Defendants.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR A PROTECTIVE ORDER AND FOR SANCTIONS RELATING TO REFUSALS TO ANSWER DEPOSITION QUESTIONS BASED ON PRIVILEGE ASSERTIONS**

During the course of this litigation, Plaintiff took the depositions of three of the Defendants' witnesses: (1) Nancy Kohls, the employee who signed the affidavit in question related to Gilbert James, (2) Gregory Call, the Defendants' General Counsel, and (3) Nayri "Rita" Melconian, an attorney who trained the Defendants' employees responsible for signing affidavits nationwide. Each of these depositions was defended by John Lynch of Troutman Sanders. Each of these witnesses appeared in their individual capacities and not as a corporate designee pursuant to Rule 30(b)(6).

Beginning with the Kohls deposition and continuing through Melconian deposition, the Defendants took increasingly aggressive positions with regard to the assertion of the attorney-client privilege and the work-product doctrine, refusing not to answer the questions posed in many instances. By the end of the Melconian deposition, not only did Mr. Lynch continue to assert privilege objections where none applied, but the witness began to assert the privilege herself and refused not to answer questions. Ultimately after numerous efforts to dissuade counsel from continuing to obstruct the deposition, and for the first time that this counsel can

recall, Plaintiff's counsel was forced to stop the deposition to file this motion seeking a protective order and sanctions. Plaintiff has filed copies of each of the deposition transcripts in question under seal, for this Court's consideration, given that the Defendants have designated large portions of these depositions as confidential pursuant to the blanket protective order previously entered in this case.

## ARGUMENT

The Court has broad power to prevent parties and counsel from obstructing access to discovery. First, with regard to depositions specifically, the Federal Rules of Civil Procedure allow for the imposition of sanctions, including the reasonable expenses and attorney's fees, "on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Furthermore, 28 U.S.C. § 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.". Finally, the Court has the inherent authority to redress discovery misconduct through the imposition of sanctions ranging from an award of expenses to an imposition of default judgment. *See Poole ex rel. Elliott v. Textron, Inc.,* 192 F.R.D. 494, 497 (D.Md.2000) (Gauvey, J.); *see also Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766–67, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

Beginning with the Kohls deposition, privilege objections were made by counsel of the Defendants' with respect to a broad range of topics including whether the witness had ever heard of the *Brent* lawsuit filed against the Defendants based on the same allegations as were made in this case. Similar objections were made repeatedly throughout this deposition by counsel. In this deposition, examples of instances where the witness was instructed by Mr. Lynch not to

2

answer the question posed, and no answer was given include: (1) The witness was asked about training given to her via PowerPoint presentations regarding being a witness in a collection matter in which the Defendants were seeking to collect money from consumers. The Defendants selectively allow the witness to discuss training given to her about the affidavit process, but instruct her not to testify regarding instruction given to her about her role as a witness. Mr. Lynch instructs her not to answer and she does not. (Kohls Deposition, Exhibit "A", 116:5 – 117:22); and (2) The witness is asked what she is supposed to state when she is asked in collection proceedings if she is the custodian of records. Mr. Lynch instructs her not to answer and she does not. (Id. at 177:7 – 117:20).

Similar conduct occurred during the deposition of Gregory Call. Mr. Lynch instructed the witness not to answer questions relating to what role stock price plays in decisions made by management (Call Deposition, Exhibit "B", 70:8 – 70:19); whether the Defendants have had conversations regarding the effect of litigation on the stock price (Id. at 70:23 - 71:22); and the reasons why the Defendants' contract with Dominion Law Associates requires it to cease litigation of the matter if a consumer disputes or defends a General District Court case (Id. at 162:25 – 164:10).

Finally, with respect to the deposition of Nayri Melconian, the witness was questioned about the substance of a conversation that took place between several of the Defendants' employees and Pete Kubin, a representative of Dominion Law Associates at a national convention of collection attorneys (NARCA). Despite that the question specifically excluded legal advice, Mr. Lynch instructed her not to answer the question. (Melconian Deposition, Exhibit "C", 58:25 – 66:17). The witness self-asserted privilege with regard to conversations related to the placement of accounts. (Id. at 68:16 – 71:20). The witness was asked what she did

to research what the words in an affidavit would mean to a judge in a Virginia General District Court and she was instructed not to answer. (Id. at 106:17 – 107:20). The witness was asked if she had an understanding as to what the present lawsuit was about and a privilege objection was posed. (Id. at 109:2 – 109:11). The witness was asked why the affidavit language is written one way but explained in another one to the Defendants' employees. The witness refused to answer. (Id. at 112:20 – 112:25). Finally, when the witness resisted discussing the contents of the Defendants' training manuals, she was asked whether she considered the training manuals to be information within the same category of "legal advice" that the Defendants exchange with their outside counsel. The witness was instructed to answer the question, and she refused to do so. (Id. at 120:25 – 121:8).

Plaintiff submits that many, if not all of these questions do not call for the disclosure of privilege information. Even if they did, any such privilege that might have been asserted has now been waived as a result of the Defendants' failure to support the claimed privilege with a Rule 26(b)(5) log that supports the assertion as required by this Court's order. Plaintiff accordingly moves that this Court enter an order restraining the Defendant's counsel from continuing to assert objections based on privilege, that it require the Defendant to produce these witnesses again at its own expense in Virginia to fully answer the questions posed to them, and that the Court order the Defendants to pay Plaintiff's counsel fees necessitated by the refusal to answer questions at these depositions, as well as Plaintiff's counsel's fees and costs associated with this motion.

          Respectfully submitted,
          **GILBERT JAMES**

          By:_____/s/_____

Of Counsel

MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
E-mail: matt@clalegal.com

LEONARD A. BENNETT, VSB #37523
SUSAN M. ROTKIS, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Tel: (757) 930-3660
Fax: (757) 930-3662
E-mail: lenbennett@cox.net
E-mail: srotkis@clalegal.com

DALE W. PITTMAN, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A West Tabb Street
Petersburg, VA 23803-3212
Tel: (804) 861-6000
Fax: (804) 861-3368
E-mail:dale@pittmanlawoffice.com

*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of December, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-5410
Fax: 804-698-5118
Email: david.anthony@troutmansanders.com

Timothy James St. George
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-1254
Email: tim.stgeorge@troutmansanders.com
*Counsel for the Defendants*

                                                   /s/
                                     MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Tel:    (703) 273-7770
Fax:   (888) 892-3512
matt@clalegal.com