IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GILBERT JAMES,**
      **Plaintiff,**

v.                                                         Civil Action No. 3:11cv221

**ENCORE CAPITAL GROUP,**
**INC., et al.,**
      **Defendants.**

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND SANCTIONS PURSUANT TO RULE 37

COMES NOW the Plaintiff, by counsel, and for his Memorandum in Support of Plaintiff's Motion to Compel and for Sanctions, he states as follows:

*OVERVIEW*

Plaintiff has contemporaneously moved to overrule Defendants' various assertions of privilege (Docket No. 93) and for a protective order barring further obstruction and interference in Plaintiff's deposition discovery (Docket No. 97). The present Motion seeks relief under Rule 37 with regard to Defendants' continued refusal to answer interrogatories and produce documents on the basis of various boilerplate, non-privilege objections.

The first Complaint was filed on April 7, 2001. Defendant filed its Answer on June 22, 2011, having requested and received a significant enlargement of time. Immediately thereafter, Plaintiffs' counsel made various attempts to obtain Defendants' agreement to provide Rule 26(a)(1) disclosures and schedule basic depositions. Defendant refused. The Rule 16(b) conference forced the issue and Defendant agreed to produce the employee who signed the fraud affidavit at issue in the case for her

deposition on August 11, 2011. Defendant did not disclose any documents until the day before the deposition.

In this same period, Plaintiffs served written discovery requests. Defendants served their objections – objecting to everyone of Plaintiff's Requests for Production and Interrogatories.. Plaintiff's counsel initiated a new meet and confer effort. On September 26, 2011, Defendants moved for an enlargement of time to provide substantive discovery response, which motion was granted by negotiated consent order. (Docket No. 62). On October 17, 2011, Defendants served their written discovery responses.

To date, Plaintiffs' counsel has invested dozens of hours simply in attempts at soliciting Defendants' discovery compliance. Numerous meet and confer attempts have been made, including two each over a period of many hours – most recently in the Richmond courthouse. Following this later attempt, Defendants counsel represented their intent to try and determine if Encore, et al would agree to amend their interrogatory answers, supplement their document production and withdraw their objections. Defendants' counsel represented that this process would require additional time – to which Plaintiff agreed. Then, as before, it became apparent that the meet and confer process was a near total waste of time. Plaintiff has to date withdrawn or materially narrowed an exponentially greater number of discover requests than Defendants have agreed to supplement of to which it would withdraw its objections. In the initial meet and confer process – in October – despite what Plaintiff's counsel understood were bilateral negotiations, Defendants did not thereafter withdraw a single objection. Now, after the multiple meet and confer conferences in November, one in person in the courthouse, Defendants have refused to withdraw more than a handful of its objections.

And while it has "supplemented" its document production over the last two weeks, very little of its new production is meaningful or "core" evidence. Plaintiff expects Defendants' counsel to boast that it has supplemented with "thousands" of additional documents. But this assertion would be untrue. Defendants have produced possible ten, or maybe fewer, new documents, though a few include a large number of unreadable, immaterial pages within the document produced.

### THE PARTIES JOINTLY MOVE THE COURT TO CONTINUE THE TRIAL DATE AT LEAST SIXTY (60) ADDITIONAL DAYS.

Despite the uninterrupted efforts of Plaintiff's counsel to conduct discovery and prove Plaintiff's case, the time has run to complete this effort. Trial is set January 15, 2012. Yet even now – this week – Defendants continue to promise further supplementation and document production.

Plaintiff would be presented with substantial prejudice – caused entirely by Defendants' discovery delays and abuse – if the trial is not continued sixty (60) days. Pursuant to Rule 37, such prejudice would justify sanctions sufficient to remedy that prejudice (including striking Defendants' Answer). Accordingly, Plaintiff has solicited and received Defendants' agreement and joinder in the request for this continuance. In exchange, Plaintiff has agreed that if the trial is adequately rescheduled to permit completion of this discovery motions process and Plaintiff's discovery, Plaintiff would agree that such severe sanction would be unnecessary.

