## REQUESTS FOR PRODUCTION

2.      **All documents exchanged between any of your employees and Bank of America, Target Receivables Corporation or any other third party regarding your process for creating, preparing and/or signing collection affidavits.**

*OBJECTION: The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as communications with third parties about subjects or individuals other than Plaintiff have no bearing on the individual claims asserted by Plaintiff. The Midland Defendants also object to the scope of the Request as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiffs claim or the Midland Defendants' defenses*

*DEFENDANTS' MEET AND CONFER LETTER: Plaintiff agrees that the request is to be limited in time from January 1, 2009 forward. In light of this narrowed scope, Midland will withdraw all objections and produce responsive documents, but only with the understanding that this request does not implicate documents exchanged between Midland and its outside counsel, external regulators, or the Special Master appointed in the Brent action, all of which are implicated and addressed directly by other requests below.*

Plaintiff has requested a copy of third party communications on or after January 1, 2009 regarding the affidavit process challenged in this case.  No privilege objection was made.  These records are clearly relevant or at worst likely to lead to the discovery of relevant and admissible evidence.  This Request is also relevant in that the documents requested tend to prove that Defendants engaged in activities with third parties in violation of law as alleged in Plaintiff's civil RICO claim and Virginia civil conspiracy claim.  Specifically, this Request helps to establish the "enterprise" element of the civil RICO claim in that Defendants used outside third parties to develop and institute their affidavit process.  Additionally this Request helps to

establish that Defendants accomplished, using the help of third parties and through concerted action and a preconceived plan and unity of design and purpose, the fraudulent affidavit process under Plaintiff's civil conspiracy claim. Furthermore, this Requests also helps to establish Defendants' pattern of racketeering activity in that the affidavit process is a widespread and systematic part of Defendants' business operations.

**2. (Sic )      All full or partial drafts and additions/versions of your written materials used to instruct or manage the preparation and/or signing of collection affidavits by any of your employees since January 1, 2009 through the present.[1]**

*OBJECTION: The Midland Defendants object to the scope of the Request as       overly broad because this action implicates collections activity beginning in July  2009       and ending prior to the filing of this lawsuit, whereas Plaintiff's Request        seeks documents from January 1, 2009 until the present time.  The Midland       Defendants also object to this Request to the extent that it seeks proprietary and        confidential business or personal information that is not relevant to the Plaintiff's        claim  or  the Midland Defendants' defenses.  The Midland Defendants further   object  to  the  extent that this Request seeks documents that are protected by the  attorney-client       privilege and/or the attorney work-product doctrine.*

*Midland will produce any final versions of its affidavit training and process manuals that were used to instruct or manage its employees during the requested period, to the extent that such documents have not already been produced.  Midland will withdraw all objections except those objections regarding relevance and privilege, which apply with respect to the drafts of such materials. Midland will supplement its privilege log, as appropriate.*

This Request is relevant in that the materials requested tend to establish Defendants' systematic conduct during their affidavit process that constitutes a "pattern of racketeering activity" under Plaintiff's civil RICO claim that has been ongoing since at least 2009.  Additionally, this Request tends to prove that Defendants operated and managed their "enterprise" in violation of Virginia

---

[1] Due to a typographical error, both this request and the immediately preceding request were numbered by Plaintiff's counsel as Request No. 2.

and federal law. Furthermore, this Request also tends to prove that Defendants approved of the

employees conduct taken in the scope of their employment in that during the affidavit process,

the employees were merely acting as Defendants instructed them.

**3.      All documents exchanged between you and Dominion Law, Glasser and Glasser or any other law firm that collects Midland Funding accounts in the State of Virginia since January 1, 2006 through the present. (excluding documents that pertain solely to a specific consumer).**

*OBJECTION:  The Midland Defendants object to the scope of the Request as overly broad, as this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit with respect to one consumer, whereas Plaintiffs Request is not limited to the relevant period of time or to plaintiffs account, and also due to the fact that all third-party collection  activity with respect to Plaintiffs account  was conducted  by Dominion  Law Associates and no other law firm. The Midland Defendants also object to this Request because it seeks documents regarding third party consumers that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  The Midland Defendants further object to  this  Request  to  the  extent  that  it  seeks  proprietary  and  confidential  business information that is not relevant to Plaintiffs claim or the Midland Defendants' defenses. The Midland Defendants object to this Request principally seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine.*

*Plaintiff agrees to limit the scope of this request to January 1, 2007 forward. Midland has produced its engagement agreement with Dominion Law    Associates  and  has logged as privileged other non-consumer specific documents    exchanged  with  the identified law firms. Midland will not agree to provide     further documentation  or  to withdraw its objections.*

This Request is relevant in that the documents requested tend to prove that Defendants engaged

in activities with third parties in violation of law as alleged in Plaintiff's civil RICO claim and

Virginia civil conspiracy claim.  Specifically, this Request helps to establish the "enterprise"

element of the civil RICO claim in that Defendants used outside third parties to develop and

institute their collection process.  Additionally this Request helps to establish that Defendants

accomplished, using the help of third parties and through concerted action and a preconceived

plan and unity of design and purpose, the collection of debts in violation of Virginia and federal

law under Plaintiff's civil conspiracy claim. Furthermore, this Requests also helps to establish

Defendants' pattern of racketeering activity in that the collection process was a widespread and

systematic part of Defendants' business operations that existed since at least 2006.

**4.      All user manuals, invoices, available reports or screen prints, contracts or agreements, bulletins, instructions or other documents regarding either "XDocs" (as named in the deposition of Nancy Khols) or YGC (youvegotclaims.com) other than a document pertaining to a specific consumer, portfolio or account.**

*OBJECTION: The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as documents detailing the substance of the Midland Defendants' computerized collections software, contracts with third parties, and information about consumers other than Plaintiff have no bearing on the claims asserted by Plaintiff. The Midland Defendants also object to the scope of the Request as overly broad, as this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object that this Request principally seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.*

*Midland has already produced the screenprints of the YGC and XDocs systems, as they were used in connection with Plaintiffs account.  Midland will produce additional manuals responsive to this request, if any, provided that they are not limited by a confidentiality provisions. Midland will withdraw all objections     except      as      to confidentiality, as necessary.*

This Request is relevant in that the materials requested tend to establish Defendants' systematic

conduct during their affidavit validation process that constitutes a "pattern of racketeering

activity" under Plaintiff's civil RICO claim.  Additionally, this Request tends to prove that

Defendants operated and managed their "enterprise" in violation of Virginia and federal law. Furthermore, this Request also tends to prove that Defendants approved of the employees conduct taken in the scope of their employment in that during the affidavit validation process, the employees were merely acting as Defendants instructed them.


**6.     Produce a copy of each of the documents you have previously disclosed to the opposing party or Court in any civil case in which a consumer prosecuted a claim against you for alleged robo signing or false representations made with regard to collection affidavits (excluding all documents that pertain solely to a specific consumer).**


*OBJECTION:   The Midland   Defendants object to this Request   because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests documents that are entirely unrelated to Plaintiff's individual claims. The Midland Defendants also object to the scope of the Request as overly broad because it seeks production of voluminous documents few, if any, of which would be relevant to Plaintiff's individual claims, and because this action implicates          collections activity beginning in July 2009 and ending prior to the filing of this          lawsuit,      whereas Plaintiff's  Request is not limited in time. The assembly of these      documents      would      place undue administrative burdens on the Midland Defendants'  employees. The Midland Defendants further object to this Request to the extent   that it seeks proprietary and confidential business or personal information that is      not relevant to Plaintiffs claim or the Midland Defendants' defenses. The Midland       Defendants object to the extent that this Request seeks documents that are     protected by the attorney-client privilege and/or the attorney work-product      doctrine*


Plaintiffs  counsel has limited this request to the documents produced  in the        actions of Kelli Gray v. Midland Funding LLC and Midland Funding LLC v.      Andrea Brent that are not related to specific consumers. Midland will agree to   produce non-consumer specific and non- state specific documents that were      produced in those identified actions to the extent that they are also implicated by       the claims and defenses pled in this action.   Midland does not agree to withdraw its objections.


