UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

GILBERT JAMES,

      Plaintiff,

v.                                    Civil Action No. 3:11cv00221

ENCORE CAPITAL GROUP, INC., *et al.*

      Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF CONSENT MOTION TO CONTINUE TRIAL DATE AND PRE-TRIAL DEADLINES FOR SIXTY DAYS

Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (collectively, the "Midland Defendants"), by counsel, and pursuant to Fed. R. Civ. P. 6(b)(1) and Local Civil Rule 7(F)(2)(b), submit the following memorandum in support of their Consent Motion to Continue Trial Date and all Pre-Trial Deadlines for Sixty Days.

### INTRODUCTION

Trial in this action is currently set for January 30, 2012.  Over the past month, the Midland Defendants have undertaken extensive efforts in response to what it believes are unduly burdensome, irrelevant, and overly-broad written discovery requests served by Plaintiff.  Based on a number of lengthy meet and confer sessions and extensive communication between counsel for the parties, and consistent with the good-faith efforts of the Midland Defendants, the parties have reached substantial, but not total agreement, on the scope of production, with the Midland Defendants making numerous concessions to Plaintiff in order to avoid further consuming the Court's limited resources.  These concessions have resulted in the production of an additional 3,500 pages of documents spanning many categories of requests, with supplementation

continuing.[1]  Indeed, counsel for the Midland Defendants represents that they have *never* spent as much time on discovery matters in an *individual* consumer case as the hundreds of hours that the Midland Defendants have so far expended in an attempt to satisfy Plaintiff's exceptionally-broad discovery demands.  Despite the Midland Defendants' good-faith efforts, however, a number of discrete disputes remain that are the subject of motions filed by Plaintiff on December 14, 2011, including with respect to important issues such as an asserted waiver of the attorney-client privilege.  (*See* Dkt. Nos. 93, 97).

Moreover, during the pendency of the discovery disputes, the Court generally continued the deadlines for the parties' service of their expert disclosures.  (*See* Dkt. Nos. 84, 87).  Also, a Motion to Dismiss certain of Plaintiff's claims in the Amended Complaint under the Fair Debt Collection Practices Act, as well as his claim for abuse of process under Virginia law, remains pending and is ripe for decision.  (*See* Dkt. 51).

Given these outstanding variables, Plaintiff's counsel recently solicited the agreement of the Midland Defendants to a sixty-day continuance of the trial date.  The Midland Defendants agreed to this extension, as they understand that it is not realistic that this case will be ready for trial by January 30, 2012 in light of the respective tasks that need to be completed and the current trial schedule.  The Midland Defendants requested that Plaintiff file a joint motion to this effect as the requesting party.  Plaintiff's counsel, however, has represented that they will not be filing their motion for a continuance as a freestanding motion, and they have instead requested such relief within the text of their discovery motions.  (*See* Dkt. No. 98).  The Midland Defendants therefore file this motion.

---

[1] The Midland Defendants will detail these efforts in response to the pending discovery motions filed by Plaintiff.

<u>**ARGUMENT**</u>

Fed. R. Civ. P. 6(b) sets forth the requirements for obtaining an extension of time in a civil matter.  *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship,* 507 U.S. 380, 389 n.4 (1993).  Rule 6(b) gives the district court the discretion to extend any specified deadline for "good cause" shown.  Fed. R. Civ. P. 6(b)(1).  Likewise, Fed. R. Civ. P. 16(b)(4) provides that a scheduling order may be modified for good cause.  The decision whether to provide such an extension of time rests within the discretion of the district court.  Fed. R. Civ. P. 6(b)(1).

