**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

GILBERT JAMES                               )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )      Civil Action No. 3:11cv221
                                            )
ENCORE CAPITAL GROUP, INC., et als.  )
                                            )
            Defendants.                     )

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' "CONSENT" MOTION TO CONTINUE**
**TRIAL DATE AND PRE-TRIAL DEADLINES FOR SIXTY DAYS**

COMES NOW the Plaintiff, Gilbert James, by counsel, and as for his Memorandum in

Opposition to Defendants' Consent Motion to Continue Trial Date and Pre-Trial Deadlines for

Sixty Days, he states as follows:

**ARGUMENT**

**A.     Defendants cannot show "good cause" for extending its pre-trial discovery**

**deadlines.**

The Defendants take great liberty in styling their motion as a "consent motion".  As the

Defendants are well aware, to the extent that they seek an extension of time for their benefit as it

relates to anything other than the provision of expert witness disclosures, the Plaintiff strongly

objects.

As the Defendants point out, Fed. R. Civ. P. 6(b) sets forth the requirements for obtaining

an extension of time in a civil matter. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd*

*P'ship*, 507 U.S. 380, 389 n.4 (1993). Rule 6(b) provides the court with discretion to extend any

specified deadline for "good cause" shown. Fed. R. Civ. P. 6(b)(1). Likewise, Fed. R. Civ. P.

16(b)(4) provides that a scheduling order may be modified for good cause.

Defendants cannot show "good cause" for seeking an extension of pre-trial discovery deadlines. Indeed, good cause exists to justify the *denial* of any further pretrial extensions for the Defendants. Throughout this litigation, the Plaintiff has abided by all discovery rules and Orders entered by this Court. In an effort to preserve judicial resources, he has been more than receptive to the Defendants' numerous requests for accommodations in this matter. But more importantly, he has fully complied with the requirements imposed on litigants in this District with regard to discovery. As detailed, in Plaintiff's pending motions to compel and for sanctions, the Defendants have not reciprocated. In fact, apparently guided by their out of state in-house or national counsel, they have obstructed discovery at every turn, apparently unaware of the rigorous substantive and temporal requirements imposed on litigants in this District.

The Defendants cite Plaintiffs' several pending motions filed on December 14, 2011 as reason for extending their own pre-trial discovery deadlines. However, those motions were entered as a result of the Defendants' own failure to comply with discovery rules and Orders. Furthermore, the Plaintiff has already provided all discovery that the Defendants have requested, and there are no outstanding disputes related to the Defendants' pre-trial discovery directed at the Plaintiff. Nor could there be, as Plaintiff answered every single discovery request directed to him without lodging a single one of the generalized, boilerplate objections that the Defendants have employed. Particularly in view of Plaintiff's full compliance, it would be an illogical and unjust result to provide the Defendants with additional time to obtain discovery as a result of their own non-compliance with this Court's prior orders and the Federal Rules.

**B.     Plaintiff should be granted an extension for pre-trial discovery due to the Defendants' repeated failures to comply with discovery requirements set forth in Rule 26 and this Court's Order.**

Plaintiff 's discovery motions are now pending, including motions to compel the

production of documents and answers to interrogatories, as well as sanctions motions relating to the Defendants' deposition obstruction and their failure to comply with pre-trial discovery orders and rules.   The Defendants have continued to provide piecemeal document production on a rolling basis – due long ago – as recently as last week.  Plaintiff has acted diligently in all regards to obtain the discovery necessary for trial without further intervention from this Court, however in preparation for trial, the Plaintiff should be provided with a fair opportunity to complete discovery both with regard to the Defendants as well as third parties following such time as the Defendants have provided the discovery responses required of them.

WHEREFORE, Plaintiff respectfully requests that this Court: (1) grant the Defendants' Motion with respect to the continuance of the trial date, including the deadline for expert disclosures for both parties consistent with its previous orders; (2) deny the Defendants' Motion to the extent that it would extend the Defendants' pre-trial discovery or disclosure deadlines; (3) grant the Defendants' Motion to the extent that it would extend the Plaintiff's pre-trial discovery and disclosure deadlines by sixty days; and (4) grant the Plaintiff any such further relief that the Court deems just and proper.

Respectfully submitted,
**GILBERT JAMES**


By:_____/s/_____
                    Of Counsel




MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    (703) 273-7770

Fax:    (888) 892-3512
E-mail:  matt@clalegal.com

LEONARD A. BENNETT, VSB #37523
SUSAN M. ROTKIS, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Tel:    (757) 930-3660
Fax:    (757) 930-3662
E-mail:  lenbennett@cox.net
E-mail:  srotkis@clalegal.com

DALE W. PITTMAN, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A West Tabb Street
Petersburg, VA 23803-3212
Tel:    (804) 861-6000
Fax:    (804) 861-3368
E-mail:dale@pittmanlawoffice.com


*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:


John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-5410
Fax: 804-698-5118
Email: david.anthony@troutmansanders.com

Timothy James St. George
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-1254
Email: tim.stgeorge@troutmansanders.com
*Counsel for the Defendants*


                                     /s/
                              MATTHEW J. ERAUSQUIN, VSB #65434
                              CONSUMER LITIGATION ASSOCIATES, P.C.
                              1800 Diagonal Road, Suite 600
                              Alexandria, Virginia 22314
                              Tel:    (703) 273-7770
                              Fax:    (888) 892-3512
                              matt@clalegal.com