UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GILBERT JAMES,**

      **Plaintiff,**

v.                                                                                       Civil Action No. 3:11cv00221

**ENCORE CAPITAL GROUP, INC.,** *et al.*

      **Defendants.**

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (collectively, the "Midland Defendants"), by counsel, and pursuant to Fed. R. Civ. P. 33, submit the following memorandum in support of their Motion to Compel.

### PROCEDURAL BACKGROUND

In Count Six of the Amended Complaint, Plaintiff alleges that the Midland Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C § 1961, *et seq.* ("RICO"). (Dkt. No. 43). Plaintiff, however, failed to set forth the specific RICO subsection(s) that the Midland Defendants were alleged to have violated. *See id.*

On August 19, 2011, the Midland Defendants served their First Set of Interrogatories on Plaintiff. *See* **Exhibit A**. Responses to these interrogatories were due thirty days thereafter. *See* Fed. R. Civ. P. 33(a)(2). Due to Plaintiff's assertion of a claim under RICO, included in these interrogatories was the following Interrogatory No. 7:

> Set forth each and every fact or application of law to fact to support your allegation that Defendants violated the Racketeer Influenced and Corrupt Organizations Act, including as alleged in your Complaint. *Include in your response the specific subdivision(s) of 18 U.S.C. § 1961, et seq. that Defendants are alleged to have violated* and all persons with knowledge of your contention.

Ex. A at p. 13 (emphasis added). In serving his objections to this discovery, Plaintiff noted that he had "no objection" to providing the information sought with respect to his claims. **Exhibit B**.

On September 29, 2011, Plaintiff served his responses to the Midland Defendants' First Set of Interrogatories. In response to Interrogatory No. 7, Plaintiff simply parroted essentially *verbatim* the allegations from the Amended Complaint. *Compare* **Exhibit C**; Dkt. No. 43. And, nowhere in his response did Plaintiff identify RICO subsection(s) on which his claim is based or state the facts in support of any such claim. *See id.*

On November 16, 2011, after discussing discovery issues on a conference call with the Court, and in compliance with Local Civil Rule 37(E), the Midland Defendants orally requested that Plaintiff's counsel supplement the response to Interrogatory No. 7 to include this missing, requested information. Plaintiff's counsel agreed to supplement the response in that regard.

On November 17, 2011, counsel for the Midland Defendants requested in writing that Plaintiff supplement his interrogatory response to include the requested information regarding the RICO subsection(s) under which he was asserting his claims, as well as the facts in support of any such claim. **Exhibit D**. To date, however, Plaintiff has not supplemented his response to Interrogatory No. 7 in any way.

## ARGUMENT

Under Fed. R. Civ. P. 33(a)(2), a party may serve written interrogatories on any other party, which "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Plaintiff has alleged that the Midland Defendants violated RICO, putting the information requested by the Midland Defendants squarely within the confines of Rule 26(b). Plaintiff also stated that he had "no objection" to providing the requested information in his objections to discovery. *See* Ex. B. Thus, the information requested under Interrogatory No. 7 is plainly discoverable.

Moreover, RICO is a complex, multipart statute with substantial pleading and proof requirements. Since the elements of a violation, and the enterprise that must be alleged, vary depending on which of the four subsections of 18 U.S.C. § 1962 is being asserted, courts require a plaintiff to specifically identify the subsection at issue in order to ensure that the defendant has fair notice of the unlawful conduct of which it is being accused. *Reynolds v. E. Dyer Dev. Co.*, 882 F.2d 1249, 1251 (7th Cir. 1989) (noting that because each RICO subsection requires different elements, "it is essential to plead precisely in a RICO case the enterprise alleged and the RICO section allegedly violated."); *A. Gypsum Co., Inc. v. Lloyds Intern. Corp.*, 753 F. Supp. 505, 511 n. 4 (S.D.N.Y. 1990) (noting that "[f]ailure to plead a specific subsection of § 1962 may alone constitute grounds to dismiss a RICO complaint, because it fails to inform defendants of the unlawful conduct in which they allegedly engaged.") (citation omitted). Indeed, as these decisions hold, the identification of the subsection(s) on which a plaintiff's RICO claims are asserted, along with the basic facts in support of the purported liability under such subsections, is a pleading requirement that exists from the *outset of the case*, yet Plaintiff has refused to provide that information to date, despite repeated demands to do so, frustrating the Midland Defendants' ability to move forward with their defense. Thus, the basic information sought by the Midland Defendants with respect to the pending RICO claim must be provided to permit a fair defense.

The Midland Defendants have exercised all due patience in seeking supplementation of the information requested under Interrogatory No. 7. To properly defend against Plaintiff's RICO claim, however, an identification of the subsection(s) under which such a claim is asserted, as well as the facts in support of such a claim, is critical. In fact, Plaintiff's counsel has agreed to supplement its prior response in this regard but has not done so. This simple and core request also contrasts with the extensive, good-faith discovery efforts undertaken by the Midland Defendants. Therefore, the Court must grant this Motion to Compel.

## CONCLUSION

WHEREFORE, Defendants, Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc., respectfully request that the Court: (1) grant their Motion to Compel, requiring Plaintiff to immediately supplement his response to Interrogatory No. 7 to include an identification of the subsection(s) of 18 U.S.C. § 1961 under which he is asserting his RICO claim, and to fully set forth all facts and/or application of law to fact in support of such contentions; (2) grant the Midland Defendants' their attorney's fees and costs incurred in making this motion under Fed. R. Civ. P. 37; and (3) grant the Midland Defendants such further relief that the Court deems appropriate.

                              **ENCORE CAPITAL GROUP, INC.,**
                              **MIDLAND FUNDING, LLC and**
                              **MIDLAND CREDIT MANAGEMENT, INC.**

                              By:/s/ Timothy J. St. George
                                      Of Counsel

David N. Anthony (VSB No. 31696)
Timothy J. St. George (VSB No. 77349)
*Attorneys for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

John C. Lynch (VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
john.lynch@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December 2011, I filed a true and correct copy of the foregoing on the Court's Electronic Case Filing System, which will send a notice of electronic filing to:

>Leonard A. Bennett, Esq.
>Susan M. Rotkis, Esq.
>CONSUMER LITIGATION ASSOCIATES, P.C.
>763 J. Clyde Morris Blvd, Suite 1A
>Newport News, VA 23601
>Telephone:  (757) 930-3660
>Facsimile:  (757) 930-3662
>Email:  lenbennett@cox.net
>
>Matthew J. Erausquin, Esq.
>CONSUMER LITIGATION ASSOCIATES, P.C.
>1800 Diagonal Road, Suite 600
>Alexandria, VA  22314
>Telephone:  (703) 273-6080
>Facsimile:  (888) 892-3512
>Email:  matt@clalegal.com
>
>Dale W. Pittman, Esq.
>THE LAW OFFICE OF DALE W. PITTMAN, P.C.
>The Eliza Spotswood House
>112-A West Tabb St.
>Petersburg, VA 23803
>Telephone:  (804) 861-6000
>Facsimile:  (804) 861-3362
>dale@pittmanlawoffice.com
>
>*Counsel for Plaintiff*
>
>/s/Timothy J. St. George
>Timothy J. St. George (VSB Bar No. 77349)
>*Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia  23219
>Telephone:  (804) 697-1254
>Facsimile:  (804) 698-6013
>tim.stgeorge@troutmansanders.com