UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

GILBERT JAMES,

        Plaintiff,

v.                                Civil Action No. 3:11cv221

ENCORE CAPITAL GROUP, INC., et als,

        Defendants.


**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
SECOND MOTION TO COMPEL AND FOR SANCTIONS (Docket No. 98)**

COMES NOW the Plaintiff, Gilbert James, by Counsel, and for his Reply in support of
his Second Motion to Compel, he states as follows:

**OVERVIEW**

Plaintiff has separately filed his motion to overrule Defendants' broad privilege
objections with respect to documents either not privileged (i.e. tort/crime/fraud exclusion) or for
which privilege has been waived.  The present motion addresses the specific discovery requests
propounded to Defendants and seeks a Rule 37 motion overruling non-privilege objections and
compelling compliant answers and production.

Defendants oppose Plaintiff's Motion to Compel most generally by their assertion that,
"Throughout the ten-page motion, Plaintiff never sets forth the nature of the extensive
compromises made by the Midland Defendants and agreed to by the parties regarding the scope
of discovery, nor does he attempt to lay out for the Court the remaining areas of disagreement."
Yet such complaint fails to disclose the truth of the dispute and challenges faced by Plaintiff:

1.  **Defendants' Virginia attorneys have no idea what documents or evidence actually exists in response to the discovery requests they dispute;**

2.  **Defendants' objections have not been narrow or discrete.  Instead, Defendants' have met nearly every discovery request with a barrage of boiler-plate objections (e.g. relevance, breadth, burden, privilege, privacy, confidentiality, etc.).  A line by line analysis of each would have taken hundreds of page of briefing;**

3.  **Defendants' commitments in Plaintiff's various meet and confer attempts, whether in person, by phone or in writing, remain "strategically" worded to appear willing to produce, yet in fact continue the blanket refusal to do so; and**

4.  **Defendants' compliance with those commitments they did attempt to honor has trickled in as a moving target.  Even at the date of filing of the present motion, there were a substantial number of outstanding promises yet to be fulfilled, but the subject of written commitments to produce.**

Accordingly, Plaintiff presented the discovery requests at issue by Exhibit that stated in one place the outstanding request, objections and most recent defense position.  Dkt. No. 99, Exhibit 1.

At the time of the motion's filing, Defendants had produced almost zero of substance.  Thus the answer to the question, "What discovery requests have not been properly answered?" was the same answer to the question, "What discovery requests have you propounded?"  Accordingly, Plaintiff's opening brief focused correctly on the categories and methods of objection universally asserted by Defendants rather than simply repeating the text of each request within the brief itself.  Defendants entirely ignore the Plaintiffs' brief and argument and skip instead to their skewed framing of the substance of the disputed requests.  <u>But before the Court must consider the underlying purpose, phrasing or language of the Plaintiff's requests, it must first determine if there are properly asserted objections to such requests.</u>

## DEFENDANTS HAVE NOT RESPONDED TO PLAINTIFF"S ARGUMENT THAT ITS OBJECTIONS ARE PROCEDURALLY IMPROPER

***"Overly Burdensome" (and "Overbroad") Objections.***  Plaintiff argues, with the support of this District and this Court's case law, that Defendants' "overly burdensome" objections

should be stricken at the outset for their total failure to substantiate that burden by submitting affidavits or offering evidence revealing the nature of the burden. *Cappetta v. GC Services Limited Partnership*, Civ. No. 3:08-cv-00288-MHL (December 24, 2008, Docket No. 65).   As Judge Lauck held, "In order to overcome the liberal construction afforded the federal discovery rules, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden." *Id*. p.6-7.   Defendants did not offer any such support in their original objections, or in their meet and confer exchanges.   But most remarkably, they did not offer any such evidentiary support to demonstrate a burden in their Motion to Compel opposition brief for any requests besides e-mail searched and previous lawsuits.   Def. Mem., Exhibit F, Declaration of Paul Rose. Even that declaration does not identify any particular expense or time difficulty in producing the requested e-mails or the previous lawsuits so described.   The "burden" faced by Defendants is merely the expense of copying and saving such documents.   Defendant's affidavit actually evidences that the basic search has now already been completed.[1]   Further, the assertion that there are "54,967 email records" itself is incomplete and offers no explanation of the actual burden.   Given Defendants' previous discovery wordplay, Plaintiff expects that this total includes a much smaller set of actual discrete emails with the "54,967" including a much smaller number of discrete email chains.   Candidly, Plaintiff's counsel is surprised the number is that small.[2]

---

[1] Defendants' real concern is not the burden of production, but rather the asserted burden of attorney review before production, ostensibly to check for privilege concerns.   But given the Defendants' refusal to even determine if there any documents subject to privilege and to list same, by category at least, in a log, the time for such concerns has long passed.

[2] Prior to December 22, 2011 and the filing of Defendants' Paul Rose affidavit, Plaintiff's counsel had never heard of this person.   Defendants' counsel had not offered the details now claimed.   There was no comparable discussion in the meet and confer process.

Similarly, if the burden of reviewing all "1,100" previous complaints filed against midland is so difficult, it can and should produce them all, leaving Plaintiff's counsel to handle the labor of sorting through them.

Regardless, the Rose affidavit and Defendants' brief abandons any claim of burden as regards any other requests beyond previous lawsuits and the production of email. These objections should be stricken.

***Confidentiality***.  Defendants refused to begin production in this case until and unless they had in place a blanket protective order.  Plaintiff's counsel agreed to order used in other case before the Court, and now has paid the price of regret for doing so.  Defendants have abused the designation rights inherent in such otherwise cooperative blanket order and have designated nearly every page of their production as confidential.  This has impaired Plaintiff's ability to use that evidence in this case.  Still, the advantage of such an order is that a party need not withhold information it believes of a sensitive or proprietary nature.  Not so in this case.

