UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

GILBERT JAMES,

        Plaintiff,

v.                                                                     Civil Action No. 3:11cv00221

ENCORE CAPITAL GROUP, INC., *et al.*

        Defendants.

**DEFENDANTS' STATUS REPORT ON PROPOSED SCHEDULING ORDER**

Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (collectively, the "Midland Defendants"), by counsel, and pursuant to the Court's Order of January 5, 2012 (Dkt. No. 119), hereby submit the following status report regarding the parties' proposed Pretrial Scheduling Order.

The Court's January 5, 2012 Order directed the parties to meet and confer to agree upon appropriate discovery deadlines and a briefing schedule for any motion for summary judgment, with all such briefing on summary judgment to be completed by April 1, 2012. (Dkt. No. 119). On January 10, 2012, counsel for the Midland Defendants sent to opposing counsel a draft Pretrial Scheduling Order, which set forth a number of proposed pretrial deadlines that were keyed off of the Court's guidance and directives. *See* **Exhibit A**. In response, Plaintiff's counsel proposed the modification of certain dates. *See* **Exhibit B**. After discussing their proposals, the parties have reached substantial, but not total, agreement on the deadlines set forth in the Midland Defendants' draft order. The Midland Defendants outline below the three outstanding areas of disagreement, which implicate only two of the proposed pretrial deadlines. A proposed

order reflecting the pretrial deadlines urged by the Midland Defendants is attached to this pleading.

      **1.**    **Expert Disclosures**. The parties disagree as to the proper timing of expert disclosures. The Midland Defendants proposed that Plaintiff's expert disclosures be due on February 3, 2012, with the Midland Defendants' disclosures due on February 20, 2012. *See* Ex. A p. 1. In response, Plaintiff's counsel requested that his expert disclosures be due on February 10, 2012 "or two weeks after Defendants have complied with all orders on discovery entered upon the Plaintiff's pending motions," with the Midland Defendants' expert disclosures due two weeks thereafter. *See* Ex. B p. 1.

      The Midland Defendants are agreeable to Plaintiff's proposed disclosure deadline of February 10, 2012, but not to the open-ended nature of Plaintiff's proposal. The Midland Defendants believe that, consistent with the standard pretrial orders entered in this Court, a date certain should be set for expert disclosures. The establishment of a date certain for expert disclosures, with a brief gap between Plaintiff's and the Midland Defendants' expert disclosures, will provide certainty to the parties moving forward. And, the establishment of a date certain will not preclude Plaintiff from making any motion on or before the appropriate deadline seeking a modification of that deadline for good cause shown if such cause exists. For these reasons, the Midland Defendants urge the Court to adopt the expert disclosure deadlines set forth in the proposed order.

      **2.**    **Close of Discovery**. The parties disagree as to the deadline for the close of discovery. The Court's January 5, 2012 Order instructed the parties that briefing on any motion for summary judgment must be completed by April 1, 2012. Consistent with this directive, the Midland Defendants proposed that discovery close on March 7, 2012 - the same day as the

agreed-to deadline for any motion for summary judgment - which will allow any motion for summary judgment to be both fully informed and briefed in accordance with Local Civil Rule 7 just prior to April 1, 2012. *See* Ex. A at pp. 1-2. However, despite the Midland Defendants proposing the longest possible period of discovery that can be had consistent with the Court's Order, Plaintiff's counsel has proposed a discovery cutoff of March 28, 2012 and has refused to move from that date.

The Midland Defendants believe that, as is also standard practice in this Court, the period of discovery should close prior to the deadline for motions for summary judgment in order to ensure that any such motion can be properly briefed and fully opposed on the merits instead of seeking judgment based on a premature record, as cautioned against under Fed. R. Civ. P. 56(d). Plaintiff's proposal inverts this standard and logical practice. Thus, discovery should close on March 7, 2012.

**3.** **Limited Reopening of Discovery**. Plaintiff contends that discovery should *only* be reopened for him, and that this reopened discovery should be unlimited. The Midland Defendants contend that discovery should only be reopened with respect to documents and information that were produced for the first time after the close of the parties' formal meet and confer session with respect to the pending discovery disputes (November 28, 2011), and that this standard should apply to both parties. Plaintiff has provided no reason why his discovery period alone should be reopened in unbridled fashion. The Midland Defendants request that the Court apply the same discovery privileges to both parties under the foregoing standard.[1]

---

[1] For instance, despite pledging to do so by the date of this filing in response to the Midland Defendants' Motion to Compel, Plaintiff has yet to supplement its response to the Midland Defendants' Interrogatory No. 7, which seeks basic facts regarding Plaintiff's claim under the Racketeering Influenced Corrupt Organizations Act. Yet, Plaintiff's counsel seeks to categorically close discovery for the Midland Defendants, including on this issue. This should not be permitted.

## CONCLUSION

WHEREFORE, Defendants, Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc., respectfully request that the Court: (1) enter the draft Pretrial Scheduling Order attached hereto; (2) reopen discovery for both parties with respect to any information or documents produced after November 28, 2011; and (3) grant the Midland Defendants such further relief that the Court deems appropriate.

                              **ENCORE CAPITAL GROUP, INC.,**
                              **MIDLAND FUNDING, LLC and**
                              **MIDLAND CREDIT MANAGEMENT, INC.**

                              By:/s/ Timothy J. St. George
                                    Of Counsel

David N. Anthony (VSB No. 31696)
Timothy J. St. George (VSB No. 77349)
*Attorneys for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1200
Facsimile:  (804) 698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

John C. Lynch (VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC*
*and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1504
john.lynch@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January 2012, I filed a true and correct copy of the foregoing on the Court's Electronic Case Filing System, which will send a notice of electronic filing to:

Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@cox.net

Matthew J. Erausquin, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-6080
Facsimile: (888) 892-3512
Email: matt@clalegal.com

Dale W. Pittman, Esq.
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb St.
Petersburg, VA 23803
Telephone: (804) 861-6000
Facsimile: (804) 861-3362
dale@pittmanlawoffice.com

*Counsel for Plaintiff*

/s/Timothy J. St. George
Timothy J. St. George (VSB Bar No. 77349)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
tim.stgeorge@troutmansanders.com