

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

GILBERT JAMES,

    Plaintiff,

v.                              Civil Action No. 3:11cv221

ENCORE CAPITAL GROUP, INC.,
et al.,

    Defendants.

**ORDER**

For the reasons stated on the record on January 23, 2012, it is hereby ORDERED that:

1. DEFENDANTS' MOTION TO COMPEL (Docket No. 110) is denied as moot by compliance, and no attorneys' fees shall be awarded;

2. PLAINTIFF'S MOTION TO COMPEL, TO CONTINUE AND FOR SANCTIONS PURSUANT TO RULE 37 (Docket No. 98) is ruled on as follows: The Motion to Compel is granted in part and denied in part, as stated on the record and as set forth herein:

   - Requests for Production 6, 7, 11, 12, 14, 17, 23, 24, 25, 26, 28, 33, 37, 38, 39, 41, 45, 47 and 48 are withdrawn by the Plaintiff;

   - The Motion to Compel as to Request for Production 2

(sic), referred to as Request 2(b)[1], as narrowed in Exhibit A is granted and the objection is overruled;

- The Motion to Compel as to Request 8 as narrowed in Exhibit A is granted and the objection is overruled;

- The Motion to Compel as to Requests 9 & 10 as narrowed in Exhibit A is granted and the objections are overruled;

- The Motion to Compel as to Request 16 as narrowed in Exhibit A is denied as moot by compliance except that the objection to corporate minutes is sustained;

- The Motion to Compel as to Requests 27, 30, 31, 34, and 44 as narrowed in Exhibit A is resolved by the Defendants' agreement to produce CDIA communications, investigation and training manuals for Fair Credit Reporting Act investigations, and documents regarding the Automated Batch Interface System, and also by the Defendants' agreement to produce all documents in the possession of senior management of Defendants, including the law department, that refer to the Fourth Circuit decision in Johnson v. MBNA and the legal requirements discussed therein;

---

[1] The Court considered each of the Requests for Production as narrowed in Exhibit A, at Docket No. 94-1, except where the Court refers to the Requests for Production and Interrogatories set forth in Docket No. 124.

- The Motion to Compel as to Request 36 and Interrogatory 4 is granted and the objection is overruled, as follows: for each person identified in Rule 26 disclosures as a person with knowledge of the facts or as an expert, the Defendants shall produce previous reports, affidavits, depositions, and transcripts that contain the opinions or testimony of such witness, for the period from January 1, 2008 to the present, on the topics of the allegations of this case;
- The Motion to Compel as to issues with regard to Interrogatories 1 and 2 is resolved by agreement as stated on the record;
- The Motion to Compel is withdrawn as to Interrogatories 5, 6 and 10.

Using Docket No. 124, the Court rules as follows on the remaining Requests for Production and, where noted, Interrogatories:

- Request for Production 2: the first category with regard to information provided to the special master is addressed by the Court's earlier ruling which requires the Defendants to produce this information; as to Bank of America, HSBC, Target Receivables and

3

Capital One, the Defendants agree that the requested documents shall be produced as set forth on the record and the Defendants shall inform counsel for Bank of America, HSBC, Target Receivables and Capital One that the Defendants will not enforce any confidentiality agreements with those entities and that the Defendants request that those documents be produced by those entities;

- Request for Production 2 (sic), referred to as 2(b), is resolved by the Court's earlier ruling;
- Request for Production 3 is subject to the motion entitled PLAINTIFF'S MOTION TO OVERRULE DEFENDANTS' PRIVILEGE OBJECTIONS AND TO COMPEL DISCOVERY RESPONSES AND UNOBSTRUCTED WITNESS TESTIMONY (Docket No. 93).
- Request for Production 4 is resolved in part, with the remaining portion subject to the motion filed as Docket No. 93.
- Requests for Production 8, 9, 10, 16, 27, 30, 31, 34, 44, 36 and Interrogatory 4 are resolved by the Court's rulings.
- Request for Production 17 is subject to the motion filed as Docket No. 93.
- The Motion to Compel as to Request for Production 18

is granted, the objection is overruled, and the Defendants shall produce requested documents subject to the protective order.

- Request for Production 20 is resolved; the parties agree that the Defendants will determine if electronic versions exist and produce those if they do exist.
- Request for Production 7 is resolved; the parties agree that the Defendants will provide a statement of net worth as stated on the record for each of the three applicable years.
- The Motion to Compel is granted as to Request for Production 43, the objection is overruled, the Defendants will produce a copy of each complaint filed in each lawsuit against the Defendants that alleges a violation of 15 U.S.C. § 1681s-2 from April 1, 2008 to the date this action was filed, with costs of copying and shipping to be borne by Plaintiff, and the Motion to Compel is denied as to Interrogatory 8.
- Interrogatory 9 is withdrawn.

The Motion to Continue the trial date is denied as moot, the Court having continued the trial date to May 7, 2012; and the Motion for Sanctions is denied.

3. PLAINTIFF'S MOTION TO OVERRULE DEFENDANTS' PRIVILEGE

OBJECTIONS AND TO COMPEL DISCOVERY RESPONSES AND UNOBSTRUCTED WITNESS TESTIMONY (Docket No. 93) is denied with leave for Plaintiff to file another motion on this issue with appropriate documentation. Said motion shall be filed by February 1, 2012, with the response due February 15, 2012, and the reply due February 22, 2012.

4. PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND FOR SANCTIONS RELATING TO REFUSALS TO ANSWER DEPOSITION QUESTIONS BASED ON PRIVILEGE ASSERTIONS (Docket No. 96) shall be terminated as withdrawn without prejudice by Plaintiff.

5. THE JOINT MOTION TO ENLARGE TIME AND MODIFY ORDER (Docket No. 90) shall be terminated as moot.

6. With regard to DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER (Docket No. 38) and DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER RESPECTING DEPOSITION TESTIMONY (Docket No. 47), it is the Court's intention to refer these two motions to a Special Master, with the parties to share the costs equally. The parties shall advise the Court no later than January 30, 2012.

7. The Final Pretrial Conference set for 10:00 a.m. on April 24, 2012 is continued generally, to be rescheduled after the parties resolve additional matters. The trial by jury remains scheduled to begin at 9:30 a.m. on May 7,

2012.

8. The unresolved matters addressed in the status reports filed as Docket Nos. 127 and 128 shall be addressed by the Court at a later date if not resolved by the parties. No later than February 6, 2012, the parties shall advise the Court (1) the date by which all outstanding discovery will be completed and (2) the updated status of the unresolved matters addressed in the status reports filed as Docket Nos. 127 and 128.

It is SO ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 26, 2012