IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GILBERT JAMES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENCORE CAPITAL GROUP, INC., et als. )<br>)<br>Defendants. ) | Civil Action No. 3:11CV221 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATUS REPORT**

COMES NOW the Plaintiff, Gilbert James, by counsel, and he responds to the Defendants' Status Report as follows:

To state it mildly, Plaintiff takes great issue with the assertions and proposals made by the Defendants in their status report. The discovery responses required of the Defendants are now more than four months overdue. On January 26, 2011, this Court ordered the Defendant to comply with certain discovery requests. (Docket No. 131). By operation of Local Rule 37(C), those responses were due eleven days later, on February 6, 2012. As of the filing of this response, the Defendants have not provided a single page of document production or any supplemental interrogatory response, despite that certain responsive documents are readily available to the Defendants. For example, the Court may recall that Defendants' counsel actually brought the unredacted Capital One contract to the hearing that this Court held on January 24, 2012. This contract could have and should have been produced immediately after this Court issued its January 26, 2012 order. Almost two weeks later, it has not been turned over.

During the hearing on January 24, the Court instructed the Defendant to inform the Court by January 30 as to what date it intended to comply with this Court's order on discovery. As far

1

as the Plaintiff is aware, no such update was provided to the Court. On February 3, Plaintiff's counsel sent an email to the Defendants asking if they anticipated any problems with complying with this Court's order by the February 6 deadline established by Local Rule 37(C), and if they were unable to comply, that they propose a firm date for compliance that could be memorialized in a consent order. (Exhibit A). The Defendants did not respond. On February 6, 2012, Plaintiff's counsel was able to speak with counsel for the Defendants, but they were still unable to commit to a firm date by which the Defendants would comply with this Court's order. This ambiguity was evident in the Defendant's status report as well.

It is remarkable that the Defendants continue to maintain the position that further delay is appropriate so that they may (1) gather the electronic discovery and then (2) determine which documents will be withheld on privilege grounds. With regard to gathering the documents, the Defendants already posed many objections to these requests, including that they were purportedly covered by the attorney-client privilege. (Plaintiff will assume that the Defendants would not stipulate that each of the three Defendants should be sanctioned for having asserted these objections without having actually accessed the emails and documents that would support the assertions of such objections.)

But with regard to a renewed effort at the assertion of privilege, this is exactly the multi-round approach to discovery motions practice that this Court has already rejected. The Defendants continue to believe that they can engage in a preliminary battle over certain discovery objections and then after those are brought to a decision, they obtain a fresh start to begin a new privilege battle on a different beachhead, doubling the effort required by both the parties and the Court to finally resolve the discovery dispute. The Federal Rules and this Court's pretrial order both required these documents to be included in the Defendants' privilege log that

was ultimately provided (after an agreed 1-month extension) on October 17, 2011 and described sufficiently so as to enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5). These documents were not so described. Plaintiff complied with this Court's pretrial order with respect to his privilege log. The Defendants did not. By operation of the Local Rules and this Court's pretrial order, to which the Defendants have never voiced objection or moved to modify, privilege has long ago been waived as to these documents.

The Court should also consider that, anticipating these delay tactics and attempts to hide behind a privilege shield, on August 11, 2011, Plaintiff's counsel sent the Defendants the letter attached hereto as Exhibit B. This letter *sent six months ago* specifically asks the Defendants to preserve electronic evidence, and to gather and review these materials for privileged information, including on page 2:

"*To the extent that you will contend that any of these materials are covered by the attorney-client or other privilege, I would ask that you immediately begin review of such documents such that a privilege log may be timely produced in discovery, containing sufficient detail to apprise our side and the Court of the nature of the document so that we can ascertain the validity of the assertion of privilege*".

The Defendants never responded to this letter, but more importantly, despite that Plaintiff's counsel reminded them of their responsibilities under this Court's Rules, they never complied with it.

