IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| GILBERT JAMES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11cv221 |
| | ) | |
| ENCORE CAPITAL GROUP, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATUS REPORT**

COMES NOW the Plaintiff, Gilbert James, by counsel, and as for his Response to Defendants' Status Report, he states as follows:

Unfortunately, the Defendants have failed to obey this Court's discovery order, almost entirely. On February 13 and 15, 2012, Plaintiff's counsel received two boxes of documents purporting to satisfy this Court's Order to produce the documents that were the subject of the January 23, 2012 motions hearing. These two productions were followed by the two status reports filed with the court, and then the abrupt request by the Defendants to halt discovery entirely while they pursue their summary judgment motion. Plaintiff will oppose this request and does not agree to expedite the briefing with regard to it, as Mr. Bennett is still unable to type with his right hand, is dealing with post-surgical pain, and is currently unable to perform any significant volume of briefing.

With regard to the non-electronic discovery, the Defendants are still in gross non-compliance with this Court's order to produce documents, despite their representation otherwise in their status reports. This remains the case despite that Plaintiff's counsel alerted the

1

Defendants to this via email on February 15, 2012 [1] – an email that the Defendants chose not to respond to at all. This is not a gray area or a close call with respect to the categories below. The Defendants' non-compliance is sweeping and substantial.

**Issue #1.** **All documents sent by the Midland Defendants to the Special Master in the matter of Midland Funding, LLC v. Brent, Case No. 3:08-cv-01434 (N.D. Ohio 2009):**

RESPONSE: Despite being ordered to do so, *see* Docket No. 131; Mot. Hr'g Tr. 84:3-90:25 (attached hereto as Exhibit "B" for the Court's reference), Defendants have failed to produce these communications with the Special Master. Not a single letter, email or other correspondence was produced. The Defendants have also not updated their responses to Plaintiff's Requests for Production of Documents to direct the Plaintiff to the document(s) that would purportedly satisfy a certain request for this or any of the other discovery issues below.

**Issue #2.** **The copies of the Midland Defendants' contracts with their "XDocs" and "You've Got Claims" vendors, as well as all additional manuals regarding those systems;**

RESPONSE: One document was provided relating to the XDocs interface, and it is marked "draft." No contract or manuals that relate to the Defendants' XDocs vendor have been provided. The Defendants have provided their contract with YGC—You've Got Claims—but have not provided any manuals, including technical manuals or other guides that are clearly available to the Defendant at the following link: http://www.youvegotclaims.com/acc/

*Plaintiff proposes that the Defendants provide the Plaintiff with their login identifier and password for the You've Got Claims website and that he will retrieve, print and bates label these documents for use in this case. Plaintiff is not aware of whether the same capability is available for XDOCS through a website, but is similarly willing to shoulder this burden if the Defendants provide a login identifier and password.*

---

[1] See Exhibit "A".

**Issue #3.     (RFP No. 8)** -  Produce a copy of all correspondence, email, other communications or other documents you have previously provided to the office of any government agency or department (e.g. Attorneys General or the FTC, without limitation) regarding your creation, use or signing of collection affidavits (excluding all documents that pertain solely to a specific consumer).

Defendants were ordered to produce all materials provided to the office of any government agency, including any State Attorneys General and/or the FTC. Docket No. 131; Mot. Hr'g Tr. 34:13-35:1, Jan. 23, 2012. **This was ordered for both the old affidavit process and the current affidavit process**. *See id.*  This Court specifically instructed the Defendants that everything was to be turned over, down to the transmittal letters, and that if 10 copies of a certain letter were sent to 10 different Attorneys General, then all 10 needed to be produced.

Notwithstanding the benefit of this very specific instruction, the Defendants produced the same PowerPoints that were already provided in discovery.   Only a few of these PowerPoints have been bates labeled, for example, as "Midland-NYAG-XXXX." Presumably, the Plaintiff is supposed to assume that this PowerPoint was sent to the New York Attorney General, and more importantly, that *this is all that was ever sent to the New York Attorney General.*  Without updated responses to Plaintiff's Requests for Production that identify which documents are responsive to which requests, Plaintiff is left with two bankers boxes of randomly assorted paper and no way of ascertaining which requests those documents supposedly relate to.

No other correspondence, emails, or other materials have been produced. Furthermore, this Court made it clear that the materials were to be produced for both the old affidavit process and the current affidavit process, but Defendants have limited the production to include only materials submitted to state attorneys general and/or the FTC regarding the Defendants' ***current*** affidavit process. Docket No. 142, at 2.  As the Court may recall from its last teleconference with

the parties, Plaintiff's counsel brought this to the Defendants attention, but no further production has been made.

**Issue #4 - (RFP No. 18) – All documents ever received from Capital One (including all transmittal letter, emails and other correspondence) that do not regard a specific consumer (subject to a Protective Order as per the Court's ruling).**

RESPONSE: While Defendants' provided an unredacted copy of its sale agreement with Capital One, this was the lone document provided regarding Capital One. Defendants were ordered to produce all documents ever received from Capital One that do not regard a specific consumer, including email correspondence. Docket No. 131. However, Defendants have failed to produce anything other than the sale agreement. For example, Plaintiff is entitled to know what communications the Defendants have had with Capital One regarding this case, or about its affidavit process.

