**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

GILBERT JAMES,

Plaintiff,

v. Civil Action No. 3:11cv221

ENCORE CAPITAL GROUP, INC., et al.,

Defendants.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS REFILED MOTION TO OVERRULE DEFENDANTS' PRIVILEGE OBJECTIONS AND TO COMPEL DISCOVERY RESPONSES AND UNOBSTRUCTED WITNESS TESTIMONY**

COMES NOW the Plaintiff, Gilbert James, by counsel, and in support of his refilled Motion to Overrule Defendant's Privilege Objections and to Compel Discovery Responses and Obstructed Witness Testimony, he states as follows:

**OVERVIEW**

This re-filed motion modifies Plaintiff's original position in two ways. First, in accordance with the Court's denial (Docket No. 131) of Plaintiff's initial motion (Docket No. 93), and explanation accompanying same, Plaintiff has formally detailed the factual basis for his prima facie claims in support of his assertion of the Tort/Crime/Fraud "exception" to privilege protection. Second, in the present memorandum, Mr. James has narrowed the range of discovery he seeks to compel. The Court has already resolved part of the matters raised in Plaintiff's previous motion – Defendants' failure to serve a privilege log in accordance with Rule 26(b)(5), Local Rule 26(c) and the Court's governing scheduling order (Docket No. 16). Accordingly, the present motion does not address Defendants' objections to production already ordered, despite

that they continue to attempt to maintain privilege objections thereto, notwithstanding this Court's order.[1]

In response to Plaintiff's Interrogatories and Requests for Production, and at Defendants' employee depositions, Defendants' counsel have asserted without explanation or support various versions of a privilege objection. Sometimes (at depositions) simply, "Objection - Privilege." Other times, with the general labels, "attorney-client privilege and/or the attorney work-product doctrine." [2]

And yet, despite such extensive reliance on privilege protections, and even after all of the discovery and motions practice accomplished through today, Defendants have provided only a scant privilege log, listing only a handful of minor documents between their business and their third party Virginia debt collection law firm, Dominion Law Associates. Even after all that was argued on January 23, 2012, Defendants still have not served a privilege log, however late, for most of the evidence still withheld. Despite multiple demands for the privilege log required by this Court's pretrial Order and Rule 26(b)(5), and even after a heavy focus on such requirement in the parties' most recent of the many meet and confer conferences, Defendants have simply ignored their obligations to comply with this Court's Order and the Federal Rules.

Further, beyond their lack of compliance with this Court's order and Rule 26(b)(5), the Defendants should also be stripped of any entitlement to protection based on privilege on two merits bases with regard to their written discovery answers and deposition testimony. First, the Defendants have waived any right to retain documents and witness testimony as privileged when

---

[1] The Court has already ordered full responses as to Requests for Production 2, "2(b)", 7, 8, 9, 10, 16, 18, 20, 27, 30, 31, 34, 36, 43, 44 as well as Interrogatories 1, 2, and 4.

[2] See, e.g., Defendant's Objections to Plaintiff's Interrogatories, Exhibit "4" at 12; Defendant's Objections to Plaintiff's Requests for Production, Exhibit "5" at 21.

they have offered, used, produced and relied upon otherwise allegedly privileged information when favorable to their position and in support of their defense. A party cannot have it both ways - attempting to selectively waive privilege when beneficial to its defense but retaining it otherwise. Second, most of the documents and testimony in dispute could properly be characterized as textbook examples of the type subject to the (misnamed) "tort, fraud, or crime exception." *See Duplan Corp. v. Deering Milliken, Inc.,* 540 F.2d 1215, 1220 (4th Cir.1976). One of the claims at issue in this case is that the very attorneys and legal department staff whose communications Defendants now seek to conceal were themselves instrumental in the Defendants' violations of both the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq.

Accordingly, Plaintiff moves for entry of an Order finding that the Defendants' privilege objections are overruled or otherwise waived, and requiring full responses to discovery.

**DEFENDANTS' OBJECTIONS**

After multiple – numerous – attempts to meet and confer, in person, by phone, by letter and via electronic mail [3], Defendants have continued to refuse correction of their non-compliant designations, objections and production. To expedite the review process for the Court:

Exhibit 1 - A list of the discovery requests to which the Defendants have cited privilege as the basis for their refusal to comply, but have failed to provide a proper privilege log as required by this Court's order, and have refused to withdraw the privilege objections after an exhaustive meet and confer process.

