IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

GILBERT JAMES, )
)
Plaintiff, )
v. ) Civil Action No.: 3:11cv221
)
ENCORE CAPITAL GROUP, INC., ET ALS. )
)
Defendants. )

## PLAINTIFF'S ANSWERS TO MIDLAND CREDIT MANAGEMENT'S FIRST SET OF INTERROGATORIES

COMES NOW, the Plaintiff, and as for his Responses to Defendant Midland Credit Management, Inc.'s (hereafter, "MCM") First Set of Interrogatories to Plaintiff, he states as follows:

### OVERVIEW

Nearly all of these Interrogatories are contention requests, asking for information well beyond what the Plaintiff, Mr. James, could personally know. Mr. James' personal knowledge offered in the following responses is almost entirely limited to the information requested in Interrogatories 3, 4 and 5.

### INTERROGATORY NO. 1

Identify all persons with knowledge of any facts relating in any way to the allegations, averments, damages, denials, relief claimed, affirmative defenses and defenses concerning the Complaint, including as amended, the Answer, or any other issue in this matter, and for each such person identified, set forth his or her name, address and current telephone number as well as a detailed description of each person's knowledge relating to this action.

1



ANSWER: Plaintiff has used his Rule 26(a)(1) disclosures to provide all of this requested information. Accordingly, Plaintiff identifies each of the individuals disclosed in his Rule 26(a)(1) disclosures as possibly having personal knowledge of the allegations contained in his Complaint and First Amended Complaint.

## INTERROGATORY NO. 2

Identify with detail and particularity all written and oral communications between you and Defendants referring or relating to you, any attempt by Defendants to collect any debt allegedly owed by you, the Complaint, or the allegations in your Complaint. Include in your answer whether such communication was oral or written, a description of the substance of each communication, the date of each communication, and the name of the individual(s) or representative(s) making or receiving each such communication.

ANSWER: The Plaintiff corresponded with the Defendants through Dominion Law Associates. The details are as stated in response to Interrogatory No. 3.

## INTERROGATORY NO. 3

Identify with detail and particularity all written and oral communications between you and Dominion referring or relating to you, any attempt by Dominion to collect any debt allegedly owed by you, the Complaint, or the allegations in your Complaint. Include in your answer whether such communication was oral or written, a description of the substance of each communication, the date of each communication, and the name of the individual(s) or representative(s) making or receiving each such communication.

ANSWER: Dominion sent several letters to Plaintiff attempting to collect the alleged outstanding debt. Plaintiff did not keep these letters and so cannot produce them or relate

2

specific details other than that Dominion, on behalf of Defendants, was attempting to collect a Debt from Plaintiff.

On May 7, 2010, Plaintiff went to court to respond to Defendants' Warrant in Debt filed in Richmond General District Court. He spoke with a Dominion attorney (name unknown); during this conversation, Plaintiff explained to the Dominion attorney and the presiding judge that the account listed on the Warrant in Debt was a fraudulently opened account and that he was not liable for it. The judge instructed Plaintiff to submit an Identity Theft Affidavit to Defendants and Defendants' attorney agreed that they would dismiss the case when he received the Identity Theft Affidavit. Shortly after his appearance in court, Plaintiff mailed a completed Identity Theft Affidavit to Midland. Midland returned the Identity Theft Affidavit to Plaintiff and stated that he must have the Identity Theft Affidavit notarized. Plaintiff then mailed a notarized Identity Theft Affidavit to Defendants through Dominion Law Associates.

## INTERROGATORY NO. 4

Identify with detail and particularity all written and oral communications between you and anyone other than Defendants and Dominion regarding any attempt by Defendants or Dominion to collect any debt allegedly owed by you, the Complaint, the allegations in your Complaint, or any alleged damages that you allegedly suffered as a result of any actions by Defendants or their agents and representatives. Include in your answer the identity and contact information of any such individuals with whom you had such communications, whether such communication was oral or written, a description of the substance of each communication, and the date of each communication. (Defendants do not seek information relating to communications between Plaintiff and his counsel).

ANSWER: Immediately upon learning of the existence of the Capital One account in late

2009, Plaintiff called Capital One. He explained that he had been separated from his wife for six months, that she was a drug addict and that she had fraudulently opened the account using his personal information. He then followed up the phone call with a letter to Capital One. In this letter, he reiterated that he did not open the account; that his recently deceased wife opened the account and that he was not responsible for the charges made on the account. Capital One responded with a letter stating that they would investigate the account, and then sent a second letter stating that they had investigated the account and determined that he was liable for the charges. Upon receiving this response from Capital One, Plaintiff sent them another letter that again stated that he had not opened the account and that his deceased wife, who was struggling with drug addiction, had used his information to open the account and make charges to it.

