UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GILBERT JAMES,**

      Plaintiff,

v.                                               Civil Action No. 3:11cv00221

**ENCORE CAPITAL GROUP, INC.,** *et al.*

      Defendants.

### DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES

Defendants, Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc. (collectively, "Midland Defendants"), by counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure, provide their second supplemental response to Plaintiff, Gilbert James's ("Plaintiff") Interrogatories as follows:

#### General Responses

1. The Midland Defendants make these answers based on their best knowledge, information and belief as of the making of these answers.

2. The Midland Defendants restate and incorporate herein their Objections to Plaintiff's discovery, both general and specific, served on September 9, 2011.

#### First Interrogatories

1. Identify (name, address, job title and description) of every person who substantively participated in the drafting or editing in each of the following training manuals and the date range during which they so participated as well as the specific work they performed in this process:


EXHIBIT L

|  |  | Associates |
|---|---|---|
| Sara Zecca, Esq. | Dominion Law Associates | Knowledge of the collection lawsuit filed against Plaintiff |
| David Gouger, Esq. | Dominion Law Associates | Knowledge of the collection lawsuit filed against Plaintiff |
| Collect America, Ltd. | Third-party collection agency | Knowledge of the collections activities regarding Plaintiff's account, as well as Plaintiff's disputed ownership of the account |

5. Did you ever conduct an investigation of any information ever reported to a consumer reporting agency about the Plaintiff or otherwise placed in a file at your company about the Plaintiff? If so, fully state all details of such investigation. (More specifically and narrowly, the following is the minimum amount of information that will satisfy this request and interrogatory: the names of the persons who conducted or participated in any such investigation; the date of each such investigation; all procedures used by you in conducting any such investigation; each document or electronic record you know that your employee(s) actually consulted in performing such investigation(s); each document or electronic record your employee(s) was permitted to consult in performing such investigation(s); each document or electronic record your employee(s) was required to consult in performing such investigation(s); and all steps taken by the defendant with respect to the plaintiff's file following any such investigation).

**RESPONSE:** On or about May 12, 2011, the Midland Defendants received notice of a dispute through the E-OSCAR system with the following dispute code: "DISP: 001:NOT HIS/HERS." In response to this dispute, on May 12, 2011, Markie Myers, a Consumer Relations Clerk at Midland Credit Management, performed a manual investigation of the dispute. Ms. Myers was permitted to consult all account-level documentation and all collection notes maintained by the Midland Defendants regarding Plaintiff's account in performing her

8

investigation. Ms. Myers, however, has no specific recollection of the documents that she reviewed in responding to Plaintiff's dispute. In light of the fact that the account had been paid off by Plaintiff prior to the time that he initiated the E-OSCAR dispute process, in responding to the dispute, the Midland Defendants reported to credit reporting agencies that the account had been paid in full.

Furthermore, soon after purchasing Plaintiff's debt, Midland Credit Management's collection activities were performed by Collect America, Ltd. On June 22, 2009, a Collect America employee discussed Plaintiff's claim of identity theft and requested documentation substantiating that claim. On June 25, 2009, Collect America provided Plaintiff with a facsimile number where he could transmit the documentation regarding his claim of identity theft. Upon receipt of the requested documentation from Plaintiff, on June 29, 2009, Collect America informed Plaintiff that the documentation provided did not relate to the account at issue and also did not support his claim of identity theft, as the third-party investigation detailed in Plaintiff's documentation found that Plaintiff was the responsible party for the challenged account. On August 20, 2009, Collect America spoke to Plaintiff regarding his claim of identity theft, again informing Plaintiff that proof would be required to validate his claim before Collect America could take action. Plaintiff pledged to provide such proof when he found the relevant paper work, but such documentation was never provided.

Midland Credit Management also investigated Plaintiff's claim of identity theft. On or about October 14, 2009, Midland Credit Management sent Plaintiff a letter, which informed Plaintiff of the process for disputing ownership of the debt. On October 21, 2009, Plaintiff contacted Kathleen Rosty Tomczik at Midland Credit Management disputing ownership of the debt. In November 2009, Midland Credit Management requested that Plaintiff provide proof of

his claim of identity theft. Plaintiff failed to do so. On May 13, 2010, after default judgment was entered against Plaintiff in Richmond General District Court, Plaintiff submitted an "ID Theft Affidavit" to Dominion Law Associates, who then forwarded this document to Midland Credit Management. However, this affidavit was not notarized, as provided for on the FTC identity theft affidavit itself, and as required by Midland Credit Management.

6. Identify all documents prepared by or on behalf of the defendant used in connection with the training, instruction, supervision or evaluation of any of your Legal Specialists, and/or any of your employees identified in your responses to these interrogatories or in your Rule 26(a)(1) disclosures.

**RESPONSE**: The Midland Defendants identify by Bates label the following final versions of the manuals that were presented to Legal Specialists for training purposes during January 1, 2009 through the present. MJ00186-MJ00249; MJ00090-MJ00172; MJ00173-MJ00182; MJ00401-MJ00406; MJ00342-MJ00400; MJ00881-MJ00933.

7. State the net worth, gross revenue, and net revenue of each Defendant for fiscal and/or calendar years 2009, 2010 and 2011, and identify any report filed with the SEC for any of these years.

**RESPONSE**: The periodic financial reports filed with the Securities and Exchange Commission by Encore Capital Group can all be located at: http://phx.corporate-ir.net/phoenix.zhtml?c=115920&p=irol-reportsOther. Midland Credit Management and Midland Funding have no such reporting obligations to the Securities and Exchange Commission.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GILBERT JAMES,**

    **Plaintiff,**

v.                                                   Civil Action No. 3:11cv00221

**ENCORE CAPITAL GROUP, INC.,** *et al.*

    **Defendants.**

## VERIFICATION

I, Angelique Ross, Consumer Relations Manager - Midland Credit Management, Inc., state that I have read Defendants' Second Supplemental Responses to Plaintiff's First Set of Interrogatories, and that the answers contained therein are true and accurate to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 21, 2012.

                                                       _____
                                                       Angelique Ross