# St. George, Timothy J.

| | |
|---|---|
| **From:** | St. George, Timothy J. |
| **Sent:** | Thursday, February 23, 2012 6:58 PM |
| **To:** | Leonard Bennett; 'Matt Erausquin'; Dale Pittman; Susan Rotkis |
| **Cc:** | Anthony, David N.; Lynch, John C. |
| **Subject:** | Midland/James Correspondence |
| **Attachments:** | Midland.James Correspondence.pdf |

Counsel,

Please see the attached letter.

Thanks,
Tim

**Timothy St. George**
**Troutman Sanders LLP**
1001 Haxall Point
P.O. Box 1122 (23218)
Richmond, VA 23219

**Direct**  804.697.1254
**Fax**     804.698.6013

**Email      LinkedIn      Web      vCard**

ATLANTA • CHICAGO • HONG KONG • LONDON • NEW YORK • NEWARK
NORFOLK • ORANGE COUNTY • PORTLAND • RALEIGH • RICHMOND • SAN
DIEGO • SHANGHAI • TYSONS CORNER • VIRGINIA BEACH • WASHINGTON

1



EXHIBIT A

TIMOTHY ST. GEORGE
804.697.1254 telephone
804.698.6013 facsimile
tim.stgeorge@troutmansanders.com

# TROUTMAN SANDERS

TROUTMAN SANDERS LLP
Attorneys at Law
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122 (23218-1122)
Richmond, Virginia 23219
804.697.1200 telephone
troutmansanders.com

February 23, 2012

**BY ELECTRONIC MAIL**
Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd.
Suite 1-A
Newport News, VA 23601

    Re:    Gilbert James ads. Encore Capital Group, Inc., *et al.*

Dear Len:

    Following up on the February 21, 2012 conference call with the Court, and in light of the Court's direction that the parties work together to narrow the requested electronic discovery under Plaintiff's Request Nos. 9 and 10, the Defendants set forth the following proposals.

    As a threshold matter, from our conversation with Judge Payne, I note that you intend to contest the proposed temporary and limited stay in discovery. As set forth in the Defendants' Motion for a Protective Order, this approach makes eminent sense to us, and the implementation of this approach would not prevent the parties from meaningfully addressing the merits of the case while avoiding a potentially unnecessary burden on the Defendants. Indeed, the approach requested in the Motion to Stay is, if anything, advantageous to Plaintiff's position, as the Defendants would be otherwise agreeing to not challenge on an initial summary judgment motion certain aspects of the civil claim pled under the Racketeering Influenced and Corrupt Organizations Act. Given this, please let me know if there is a way to resolve your unspecified concerns in this regard.

    Apart from this issue, the Defendants propose the following electronic-discovery limitations. As set forth in the Defendants' Supplemental Responses to Plaintiff's First Interrogatories, Brandon Black, Nancy Kohls, and Gail Stanger were not involved in the revision to the Defendants' affidavit process. We would, therefore, ask that these custodians be excluded from the searches proposed under Request Nos. 9 and 10.

    Also, as you are likely aware, the Defendants began to revise their affidavit process after the summary judgment opinion was issued on August 11, 2009 by the court in *Midland Funding, LLC v. Brent*, Case No. 3:08-cv-01434 (N.D. Ohio 2009). The revised affidavit process was developed and then implemented during the period of October to November 2, 2009. It is also the process that was in place when Mr. James's affidavit was executed in January 2010. We

TROUTMAN
SANDERS

Page 2

understand that the electronic discovery requested in Request Nos. 9 and 10 is aimed at exploring the revisions to, and the implementation of, the Defendants' affidavit process, along with the Defendants' "intent" in developing that revised process. Therefore, even expanding the review beyond the relevant period of October through November 2009 to account for the facts of this action, the Defendants propose limiting the review to the months of October 2009 through January 2010.

Moreover, within this time limitation, we would again propose that search terms be used to meaningfully filter the data in order to enable you identify the information that you claim to need while also mitigating the substantial burden on the Defendants. As you recall, the Defendants previously proposed that the parties limit the scope of Requests Nos. 9 and 10 to the following search terms:

| Affidavit w/3 polic* |
| Affidavit w/3 procedure* |
| affidavit w/3 form |
| affidavit w/3 template |
| Gilbert w/3 James |

Please let us know whether you would reconsider your position on the use of these search terms. If you believe that additional search terms would be necessary, please propose those in writing as soon as possible. The Defendants believe that this approach is consistent with the Federal Rules of Civil Procedure and welcome renewed discussion on this issue in the context of the Court's directive. *See, e.g., Corbello v. Devito,* 2:08-cv-00867, 2010 U.S. Dist. LEXIS 125207, at *18 (D. Nev. Nov. 12, 2010) (production of electronic discovery "should be accomplished through the application of search terms and parameters reasonably tailored to identify the responsive communications.").

Finally, for the reasons set forth in your prior motion to compel, we understand that you are taking the position that no attorney-client privilege exists or, if it exists, has been waived with respect to the documents implicated by Request Nos. 9 and 10. We disagree. In fact, in his Order, Judge Payne denied Plaintiff's Motion to Overrule Plaintiff's Privilege Objections (Dkt. No. 93) without prejudice. Notwithstanding this dispute, the Defendants have two proposals as to privilege.

First, the Defendants propose that documents captured by the search terms pertaining to completely unrelated third-party litigation be excluded from the requested search and not logged (*e.g.*, individual consumer claims unrelated to the affidavit process). These documents are irrelevant to the pending action. The Defendants would be willing, for the time being, to exclude documents regarding the *Brent* action from this category.

Second, with respect to other privileged documents, the Defendants would propose that the Defendants log privileged documents according to categories (*e.g.*, discussions with in-house counsel regarding revisions to affidavit process), as opposed to an individual listing of such

TROUTMAN
SANDERS

Page 3

documents. Allowing this type of categorical logging, which is consistent with Fed. R. Civ. P. 26, will ease the burden on the Defendants while also expediting the review process, and it will not prejudice your ability to make categorical claims regarding the attorney-client privilege. *See* Fed. R. Civ. P. 26(b)(5) 1993 advisory committee notes ("Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be protected, particularly if the items can be described by categories."). This, of course, would be without prejudice to your ability to categorically challenge the continuing existence of the privilege, including through your forthcoming motion in this regard.

As we are all aware, the parties will be convening on March 2, 2012 in an attempt to discuss the potential resolution of this action, as well as the additional actions that have been brought by your firm against the Defendants. Given the impending nature of this settlement conference, I believe that the streamlined proposals above make even more sense and deserve your serious consideration, as both parties are approaching this settlement process in good faith. Please let me know when you would like to discuss these proposals.

Regards,

Timothy St. George

cc: All counsel of record (*by email*)

2134045v1