### DEFENDANTS' BOLIERPLATE OBJECTIONS ARE IMPROPER AND SHOULD BE STRICKEN

**A.    DEFENDANTS' "RELEVANCE" OBJECTIONS ARE IMPROPER.**

Throughout its objections, and in its "meet and confer" with counsel, Defendants have taken the position that the information or documents sought by the Plaintiff "are not relevant." They seeks to withhold from discovery information and documents Defendants unilaterally deem irrelevant. As stated by Plaintiff's counsel in the "meet and confer" discussions, this is not the standard for discovery. While Plaintiff very much believes that the discovery sought is relevant, it is inarguable that it is at least "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26.

Under Rule 26, Plaintiff may discover any materials that are not privileged if the materials requested are reasonably calculated to lead to admissible evidence. Rule 26 is very broad, permitting a wide range of inquiry at the pre-trial stage. If there is any possibility that the information sought may be relevant, the court should permit the discovery. *Hickman vs. Taylor*, 329 U.S. 495, 67 S. Ct. 385 (1947). The policy underlying this rule is to promote fair litigation, through mutual knowledge of relevant facts. Therefore, the rule is to be liberally interpreted in favor of granting discovery. *Hickman*, at 597, 67 S. Ct. at 392.

Further, "relevancy" as defined in Rule 26 is much broader than the concept of what might be relevant at trial. "Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Biliske vs. American Live Stock Ins.. Co.*, 73 F. R. D. 124, 125 (W.D. OK. 1977). Discovery of such "relevant" information "is construed broadly to include 'any' matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Midland-Ross Corp. vs. United Steelworkers of*

*America*, 83 F.R.D. 426 (W.D. PA.1979), *quoting*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978).

The broad general definition of relevancy previously discussed also applies to the discovery of documents. *Miller v. Federal Express Co.*, 186 F.R.D. 376 (U.S.D.C. W.D. Tenn. 1999). Discovery of documents is permitted where the documents might lead to the discovery of admissible evidence. *Id*. With documents, as with discovery in general, relevance is determined by whether the information or documents sought relate to a claim, defense, or credibility of a witness. It also includes whether the information sought might reasonably lead to the discovery or location of evidence that is relevant and admissible. *Scouler v. Craig*, 116 F.R.D. 494 (N.J. 1987); *Hickman v. Taylor*, *supra*, ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into facts underlying the opponent's case.").

Courts considering motions to compel have held that the party objecting to production of documents has the burden of proving that the records are either not relevant or that the burden of production is so great as to outweigh the need for fair discovery and the goals of discovery. *Oleson v. KMart*, 175 F.R.D. 560, 565 (Kan. 1997); *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D. N.Y. 1987). The party seeking to deny discovery has an affirmative duty to articulate facts, as opposed to mere conclusions, regarding the alleged lack of relevancy or burden. Defendants have yet to provide a factual and specific basis to support <u>any</u> of their relevance objections.

**B.     DEFENDANTS' "OVERBROAD" and "BURDEN" OBJECTIONS ARE IMPROPER.**

To voice a successful objection to a discovery request, an objecting party may not simply intone the familiar "overly broad, burdensome, oppressive and irrelevant" litany. The mere statement by a party that a discovery request is burdensome is not adequate to voice a successful objection to discovery. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir. 1982). See also *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). The objecting party must objectively support its claim. It must demonstrate specifically how, given the liberal construction afforded the federal discovery rules, the discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (ED.PA 1980). See also, *Burns v. Image Films Entertainment*, 164 F.R.D. 589, 593 (WD NY, 1996).

The duty of establishing the propriety of an objection based on a claim that the request is unduly burdensome is on the objecting party. *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (Kan. 1991); *see also*, *Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 353 (N.J. 1990); *G-69 v. Degnan*, 130 F.R.D. 326, 331 (D.N.J.1990); *Flora v. Hamilton*, 81 F.R.D. 576 (M.D.N.C. 1978). The objection must show with specificity how the discovery request is overly broad, burdensome, or oppressive and submit affidavits in support or offer evidence which reveals the nature of the burden. *Chubb Integrated Sys. Ltd. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.C. 1984); *see also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42-43 (S.D.N.Y. 1984); *Roesberg v.

*Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979); *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991). *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa.) ("The onus is therefore on the party objecting to discovery to state the grounds for the objection 'with specificity.' Rule 33(b)(4). Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice.") Without a clear showing that the request is truly 'overly' burdensome, the objection will not be allowed. The "mere" fact that discovery requires work and may be time consuming is not sufficient to establish undue burden. *Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991); *see also*, *Luey v.Sterling Drug, Inc.*, 240 F. Supp. 632, 634-35 (W.D. Mich. 1965); *United States v. Nysco Labs.*, 26 F.R.D. 159, 161-62 (E.D.N.Y. 1960).

In this case, Defendants have objected to interrogatories and requests for production on the grounds of over breadth and/or undue burden. The objections are unaccompanied by any explanation or evidence of the burden. In fact, at the most recent Meet and Confer conference, Defendants' counsel admitted that they did not have any information as to the nature or size of an asserted burden. They had not sought, reviewed and considered actual documents. This exact misconduct was recently considered and harshly criticized by Magistrate Judge Lauck in a pending case. *Cappetta v. GC Services Limited Partnership,* Civ. No. 3:08-cv-00288-MHL (December 24, 2008, Docket No. 65). Judge Lauck rejected similarly boiler-plate and unexplained assertions of burden and explained, "In order to overcome the liberal construction afforded the federal discovery rules, a party objecting on the grounds that a request is overly burdensome

must submit affidavits or other evidence indicating with specificity the nature and extent of the burden." *Id*. p.6-7.

### C. DEFENDANTS MAY NOT PROPERLY WITHHOLD EVIDENCE ON THE BASIS THAT IT IS "CONFIDENTIAL".

Despite their insistence on a blanket Protective Order before agreeing to produce documents in the case, Defendants still have produced a number of material documents containing significant redactions. For example, Defendants have nearly as many blackout redactions in its debt purchase contract with the creditor that sold them the James account And Defendants have withheld chapters and parts of its procedures manuals, providing only an excerpt section instead of the complete manual. Defendants have redacted major parts of its contracts with the Virginia debt collection firm alleged as one of the enterprise participants.

### D. PLAINTIFF'S DISCOVERY REQUESTS ARE PROPER

Plaintiff has narrowed his discovery requests to remove any that are controversial, unnecessary or untested. Many of the requests have been the subject of comparable discovery or trial motions in this District, Plaintiff asks the Court to Order production or, when appropriate, exclusion of the information and comments sought in the following requests. Plaintiff has created a base document – Exhibit "A" – that contains the disputed Request for Production or Interrogatory, Defendants' most recent "compromise" position and their original objections, and the meet and confer explanations provided or now made by Plaintiff.

**CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully moves that the Court grant his motion for relief pursuant to Fed. R. Civ. P. 37.

          Respectfully submitted**,**

          **GILBERT JAMES**

          By:_____/s/_____

          Of Counsel

LEONARD A. BENNETT, VSB #37523
SUSAN M. ROTKIS, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Tel:   (757) 930-3660
Fax:   (757) 930-3662
E-mail:  lenbennett@cox.net
E-mail:  srotkis@clalegal.com

MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7770
Fax:   (888) 892-3512
E-mail:  matt@clalegal.com

DALE W. PITTMAN, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A West Tabb Street
Petersburg, VA 23803-3212

Tel: (804) 861-6000
Fax: (804) 861-3368
E-mail:dale@pittmanlawoffice.com
*Counsel for the Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**David Neal Anthony**

**Timothy St. George**
Troutman Sanders LLP
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
Tel: 804-697-5410
804-698-5118 (fax)
david.anthony@troutmansanders.com


*Counsel for the Defendants*


                                   /s/
LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
E-mail: lenbennett@cox.net
E-mail: srotkis@clalegal.com