This Request is relevant in that it tends to produce evidence of Defendants' systematic fraudulent affidavit process in violation of Virginia and federal law.  Furthermore, this Request tends to

produce evidence that Defendants had notice of their violations of law and still continued to

engage in the same activity with complete disregard for the law, as was the case with the

Plaintiff. Therefore, this information is relevant to the calculation of damages, both punitive and

statutory under the FDCPA, civil RICO, and Virginia civil conspiracy claims.

**7.      Produce a copy of all Interrogatory responses you have previously made to an opposing party in any civil case in which a consumer prosecuted a claim against you for alleged robo signing or false representations made with regard to collection affidavits (excluding all documents that pertain solely to a specific consumer).**

*OBJECTION: The Midland Defendants object to this Request  because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests documents that are entirely unrelated to Plaintiff's individual claims.  The Midland Defendants also object to the scope of the Request as overly broad     because    it seeks production of voluminous documents few, if any, of which would     be    relevant    to Plaintiff's individual claims, because the assembly of these documents  would place significant administrative burdens on the Midland    Defendants' employees, and because this action implicates collections activity      beginning in July 2009 and ending prior to the filing of this lawsuit, whereas     Plaintiff's Request is not limited in time. The Midland Defendants further object  to this Request to the extent that it seeks proprietary and confidential business or     personal information that is not relevant to Plaintiff's claim or the Midland      Defendants' defenses, and whose production may be governed and restricted by    the terms of a protective order. The Midland Defendants object to the extent that      this    Request seeks documents that are protected by the attorney-client privilege and/or  the   attorney  work-product doctrine.*

Plaintiff's counsel has limited this request to the documents produced in the       actions of Kelli Gray v. Midland Funding LLC and Midland Funding LLC v.    Andrea Brent that are not related to specific consumers.  Midland will agree to    produce  non-consumer  specific  and non- state specific answers that were produced in those identified actions to the extent that they are also  implicated  by      the  claims  and defenses pled  in  this  action.  Midland does  not agree  to       withdraw its objections.

This Request is relevant in that it tends to produce evidence of Defendants' systematic fraudulent affidavit process in violation of Virginia and federal law.  Furthermore, this Request tends to produce evidence that Defendants had notice of their violations of law and still continued to engage in the same activity with complete disregard for the law, as was the case with the Plaintiff. Therefore, this information is relevant to the calculation of damages, both punitive and statutory under the FDCPA, civil RICO, and Virginia civil conspiracy claims.

**8.     Produce a copy of all correspondence, email, other communications or other documents you have previously provided to the office of any government agency or department (e.g. Attorneys General or the FTC, without limitation) regarding your creation, use or signing of collection affidavits (excluding all documents that pertain solely to a specific consumer).**

*OBJECTION:  The Midland  Defendants object to this Request  because it seeks documents that are neither  relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests documents that are entirely unrelated to Plaintiffs individual claims. The Midland Defendants also object to the scope of the Request as overly broad because it seeks production of voluminous documents few, if any, of which would be relevant to Plaintiff's individual claims, because the assembly of these       documents       would place significant administrative burdens on the Midland  Defendants' employees, and because this action implicates collections activity   beginning in July 2009 and ending prior to the filing of this lawsuit, whereas       Plaintiffs Request is not limited in time. The Midland Defendants further object to  this Request to the extent that it seeks proprietary and confidential business or   personal information that is not relevant to Plaintiffs claim or the Midland       Defendants' defenses, and whose production may be governed and restricted by   the terms of a protective order. The Midland Defendants object to the extent that       this  Request seeks documents that are protected by the attorney-client privilege and/or  the  attorney  work-product doctrine.*

Midland will agree to produce  non-consumer  specific and non-state specific documents that were produced to government agencies or the FTC to the extent    that they are also implicated by  the  claims and defenses pled  in this action.      Midland does not agree  to withdraw  its objections.

This Request is relevant in that it tends to produce evidence of Defendants' systematic fraudulent affidavit process in violation of Virginia and federal law.  Furthermore, this Request tends to produce evidence that Defendants had notice of their violations of law and still continued to engage in the same activity with complete disregard for the law, as was the case with the Plaintiff. Therefore, this information is relevant to the calculation of damages, both punitive and statutory under the FDCPA, civil RICO, and Virginia civil conspiracy claims.

**9.    An electronic copy in native or pdf form of every e-mail stored, archived or retrievable that include the word "affidavit" within the subject or body of the e-mail and any of the following individuals in the to, from, cc, or bcc fields: Jane Hughes, Gail Stanger, Rita Mercalia (sic?), Greg Call or Brandon Black.**

*OBJECTION: The Midland Defendants object to the scope of the Request as overly broad and unduly burdensome because it seeks documents based only on the use of a single search term that is commonly used within the Midland Defendants and the legal system generally, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiffs Request is not limited in time. For those same reasons, the Midland Defendants object to this Request as seeking documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiffs claim or the Midland Defendants' defenses. The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine*

Midland has proposed that the parties agree to limit the scope of this request from July 15, 2009 through April 7, 2011 and to the following search terms.

| |
|---|
| Affidavit w/3 polic* |
| Mfidavit w/3 procedure* |
| affidavit w/3 form |
| affidavit w/3 template |

| Gilbert w/3 James |
| --- |

Plaintiff will not agree to any limitations except as to the search term "affidavit." Midland does not agree to produce these documents without reasonable search term and time limitations nor will Midland withdraw its objections (including as to privilege) while this disagreement is pending. Please let me know if you have any alternatives other than the word "affidavit" alone.

There is no basis to withhold this information. Defendants have not addressed their assertion of privilege in a privilege log. The individuals for whom Plaintiff seeks archived email records are at the center of the allegations in this case. There is no material burden in copying the email folds, particularly as Plaintiff has agreed to pay an expert to do so. This Request is relevant in that the communications and documents requested tend to prove that Defendants and their employees engaged in activities in violation of law as alleged in Plaintiff's civil RICO claim and Virginia civil conspiracy claim. Specifically, this Request helps to establish the "enterprise" element of the civil RICO claim in that Defendants used their affidavit process as part of their everyday business operations. Additionally this Request helps to establish that Defendants accomplished, through concerted action of their employees and a preconceived plan and unity of design and purpose, the fraudulent affidavit process under Plaintiff's civil conspiracy claim. Furthermore, this Requests also helps to establish Defendants' pattern of racketeering activity in that the affidavit process was a widespread and systematic part of Defendants' business operations. In addition, these communications are likely to reveal actions taken in violation of Virginia and federal law and Defendants' knowledge of such actions.

**10.    An electronic copy in native or pdf form of every e-mail stored, archived or retrievable within the Outlook folders of Nancy Kohls.**

*OBJECTION: The Midland Defendants object to the scope of the Request as overly broad and unduly burdensome because it seeks production of voluminous documents few, if any, of which would be relevant to Plaintiffs individual claims, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiffs Request is not limited in time. For those same reasons, the Midland Defendants object to this Request as seeking documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiffs claim or the Midland Defendants' defenses. The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work- product doctrine.*

See Midland's  response to Request No.9.