For the reasons set forth above, there is good cause to continue the trial date in this action for sixty days, and both parties have consented to that relief.  This good cause exists for at least three reasons.  First, the state of discovery is ongoing and will not be complete in time.  The good-faith effort by counsel for the parties has moved the state of discovery along as best as they can in light of their disputes.  However, Plaintiff's motion to compel was not filed until December 14, 2011.  This motion alone will not be resolved, let alone the open issues that the parties are still working out, until at least well into January 2012.  This has created temporary uncertainty as to the scope of pre-trial discovery, which will in turn affect the documents available for use at trial.  Although the Midland Defendants contend that the pending motions are wholly without merit, the briefing schedule for these motions alone will not even be complete until the week before the parties are required to serve their exhibit lists under the Pretrial Scheduling Order.  Thus, the modest requested continuance of the trial date will permit both parties to complete pre-trial discovery in accordance with the decisions of the Court, along with accommodating the continued supplementation from the Midland Defendants and the continued good-faith efforts of counsel.

Second, the current state of expert disclosures warrants a continuance of the trial date. By Order, this Court previously granted Plaintiff's and the Midland Defendants' motions for an extension of time to serve expert disclosures.  (*See* Dkt. Nos. 84, 87).  Hence, Plaintiff's expert disclosures are now due three weeks after the pending discovery disputes are resolved, with the Midland Defendants' expert disclosures due two weeks thereafter.  Given that Plaintiff filed his Motion to Compel on December 14, 2011, it is difficult to see how these extended deadlines can be accommodated with respect to the current trial date of January 30, 2012.

Finally, the pendency of the Midland Defendants' Motion to Dismiss creates additional uncertainty about the scope of the scheduled trial.  A sixty-day continuance of the trial date will provide the parties additional time to craft their trial-specific strategies and will inform the nature of certain pretrial deliverables to the Court (*e.g.*, jury instructions).

CONCLUSION

WHEREFORE, Defendants, Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc., respectfully request that the Court: (1) grant their Consent Motion to Continue Trial Date and all Pre-Trial Deadlines for Sixty Days, thereby continuing the trial date for sixty days and until a date convenient for the Court; (2) suspend all intervening pre-trial deadlines until the establishment of a new trial date; and (3) grant the Midland Defendants such further relief that the Court deems appropriate.

**ENCORE CAPITAL GROUP, INC.,**
**MIDLAND FUNDING, LLC and**
**MIDLAND CREDIT MANAGEMENT, INC.**


By:/s/ Timothy J. St. George
        Of Counsel

David N. Anthony
(VSB No. 31696)
Timothy J. St. George
(VSB No. 77349)
*Attorneys for Encore Capital Group, Inc., Midland Funding, LLC
and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1200
Facsimile:  (804) 698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

John C. Lynch
(VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC
and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7765
Facsimile:  (757) 687-1504
john.lynch@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December 2011, I filed a true and correct copy of the foregoing on the Court's Electronic Case Filing System, which will send a notice of electronic filing to:

> Leonard A. Bennett, Esq.
> Susan M. Rotkis, Esq.
> CONSUMER LITIGATION ASSOCIATES, P.C.
> 763 J. Clyde Morris Blvd, Suite 1A
> Newport News, VA 23601
> Telephone:  (757) 930-3660
> Facsimile:  (757) 930-3662
> Email:  lenbennett@cox.net
>
> Matthew J. Erausquin, Esq.
> CONSUMER LITIGATION ASSOCIATES, P.C.
> 1800 Diagonal Road, Suite 600
> Alexandria, VA  22314
> Telephone:  (703) 273-6080
> Facsimile:  (888) 892-3512
> Email:  matt@clalegal.com
>
> Dale W. Pittman, Esq.
> THE LAW OFFICE OF DALE W. PITTMAN, P.C.
> The Eliza Spotswood House
> 112-A West Tabb St.
> Petersburg, VA 23803
> Telephone:  (804) 861-6000
> Facsimile:  (804) 861-3362
> dale@pittmanlawoffice.com
>
> *Counsel for Plaintiff*

> /s/Timothy J. St. George
> Timothy J. St. George (VSB Bar No. 77349)
> *Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, Virginia  23219
> Telephone:  (804) 697-1254
> Facsimile:   (804) 698-6013
> tim.stgeorge@troutmansanders.com

2115618v1