Defendants have redacted large parts of important documents in the case.  Some, like the document executed between Defendants and Dominion Law Associates have been redacted on the asserted basis of privilege.  That redaction can be and is dealt with elsewhere.  However, other documents have not been redacted for privilege and have been withheld based on Defendants' concern about its "sensitive data."  Defendants respond that such redactions have not been made to 99% of its produced documents.  Defendants' recurring boast that they have produced over 4,500 pages is deceptive.  The vast majority of these "pages" contain very little information actually requested and at the core of the case.  For example, hundreds of pages look like the meaningless page attached as Exhibit "A".   And hundreds more are simply pages of the publically available Annual report (10-k) for Encore Capital.  The actual readable and material

documents actually produced by the Defendant number less than 1,000.  The redactions at issue have been made to the documents actually meaningful to this case – the documents by which the disputed debt account was sold from Capital One to Defendants and the full procedures manuals used to handle the collection and dispute of the subject account.   Defendants have a protective order.  And they cannot possibly argue a burden – in fact it certainly was more burdensome to redact the contents of these documents than it would have been to produce them.  Defendants' confidentiality objections in the face of a protective order is particularly offensive in light of the experiences of this Defendant in the recent *Brim v. Midland* trial in Alabama, and of frequent FCRA defendant Experian, often represented by Defendants' current counsel, in a similar discovery dispute contested several years back in Alexandria.  In *Brim*, Midland sought to use its comparable account purchase contract with Dell Financial with the same redactions.  Plaintiff Brim opposed the use of the redacted version at trial, which Motion in Limine was sustained. Midland then – at the trial – offered the unredacted version, which is the exhibit submitted to the jury in open court.

In *Steven v. Beck v. Equifax Information Services, et al*, Case No. 1:05-cv-347, a standard FCRA case, Experian opposed the production of its complete manual, producing instead only a partial and redacted version of the parts it deemed relevant.  Present plaintiff's counsel moved to compel Experian's production of the entire manual so that it was in context, which motion Judge O'Grady granted, stating in response to the defendant's claim that it produced all of the portions that were relevant, "THE COURT:  Well, how does Mr. Bennett know if you don't produce the entire handbook[?]"

**Relevance**.  Plaintiff has already addresses Defendants' uniform "relevance" objections – their unilateral decision not to produce information and documents they assert would not be

relevant against Encore at trial.   Defendants ignore the broad Fed. R. Civ. P. 26 standard,

"reasonably calculated to lead to the discovery of admissible evidence", in favor of their own

unilateral decision not to produce any information that does not comport with their own

conclusion about how the claims in this case will turn out.  Defendants ignored the entirely of

Plaintiff's brief summarizing established law supporting the broad interpretation of Rule 26's

"relevance" limit as well as Defendants' burden to establish irrelevance.  Its arguments as regard

specific requests similarly ignore the proper breadth of Rule 26.

Nevertheless, upon the Court's expressed concern that the Plaintiff simplify and focus

upon a discrete list of outstanding disputes, Plaintiff has reduced his focus to the following set of

requests for production and interrogatories that remain unanswered (or incompletely answered)

and in dispute.  Defendants suggest that there exist Ten (10) areas of dispute.  Def. Mem. at 8-9.

There are more.  And the disputes that Defendants suggest inaccurately simplify or exclude

substantial components of the Plaintiff's requests.

### THERE ARE SEVENETEEN (17) REMAINING CATEGORIES IN DISPUTE (A-Q)

### *A.   DOCUMENTS EXCHANGED WITH THIRD PARTIES REGARDING DEFENDANTS' AFFIDAVIT PROCESS.*

### REQUEST FOR PRODUCTION

**2.   All documents exchanged between any of your employees and Bank of America, Target Receivables Corporation or any other third party regarding your process for creating, preparing and/or signing collection affidavits.**

DEFENDANTS' OBJECTIONS:  The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as communications with third parties about subjects or individuals other than Plaintiff have no bearing on the individual claims asserted by Plaintiff. The Midland Defendants also object to the scope of the Request as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiffs claim or the Midland Defendants' defenses

Plaintiff has discovered that Defendants have engaged in written communications with a large number of third parties in which they have described and provided information regarding the process they use to generate collection affidavits.  These are in at least three categories of requested communications:

(a.) Communications with various debt sellers who after learning of litigation insisted on information from Defendants' explaining their process of collecting the debts these companies sold to Midland Funding.  Two of these companies visited Defendants' facilities, met at length with their counsel, and were made privy to Defendants' affidavit systems and procedures as if actually part of Encore.  Certainly there were other companies so privy, but which Defendants have been more effective in concealing;

(b.) Communications with government regulators and with the "Special Master" in *Brent*, the Ohio class action.  Plaintiff has learned that Defendants have been actively investigated and/or prosecuted by the Attorneys General in a number of states, including by example, Minnesota, Texas, North Carolina, New York, Maryland, California and Oregon.  In addition, Defendants have produced substantial information to the "special master" appointed in the Ohio class action case in order for that court to determine whether or not Defendants' current affidavit procedure is lawful.  There is no basis to withhold this very discrete set of information and documents.  It certainly is "reasonably calculated to lead to the discovery of admissible evidence";

(c.) Communications with third party attorneys involved in creating the affidavit process.  Defendants have not objected to this request based on privilege, and regardless have not provided a privilege log to include any such evidence.  These are certainly likely to lead to the discovery of admissible evidence.

Now, after Plaintiff's 'meet and confer' effort, Defendants continue to refuse the production of any information beyond a very small set of e-mails with several debt seller employees that regard logistics and scheduling, but no substance, of the discovered meetings.  They refuse to produce any documents exchanged with any governmental authority or the special master.  And despite the lack of a log or a timely privilege objection, Defendants now assert privilege as the basis to withhold documents.