To bring these matters to resolution, Plaintiff's counsel proposes the following:

(1) The Defendants (a billion dollar, publicly traded company) now claim that they currently – two weeks later - cannot even retrieve the emails and electronic discovery ordered by this Court. They take this position despite that, when they wanted to articulate burden, they were conveniently able to determine that precisely 54,967 email records were responsive to one of Plaintiff's requests. Declaration of Paul Rose, Exhibit C. Accordingly, Plaintiff is willing to

3

assist the Defendants with this undertaking and will send his expert out to the Defendants' data center at his own cost to retrieve the responsive information directly from their servers. This method of retrieving data from a Defendant that similarly claimed to experience difficulty with ordered discovery production was ordered in the *Cappetta v. GC Services* matter that Judge Spencer presided over in 2010, and the information was successfully obtained thereafter. Plaintiff will stipulate that his expert will agree to be bound by the Protective Order previously entered in this case, and all of these documents retrieved by the Plaintiff's expert would be designated as Confidential initially pursuant to the protective order, with ultimate resolution of their status to be resolved before trial by Mr. Merritt.

(2) The Defendants are now in possession of documents produced pursuant to third party subpoenas issued by the Plaintiff, including a recent voluminous production by HSBC. The Defendants have not turned these documents over to the Plaintiff and instead are requesting that the Plaintiff agree that these documents should be treated as Confidential pursuant to the Protective Order (see Exhibit D), despite that HSBC and Bank of America have voiced no similar concerns. This Court's order placed no such restrictions on the production. Indeed, the Defendants were ordered to advise these third parties that they would not obstruct or interfere with the production based on the enforcement of any confidentiality agreements with those entities and that they were to request that those documents *be produced by those entities*. Order of January 26, 2012 at 4 (Docket No. 131). Instead, the Defendant appears to have now interjected itself in between the Plaintiff and the third parties, in clear violation of this Court's order. The Defendant should be ordered to provide the documents already in their possession, including the unredacted Capital One contract, the communications with the Ohio special master,

and all other documents received from HSBC, Bank of America and others pursuant to third party subpoenas issued by Plaintiff immediately and without further delay.

(3)   The Plaintiff proposes that all other discovery responses included in this Court's discovery order that are not covered by paragraphs (1) and (2) above should be ordered to be produced no later than Friday, February 17, 2012.

If the case proceeds as described above, and Plaintiff's expert retrieves the information from the Defendant's data center on or before February 24, 2012, Plaintiff expects that he will be able to complete discovery by Friday, April 6, 2012.  This should allow this matter to proceed to trial one month later as scheduled, on May 7, 2012.

      Respectfully submitted,
      **GILBERT JAMES**

      By:_____/s/_____
                Of Counsel

MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    (703) 273-7770
Fax:   (888) 892-3512
E-mail:  matt@clalegal.com

LEONARD A. BENNETT, VSB #37523
SUSAN M. ROTKIS, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Tel:    (757) 930-3660
Fax:   (757) 930-3662
E-mail:  lenbennett@cox.net
E-mail:  srotkis@clalegal.com

5

DALE W. PITTMAN, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A West Tabb Street
Petersburg, VA 23803-3212
Tel:     (804) 861-6000
Fax:     (804) 861-3368
E-mail:dale@pittmanlawoffice.com

*Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 7th day of February, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:


John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-5410
Fax: 804-698-5118
Email: david.anthony@troutmansanders.com

Timothy James St. George
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-1254
Email: tim.stgeorge@troutmansanders.com
*Counsel for the Defendants*


                                      /s/
                          Matthew J. Erausquin, VSB #65434
                          CONSUMER LITIGATION ASSOCIATES, P.C.
                          1800 Diagonal Road, Suite 600
                          Alexandria, Virginia 22314
                          Tel:   (703) 273-7770
                          Fax:  (888) 892-3512
                          matt@clalegal.com