**Issue #5.  Additional emails to and from the members of the CDIA;**

RESPONSE: Defendants agreed to produce emails to and from the members of the CDIA. Docket No. 131; Mot. Hr'g Tr. 63:10-64:16, Jan. 23, 2012. No emails to or from any member(s) of the CDIA have been produced.

**Issue #6.  (RFP Nos. 27, 30, 31, 34 and 44) - resolved by the Defendants' agreement to produce CDIA communications, investigation and training manuals for Fair Credit Reporting Act investigations, and documents regarding the Automated Batch Interface System, and also by the Defendants' agreement to produce all documents in the possession of senior management of Defendants, including the law department, that refer to the Fourth Circuit decision in Johnson v. MBNA and the legal requirements discussed therein.**

RESPONSE: Defendants agreed to produce materials relating to the *Johnson v. MBNA* decision as well as their FCRA compliance materials and memoranda. Docket No. 131; Mot. Hr'g Tr. 66:1-67:11, Jan. 23, 2012. Defendants have failed to produce any materials relating to

4

the *Johnson* decision, or any internal FCRA compliance manuals or memoranda. There is not a single document that described how the Defendants' "FCRA dispute investigators" are trained to handle credit disputes that come from the credit reporting agencies. Nor have the Defendants provided the "senior management" emails and memoranda regarding FCRA compliance. Instead, the Defendants only provided the publicly available and entirely irrelevant 2011/2012 FCRA compliance manuals published by the American Collectors Association. This set of manuals available for download on the internet comprised the substantial part of the Defendants' document production. The Defendants have produced one manual regarding the Automated Batch Interface, but no internet emails or other documents regarding its use or implementation.

**Issue #7.   (RFP No. 36/Int. 4) - for each person identified in Rule 26 disclosures as a person with knowledge of the facts or as an expert, the Defendants shall produce previous reports, affidavits, depositions, and transcripts that contain the opinions or testimony of such witness, for the period from January 1, 2008 to the present, on the topics of the allegations of this case;**

RESPONSE: Defendants have produced only a handful of deposition transcripts by Angelique Ross and Rita Melconian regarding *Brim* and a handful of other cases, but have failed to provide anything else regarding the prior testimony or opinions of the rest of their Rule 26 witnesses with regard to the issues in this case, including FCRA compliance. For example, Gregory Call is the Defendants' general counsel and is identified in their Rule 26 disclosures, but they have failed to produce a single email, letter, memoranda, manual or other documents that relates to his opinions on FCRA compliance, one of the topics at the heart of this case.

**Issue #8 - The Defendants will provide a statement of net worth as stated on the record for each of the applicable three years.**

RESPONSE: The Defendants have not provided this, despite being ordered to do so nearly a month ago.

**Issue #9 - (RFP 43)-** the Defendants will produce a copy of each complaint filed in each lawsuit against the Defendants that alleges a violation of 15 U.S.C. § 1681s-2 from April 1, 2008 to the date this action was filed, with costs of copying and shipping to be borne by Plaintiff.

RESPONSE:  These complaints have not been produced.

Respectfully submitted,
**GILBERT JAMES**


By:_____/s/_____
              Of Counsel

Matthew J. Erausquin, VSB #65434
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    (703) 273-7770
Fax:    (888) 892-3512
matt@clalegal.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB#40693
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Tel:    (757) 930-3660
Fax:    (757) 930-3662
lenbennett@cox.net
srotkis@clalegal.com

Dale W. Pittman, VSB#15673
*Counsel for the Plaintiff*
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A West Tabb Street
Petersburg, VA 23803-3212
Tel:    (804) 861-6000
Fax:    (804) 861-3368
dale@pittmanlawoffice.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 20th day of February 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Lynch
Troutman Sanders LLP
222 Central Park Ave, Suite 2000
Virginia Beach, VA 23462
Tel:    757-687-7765
Fax:    757-687-1504
john.lynch@troutmansanders.com

David N. Anthony
Troutman Sanders LLP
1001 Haxall Point
Richmond, VA 23218-1122
Tel:    804-697-5410
Fax:    804-698-5118
david.anthony@troutmansanders.com

Timothy J. St. George
Troutman Sanders LLP
1001 Haxall Point
Richmond, VA 23218-1122
Tel:    804-697-5410
Fax:    804-698-5118
tim.stgeorge@troutmansanders.com

*Counsel for the Defendants*

                                            /s/
                                    Matthew J. Erausquin, VSB #65434
                                    *Counsel for the Plaintiff*
                                    CONSUMER LITIGATION ASSOCIATES, P.C.
                                    1800 Diagonal Road, Suite 600
                                    Alexandria, Virginia 22314
                                    Tel:    (703) 273-7770
                                    Fax:    (888) 892-3512
                                    matt@clalegal.com