[3] Pursuant to Rule 37(d)(1)(B), Plaintiff and his counsel certify that they have thoroughly conferred with the Defendants in an effort to obtain the discovery responses without Court intervention.

Exhibit 2 - A November 28, 2011 letter from Defendants' counsel to Plaintiff's counsel summarizing their final position regarding the discovery disputes, including the Defendants' refusal to withdraw privilege objections.

Exhibit 3 – The Defendants' privilege log.

Exhibit 4 – Defendants' objections and answers to Plaintiff's Interrogatories.

Exhibit 5 – Defendants' objections and responses to Plaintiff's Requests for Production of Documents.

Exhibit 6 – Transcript of the January 23, 2012 discovery hearing.

Exhibit 7 – Relevant paragraphs of the Amended Complaint citing to supporting evidence attached and filed as exhibits thereto.

**ARGUMENT**

**A. Privilege Protections are Narrowly Construed.**

Notwithstanding Defendants' cavalier use of privilege designations as a basis to withhold evidence, such protections are not broadly construed. "The party objecting to discovery has the burden of establishing the existence of a privilege by establishing all elements of the privilege." 10 Fed. Proc., L. Ed. § 26:107; see also *Rambus, Inc. v. Infineon Technologies AG*, 220 F.R.D. 264, 271-72 (E.D. Va. 2004). Such burden may only be met with a proper "evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory assertions." *Id.* "The proponent of the privilege must establish not only that an attorney-client relationship existed, but also that the specific communications at issue are privileged and that the privilege was not waived." *Zeus Enters. v. Alphin Aircraft, Inc.,* 190 F.3d 238, 244 (4th Cir.1999). See also *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 269 F.R.D. 600, 605 (E.D. Va. 2010).

Because the attorney-client privilege restricts the discovery of the truth, it should be narrowly construed and recognized "only to the very limited extent that excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." *In re Grand Jury Subpoena*, 341 F.3d 331, 62 Fed. R. Evid. Serv. 190 (4th Cir. 2003).

This Court has succinctly outlined the complex thresholds required to meet the attorney-client privilege "for each document":

> (1) the asserted holder of the privilege is or has sought to become a client;
>
> (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer;
>
> (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and
>
> (4) the privilege has been (a) claimed and (b) not waived by the client.

*Rambus, Inc. v. Infineon Technologies AG*, 220 F.R.D. at 272 (citations omitted). Similarly, in order to establish the applicability of the work product privilege, a party must show, "as to each document, that the work product in question was: (1) prepared by, or under the direction of, an attorney and (2) was prepared in anticipation of litigation. *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *In re Grand Jury Proceedings,* 102 F.3d at 750." 220 F.R.D. at 272.

The analysis employed to determine whether a party may successfully assert the work-product doctrine is similarly stringent. The party asserting the work-product doctrine as a means of preventing discovery of such information bears the burden of showing that the "'work

product' was prepared in anticipation of litigation." *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 748 (E.D. Va. 2007) (citing *Sandberg v. Va. Bankshares, Inc.*, 979 F.2d 332, 355 (4th Cir. 1992)). To satisfy this burden, the party asserting the privilege must "'come forward with a specific demonstration of facts supporting the requested protection,' preferably though affidavits from knowledgeable persons." *Id.* (quoting *Suggs v. Whitaker*, 152 F.R.D. 501, 505 (M.D.N.C. 1993); *see also North Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 515 (M.D.N.C. 1986) (noting that the assertion of the privilege requires a showing that "precise facts exist to support the claim of privilege"). However, assertions of privilege are strictly construed so as to be consistent with the logic of its principle. *RLI Ins. Co.*, 477 F. Supp. at 748; *Trammel v. United States*, 445 U.S. 40, 50-51 (1980); *In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1982).

**B. Defendants have forfeited any privilege coverage that may have existed by their refusal to comply with this Court's Order and Rule 26(b)(5).**

Given the narrow construction of privilege and the general presumption of openness in discovery, a right to withhold documents and testimony on the basis of privilege is not unilaterally determined by the objecting party. Rather, a party claiming privilege must first articulate such objection in a specific and timely manner and in sufficient detail to enable an opposing party and the Court the means to determine the propriety of such designations. "Documents as to which a privilege is claimed must be described with particularity and accompanied by a particularized assertion of the privilege." 10 Fed. Proc., L. Ed. § 26:111. Boilerplate objections are insufficient to assert a privilege. Id.