## INTERROGATORY NO. 5

Detail with particularity the actions or course of conduct that you undertook in response to learning that that the Capital One Bank, N.A. credit card agreement had been opened in your name. Include in your answer the date that you learned of the account being opened, any conversations between you and any of Defendants, Capital One Bank, N.A., or anyone regarding the credit card account, whether you received any statements from Capital One Bank, N.A. regarding the account, and the actions of Defendants, Capital One Bank, N.A., or anyone else relative to your course of conduct.

ANSWER: Plaintiff's wife died in November 2009. At the time of her death, Plaintiff and Mrs. James had been separated for six months. Shortly after her death, Plaintiff was sorting through her belongings and discovered papers that showing that Mrs. James had opened a Capital One account in Plaintiff's name, using his personal information, without his knowledge or permission. Plaintiff had never received any statements from Capital One, nor any other

documentation evidencing existence of the account. Immediately upon learning of the existence of the Capital One account, Plaintiff called Capital One. He explained that he had been separated from his wife for six months, that she was a drug addict and that she had fraudulently opened the account using his personal information. He then followed up the phone call with a letter to Capital One. In this letter, he reiterated that he did not open the account; that his recently deceased wife opened the account and that he was not responsible for the charges made on the account. Capital One responded with a letter stating that they would investigate the account, and then sent a second letter stating that they had investigated the account and determined that he was liable for the charges. Upon receiving this response from Capital One, Plaintiff sent them another letter that again stated that he had not opened the account and that his deceased wife, who was struggling with drug addiction, had used his information to open the account and make charges to it. After Capital One sold the account to Defendants, Plaintiff appeared in court to respond to Defendants' Warrant in Debt filed in Richmond General District Court. He spoke with a Dominion attorney (name unknown); during this conversation, Plaintiff explained to the Dominion attorney and the presiding judge that the account listed on the Warrant in Debt was a fraudulently opened account and that he was not liable for it. The judge instructed Plaintiff to submit an Identity Theft Affidavit to Defendants and the Dominion attorney agreed that he would dismiss the case when he received the Identity Theft Affidavit. Shortly after his appearance in court, Plaintiff mailed a completed Identity Theft Affidavit to Midland. Midland returned the Identity Theft Affidavit to Plaintiff and stated that he must have the Identity Theft Affidavit notarized. Plaintiff then mailed a notarized Identity Theft Affidavit to Dominion Law Associates.

## **INTERROGATORY NO.6**

COMMONWEALTH OF VIRGINIA

City/County of :_____

The undersigned states that the facts stated in the responses to interrogatories 3, 4 and 5 are true to the best of his knowledge and belief. As to remaining Interrogatories and all legal contentions and analysis, I have no personal knowledge, but rely upon counsel.

The foregoing is true and correct. Signed under the penalty of perjury on this \_\_\_\_ day of _____ 2011.

_____
**GILBERT JAMES**

Subscribed and sworn to before me this _____ day of _____ 2011.

_____
Notary Public

My Commission Expires:_____

Respectfully submitted,
**GILBERT JAMES,**

By: _____/s/_____
*Of Counsel*

Matthew James Erausquin
CONSUMER LITIGATION ASSOCIATES, PC
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
(703) 273-6080 – Telephone
(888) 892-3512 – Facsimile
E-mail: matt@clalegal.com

33

Leonard A. Bennett, Esq.
VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

Susan M. Rotkis
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on or about September 29, 2011, a true and correct copy of the foregoing was forwarded by e-mail and first class mail to the following counsel of record:

John C. Lynch
Troutman Sanders, LL
P.O. Box 61185
222 Central Park Avenue
Suite 2000
Virginia Beach VA 23462

David N. Anthony
Troutman Sanders, LLP
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23218-1122

Timothy J. St. George
Troutman Sanders, LLP
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23218-1122

*Counsel for Defendants*

/s/
Matthew James Erausquin
CONSUMER LITIGATION ASSOCIATES, PC
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
(703) 273-6080 – Telephone
(888) 892-3512 – Facsimile
E-mail: matt@clalegal.com
*Counsel for Plaintiff*

35