There is no basis to withhold this information.  Defendants have not addressed their assertion of privilege in a privilege log.  The individuals for whom Plaintiff seeks archived email records are at the center of the allegations in this case.  There is no material burden in copying the email folds, particularly as Plaintiff has agreed to pay an expert to do so.  This Request is relevant in that the communications requested tend to prove that Defendants, specifically through their employee involved with Plaintiff's affidavit, engaged in activities in violation of law as alleged in Plaintiff's civil RICO claim and Virginia civil conspiracy claim.  Additionally, this Request is likely to produce evidence regarding the "enterprise" element of the civil RICO claim in that Defendants used their affidavit process as part of their everyday business operations and also instructed their employees to take or not take certain actions during the "validation" process. Furthermore, this Request helps to establish that Defendants accomplished, through concerted action of their employees and a preconceived plan and unity of design and purpose, the fraudulent affidavit process under Plaintiff's civil conspiracy claim. In addition, these

communications are likely to reveal actions taken in violation of Virginia and federal law and

Defendants' knowledge and approval of such actions.

**11.     Copy of all e-mails in the system that were sent by Rita Mercalia (sic?) from January 1, 2008 to the present.**

*OBJECTION:  The Midland Defendants object to the scope of the Request as     overly broad and unduly burdensome because it seeks production of voluminous  documents few, if any, of which would be relevant to Plaintiffs  individual claims,  and because this action  implicates collections activity beginning in July 2009 and     ending prior to the filing of this lawsuit, whereas Plaintiffs Request seeks     documents beginning on January 1, 2008.  For those same reasons, the Midland  Defendants object to this Request as seeking documents that are neither relevant     to the subject matter of this litigation nor reasonably calculated to lead to the     discovery of admissible evidence.    The Midland Defendants further object to  this     Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiffs claim or the Midland   Defendants' defenses.    The Midland Defendants object to the extent that this     Request seeks  documents that are protected by the attorney-client privilege        and/or the attorney work-product doctrine.*

Midland believes that this request implicates essentially only privileged information. Plaintiff has agreed to limit the scope of this request to any emails     sent by Rita Melconian and archived  in her "Dominion Law Associates," "Glasser   &  Glasser,"   or "Virginia" email  sub-folders. Midland will not agree to     produce such documents except upon agreement to the search term and date     limitations identified in Midland's response to Request No.9.

There is no basis to withhold this information.  Defendants have not addressed their assertion of

privilege in a privilege log.  The individuals for whom Plaintiff seeks archived email records are

at the center of the allegations in this case.  There is no material burden in copying the email

folds, particularly as Plaintiff has agreed to pay an expert to do so.  This Request is relevant in

that the materials requested tend to establish Defendants' systematic conduct involving their

affidavit process and their training of employees regarding that affidavit process that constitutes

a "pattern of racketeering activity" under Plaintiff's civil RICO claim that has been ongoing

since at least 2008.  Additionally, this Request tends to prove that Defendants operated and managed their "enterprise" in violation of Virginia and federal law because Rita Mercalia (sic?) was directly involved with the training of Defendants' employees. Furthermore, this Request also tends to prove that Defendants approved of the employees conduct taken in the scope of their employment in that during the affidavit process, the employees were merely acting as Defendants instructed them.

**12.    All correspondence between Jane Hughes, Gail Stanger, Rita Mercalia (sic?), Greg Call and/or Brandon Black, and any of these persons or any other person, regarding the process for Midland's employees to create, prepare, and or sign collection affidavits.**

*OBJECTION:  The Midland Defendants object to the scope of the Request as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants also object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.*

See Midland's response to Request No.9.

This Request is relevant in that the communications and documents requested tend to prove that Defendants and their employees engaged in activities in violation of law as alleged in Plaintiff's civil RICO claim and Virginia civil conspiracy claim.  Specifically, this Request helps to establish the "enterprise" element of the civil RICO claim in that Defendants used their affidavit process as part of their everyday business operations.  Additionally this Request helps to establish that Defendants accomplished, through concerted action of their employees and a preconceived plan and unity of design and purpose, the fraudulent affidavit process under

Plaintiff's civil conspiracy claim. Furthermore, this Requests also helps to establish Defendants' pattern of racketeering activity in that the affidavit process was a widespread and systematic part of Defendants' business operations. In addition, these communications are likely to reveal actions taken in violation of Virginia and federal law and Defendants' knowledge of such actions.

**14.    All procedures, manuals or PowerPoint presentations located on Defendants' Intranet system or database.**

*OBJECTION: The Midland Defendants object to the scope of the Request as      overly broad because it seeks production of voluminous documents few, if any, of which     would     be relevant to Plaintiff's individual claims, and because this action     implicates collections activity beginning in July 2009 and ending prior to the     filing of this lawsuit, whereas Plaintiffs Request is not specific in time. For those     same reasons, the Midland Defendants object to this Request as seeking     documents that are neither relevant to the subject matter of this litigation nor     reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants also object to this Request to the extent that it seeks     proprietary and confidential business information that is not relevant to Plaintiff's     claim or the Midland Defendants' defenses. The Midland Defendants further     object to the     extent that this Request seeks documents that are protected by the  attorney- client privilege and/or the attorney work-product doctrine.*

Midland has agreed to produce additional screenshots from its Intranet   system. Midland will withdraw its objections, except as to privilege and relevance, and it  will provide a supplemental privilege log, as necessary.

This Request is relevant in that the materials requested tend to establish Defendants' systematic conduct during their affidavit and debt collection process that constitutes a "pattern of racketeering activity" under Plaintiff's civil RICO claim.  Additionally, this Request tends to prove that Defendants operated and managed their "enterprise" in violation of Virginia and

federal law. Furthermore, this Request also tends to prove that Defendants approved of the employees conduct taken in the scope of their employment in that during the affidavit process, the employees were merely acting as Defendants instructed them.

**15.    The complete catalog or index of all documents stored on Defendants' Intranet system or database.**

*OBJECTION:  The Midland Defendants object to the scope of the Request as      overly broad because it seeks production of voluminous documents few, if any, of which      would      be relevant to Plaintiff's  individual claims, and because this action    implicates collections activity beginning in July 2009 and ending prior to the      filing  of  this  lawsuit,  whereas  Plaintiffs Request is not specific in time. For those      same reasons, the Midland Defendants object to this Request as seeking      documents that are neither relevant to the subject matter of this litigation nor      reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants also object to this Request to the extent that it seeks      proprietary  and  confidential business information that is not relevant to Plaintiff's      claim  or  the  Midland  Defendants' defenses.  The Midland Defendants further   object to the Request to the extent that the phrase "Intranet system or database" is      vague and ambiguous.*

*Midland  will  seek  to  provide  a  document  listing  of  the  documents  stored  on  its intranet system, if possible, by working with its Information Technology   department. With this understanding, Midland will withdraw its objections.*

This Request is relevant in that the documents requested tend to establish Defendants' systematic conduct during their affidavit and debt collection process that constitutes a "pattern of racketeering activity" under Plaintiff's civil RICO claim.  Additionally, this Request tends to prove that Defendants operated and managed their "enterprise" in violation of Virginia and federal law. Furthermore, this Request also tends to prove that Defendants approved of the employees conduct taken in the scope of their employment in that during the affidavit process, the employees were merely acting as Defendants instructed them.

**16.    All Business Organization formation and maintenance documents (e.g. Articles of Organization or Incorporation, Bylaws, Operating Agreements, Corporate Minutes, etc.) for each Defendant.**

*OBJECTION:   The Midland  Defendants object to this Request  because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants also object to this Request because "formation and   maintenance documents" is vague and ambiguous. The Midland Defendants    further object to this Request to the extent that it seeks proprietary and  confidential business information that is not relevant to Plaintiffs claim or the   Midland Defendants' defenses. The Midland Defendants object to this Request to the extent that the burden of discovery or ascertaining the answer will be  substantially the same for either party and hence reserves the right to respond as         provided for by Fed. R.Civ. P. 33(d). The Midland Defendants object to the extent        that   this   Request   seeks documents that are protected by the attorney-client  privilege and/or the   attorney       work-product doctrine.*

Midland will agree to provide any additional bylaws and operating agreements     that have not yet been produced.  Plaintiff agrees that any corporate minutes    produced   could   be redacted with respect to material unrelated to discussions about     collection   activity   (e.g., business strategies).  Plaintiff will agree that these   corporate   minutes   are   unnecessary   if Midland stipulates that all three entities have       been   properly   named   as   defendants. Midland is exploring entering into such a    stipulation, and it is agreeable in principle, but it will not withdraw its objection as      to relevance in the interim.