**B.     *DRAFT AND FINAL AFFIDAVIT MANUALS***

**REQUEST FOR PRODUCTION 2(b).**

**2. (Sic )        All full or partial drafts and additions/versions of your written materials used to instruct or manage the preparation and/or signing of collection affidavits by any of your employees since January 1, 2009 through the present.[3]**

OBJECTION: The Midland Defendants object to the scope of the Request as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request seeks documents from January 1, 2009 until the present time.  The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to the Plaintiff's claim or the Midland Defendants' defenses.  The Midland Defendants further object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

*Midland will produce any final versions of its affidavit training and process manuals that were used to instruct or manage its employees during the requested period, to the extent that such documents have not already been produced.  Midland will withdraw all objections except those objections regarding relevance and privilege, which apply with respect to the drafts of such materials. Midland will supplement its privilege log, as appropriate.*

Plaintiff has requested all drafts and previous versions of the affidavit procedure manuals created or used by Defendants since January 1, 2009.  Defendant has withdrawn all objections but two – relevance and privilege.  Yet, and despite its "meet and confer" statement that it would "supplement its privilege log", it has no right to do so, and even still has not attempted to do so. There is no proper basis to assert privilege, and certainly not a basis that has not been waived. The request plainly seeks information calculated to lead to the discovery of admissible evidence. The variations and draft documents will likely reveal additional evidence regarding Defendants' intent and state of mind in creating and using the challenged procedures.

## C.      COMMUNICATIONS WITH DOMINION LAW AND GLASSER AND GLASSER.

## REQUEST FOR PRODUCTION

**3.      All documents exchanged between you and Dominion Law, Glasser and Glasser or any other law firm that collects Midland Funding accounts in the State of Virginia since**

---

[3] Due to a typographical error, both this request and the immediately preceding request were numbered by Plaintiff's counsel as Request No. 2.

**January 1, 2006 through the present. (excluding documents that pertain solely to a specific consumer).**

OBJECTION:  The Midland Defendants object to the scope of the Request as overly broad, as this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit with respect to one consumer, whereas Plaintiffs Request is not limited to the relevant period of time or to plaintiffs account, and also due to the fact that all third-party collection activity with respect to Plaintiffs account was conducted by Dominion Law Associates and no other law firm. The Midland Defendants also object to this Request because it seeks documents regarding third party consumers that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiffs claim or the Midland Defendants' defenses. The Midland Defendants object to this Request principally seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine.

*Plaintiff agrees to limit the scope of this request to January 1, 2007 forward. Midland has produced its engagement agreement with Dominion Law Associates and has logged as privileged other non-consumer specific documents exchanged with the identified law firms.  Midland will not agree to provide further documentation or to withdraw its objections.*

These two firms are the Virginia collection companies that are alleged to have participated in Defendants' R.I.C.O. enterprise.  Further, Dominion Law is the entity that acted as Defendants' agent to commit various alleged violations of the FDCPA and the Abuse of Process tort.  The documents requested are certainly relevant.  Defendants' only other objection was privilege – an objection that is waived as to nearly all such communications (they are mostly unlogged) and for the reasons more fully stated in support of plaintiff's related motion.

**D.   COMMUNICATIONS REGARDING THE TWO THIRD PARTY COMPUTER SYSTEMS (YGC AND X-DOCS) USED TO MANAGE THIRD PARTY COLLECTIONS.**

**REQUEST FOR PRODUCTION**

**4.    All user manuals, invoices, available reports or screen prints, contracts or agreements, bulletins, instructions or other documents regarding either "XDocs" (as named in the deposition of Nancy Khols) or YGC (youvegotclaims.com) other than a document pertaining to a specific consumer, portfolio or account.**

OBJECTION: The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably

calculated to lead to the discovery of admissible evidence, as documents detailing the substance of the Midland Defendants' computerized collections software, contracts with third parties, and information about consumers other than Plaintiff have no bearing on the claims asserted by Plaintiff. The Midland Defendants also object to the scope of the Request as overly broad, as this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants object that this Request principally seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

*Midland has already produced the screenprints of the YGC and XDocs systems, as they were used in connection with Plaintiffs account. Midland will produce additional manuals responsive to this request, if any, provided that they are not limited by a confidentiality provisions. Midland will withdraw all objections except as to confidentiality, as necessary.*

These two systems are third party systems that Defendants use to handle communication with its collection firms regarding placed accounts. Plaintiff continued to request the manuals, available reports, contracts, bulletins and instructions for use of these systems. Defendants have still never produced such documents. Their only remaining objection is "confidentiality", which was long ago addressed with an agreed protective order.

### E.   COMMUNICATIONS WITH GOVERNMENT AGENCIES REGARDING THE AFFIDAVIT PROCESS.

**REQUEST FOR PRODUCTION**

**8.     Produce a copy of all correspondence, email, other communications or other documents you have previously provided to the office of any government agency or department (e.g. Attorneys General or the FTC, without limitation) regarding your creation, use or signing of collection affidavits (excluding all documents that pertain solely to a specific consumer).**

OBJECTION:   The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests documents that are entirely unrelated to Plaintiffs individual claims. The Midland Defendants also object to the scope of the Request as overly broad because it seeks production of voluminous documents few, if any, of which would be relevant to Plaintiff's individual claims, because the assembly of these documents would place significant administrative burdens on the Midland Defendants' employees, and because this action implicates collections

<span style="color:red">activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiffs Request is not limited in time. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiffs claim or the Midland Defendants' defenses, and whose production may be governed and restricted by the terms of a protective order. The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.</span>

*Midland will agree to produce non-consumer specific and non-state specific documents that were produced to government agencies or the FTC to the extent that they are also implicated by the claims and defenses pled in this action.  Midland does not agree to withdraw its objections.*

This Request is to a general degree encompassed within Request 2.  However it is expressly requesting documents communicated between defendants and the agencies, rather than with the more undefined "third parties."