The greatest discovery difficulty in this case has remained obvious from the outset - the Defendants aggressive in-house and national counsel who rarely litigate in this District have afforded very little discretion to local Troutman Sanders counsel. While all counsel have

participated in hours of meet and confer work, these have in each instance been unilateral with almost no actual authority vested in Defendants' local trial counsel. Instead, the conferences have consisted of line-by-line debates as to the necessity, propriety or language within Plaintiff's specific discovery requests. So, for example, a typical exchange would be:

> Defendants' counsel: "Could you limit the request to a period more narrow than from 2008 to the present?"
>
> Plaintiff's counsel: "Okay, we will agree to narrow the request to begin in 2010. Now will you produce the documents?
>
> Defendants' counsel: "We will have to check with our client."

These exchanges – nearly all academic as it turned out – were repeated for nearly every request. This is especially true for the requests to which Defendants have asserted a privilege objection. All of such discussions were theoretical and not based on the reality of documents that did or did not exist. In not one instance did Defendants' counsel offer, discuss or confirm that they had reviewed a particular document for which they were asserting a privilege objection. Instead, the defense tactic employed in this case was to read the discovery request and if the request would *hypothetically* cover a document for which privilege could *theoretically* be asserted, such an objection was lodged without the Defendant even taking the time to review the set of documents that would be responsive to the request to determine whether privilege actually applied. Such objections, rendered without counsel having actually reviewed the document objected to, are clearly improper. *In re Uranium Antitrust Litigation,* 552 F. Supp. 517, 35 Fed. R. Serv. 2d 1556 (N.D. Ill. 1982) (requiring personal certification of lawyer appearing as lead counsel that he or she personally inspected document in question and asserted privilege or immunity based upon reasonable comprehension of contents of document and underlying principles of law applicable to privilege or immunity, and that assertion was made in good faith).

Such failure is a result of Defendants' overt refusal to provide a privilege log for most of its objected evidence. Had Defendants' counsel actually reviewed the documents (having now demanded that their clients commence this effort), they could have created a lawful, informative privilege log and engaged productively with James' attorneys in a meet and confer process. Conversely, because the Defendants' attorneys themselves never saw, reviewed or evaluated the documents at issue, they could not fairly assert a privilege and were unable to productively engage in the numerous discovery conferences.

Every document that Defendants have withheld based on a privilege objection, but which was not described and sufficiently detailed in a privilege log must be compelled. Privilege is waived. Fed. R. Civ. P. 26(b)(5) provides:

> **(b)(5)** ***Claiming Privilege or Protecting Trial-Preparation Materials.***
> **(A)** *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> **(i)** expressly make the claim; and
> **(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26. For nearly every document at issue in this motion, Defendants have refused to provide any description, let alone one that "will enable other parties to assess the claim."

The Plaintiff will not belabor the Court with the case law relating to the level of detail or description required by a privilege log, because the Defendants have made the analysis much more straightforward by their discovery conduct in this matter. The Defendants have made no effort to create a privilege log with respect to nearly the entirety of the substantial set of documents withheld based on an assertion of privilege. It is uncontroverted that Rule 26(b)(5) unambiguously demands something; anything. The Defendants have provided nothing.

Regardless of a theoretical dispute regarding the degree of detail required in a privilege log, a party can not simply refuse to provide one (especially in violation of a Court's order, as in this case) as to documents it seeks to withhold based on privilege. As this Court has consistently held:

> For many years, courts have required that parties claiming privileges demonstrate entitlement thereto in a list or log that describes the ground of the putative protection with a degree of specificity that allows the opposing party to assess the assertion of the privilege against the applicable tests and to challenge any claim thought to be wanting. That assessment and any challenge, of course, must be done on the basis of the description contained on the log (or an equivalent pleading) because the opposing party does not have access to the putatively privileged document when seeking to mount a challenge to a privilege claim. Accordingly, the descriptions in the log must satisfy the claiming party's burden.

*Rambus, Inc. v. Infineon Technologies AG*, 220 F.R.D. 264, 272 (E.D. Va. 2004).

When a party refuses to provide a timely privilege log (or as in this case, refuses to provide one for the disputed documents, timely or not), it forfeits the use of privilege as a basis for its objections. *Id*. at 273.

Defendants have made an informed, but very mistaken gamble in refusing to entertain Rule 26(b)(5) compliance. The Court has already correctly ruled that documents not listed in a privilege log are not protected by a privilege objection. (*See* Exhibit 6, Transcript of January 23, 2012 hearing, 15:6-8; 15:6-18; 16:3-4; 16:9-23; 19:21-20:3). As to each such Interrogatory and Request for Production, Defendants have forfeited any objection based on privilege.