This Request is relevant in that the materials requested tend to establish that Defendants satisfy the "enterprise" element under Plaintiff's civil RICO claim based on the organizational structure and formation of Defendants' company.  Additionally, this Request is likely to produce evidence of those persons associated with Defendants' "enterprise."

**17.    All employee performance and evaluation scoring forms (PACE?) used to evaluate employees and all documents that regard the scoring or evaluation metrics used for your Legal Specialists.**

*OBJECTION:  The Midland Defendants object to the scope of the Request as      overly broad because this action implicates collections activity with respect to an      affidavit that was executed by an identified Legal Specialist at Midland Credit   Management,   Inc.   The Midland Defendants also object to this Request because it   seeks   documents   that   are   neither relevant to the subject matter of this litigation      nor   reasonably   calculated   to   lead   to   the discovery of admissible evidence, as it      implicates   personnel   documents   unrelated   to collections activity and/or regarding employees who had no contact with Plaintiffs account. The Midland Defendants  further object to this Request to the extent that it seeks proprietary and      confidential   business   information   that   is   not   relevant   to   Plaintiffs   claim   or   the      Midland Defendants' defenses.  The Midland Defendants object to the extent that  this Request seeks documents that are protected by the attorney-client privilege      and/or      the attorney work-product doctrine.*

Midland will not agree to provide such documents, except as to the PACE form   of Nancy Kohls, which has already been produced, or to withdraw its objections.

This Request is relevant in that it is likely to produce evidence regarding Defendants' approval of their employees' actions, or lack thereof, regarding their affidavit validation process or other business operations and therefore their violations of law, under Plaintiff's civil RICO claims, Virginia civil conspiracy claims, and Defendants' FDCPA violations. Specifically, the employee performance and evaluation scoring forms are likely to show whether the employees have ever been disciplined or rewarded for their actions taken in their capacity as Defendants' employees and thus Defendants' approval of such actions.

**18.   All documents ever received from Capital One (including all transmittal letters, emails and other correspondence) that do not regard a specific consumer.**

*OBJECTION:  The Midland Defendants object to the scope of the Request as      overly      broad and unduly burdensome because it seeks production of voluminous   documents few, if any, of which would be relevant to Plaintiff's individual      claims,      and   because this action implicates collections activity beginning in July 2009 and      ending   prior   to   the filing of this lawsuit, whereas Plaintiffs request is not limited      in   time.   For   those   same*

*reasons, the Midland Defendants object to this Request as seeking documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiffs claim or the Midland Defendants' defenses.*

Midland has produced its Bill of Sale and the redacted Receivable Sale Agreement covering Plaintiff's account. Midland will also continue investigating whether further documentation exists that would be responsive to this request. In the interim, Midland will not agree to provide further documentation in addition to what has previously been provided or to withdraw its objections.

This Request is relevant in that the documents requested tend to prove that Defendants engaged in debt collecting activities, without sufficient validation or proof of the underlying debt, in violation of law as alleged in Plaintiff's civil RICO, civil conspiracy, and FDCPA claims. Additionally, this Request helps to establish the "enterprise" element of the civil RICO claim in that Defendants systematically engaged in these illegal collection activities as part of their standard business operations. Furthermore, this Requests also helps to establish Defendants' "pattern of racketeering activity" in that this process of not obtaining sufficient supporting proof of the debt was a widespread and systematic part of Defendants' business operations.

**19.      All available screen-prints for the computer system that also includes the Affidavit Validation screen used by your Legal Specialists to validate affidavits.**

*OBJECTION:   The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as documents detailing the substance of the Midland Defendants' computerized collections software have no bearing on the claims asserted by Plaintiff. The Midland Defendants also object to this Request as overly broad because it seeks "all" documents relating to their computer system, regardless of content, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not*

*specific in time. The Midland Defendants further object to the Request to the extent that the phrase "all available screen-prints" is vague and ambiguous. The Midland Defendants object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses.*

*Midland will provide the further requested screen-prints for all tabs off of the manual validation screen template that was previously produced. Midland will withdraw its objections.*

This Request is relevant in that the documents requested tend to prove that Defendants engaged in debt collecting activities, without sufficient validation or proof of the underlying debt, in violation of law as alleged in Plaintiff's civil RICO, civil conspiracy, and FDCPA claims. Additionally, this Request is likely to produce evidence of the procedures taken or not taken by employees with regard to the validation of the alleged debts that Defendants thereafter attempt to collect. Furthermore, this Request helps to establish the "enterprise" element of the civil RICO claim in that Defendants systematically engaged in these illegal collection activities as part of their standard business operations as well as Defendants' "pattern of racketeering activity" in that this process of not obtaining sufficient supporting proof of the debt was a widespread and systematic part of Defendants' business operations.

**20. All manuals or other documents explaining the content for and use of the "manual validation program" used by your Legal Specialists.**

*OBJECTION: The Midland Defendants further object to the Request due to the fact that the phrase "manual validation program" is vague and ambiguous. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiffs claim or the Midland Defendants' defenses. The Midland Defendants further object to the extent that this Request seeks documents that are protected by the attorney-client privilege and for the attorney work-product doctrine.*

Midland will agree to produce such additional documents and to withdraw its objections.

Plaintiff contends that the phrase "manual validation program" is not vague and ambiguous because it was discussed, as both Plaintiff and Defendants understood the term, in the Deposition of Nancy Kohls. (151:8–13). This Request is relevant in that the materials requested tend to establish Defendants' systematic conduct during their affidavit validation process that constitutes a "pattern of racketeering activity" under Plaintiff's civil RICO claim. Additionally, this Request tends to prove that Defendants operated and managed their "enterprise" in that Defendants, as part of their standard business operating procedures, failed to sufficiently validate the underlying accounts for the alleged debts that they later attempt to collect in violation of Virginia and federal law. Furthermore, this Request also tends to prove that Defendants approved of the employees conduct taken in the scope of their employment in that during the affidavit process, the employees were merely acting as Defendants instructed them.

**21.     Printouts or electronic documents recording the work dates and times for all of your Legal Specialists and any other notary responsible for assisting a legal specialist in the signing of collection affidavits during the months of September 2009 through the present.**

*OBJECTION: The Midland Defendants object to the scope of the Request as overly broad because this action implicates collections activity with respect to an affidavit that was executed by an identified Legal Specialist at Midland Credit Management, Inc. The Midland Defendants also object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests personnel documents that are unrelated to collections activity and/or regarding employees who were no way associated with Plaintiffs account.*

Midland is investigating whether it has documents tracking the affidavit output of its Legal Specialists and will supplement its     production accordingly. Plaintiff     represents that he is not interested in any documents tracking the work dates and   times     for   any   Legal Specialists. Subject to this narrowed interpretation of this   request,  Midland  will  withdraw  its objections.

The Request is also likely to produce evidence of the frequency or infrequency these employees were retained in order to sign mass amounts of affidavits rather than individually verifying the accounts in question. This Request relates to the civil RICO claim that the affidavits were insufficiently validated in violation of law in a "pattern of racketeering activity" as well as part of Defendants' standard operating procedures that created an "enterprise" under Plaintiff's civil RICO claim. Furthermore, this Request is likely to show that the racketeering proceeds were used "in continued furtherance of the enterprise, including, but not limited to continuing to pay the salaries of the employees who continued to sign and transmit the affidavits through the mail, as well as the salaries of those who supervised them and directed their actions."