This is a good example of the "wordplay" Defendants have attempted in their questionable involvement in the meet and confer process.  If you read the Defendants' "current position" you would necessarily be left with the conclusion that Defendants were intending to produce something.  Anything.  Instead, they have refused to produce any document at all.

## F.    KEY PERSONNEL E-MAIL AND OTHER CORRESPONDENCE REGARDING THE AFFIDAVIT PROCESS.

Each of the following requests sought to narrow the search and production burdens upon Defendants sufficient to conform with the Federal Rules.   They succeeded.  First, all of the information sought is reasonably calculated to lead to the discovery of additional admissible evidence.  It is limited to the set of decision makers who have been identified by Defendants, their witness and their material documents, or the actual employee who was tasked with fabricating the fraudulent affidavit in this case.

Second, Defendants cannot suggest or explain any unfair burden that is beyond that customarily imposed in basic litigation.  For Requests 9 and 10, Defendants need only provide a copy of an e-mail folder.  The production would take an hour at most.   Similarly, as to request

12, the correspondence at issue is certainly saved as e-mail, or WORD files that are easily

searched for the word "Affidavit."  Defendants however have created an affidavit that suggests a

burden.  The Paul Rose affidavit is new.  From its description, it appears that Mr. Rose is on the

team of in house lawyers helping to litigate the present case.  Of course he should be on the

docket, rather than disrupting or demanding discovery abuse from afar.  To the extent that he is

suggested as a witness, he has never before been disclosed.  He is otherwise unknown to

Plaintiff's counsel.  Further, none of his claimed testimony was offered in the meet and confer

process.  Rather, Defendants served their objections before any of the Rose claims were even

created.

Regardless, Mr. Rose's "burden" is not that caused by actually producing the requested

documents, but rather the Defendants' desired process to internally examine, redact and as

necessary withhold specific documents they would claim as privileged.  But Defendants have

never logged any such communications.  Not even by broad description (e.g. "All e-mails

between Greg Call and staff directing collection litigation.")  Even to the present, even after

conducting what they claim as a search, none of these documents have been logged.

Further, Defendants position – that it believes a reasonable search using its own selected

search terms would be fair – proves the impropriety of its position.  A party is obligated to

produce documents requested to the extent that they are not objectionable.  Defendants are

claiming:  "The following search terms would not be objectionable, though your broader terms

would be."  If this is true, Defendants should still be sanctioned for failing to provide the non-

objectionable set of documents.  Defendants are instead using their other set of objections to hold

their acknowledged required production hostage, stating, "*Midland [will not] withdraw its

objections (including as to privilege) while this disagreement is pending.*"  The request is either

objectionable or it is not.  Defendants cannot lever the objection process to force the narrowing of discovery below that otherwise permitted under the Rules.

Finally, Defendants request to use search terms they themselves have already privately tested is unfair.  Defendants now know what documents would be returned under their search terms and what documents would be safe from opposing eyes.   Particularly given the history of these Defendants and their in house litigators, the Court cannot fairly defer to their objectivity and Plaintiff cannot rationally trust that Defendants have not gamed their search to exclude damning documents.

## REQUEST FOR PRODUCTION

**9.     An electronic copy in native or pdf form of every e-mail stored, archived or retrievable that include the word "affidavit" within the subject or body of the e-mail and any of the following individuals in the to, from, cc, or bcc fields: Jane Hughes, Gail Stanger, Rita Mercalia (sic?), Greg Call or Brandon Black.**

OBJECTION: The Midland Defendants object to the scope of the Request as overly broad and unduly burdensome because it seeks documents based only on  the  use  of  a single search term that is commonly used within the Midland Defendants and the legal system generally, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiffs Request is not limited in time. For those same reasons, the Midland Defendants object to this Request as seeking documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiffs claim or the Midland Defendants' defenses. The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

*Midland has proposed that the parties agree to limit the scope of this request from July 15, 2009 through April 7, 2011 and to the following search terms.*

| |
|---|
| *Affidavit w/3 polic** |
| *Mfidavit w/3 procedure** |
| *affidavit w/3 form* |
| *affidavit w/3 template* |
| *Gilbert w/3 James* |

*Plaintiff will not agree to any limitations except as to the search term "affidavit." Midland does not agree to produce these documents without reasonable search term and time limitations nor will Midland withdraw its objections (including as to privilege) while this disagreement is pending.*

**REQUEST FOR PRODUCTION**

**10.    An electronic copy in native or pdf form of every e-mail stored, archived or retrievable within the Outlook folders of Nancy Kohls.**

OBJECTION: The Midland Defendants object to the scope of the Request as overly broad and unduly burdensome because it seeks production of voluminous  documents few, if any, of which would be relevant to Plaintiffs individual claims, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiffs Request is not limited in time. For those same reasons, the Midland Defendants object to this Request as seeking documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiffs claim or the Midland Defendants' defenses.  The Midland Defendants object to the extent that this Request seeks documents that are  protected     by the attorney-client privilege and/or the attorney work- product doctrine.