**C. The documents and testimony requested are not privileged as they were created in furtherance of the violations of law and the fraud alleged in this case.**

Communications otherwise protected by the attorney-client privilege lose their protection if the lawyer is consulted in furtherance of a continuing or contemplated crime, fraud, or other misconduct. *Union Camp Corporation v. Lewis,* 385 F.2d 143 (4th Cir.1967); *In re Sealed Case,*

754 F.2d 395 (D.C.Cir.1985); *In re Grand Jury Subpoenas Duces Tecum,* 773 F.2d 204 (8th Cir.1985). While this concept is often referred to as an "exception" to privilege, in fact it is actually just an exclusion. *Rambus, Inc. v. Infineon Technologies AG*, 222 F.R.D. 280, 287 (E.D. Va. 2004). "The crime/fraud exception to the attorney-client and work product privileges provides that otherwise privileged communications or work product made for, or in furtherance of, the purpose of committing a crime or fraud will not be privileged or protected." *Id.* (citations omitted). See also *In re Grand Jury Proceedings,* 33 F.3d at 348; *In re Doe,* 662 F.2d at 1079; *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999). To bring the crime-fraud exception to bear, in the context of the attorney-client privilege, the party invoking it must make a prima facie showing: (1) that the client was engaged in or was planning criminal or fraudulent activity when the attorney-client communications took place; and (2) that the communications were intended by the client to facilitate or conceal the criminal or fraudulent activity. *In re Grand Jury Proceedings (Gregory P. Violette)*, 183 F.3d 71 (1st Cir. 1999). But see *Rambus, Inc. v. Infineon Technologies AG*, 222 F.R.D. 280, 287 n.18 (E.D. Va. 2004) ("[I]n order to establish the applicability of the attorney-client privilege, the proponent must show, *inter alia,* that the communication was not made "for the purpose of committing a crime or tort." *Hawkins v. Stables,* 148 F.3d 379, 383 (4th Cir.1998)").

Though discussed as the "crime-fraud" exclusion, the concept is much broader. The Fourth Circuit has even referred to it as the "the tort, fraud, or crime exception," *Duplan Corp. v. Deering Milliken, Inc.,* 540 F.2d 1215, 1220 (4th Cir.1976), "as many courts have applied the exception to situations falling well outside of the definitions of crime or fraud." *Rambus, Inc. v. Infineon Technologies AG*, 222 F.R.D. 280, 288 (E.D. Va. 2004). It has been held to encompass a wide range of illegal conduct including: Business litigation such as patent, antitrust, or

securities matters, *Kittinger/Pennsylvania House Group, Inc.*, 116 F.R.D. 46, 53 (M.D.N.C. 1987); Non-business torts, *Coleman v. American Broadcasting Companies, Inc.,* 106 F.R.D. 201, 207–08 (D.D.C.1985); A lawyer's "unprofessional conduct", *Parrott v. Wilson,* 707 F.2d 1262, 1271 (11th Cir.1983); Pre-bankruptcy fraudulent asset transfers, *In re Grand Jury Proceedings, G.S., F.S.*, 609 F.3d 909 (8th Cir. 2010); Formation and operation of trust and limited partnership that were allegedly used by defendant as vehicles to hinder, delay or defraud creditors, Cendant Corp. v. Shelton, 246 F.R.D. 401 (D. Conn. 2007); Procuring fraudulent corporate documents to show that allegedly fictitious individual was an authorized signatory for contracts, *Antidote Intern. Films, Inc. v. Bloomsbury Publishing, PLC*, 242 F.R.D. 248 (S.D. N.Y. 2007).

Most comparable to the present case, courts have applied this forced waiver of privilege "when the work or communication was made for, or in furtherance of a crime, fraud, "*or other type of misconduct fundamentally inconsistent with the basic premises of the adversary system.*" *In re Sealed Case,* 676 F.2d 793, 812 (D.C.Cir.1982); *In re Sealed Case,* 754 F.2d 395, 400 (D.C.Cir.1985); *Rambus, Inc. v. Infineon Technologies AG*, 222 F.R.D. 280, 288-89 (E.D. Va. 2004); *Cleveland Hair Clinic, Inc. v. Puig,* 968 F.Supp. 1227, 1241 (N.D.Ill.1996) (holding crime/fraud exception applicable to communications made in furtherance of "bad faith litigation conduct").