**22.   Produce all documents identified in your answers to Plaintiffs First Set of Interrogatories.**

*OBJECTION: The Midland Defendants object to this Request to the extent that it  seeks documents that are protected by the attorney-client privilege and/or the    attorney         work-product doctrine.*

Midland will withdraw its objection.  No additional action is necessary.

**23.   Produce all documents in your possession with regard to the Plaintiff or the subject of this suit.**

OBJECTION: The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine. The Midland Defendants also object to the Request to the extent that the phrase "subject of this suit" is vague and ambiguous.

Midland is checking to determine whether it has additional documentation concerning the Plaintiff.  If so, Midland will produce such documents subject to any claim of attorney-client privilege, and Midland will supplement its privilege log, as appropriate.  Midland will withdraw its remaining objections.

**24.   Produce all correspondence between you and the Plaintiff, which regard the subject of this lawsuit or the Plaintiffs.**

*OBJECTION: No objection.*

No further response is necessary by Midland as such documents have been produced.

**25.   Produce all documents that were mailed or otherwise delivered to you by the Plaintiff or co-defendants, which regard the subject of this lawsuit or the Plaintiff.**

OBJECTION:  The Midland Defendants also object to this Request to the extent  that  it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

No further response is necessary by Midland as such documents have been produced.

**26.   Produce all documents or exhibits which you intend to produce at trial.**

*OBJECTION: The Midland Defendants object to this Request as premature     under Fed.R. Civ. P. 16(b) and 26(a)(3) or the scheduling order for this case. The     Midland Defendants also object to the extent that this Request seeks documents     that are protected by the attorney-client privilege and/or the attorney work-     product doctrine.     The Midland Defendants further object to the extent that this     Request seeks to require the     Midland Defendants to produce documents that they  are not required to produce, such as impeachment materials.*

No further response is necessary by Midland as such documents have been produced.

**27.   Produce all documents that detail or describe your procedures for compliance with 15 U.S.C. §1681s-2(b), since January 1, 2008.**

*OBJECTION:   The Midland Defendants object to this Request as overly broad because no violation of 15 U.S.C. § 1681s-2(b) or any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action implicates collections     activity beginning in July 2009 and ending prior to the filing of this lawsuit,     whereas Plaintiff's     Request seeks documents beginning on January 1, 2008     through the present.  The Midland Defendants further object to this Request to the  extent that it seeks proprietary and confidential business or personal information  not relevant to Plaintiff's claim or the Midland Defendants' defenses.  The     Midland Defendants object to this Request to the extent that it seeks documents     that are protected by the attorney-client privilege  and/or the attorney work-     product doctrine.*

Midland will produce such documents.   With respect to any electronically-stored information implicated by this request, however, Midland will agree to produce   such documents and will withdraw all objections except as relating to privilege  only  after  agreement upon reasonable search terms, date limitations, and  identification of custodians.   Midland will supplement its privilege log upon the         production of additional documents if necessary.

This Request is relevant because Plaintiff disputed his debt with the Defendants, so their process of reporting debts to the credit reporting agencies after notice of dispute is of particular

importance to this case. Additionally, by continuing to verify the debt with the credit reporting agencies Defendants attempted to and did coerce Plaintiff into paying the debt in violation of the FDCPA by allowing the debt to continue to be reported on Plaintiff's credit report. Therefore this information is also relevant to the calculation of damages, both punitive and statutory under the FDCPA.

**28.    Produce all documents that contain the Plaintiffs name, social security number, and/or addresses.**

*OBJECTION: The Midland Defendants also object to this Request to the extent    that   it seeks documents neither relevant to the subject matter of this litigation nor            reasonably calculated to lead to the discovery of admissible evidence, as not all         documents containing Plaintiffs personal identifiers are relevant to the claims     asserted by Plaintiff.  The Midland Defendants also object to this Request          to the extent that it seeks documents that are protected by the attorney- client privilege     and/or the attorney work-product doctrine.*

Midland will withdraw all objections except as relating to privilege, and Midland  will supplement its privilege log, as appropriate. No        additional action is necessary.

This Request is relevant because all documents containing Plaintiff's name, social security number, and/or address are particularly important because they pertain directly to Plaintiff and the alleged debt that Defendants claimed he owed to them.  Furthermore, any and all documents Defendants possess that include Plaintiff's personal identifiers are relevant in that they tend to prove the existence or nonexistence of information that would verify the alleged debt owed by Plaintiff.  This also relates to the fact that Defendants attempted to collect and did collect a debt without sufficient proof of the debt in violation of the FDCPA.

**29.     Produce all manuals that describe, detail or explain the operation of or any codes within any computer program or software in which data has been compiled, created stored or organized pertaining to the Plaintiff or any account(s) attributed or related to him.**

*OBJECTION:  The Midland Defendants also object to this Request to the extent   that   it seeks documents neither relevant to the subject matter of this litigation nor         reasonably calculated to lead to the discovery of admissible evidence, as         documents    detailing    the substance of the Midland Defendants' computerized collections software have no bearing on the claims asserted by Plaintiff. The       Midland  Defendants  also  object  to  this  Request  to  the extent that it seeks     proprietary  and  confidential  business  information  not  relevant  to Plaintiff's claim        or the Midland Defendants' defenses.*

Midland will produce documents describing the codes contained on the     documents that detail  the  collection  activity  for  Plaintiff's  account, withdraw       its  objections  except as  to privilege, and will provide a supplemental privilege   log upon production, as necessary.

This Request is relevant because the requested manuals pertain directly to Plaintiff and the alleged debt that Defendants claimed he owed to them in that they explain and supplement the computer programs and software that was used to verify or not verify and/or maintain Plaintiff's account in a manner that provides the underlying basis for Plaintiff's claims that Defendants violated the FDCPA and attempted to collect a debt that it could not prove.  Furthermore, because this constituted Defendants' standard operating practice, it is likely to provide support that Defendants engaged in a "pattern of racketeering activity" and created an "enterprise" whose business involved the systematic violation of laws.

**30.     Produce all documents pertaining to or containing explanation(s), instruction(s) or procedure(s) for your reporting of credit information or investigation of credit information disputes.**

*OBJECTION:  The  Midland  Defendants  object  to  this  Request  as  overly  broad because no violation of any provision of the Fair Credit Reporting Act has been    alleged*

*against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business or personal information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.*

Plaintiff has agreed to limit the scope of this interrogatory to exclude documents relating to a specific consumer. Midland will produce such documents, withdraw its objections except as to privilege, and will provide a supplemental privilege log upon production, as necessary.

This Request is relevant because Plaintiff disputed his debt with the Defendants, so their process of reporting debts to the credit reporting agencies and the procedures required for any investigations of disputes is of particular importance to this case. Additionally, by continuing to verify the debt with the credit reporting agencies Defendants attempted to and did coerce Plaintiff into paying the debt in violation of the FDCPA by allowing the debt to continue to be reported on Plaintiff's credit report. Therefore this information is also relevant to the calculation of damages, both punitive and statutory under the FDCPA.

**31.     Produce all minutes, memos, letters, emails, or other documents, electronic or non-electronic, exchanged between or provided by you to or received by you from the CDIA or any member of the CDIA (Equifax, Trans Union or Experian) regarding the use of the e-Oscar system, compliance with the FCRA or the Automated Batch Interface dispute system you have used.**

OBJECTION: The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiffs Request is not limited in time. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business or personal information not relevant to Plaintiff's claim or the

Midland Defendants' defenses. The Midland Defendants further object to this Request because the terms "CIDA," "e-OSCAR," and "Automated Batch Interface" are vague and ambiguous. The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff has agreed to limit the scope of this interrogatory to exclude documents relating to a specific consumer. Midland will produce any manuals, training or compliance materials regarding the identified topics. With respect to any electronically-stored information implicated by this request, however, Midland will agree to produce such documents and will withdraw all objections except as relating to privilege only after agreement upon reasonable search terms, date limitations, and identification of custodians.