*See Midland's  response to Request No.9.*

**REQUEST FOR PRODUCTION**

**12.    All correspondence between Jane Hughes, Gail Stanger, Rita Mercalia (sic?), Greg Call and/or Brandon Black, and any of these persons or any other person, regarding the process for Midland's employees to create, prepare, and or sign collection affidavits.**

OBJECTION:   The Midland Defendants object to the scope of the Request as overly broad because this action implicates collections activity beginning in July  2009        and ending prior to the filing of this lawsuit, whereas Plaintiff's  Request is not limited in time. The Midland Defendants object to this Request to the extent that it seeks proprietary and confidential business or personal information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland     Defendants    also object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

*See Midland's response to Request No.9.*

*G.     CORPORATE GOVERNANCE DOCUMENTS PROVING THE RELATIONSHIP BETWEEN EACH DEFENDANT.*

**REQUEST FOR PRODUCTION**

**16.    All Business Organization formation and maintenance documents (e.g. Articles of Organization or Incorporation, Bylaws, Operating Agreements, Corporate Minutes, etc.) for each Defendant.**

<span style="color:red">OBJECTION:    The Midland Defendants object to this Request because it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Midland Defendants also object to this Request because "'formation and maintenance documents" is vague and ambiguous.  The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiffs claim or the  Midland Defendants' defenses. The Midland Defendants object to this Request to the  extent  that  the  burden  of  discovery  or ascertaining the answer will be substantially the same for either party and hence reserves the right to respond as provided for by Fed. R. Civ. P. 33(d). The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client   privilege and/or the attorney work-product doctrine.</span>

<span style="color:blue">*Midland will agree to provide any additional bylaws and operating agreements that have not yet been produced.  Plaintiff agrees that any corporate minutes produced could be redacted with respect to material unrelated to discussions about collection activity (e.g., business strategies).  Plaintiff will agree that these  corporate minutes are unnecessary if Midland stipulates that all three entities have been properly named as defendants. Midland is exploring entering into such a stipulation, and it is agreeable in principle, but it will not withdraw its objection as to relevance in the interim.*</span>

Defendants have refused to stipulate that each of the corporate Defendants is a "debt

collector" governed by the FDCPA.  The requested documents – agreements and corporate

governance between common control and management is relevant to this important issue.


**H.    *MANUALS AND AUDIT PROCEDURES THAT DETAIL AND DESCRIBE HOW THE AFFIANT EMPLOYEES ARE EVALUATED.***

**REQUEST FOR PRODUCTION**

**17.    All employee performance and evaluation scoring forms (PACE?) used to evaluate employees and all documents that regard the scoring or evaluation metrics used for your Legal Specialists.**

<span style="color:red">OBJECTION:  The Midland Defendants object to the scope of the Request as overly broad because this action implicates collections activity with respect to an affidavit   that was executed by an identified Legal Specialist at Midland Credit Management, Inc. The Midland Defendants also object to this Request because it   seeks   documents   that   are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it implicates personnel documents unrelated to</span>

collections activity and/or regarding employees who had no contact with Plaintiffs account. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiffs claim or the Midland Defendants' defenses.   The Midland Defendants object to the extent that this Request seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

*Midland will not agree to provide such documents, except as to the PACE form   of Nancy Kohls, which has already been produced, or to withdraw its objections.*

Defendants have provided only the output forms for the employee evaluations of Nancy Kohls –

the affiant who executed the fraud affidavit regarding the Plaintiff.  They refuse to provide the

manuals, memos and other documents that explain the procedure and factors that are evaluated.

This is like providing a Multiple Choice answer sheet without also providing the test questions.

## I.     *DOCUMENTS FROM THE SELLER OF THE JAMES ACCOUNT.*

## REQUEST FOR PRODUCTION

**18.     All documents ever received from Capital One (including all transmittal letters, emails and other correspondence) that do not regard a specific consumer.**

OBJECTION:  The Midland Defendants object to the scope of the Request as overly broad and unduly burdensome because it seeks production of voluminous  documents few, if any, of which would be relevant to Plaintiff's individual claims,  and because this action implicates collections activity beginning in July 2009 and   ending  prior  to  the filing of this lawsuit, whereas Plaintiffs request is not limited in time. For those same reasons, the Midland Defendants object to this Request as  seeking documents  that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The   Midland Defendants also object  to  this Request to the extent that it seeks proprietary and confidential  business  information  that is not relevant to Plaintiffs claim or the Midland Defendants' defenses.

*Midland has produced its Bill of Sale and the redacted Receivable Sale Agreement covering Plaintiff's account.   Midland will also continue investigating whether further documentation exists that would be responsive to this request.  ln the interim, Midland will not agree to provide further documentation in addition to  what  has  previously  been provided or to withdraw its objections.*

Capital one sold and conveyed the account that is the subject of this lawsuit to Defendants.

Plaintiff alleges that it did so without any meaningful assurance to Midland that would support

its affidavit, credit reporting or collection action.  In response to Plaintiff's request for underlying

Capital one documents, Defendants have produced a one page redacted copy of a one paragraph

"Bill of Sale" – the document they use to try and prove ownership when a state judge asks for

proof of sale.  They have also provided a mostly redacted Sale Agreement that in fact describes

in detail the actual relationship between the seller and the debt buyer.  There is no basis to

withhold the unredacted agreement.  Further, Plaintiff's request for other Capital one provided

documents and communications (not regarding specific consumers) certainly is calculated to lead

to further discovery of admissible evidence.  If as Plaintiff alleges Defendants never received

underlying support for their accounts, they cannot lawfully sign ANY collection affidavits, bring

lawsuits in good faith or "verify" to the credit bureaus that they have confirmed that the debt is

owed and reported correctly.  There may also be documents that detail uncertainties regarding

the sold debts.  With a protective order in place, Defendants' continuing reliance upon

"confidentiality" as their base objection is improper.

### J.   PROCEDURES MANUAL FOR AFFIDAVIT COMPUTER PROGRAM.

**REQUEST FOR PRODUCTION**

**20.   All manuals or other documents explaining the content for and use of the "manual validation program" used by your Legal Specialists.**

OBJECTION: The Midland Defendants further object to the Request due to the   fact that the phrase "manual validation program" is vague and ambiguous.  The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiffs   claim or the Midland Defendants' defenses. The Midland Defendants further object to the extent that this Request seeks documents that are protected by the   attorney-client privilege and for the attorney work-product doctrine.