This case centers around the conduct of three categories of lawyers: (1) those lawyers within the Defendants' organization who approved the language of the affidavits and instructed their employees to sign them; (2) outside counsel retained by the Defendants to assist with the affidavit signing process and the litigation nationwide surrounding their use, and (3) the local collection lawyers that participated in the enterprise by requesting these affidavits for use in their contingency-fee collection cases and who then attached account statements and other documents

to these affidavits after the fact – despite that the Defendants' affidavit robo-signers *had never seen the account statements or affidavits in question, either before or even after signing the affidavits.* Plaintiff alleges that the process itself was intrinsically designed to mislead consumers and courts into believing that the Defendants' affiants actually had personal knowledge of the underlying accounts and had reviewed the account statements in question before taking the grave and serious step of signing these affidavits under oath.

While the Defendants will not (and can not) dispute that their affiants never saw the account statements, cardholder agreements or other "media" attached by the local collection lawyers to the affidavits which were then ultimately submitted to General District Courts across the Commonwealth, the Defendants do not concede the remainder of these allegations and are expected to contest liability at trial or maybe even summary judgment. However, the burden necessarily met before the crime-fraud exception is imposed is not one that requires such concessions. All Plaintiff must do is make a *prima facie* showing that the legal advice or work product at issue here was obtained in furtherance of illegal activity or misconduct. *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.*, 116 F.R.D. 46, 53 (M.D.N.C. 1987). In the Fourth Circuit, a party need only present just so much evidence as to "subject the opposing party to the risk of non-persuasion if the evidence as to the disputed fact is left unrebutted." *Duplan Corp. v. Deering Milliken, Inc.,* 540 F.2d at 1220. "While such a showing may justify a finding in favor of the offering party, it does not necessarily compel such a finding." *Id*. (citation omitted).

Defendants have essentially conceded this threshold with their abandonment of a Rule 12(b)(6) motion on the facts pled. Regardless, the Plaintiff's evidence is sufficient to establish that the attorney advice at issue was instrumental in creating an affidavit policy that was

misleading and untruthful such that it violated the FDCPA's prohibition against making false statements to debtors or in the collection of debts; violated RICO as mail and wire fraud; and constituted abuse of process. This is particularly so absent defendants' opposition or counter evidence. The allegations in the Amended Complaint are not simply made on information and belief or exaggerated hyperbole. The Amended Complaint was drafted only after significant evidence, including documents and depositions, had been discovered. Accordingly, tracking the paragraphs of the Amended Complaint (Docket No. 43), the evidence so far discovered establishes the integrated and integral involvement of Defendants' attorneys and attorney communications in the tort and fraud claims alleged by Mr. James. Plaintiff has detailed this evidence and has attached the same in the record as Exhibit 7.

**D. Defendants' have waived privilege as to the subject matter of its affidavit process and relationship with collection law firms.**

Finally, though likely academic given the irreparable defects in Defendants' privilege objections, Defendants cannot continue to assert privilege to withhold documents and testimony within the same subject area and of the same nature as documents and testimony already made public and/or disclosed in discovery. To put it another way, Defendants cannot partially or selectively waive privilege when it benefits their defense.

Defendants have selectively disclosed (for use in their defense), documents and testimony that present and describe attorney-client communications and comparable work-product. This has occurred in at least two major subject areas: the Defendants' "affidavit process", and their relationship with third party collection law firms. Defendants engaged and relied upon a number of internal and outside lawyers and legal staff to draft, revise and implement their process for manufacturing court affidavits used in their collection lawsuits. They have testified that the documents that are used to supervise and train their affidavit signers constituted both attorney-

client communications as well as work product. Nancy Kohls Dep. (Exhibit "7-E") 116:8-117:22; Rita Melconian Dep. (Exhibit "7-K") 100:6-101:18, 115:15-116:9; 118:5-120:11. Yet, while conceding that the evidence to date revealed constituted privileged communications or work product, Defendants assert a continuing right to withhold related documents and evidence. The Defendants' have asserted that the affidavit process PowerPoint presentations at issue in this case were printouts of the meetings in which Defendants' lawyers gave substantive legal advice to Defendants' relevant employees. And yet Defendants continue to withhold other documents describing these processes, including alternate drafts or communications leading to them.

Similarly, Defendants have provided selective documentary and deposition evidence describing its attorney-client relationship with Dominion Law (its Virginia collection law firm). For example, it has provided the attorney-client contract, which contains significant private details of how the Midland-Dominion contingency-fee relationship is implemented. Defendants have otherwise conceded that this information would constitute attorney-client communications and work product details. Id. at 58:24-59:24; 61:8-22; 61:25-67:6; 68:11-69:23; 71:13-20; 88:3-91:22.