This Request is relevant because Plaintiff disputed his debt with the Defendants, so their process of reporting debts to the credit reporting agencies and the procedures required for any investigations of disputes is of particular importance to this case. Additionally, by continuing to verify the debt with the credit reporting agencies Defendants attempted to and did coerce Plaintiff into paying the debt in violation of the FDCPA by allowing the debt to continue to be reported on Plaintiff's credit report. Therefore this information is also relevant to the calculation of damages, both punitive and statutory under the FDCPA. Furthermore, because this practice was widespread and systematic, it is likely to produce evidence of Defendants' "pattern of racketeering activity" and the existence of an "enterprise."

**34.     Produce every document that regards your knowledge of the decision of the Fourth Circuit in Linda Johnson v. MBNA, regarding the duties of furnishers of credit information.**

OBJECTION: The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because it seeks documents unrelated to Plaintiff's account. The Midland Defendants also object to this Request because it seeks documents neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence, as awareness of a judicial decision has no bearing on the claims or defenses asserted by Plaintiff. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine. The Midland Defendants object to this Request to the extent that the phrase "every document that regards your knowledge of the decision" is vague and ambiguous.

Midland will agree to produce the categories of documents where any discussion of the Johnson decision, in words or substance, would likely be captured. Midland will withdraw its objections except as to privilege and will provide a supplemental privilege log upon the production of additional documents, as appropriate.

This Request is relevant because it provides proof that Defendants had notice of their violations of law and still continued to engage in the same activity with complete disregard for the law, as was the case with the Plaintiff. Therefore this information is also relevant to the calculation of damages, both punitive and statutory under the FCRA.

**35.   Produce each Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] communication or other dispute communication you received from any consumer reporting agency that regarded the Plaintiff or any of her personal identifiers.**

*OBJECTION: The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case. The Midland Defendants also object to this Request to the extent that the terms "Consumer Dispute Verification" and "Automated Consumer Dispute Verification" are vague and ambiguous. The Midland Defendants further object to this Request to the extent that seeks proprietary and confidential business information not relevant to Plaintiffs claim or the Midland Defendants' defenses.*

Midland will produce all such documents in its possession, including those recently received from e-OSCAR, and will withdraw its objections.

This Request is relevant because Plaintiff disputed his debt with the Defendants, so their records of the dispute communications are of particular importance to this case. Additionally, these communications are relevant in that they tend to prove the existence or nonexistence of information that would verify the alleged debt owed by Plaintiff. Furthermore, by continuing to verify the debt with the credit reporting agencies Defendants attempted to and did coerce Plaintiff into paying the debt in violation of the FDCPA by allowing the debt to continue to be reported on Plaintiff's credit report. Therefore this information is also relevant to the calculation of damages, both punitive and statutory under the FDCPA.

**36.   Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiffs complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of any affidavit, deposition, transcript, or report which contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case.**

OBJECTION:  The Midland Defendants object to this Request as premature    under Fed. R.  Civ. P. 16(b) and 26(a)(3) or the scheduling order entered in this case.   The Midland Defendants also object to this Request to the extent that it   seeks discovery of expert witnesses beyond that allowed or required by the        Federal Rules of Civil Procedure. The Midland Defendants further object to this     Request to the extent that it seeks documents that are protected by the attorney-    client privilege and/or the attorney work-product doctrine.

Midland will comply with all applicable Court Orders and the Federal Rules of    Civil Procedure regarding expert witness designations.  With respect to all fact   witnesses,    Plaintiff has agreed to limit the scope of this request to deposition    testimony         and      non-consumer affidavits regarding consumer credit cases involving          third parties.  Midland will not agree to provide such documents or to withdraw    its objections.

This request is relevant because it is likely to produce evidence of persons who have discoverable information that may be unknown to the Plaintiff. Additionally, this request is relevant because it is likely to produce evidence of Defendants' other violations of law that establish a "pattern of racketeering activity" as well as evidence that Defendants' had notice of their violations of law but continued to engage in such activities with disregard for the law.

**37.     Produce all documents prepared by you or on your behalf used in connection with the training, instruction, supervision or evaluation of any of your employees or of any third party paid by you identified in your responses to these interrogatories.**

*OBJECTION:  The Midland Defendants object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiffs       claim   or   the Midland Defendants defenses. The Midland Defendants also object to       this   Request   to   the extent that it seeks proprietary and confidential business or       personal   information   not relevant to Plaintiff's claim or the Midland Defendants'       defenses.  The  Midland  Defendants further object to this Request to the extent that       it seeks documents that are protected by the attorney-client privilege and/or the    attorney work-product doctrine.*

*Midland will agree to provide all training manuals regarding the FDCPA,  the       FCRA, affidavit execution from January 1, 2009 forward, and identity theft, i.e.,   the  subject  matter  of Plaintiff's claims.  Plaintiff has not agreed to that    limitation.   Midland   will   not   agree   to provide additional documents or to    withdraw its objections.*

This Request is relevant in that the materials requested tend to establish Defendants' systematic conduct during their affidavit process that constitutes a "pattern of racketeering activity" under Plaintiff's civil RICO claim.  Additionally, this Request tends to prove that Defendants operated and managed their "enterprise" illegally by instituting procedures and training their employees to act in a manner that does not comply with Virginia and federal law. Furthermore, this Request is also likely to produce evidence that Defendants' instructions to their employees regarding the

procedures to be followed, as well as the evaluation of any employees, were based on standards that approved and demanded unlawful conduct.

**38.    Produce your annual report issued for the fiscal or calendar years 2008, 2009 and 2010. (In lieu of producing such documents, you may produce a written stipulation of the amount of your Net Worth as of December 31, 2010).**

*OBJECTION:   The Midland   Defendants object to this Request   because it seeks information   neither   relevant   to   the   subject   matter   of   this   litigation   nor   reasonably calculated to lead to the discovery of admissible evidence with respect to any of   the substantive claims asserted by Plaintiff. The Midland Defendants also object       to the scope of the Request as overly broad because this action implicates  collections activity beginning in July 2009 and ending prior to the filing of this    lawsuit,   whereas   Plaintiff's       Request   seeks documents issued in 2008. The       Midland Defendants further object to this Request to the extent it seeks  information that is readily available to plaintiff with a reasonable expenditure of       effort.*

Midland will withdraw its objections.  No additional action is necessary.

This Request is relevant because it is likely to produce evidence of the proceeds received by Defendants in violation of Virginia and federal law.   Furthermore, this is relevant to the calculation of damages, both punitive as well as under the FDCPA for the number of Defendants' violations that have occurred since at least 2008.

**39.    Produce every manual or other document which lists, explains and/or describes any code contained in your customer information systems, any reinvestigation record or file, and any other retained computer record and/or screen/file you generated and accessed regarding Plaintiff or any account attributed to the Plaintiff.**

*OBJECTION:    The Midland   Defendants object to this Request   because it seeks documents   neither   relevant   to   the   subject   matter   of   this   litigation   nor   reasonably*

*calculated to lead to the discovery of admissible evidence, as documents detailing the substance of the Midland Defendants' computerized collections software have no bearing on the claims asserted by Plaintiff. The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business or personal information not relevant to Plaintiff's claim or the Midland Defendants defenses. The Midland Defendants further object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine*

Midland will produce documents describing the codes contained on the documents that detail the collection activity for Plaintiffs account, withdraw its objections except as to privilege, and will provide a supplemental privilege log upon production, as appropriate.

This Request is relevant because the requested manuals pertain directly to Plaintiff and the alleged debt that Defendants claimed he owed to them in that they explain and supplement the computer programs and software that was used to verify or not verify and/or maintain Plaintiff's account in a manner that provides the underlying basis for Plaintiff's claims that Defendants violated the FCRA and FDCPA and attempted to collect a debt that it could not prove. Furthermore, because this constituted Defendants' standard operating practice, it is likely to provide support that Defendants engaged in a "pattern of racketeering activity" and created an "enterprise" whose business involved the systematic violation of laws.