*Midland will agree to produce such additional documents and to withdraw its objections.*

Defendants' employees receive their collection affidavits in final form from an automated batch

printer after they are created by the outside collection firms.  The affiant employee then does

only one thing before signing – she looks at the output screen in a computer screen and system

titled the Manual Validation program.  Plaintiff has requested the manuals and user guides for

this system.  Defendants have refused, instead providing several "screen prints" they assert were

created from screens within the system.  Despite its claim to have withdrawn its objections, no

such manuals or guides have been produced.

**K.     *DOCUMENTS, INCLUDING INTERNAL COMMUNICATIONS DISCUSSING DEFENDANTS' FCRA DISPUTE INVESTIGATION PROCEDURES*.**

**REQUEST FOR PRODUCTION**

**27.     Produce all documents that detail or describe your procedures for compliance with 15 U.S.C. §1681s-2(b), since January 1, 2008.**

OBJECTION:   The Midland Defendants object to this Request as overly broad because no violation of 15 U.S.C. § 1681s-2(b) or any other provision of the Fair  Credit Reporting Act has been alleged against Midland Funding, LLC or Encore  Capital Group, Inc. in this case, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's  Request seeks documents beginning on January 1, 2008 through the present.   The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business or personal information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The  Midland Defendants object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

*Midland will produce such documents. With respect to any electronically-stored information implicated by this request, however, Midland will agree to produce such documents and will withdraw all objections except as relating to privilege only        after agreement upon reasonable search terms, date limitations, and identification of custodians.   Midland will supplement its privilege log upon the production of additional documents if necessary.*

**REQUEST FOR PRODUCTION**

**34.     Produce every document that regards your knowledge of the decision of the Fourth Circuit in *Linda Johnson v. MBNA*, regarding the duties of furnishers of credit information.**

OBJECTION: The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has   been alleged against Midland  Funding, LLC or Encore Capital Group, Inc. in  this case,  and because  it seeks documents unrelated to Plaintiff's account. The    Midland   Defendants also object to this Request because it seeks documents neither relevant to the subject

matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as awareness of a judicial  decision has no bearing on the claims or defenses asserted by Plaintiff.  The Midland Defendants also object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to this Request to the extent that it seeks documents that are protected by the  attorney-client privilege  and/or the attorney work-product doctrine.  The   Midland Defendants object to this Request to the extent that the phrase "every document that regards your knowledge of the decision" is vague and ambiguous.

*Midland will agree to produce the categories of documents where any discussion  of   the Johnson decision, in words or substance, would likely be captured. Midland will withdraw its objections except as to privilege and will provide a supplemental privilege log upon the production of additional documents, as appropriate.*

## REQUEST FOR PRODUCTION

**44.    Produce every document, internal memorandum, e-mail, or other electronic communications through which you or your employees discussed your maintenance, modification, and/or creation of your FCRA investigation procedures**.

OBJECTION:   The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has   been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's  Request is not limited in time. The Midland Defendants further object to this Request to the extent that it seeks proprietary and confidential business information not relevant to Plaintiffs claim or the Midland Defendants' defenses. The assembly of these documents would place significant administrative burdens  on the Midland Defendants' employees. The Midland Defendants object to this Request to the   extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

*Midland will produce such documents. With respect to electronically-stored information, however, Midland will agree to produce such documents and will withdraw all objections except as relating to privilege only after agreement upon reasonable search terms, date limitations, and identification of custodians.*

Plaintiff has requested all documents since January 1, 2008 that discuss or document Defendants'

FCRA dispute investigation procedures.  The Defendants' knowledge of the requirements of the

FCRA, 15 U.S.C. § 1681s-2(b), the section litigated in this case, and the leading case in the area,

*Johnson v. MBNA*, are relevant to determine whether Defendants knowingly violated the FCRA.

**L.    MANUALS, TRAINING DOCUMENTS AND COMMUNICATIONS FROM THE CDIA (EQUIFAX, TRANS UNION AND EXPERIAN) REGARDING THE FCRA DISPUTE SYSTEM.**

**REQUEST FOR PRODUCTION**

**31.    Produce all minutes, memos, letters, emails, or other documents, electronic or non-electronic, exchanged between or provided by you to or received by you from the CDIA or any member of the CDIA (Equifax, Trans Union or Experian) regarding the use of the e-Oscar system, compliance with the FCRA or the Automated Batch Interface dispute system you have used.**

> OBJECTION:   The Midland Defendants object to this Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has   been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiffs Request is not limited in time. The Midland Defendants also object to this Request to the extent that it seeks   proprietary and confidential business or personal information   not relevant to Plaintiff's claim or the Midland Defendants' defenses. The Midland Defendants further object to this Request because the terms "CIDA,"   "e-OSCAR," and "Automated Batch Interface"   are vague and ambiguous. The Midland Defendants object to this Request       to   the   extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

> *Plaintiff has agreed to limit the scope of this interrogatory to exclude documents relating to a specific consumer.  Midland will produce any manuals,       training      or compliance materials regarding the identified topics. With respect to any electronically-stored information implicated by this request, however, Midland will agree to produce such documents and will withdraw all objections except as relating to privilege only after agreement upon reasonable search terms, date limitations, and identification of custodians.*

**M.    PREVIOUS TESTIMONY OF DEFENDANTS' EMPLOYEE WITNESSES.**

**REQUEST FOR PRODUCTION**

**36.    Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiffs complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of any affidavit, deposition, transcript, or report**

**which contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case.**

OBJECTION:  The Midland Defendants object to this Request as premature under Fed. R. Civ. P. 16(b) and 26(a)(3) or the scheduling order entered in this case.  The Midland Defendants also object to this Request to the extent that it  seeks  discovery  of  expert witnesses beyond that allowed or required by the Federal Rules of Civil Procedure. The Midland Defendants further object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine.