When information is disclosed that had been confidential before the disclosure, the privilege is waived not only to that communication, but also "as to the subject matter of the disclosure." *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 269 F.R.D. 600, 605 (E.D. Va. 2010). "[W]hen a party reveals part of a privileged communication to gain an advantage in litigation, the party waives the attorney-client privilege as to all other communications relating to the same subject matter. Selective disclosure for tactical purposes waives the privilege." *United States v. Jones,* 696 F.2d 1069, 1072 (4th Cir.1982). "Selective disclosure occurs not only when

a party reveals part of one privileged communication, but also when a party reveals one beneficial communication but fails to reveal another, less helpful, communication on the same matter." *United States ex rel. Mayman v. Martin Marietta Corp.,* 886 F.Supp. 1243, 1252 (D.Md.1995). The same principles applies to work product protection. *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 269 F.R.D. 600, 605 (E.D. Va. 2010).

"Voluntary production of a privileged document implies a waiver of the privilege as to all other privileged communications concerning the same subject matter, as does the use of a claimed privilege in a way that is not consistent with the purpose of the privilege." 10 Fed. Proc., L. Ed. § 26:117. The Fourth Circuit has previously rejected the possibility of "limited waiver" as to the attorney-client privilege and as to non-opinion work-product. *In re Martin Marietta Corp.*, 856 F.2d 619, 623 (4th Cir. 1988).

Defendants have of course made a "lesser of two evils" choice to use some evidence regarding their internal process to create litigation affidavits and related documents. Absent such disclosure, Defendants would have almost no defense. They could not explain how the affidavits were created by their paralegals; how their attorneys worked with the paralegals to create and implement such a process; or assert their defense that nothing malevolent was intended, even if the Court finds the process unlawful. However, by attempting to selectively release favorable attorney-client communications and favorable work product information, it has fully waived the subject matter. Its designation of its General Counsel and in-house compliance attorney as a trial witness is evidence enough of such waiver. "When 'work product [ ] concerns activities of counsel that are directly in issue,' courts have not hesitated to find subject matter waiver." *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 269 F.R.D. 600, 608 (E.D. Va. 2010) (citations omitted). A party's disclosure of a witness, such as an attorney, with privileged knowledge

opens that witness to "discovery of any matters in their knowledge related to the matters at issue." *Nick Istock, Inc. v. Research-Cottrell, Inc.*, 74 F.R.D. 150, 151 (W.D. Pa. 1977). "Discovery of privileged matter should be allowed when waiver of the privilege at trial seems reasonably probable. See Greene v. Sears Roebuck & Co., 40 F.R.D. 14 (E.D.Ohio 1966); Mariner v. Great Lakes Dredge & Dock Co., 202 F.Supp. 430, 434 (E.D.Ohio 1962); Awtrey v. United States, 27 F.R.D. 399 (S.D.N.Y.1961). See also 2A Barron & Holtzoff § 651; 2B Barron & Holtzoff § 967." *Burlage v. Haudenshield*, 42 F.R.D. 397, 398 (N.D. Iowa 1967). This is certainly true in a FDCPA case as this one where the Defendants' threatened assertion of a bona fide error defense necessarily requires attorney and work product disclosure. *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 256 F.R.D. 661, 671-72 (D.N.M. 2009)

## CONCLUSION

Accordingly, Plaintiff moves for entry of an Order finding that the Defendants' attorney-client and work-product privilege objections are overruled, waived, or otherwise inapplicable pursuant to an exclusion, and accordingly requiring full responses to discovery without further obstruction based on the assertion of privilege.

Respectfully submitted,
**GILBERT JAMES**

By:__________/s/__________________
Of Counsel

MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
E-mail: matt@clalegal.com

LEONARD A. BENNETT, VSB #37523
SUSAN M. ROTKIS, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Tel: (757) 930-3660
Fax: (757) 930-3662
E-mail: lenbennett@cox.net
E-mail: srotkis@clalegal.com

DALE W. PITTMAN, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A West Tabb Street
Petersburg, VA 23803-3212
Tel: (804) 861-6000
Fax: (804) 861-3368
E-mail:dale@pittmanlawoffice.com

*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-5410
Fax: 804-698-5118
Email: david.anthony@troutmansanders.com

Timothy James St. George
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-1254
Email: tim.stgeorge@troutmansanders.com
*Counsel for the Defendants*

/s/
MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com