**40.   Produce your complete procedures manual for reinvestigations, including all revisions since January 1, 2008.**

*OBJECTION: The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request seeks documents as of January I, 2008 to the present. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object to this Request to*

the    extent   that the term "reinvestigations" is vague and ambiguous.  The Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

Midland will produce such documents and withdraw its objections.

**41.    Produce any document that you have regarding the establishment, maintenance, implementation, improvement, or modification of investigation procedures or of procedures related to the submission and accuracy of data by you to the credit bureaus through Metro 1 or Metro 2.**

OBJECTION:   The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has  been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this     case,     and because this action implicates collections activity beginning in July      2009    and    ending prior to the filing of this lawsuit, whereas Plaintiffs Request is    not limited in time.  The Midland Defendants further object to this Request to the    extent that it seeks proprietary and confidential business information not relevant    to Plaintiffs   claim   or   the   Midland Defendants' defenses.  The Midland Defendants    object to this Request to the extent that the terms "Metro I" and "Metro 2" are  vague and ambiguous.  The Midland Defendants object to this Request to the    extent that it seeks documents that are protected by the attorney-client privilege       and/or the attorney work-product doctrine.

Midland will produce such documents, will withdraw its objections except as to privilege,  and  will  provide  a  supplemental  privilege  log  upon  production,  as necessary.

This Request is relevant because Plaintiff disputed his account and therefore these manuals tend to prove the steps taken or not taken to verify the accuracy of the alleged credit reporting.Additionally, by continuing to verify the debt with the credit reporting agencies after reinvestigations, Defendants attempted to and did coerce Plaintiff into paying the debt in

violation of the FDCPA by allowing the debt to continue to be reported on Plaintiff's credit report. Furthermore, because these procedures constitute Defendants' standard operating practice, it is likely to provide support that Defendants engaged in a "pattern of racketeering activity" and created an "enterprise" whose business involved the systematic violation of laws.

**42.     Produce each Universal Data Form or Automated Universal Data Form [UDF or AUDF] communication you provided to any consumer reporting agency, which pertained to the Plaintiff or any of his personal identifiers.**

*OBJECTION:   The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this      case.      The Midland Defendants also object to this Request to the extent that it seeks       proprietary     and confidential business information not relevant to Plaintiffs  claim  or  the  Midland  Defendants' defenses. The Midland Defendants further    object to this Request to the extent that the terms "Universal Data Form" and   "Automated Universal Data Form" are vague and ambiguous. The Midland       Defendants object to this Request to the extent that it seeks documents that are protected  by  the  attorney-client    privilege   and/or  the  attorney  work-product doctrine.*

Midland will agree to agree to produce such documents, if any, and to withdraw    its objections.

**43.     Produce the Complaint filed against you in every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. § 1681s-2.**

*OBJECTION:     The Midland  Defendants object to this Request because. it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests documents that are entirely unrelated to Plaintiffs individual claims.  The Midland Defendants also object to the scope of the Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this        case,  because*

*the assembly of these documents would place significant   administrative   burdens   on   the Midland Defendants' employees, and because this   action   implicates   collections   activity beginning in July 2009 and ending prior to   the filing of this lawsuit, whereas Plaintiff's Request is not limited in time.*

Midland is continuing the process of exploring the logistics behind fully gathering such documents and will determine whether it will respond or object in the short   term. In the alternative, Midland is willing to stipulate that it has been sued       under   15   U.S.C.   § 168ls-2 in the three years prior to the filing of Plaintiffs       Complaint.

This Request is relevant because it is likely to produce evidence that Defendants had notice of their violations of law and still continued to engage in the same activity with complete disregard for the law, as was the case with the Plaintiff. Therefore, this information is also relevant to the calculation of damages, both punitive and statutory under the FCRA.

**44.     Produce every document, internal memorandum, e-mail, or other electronic communications through which you or your employees discussed your maintenance, modification, and/or creation of your FCRA investigation procedures**.

*OBJECTION:   The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has   been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this   case,       and because this action implicates collections activity beginning in July       2009   and   ending prior to the filing of this lawsuit, whereas Plaintiff's Request is   not   limited   in   time.   The Midland Defendants further object to this Request to the   extent that it seeks proprietary and confidential business information not relevant   to Plaintiffs   claim   or   the   Midland Defendants' defenses. The assembly of these                documents   would   place   significant administrative burdens on the Midland       Defendants' employees. The Midland Defendants object to this Request to the   extent that it seeks documents that are protected by the attorney-client privilege       and/or the attorney work-product doctrine.*

Midland will produce such documents. With respect to electronically-stored information, however, Midland will agree to produce such documents and will withdraw all objections except as relating to privilege only after agreement upon reasonable search terms, date limitations, and identification of custodians.

**47.     Produce any documents that list the names, positions and job descriptions of all of your employees.**

*OBJECTION:  The Midland Defendants object to this Request to as overly broad because it requests documents unrelated to Plaintiffs account, and because this   action implicates collections activity beginning in July 2009 and ending prior to  the   filing   of   this lawsuit, whereas Plaintiffs Request is not limited in time. The        Midland   Defendants   also object to this Request because it seeks documents    neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it implicates personnel  documents unrelated to collections activity and/or regarding employees who had        no contact with Plaintiffs account. The Midland Defendants object to the Request on  the  basis  that  it  seeks  proprietary  and  confidential  business  information  not relevant to   Plaintiffs claim or the Midland Defendants' defenses.   The Midland Defendants  object  to  this  Request  to  the  extent  that  it  seeks  documents  that  are protected  by  the  attorney-client  privilege  and/or  the  attorney  work-product doctrine.*

Plaintiff  has  agreed  to  limit  the  scope  of  this  request  to  the  members  of    the Legal Department and Legal Outsourcing Department.  Midland has       identified  the  names and positions of all individuals with knowledge of  the  claims  and  defenses  asserted  in connection with Plaintiff's action, and it will       produce its entire officer and director lists from 2008  forward. Midland will   not agree to produce further documents or to withdraw its objections.

This Request is relevant in that it is likely to produce evidence proving that Defendants satisfy the "enterprise" element under Plaintiff's civil RICO claim. Additionally, this Request is likely to produce evidence of those persons associated with Defendants' "enterprise." Furthermore, the Request is relevant in that it tends to prove the application of proceeds received in violation of the law to the salaries and/or wages of employees.

## INTERROGATORIES

**1.     Identify (name, address, job title and description) of every person who substantively participated in the drafting or editing in each of the following training manuals and the date range during which they so participated  as well as the specific work they performed in this process:**

• **Encore Capital Group, Inc. - MCM Mfidavit Training - Understanding Affidavit Content (MJ00186-MJ00249)**

• **Encore Capital Group - MCM Affidavit Training - Understanding Mfidavit Content (MJ00090-MJ00172)**

• **Encore Capital Group-Midland Affidavit  Process- November 29, 2010 (MJ00173-MJ00182)**

• **MCM Training  Department AMM December 30, 2010 -Module 1-FDCPA (MJ00250-MJ00285)**

• **MCM Training  Department AMM -5/3/2010 - Module 6 - Disputes & Waming Codes -(MJ00286-MJ00341)**

*OBJECTION:  The Midland Defendants object to this Interrogatory to the extent  that  it seeks proprietary and confidential business information not relevant to     Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants    also object to this Interrogatory to the extent that it seeks information that is    protected  by  the  attorney-client  privilege  and/or the attorney work-product    doctrine.   The  Midland  Defendants  further  object  to  this Interrogatory to the  extent  that  the  phrase  "substantively  participated"  is  vague  and ambiguous.*

Midland agrees to identify actors who worked on such documents with only a general description of tasks performed.  Midland will withdraw its objections except as to privilege.