*Midland will comply with all applicable Court Orders and the Federal Rules of   Civil Procedure regarding expert witness designations.  With respect to all fact  witnesses Plaintiff has agreed to limit the scope of this request to deposition testimony and non-consumer affidavits regarding consumer credit cases involving third parties.  Midland will not agree to provide such documents or to withdraw its objections.*

## INTERROGATORY

**4.      Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in plaintiffs complaint or amended complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit.    For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or, for expert witnesses, by report furnished to the court or opposing counsel. (Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken or occurred.)**

OBJECTION: The Midland Defendants object to this Interrogatory as premature  under Fed. R. Civ. P. 16(b) and 26(a)(3) or the scheduling order entered in this    case.    The Midland Defendants also object to this Interrogatory to the extent   that it seeks discovery of expert witnesses beyond that allowed or required by the  Federal   Ru1es   of   Civil Procedure. The Midland Defendants also object to this Interrogatory because it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible  evidence,  as  it  requests  information regarding participation in lawsuits that is entirely unrelated to Plaintiff's claim. The Midland Defendants   object to this Interrogatory to the extent that it seeks information that is protected by  the attorney-client privilege and/or the attorney work-product doctrine.

*Midland will supplement the list of identified individuals to add specific     individuals from Dominion Law Associates and Collect America, if possible.  Midland     will     not provide a listing of prior deposition testimony and   affidavits.  Midland will not agree to withdraw its objections on that specific issue.*

Defendants have disclosed and listed a number of employee witnesses who have previously

testified in other consumer cases, ostensibly on behalf of Defendants.  Defendants did not

properly object to providing copies of previous depositions or (non-collection) affidavits of these

employee fact witnesses.  Such previous testimony is admissible against party interest, Fed. R.

Evid. 801(d)(2), and as a prior inconsistent statement, Fed. R. Civ. P. 613.  Prior depositions can

be used for many purposes in the case.  Fed. R. Civ. P. 32(a).

### N.      NET WORTH AND ANNUAL FINANCIAL STATEMENT FOR MIDLAND FUNDING, LLC AND MIDLAND CREDIT MANAGEMENT, INC.

**REQUEST FOR PRODUCTION**

**38.     Produce your annual report issued for the fiscal or calendar years 2008, 2009 and 2010. (In lieu of producing such documents, you may produce a written stipulation of the amount of your Net Worth as of December 31, 2010).**

OBJECTION:   The Midland  Defendants object to this Request  because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence with respect to any of the substantive claims asserted by Plaintiff. The Midland Defendants also object to the scope of the Request as overly broad because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit,   whereas   Plaintiff's Request seeks documents issued in 2008. The Midland Defendants further object to this Request to the extent it seeks information that  is  readily  available  to  plaintiff  with  a reasonable expenditure of effort.

*Midland will withdraw its objections.  No additional action is necessary.*

**INTERROGATORY**

**7.      State the net worth, gross revenue, and net revenue of each Defendant for fiscal and/or calendar years 2009, 2010 and 2011, and identify any report filed with the SEC for any of these years.**

OBJECTION:  The Midland Defendants object to this Interrogatory because it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence with respect to any of the substantive claims asserted by Plaintiff. The Midland Defendants also object to this Interrogatory to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses.

*Midland will withdraw its objections and provide such information. The parties   have agreed to work together to determine whether a stipulation in this regard is possible with respect to the net worth of Midland Credit Management, Inc. and   Midland       Funding, LLC.*

The Defendants' Net Worth estimates are relevant to the amount of punitive damages under the FCRA.  The Midland Defendants have withdrawn their objections, but still have not produced the annual report of their financial statement and condition.  (Only the consolidated Encore Capital statement was provided).

### O.    PRIOR LAWSUITS FOR SAME FCRA VIOLATION.

**REQUEST FOR PRODUCTION**

**43.    Produce the Complaint filed against you in every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. § 1681s-2.**

OBJECTION:    The Midland Defendants object to this Request because. it seeks documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests documents that are entirely unrelated to Plaintiffs individual claims.   The Midland Defendants also object to the scope of the Request as overly broad because no violation of any other provision of the Fair Credit Reporting Act has   been alleged against Midland Funding, LLC or Encore Capital Group, Inc. in this case, because the assembly of these documents would place significant   administrative burdens on the Midland Defendants' employees, and because this   action        implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Request is not limited in time.

*Midland is continuing the process of exploring the logistics behind fully gathering such documents and will determine whether it will respond or object in the short   term.  In the alternative, Midland is willing to stipulate that it has been sued under 15 U.S.C. § 168ls-2 in the three years prior to the filing of Plaintiffs Complaint.*

**INTERROGATORY**

**8.    Identify every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. §1681s-2(b) by a consumer who alleged that he or she was not the person who owed you money or who claimed that he was the victim of identity theft.  Include the style of the**

case, the court in which the action was brought, the case number, the name of the Plaintiffs attorney, the date the case was filed and the disposition in the case.

OBJECTION:  The Midland Defendants object to this Interrogatory as overly broad because no violation of any other provision of the Fair Credit Reporting   Act  has  been alleged against Midland Funding LLC or Encore Capital Group, Inc. in this case, because it requests information unrelated to Plaintiff's account, and because this action implicates collections activity beginning in July 2009 and ending prior to the filing of this lawsuit, whereas Plaintiff's Interrogatory is not limited in time. The Midland Defendants object to this Interrogatory because it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it requests information that is entirely unrelated to Plaintiff's claims.  The Midland Defendants further object to this Interrogatory to the extent that it seeks proprietary and confidential business information that is not relevant to Plaintiff's claim or the Midland Defendants' defenses. The collection of such information would also place undue administrative burdens on the Midland Defendants' employees.