2**.      Identify (name, address, job title and description) every person who substantively participated in the drafting or editing of each format, type or template of Affidavit generated by you for use since September 2009, listed by the name which you have assigned to each such Affidavit (e.g. "AFFRECORD"), and the date range during which they so participated as well as the specific work they performed in this process.**

*OBJECTION:  The Midland Defendants object to this Interrogatory to the extent  that  it seeks proprietary and confidential business information not relevant to     Plaintiff's claim or the Midland Defendants' defenses.  The Midland Defendants    also object to this Interrogatory to the extent that it seeks information that is     protected by the attorney-client privilege  and/or the attorney work-product    doctrine.    The Midland Defendants further object to this Interrogatory to the    extent that the phrase "substantively participated" is vague and ambiguous.*

Midland agrees to identify actors who worked on the AFFRECORD template with only a general description of tasks performed.  Midland will withdraw its objections except as to privilege.

4**.      Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in plaintiffs complaint or amended complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit.   For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or, for expert witnesses, by report furnished to the court or opposing counsel. (Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken or occurred.)**

*OBJECTION: The Midland Defendants object to this Interrogatory as premature  under Fed. R. Civ. P. 16(b) and 26(a)(3)  or the scheduling order entered in this case.   The    Midland*

*Defendants also object to this Interrogatory to the extent that it seeks discovery of expert witnesses beyond that allowed or required by the Federal Rules of Civil Procedure. The Midland Defendants also object to this Interrogatory because it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests information regarding participation in lawsuits that is entirely unrelated to Plaintiff's claim. The Midland Defendants object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.*

Midland will supplement the list of identified individuals to add specific individuals from Dominion Law Associates and Collect America, if possible. Midland will not provide a listing of prior deposition testimony and affidavits. Midland will not agree to withdraw its objections on that specific issue.

**6.     Identify all documents prepared by or on behalf of the defendant used in connection with the training, instruction, supervision or evaluation of any of your Legal Specialists, and/or any of your employees identified in your responses to these interrogatories or in your Rule 26(a)(l) disclosures.**

*OBJECTION: The Midland Defendants object to the scope of this Interrogatory as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiffs Interrogatory is not limited in time, and because it seeks documents unrelated to collections activity regarding Plaintiffs account. The Midland Defendants also object to this Interrogatory to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to this Interrogatory to the extent that it seeks information that are protected by the attorney-client privilege and/or the attorney work-product doctrine.*

Midland will agree to withdraw its objections. No additional action is necessary as Midland has responded.

**7.     State the net worth, gross revenue, and net revenue of each Defendant for fiscal and/or calendar years 2009, 2010 and 2011, and identify any report filed with the SEC for any of these years.**

*OBJECTION:  The Midland Defendants object to this Interrogatory because it      seeks information that is neither relevant to the subject matter of this litigation    nor          reasonably calculated to lead to the discovery of admissible evidence with      respect  to  any  of  the substantive claims asserted by Plaintiff. The Midland          Defendants  also  object  to  this Interrogatory to the extent that it seeks proprietary  and confidential business information that is not relevant to Plaintiff's claim or     the Midland Defendants' defenses.*

Midland will withdraw its objections and provide such information.  The parties   have agreed to work together to determine whether a stipulation in this regard is          possible   with respect to the net worth of Midland Credit Management, Inc. and   Midland Funding, LLC.

**8.     Identify every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. §1681s-2(b) by a consumer who alleged that he or she was not the person who owed you money or who claimed that he was the victim of identity theft.  Include the style of the case, the court in which the action was brought, the case number, the name of the Plaintiffs attorney, the date the case was filed and the disposition in the case.**

*OBJECTION:  The Midland Defendants object to this Interrogatory as overly     broad because no violation of any other provision of the Fair Credit Reporting   Act has been alleged against Midland Funding LLC or Encore Capital Group,   Inc. in this case, because it requests information  unrelated to Plaintiff's account,          and because      this action implicates collections activity beginning in July 2009  and ending prior to the filing of this lawsuit, whereas Plaintiff's Interrogatory is   not limited in time. The Midland Defendants object to this Interrogatory because          it seeks information that is neither relevant to the subject matter of this litigation  nor reasonably calculated to lead to the discovery of admissible evidence, as it requests information that is entirely  unrelated to Plaintiff's claims.   The Midland Defendants  further object to this Interrogatory to the extent that it seeks   proprietary and confidential business information that is not relevant to          Plaintiff's  claim  or  the Midland Defendants' defenses. The collection of such          information  would  also  place undue administrative  burdens on the Midland        Defendants' employees.*

Midland is continuing the process of exploring the logistics behind fully gathering      such documents and will determine whether it will respond or object in the short   term. In the alternative, Midland is willing to stipulate that it has been sued        under  15  U.S.C.  § 1681s-2 in the three years prior to the filing of Plaintiff's    Complaint.

**9.      Since January 1, 2009, did any defendant provide any information related and/or attributed to the plaintiff to any consumer reporting agency?  If so, identify all such persons, and, for each separate month state the specific information -by date and in both English language description, as well as METRO II code, provided to any such agency.**

*OBJECTION:  The Midland Defendants object to this Interrogatory as overly      broad because no violation of any other provision of the Fair Credit Reporting   Act has been alleged against Midland Funding LLC or Encore Capital Group,  Inc. in this case.   The Midland Defendants also object to this Interrogatory to the   extent   that   seeks   proprietary   and confidential business information not relevant to    Plaintiff's  claim or the Midland Defendants' defenses. The Midland Defendants  further object to this Interrogatory to the extent that the term "Metro II Code" is        vague and ambiguous*

In addition to its prior answer, Midland will agree to provide an English language description of its credit reporting history with respect to Plaintiff's account and to withdraw its objections.

**10.      Do you admit that you inaccurately reported the Midland account alleged in the complaint to Experian, Equifax and Trans Union?  If your answer is "No.", state and list in complete detail each separate reason supporting your answer.**

*OBJECTION:  The Midland Defendants object to this Interrogatory as overly       broad because no violation of any other provision of the Fair Credit Reporting   Act has been alleged against Midland Funding LLC or Encore Capital Group,  Inc. in this case.   The Midland Defendants also object to this Interrogatory to the  extent that it seeks information that are protected by the attorney-client privilege      and/or the attorney work-product doctrine.*

Midland will withdraw its objections.  No additional action is necessary.

**12.      Identify (name, address and date of the affidavit) all consumers residing in Virginia about whom since the filing of this Complaint you have furnished an "AFFRECORD" format affidavit to Glasser and Glasser and/or Dominion Law Associates.**

*OBJECTION: The Midland Defendants object to the scope of the Interrogatory as overly broad, as this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit with respect to one consumer, whereas Plaintiffs Interrogatory is not limited to the relevant period of time or to Plaintiff's account, and also due to the fact that all third-party collection activity with respect to Plaintiffs account was conducted by Dominion Law Associates and no other law firm. The Midland Defendants also object to this Interrogatory*

Midland is agreeable in principle to entering into a stipulation regarding its continued use of business record affidavits such as the AFFRECORD after filing of Plaintiffs lawsuit. Midland will also consider providing the numerical range of lawsuits that used such affidavits in 2011 in lieu of a substantive response.

**13.    [l]dentify each "outside party" or "partner company" and all persons representing such party or company who have visited any of your offices or facilities to discuss, review, develop, inquiry about or explore your affidavit process since January 1, 2009, and for each state date(s) of such visit(s), as well as all circumstances and reasons for such visit(s).**

*OBJECTION: The Midland Defendants object to the scope of the Interrogatory as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Interrogatory seeks information from January 1, 2009 until the present time. The Midland Defendants also object to this Interrogatory because it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as the Midland Defendants' communications and meetings with third parties have no bearing on the individual claims asserted by Plaintiff. The Midland Defendants further object to this Interrogatory to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses.*

Midland will withdraw its objections and will respond.