Midland is continuing the process of exploring the logistics behind fully gathering such documents and will determine whether it will respond or object in the short  term. In the alternative, Midland is willing to stipulate that it has been sued under 15 U.S.C. § 1681s-2 in the three years prior to the filing of Plaintiff's  Complaint.

This Court has twice previously ordered the same information produced in other FCRA cases defended by the same Virginia defense team in this case.  The information is relevant as to whether or not a violation of the FCRA was willful.  *Dalton v. Capital Associated Indus., Inc*., 257 F3d 409, 418 (4th Cir. 1992). (Factors to consider in determining whether a FCRA violation was willful would include length of time in the information was  reported and the existence of similar complaints from other consumers.)

## P.    IDENTITY OF PERSONS WHO DRAFTED THE AFFIDAVIT AND DISPUTE PROCEDURES ALLEGED AS UNLAWFUL IN THIS CASE.

**INTERROGATORY**

1.        Identify    (name, address, job title and description) of every person who substantively participated in the drafting or editing in each of the following training manuals and the date range during which they so participated as well as the specific work they performed in this process:

•     **Encore  Capital Group, Inc. - MCM  Affidavit Training  - Understanding**

**Affidavit Content (MJ00186-MJ00249)**

•        **Encore Capital Group - MCM Affidavit Training - Understanding**

**Affidavit Content (MJ00090-MJ00172)**

•        **Encore Capital Group-Midland Affidavit Process- November 29, 2010 (MJ00173-MJ00182)**

•        **MCM Training Department AMM  December  30, 2010 -Module 1-FDCPA (MJ00250-MJ00285)**

•        **MCM Training Department AMM  -5/3/2010 - Module  6  - Disputes  &**

**Warning Codes -(MJ00286-MJ00341)**

> OBJECTION:  The Midland Defendants object to this Interrogatory to the extent  that  it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses.   The Midland Defendants also object to this Interrogatory to the extent that it seeks information that is  protected  by  the  attorney-client privilege and/or the attorney work-product doctrine.  The Midland Defendants further object to this Interrogatory to the extent that the phrase "substantively participated" is vague and ambiguous.

> *Midland agrees to identify actors who worked on such documents with only a general description of tasks performed.  Midland will withdraw its objections except as to privilege.*

**INTERROGATORY**

2.        **Identify (name, address, job title and description) every person who substantively participated in the drafting or editing of each format, type or template of Affidavit generated by you for use since September 2009, listed by the name which you have assigned to each such Affidavit (e.g. "AFFRECORD"), and the date range during which they so participated as well as the specific work they performed in this process.**

> OBJECTION:  The Midland Defendants object to this Interrogatory to the extent  that  it seeks proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses.   The Midland Defendants also object to this Interrogatory to the extent that it seeks information that is  protected  by  the  attorney-client privilege and/or the attorney work-product    doctrine.  The Midland Defendants further object to this Interrogatory to the extent that the phrase "substantively participated" is vague and ambiguous.

> *Midland agrees to identify actors who worked on the AFFRECORD template with only a general description of tasks performed.  Midland will withdraw its objections except as to privilege.*

Defendants have not identified the persons who performed the acts alleged to have been unlawful in this case.  This would be comparable to – in a car accident case against a trucking company – withholding the identity of the actual person who was driving at the time of the accident.

Further, even though Defendants have agreed to identify the persons who acted, as stated in their meet and confer response letter, they still have not done so.

## _Q._   _ENGLISH LANGUAGE LISTING OF WHAT DEFENDANTS REPORTED EACH MONTH THE CREDIT BUREAUS REGARDING THE PLAINTIFF._

**INTERROGATORY**

**9.**      **Since January 1, 2009, did any defendant provide any information elated and/or attributed to the plaintiff to any consumer reporting agency?  If so, identify all such persons, and, for each separate month state the specific information -by date and in both English language description, as well as METRO II code, provided to any such agency.**

OBJECTION:  The Midland Defendants object to this Interrogatory as overly broad because no violation of any other provision of the Fair Credit Reporting   Act  has  been alleged against Midland Funding LLC or Encore Capital Group,   Inc. in this case.  The Midland Defendants also object to this Interrogatory to the  extent  that  seeks  proprietary and confidential business information not relevant to Plaintiff's claim or the Midland Defendants' defenses.  The Midland Defendants further object to this Interrogatory to the extent that the term "Metro II Code" is vague and ambiguous

_In addition to its prior answer, Midland will agree to provide an English language description of its credit reporting history with respect to Plaintiff's account and to withdraw its objections._

Even though Defendants have agreed to provide this information, as stated in their meet and confer response letter, they still have not done so.

## CONCLUSION

Accordingly, Plaintiff moves the Court to Compel Defendants' full compliance and for such other appropriate relief as alleged and pled herein.

_____/s/_____
Leonard A. Bennett, VSB # 37523
CONSUMER LITIGATION ASSOC., P.C.

763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA 23601
757-930-3660
757-930-3662
srotkis@clalegal.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing through CM/ECF this 9th day of January 2012 and that the court's NEF will send it to the following:

David N. Anthony
Timothy James St. George
Troutman Sanders, LLP
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122


John Lynch
Troutman Sanders, LLP
2222 Central Park Ave, Suite 2000
Virginia Beach, VA 23462

Counsel for Defendants


_____/s/_____
Leonard A. Bennett
CONSUMER LITIGATION ASSOC., P.C.
763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA 23601
757-930-3660
757-930-3662
srotkis@clalegal.com
Counsel for Plaintiff